# EXHIBIT 2



**The Philadelphia Courts**
**Civil Docket Access**

**Case Description**

| | |
|---|---|
| Case ID: | 190303355 |
| Case Caption: | A. VS ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/ |
| Filing Date: | Wednesday, March 27th, 2019 |
| Court: | MAJOR JURY-COMPLEX |
| Location: | City Hall |
| Jury: | JURY |
| Case Type: | PERSONAL INJURY - OTHER |
| Status: | DEFERRED - BANKRUPTCY |

| 27-MAR-2019 08:50 AM | COMMENCEMENT CIVIL ACTION JURY | BEZAR, NADEEM A | 27-MAR-2019 09:39 AM |
|---|---|---|---|

**Documents:** Final Cover

**Docket Entry:** *none.*

| 27-MAR-2019 08:50 AM | COMPLAINT FILED NOTICE GIVEN | BEZAR, NADEEM A | 27-MAR-2019 09:39 AM |
|---|---|---|---|

**Documents:** Complaint.pdf

**Docket Entry:** COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED.

| 01-APR-2019 02:12 PM | ATTEMPTED SERVICE - NOT FOUND | | 01-APR-2019 02:14 PM |
|---|---|---|---|

**Documents:** 160877.08_AFFIDAVIT_B2E2A1DF-3128-4747-9E08-879F6F4DA16C.pdf

**Docket Entry:** RAMARA, INC. NOT FOUND ON 03/28/2019.

| 03-APR-2019 11:21 AM | AFFIDAVIT OF SERVICE FILED | | 03-APR-2019 11:22 AM |
|---|---|---|---|

**Documents:** 160877.07_AFFIDAVIT_34FFF16B-4587-7B4B-A5E8-A859453381AA.pdf

**Docket Entry:** AFFIDAVIT OF SERVICE OF COMPLAINT UPON NORTH AMERICAN MOTOR INNS INC DBA BY PERSONAL SERVICE ON 03/28/2019 FILED.

04-APR-2019     AFFIDAVIT OF SERVICE                      04-APR-2019
11:23 AM        FILED                                    11:30 AM

**Documents:**   160877.01_AFFIDAVIT_CC20C61E-3E55-EE40-867A-AA244B79B289.pdf

**Docket**    AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON
**Entry:**    ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/A ROOSEVELT
              INN BY PERSONAL SERVICE ON 03/28/2019 FILED.


04-APR-2019     AFFIDAVIT OF SERVICE                      04-APR-2019
11:25 AM        FILED                                    11:30 AM

**Documents:**   160877.02_AFFIDAVIT_9E5BE1A6-51B6-2445-9D26-B132F55D6AB1.pdf

**Docket**    AFFIDAVIT OF SERVICE OF COMPLAINT UPON ROOSEVELT MOTOR
**Entry:**    INN INC BY PERSONAL SERVICE ON 03/28/2019 FILED.


04-APR-2019     AFFIDAVIT OF SERVICE                      04-APR-2019
11:28 AM        FILED                                    11:30 AM

**Documents:**   160877.03_AFFIDAVIT_11301F2A-C098-CA4C-943B-858222C0FF79.pdf

**Docket**    AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON 4200
**Entry:**    ROOSEVELT LLC AND 4200 ROOSEVELT LLC D/B/A DAYS INN BY
              PERSONAL SERVICE ON 03/28/2019 FILED.


04-APR-2019     AFFIDAVIT OF SERVICE                      04-APR-2019
11:33 AM        FILED                                    11:35 AM

**Documents:**   160877.04_AFFIDAVIT_15F46754-BCA0-774E-957C-F42362B429A9.pdf

**Docket**    AFFIDAVIT OF SERVICE OF COMPLAINT UPON 4200 ROSE
**Entry:**    HOSPITALITY LLC AND 4200 ROSE HOSPITALITY D/B/A BY
              PERSONAL SERVICE ON 03/28/2019 FILED.


04-APR-2019     AFFIDAVIT OF SERVICE                      04-APR-2019
11:35 AM        FILED                                    11:36 AM

**Documents:**   160877.05_AFFIDAVIT_6E715B0E-FAE3-CE4F-BC82-81F2516634C1.pdf

**Docket**    AFFIDAVIT OF SERVICE OF COMPLAINT UPON DAYS INN BY
**Entry:**    PERSONAL SERVICE ON 03/28/2019 FILED.

| 04-APR-2019<br>11:37 AM | AFFIDAVIT OF SERVICE<br>FILED | | 04-APR-2019<br>11:46 AM |

**Documents:**  160877.06_AFFIDAVIT_D216D89E-C826-7540-BA2F-37DD63355CE8.pdf

**Docket Entry:**  AFFIDAVIT OF SERVICE OF COMPLAINT UPON DAYS INN BY WYNDHAM D/B/A DAYS INN BY PERSONAL SERVICE ON 03/28/2019 FILED.

| 04-APR-2019<br>12:39 PM | ENTRY OF APPEARANCE | NOCHO, KYLE B | 04-APR-2019<br>01:12 PM |

**Documents:**  (8) EOA-KBN.pdf

**Docket Entry:**  ENTRY OF APPEARANCE OF KYLE B NOCHO FILED. (FILED ON BEHALF OF C A)

| 05-APR-2019<br>10:15 AM | ENTRY OF APPEARANCE | MARKS, EMILY B | 05-APR-2019<br>10:18 AM |

**Documents:**  (9) EOA-EBM.pdf

**Docket Entry:**  ENTRY OF APPEARANCE OF EMILY B MARKS FILED. (FILED ON BEHALF OF C A)

| 08-APR-2019<br>01:02 PM | AFFIDAVIT OF SERVICE<br>FILED | BEZAR, NADEEM<br>A | 08-APR-2019<br>01:15 PM |

**Documents:**  (10) AOS-Wyndham Hotel Group, LLC.pdf

**Docket Entry:**  AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON WYNDHAM HOTEL GROUP LLC BY CERTIFIED MAIL ON 03/29/2019 FILED. (FILED ON BEHALF OF C A)

| 08-APR-2019<br>01:05 PM | AFFIDAVIT OF SERVICE<br>FILED | BEZAR, NADEEM<br>A | 08-APR-2019<br>01:16 PM |

**Documents:**  (11) AOS-Wyndham Hotels and Resorts LLC.pdf

**Docket Entry:**  AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON WYNDHAM HOTELS AND RESORTS LLC BY CERTIFIED MAIL ON 03/29/2019 FILED. (FILED ON BEHALF OF C A)

| 08-APR-2019<br>01:06 PM | AFFIDAVIT OF SERVICE<br>FILED | BEZAR, NADEEM<br>A | 08-APR-2019<br>01:16 PM |

**Documents:** (12) AOS-Wyndham Worldwide Corporation.pdf

**Docket Entry:** AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON WYNDHAM WORLDWIDE CORPORATION BY CERTIFIED MAIL ON 03/29/2019 FILED. (FILED ON BEHALF OF C A)

| 08-APR-2019 01:08 PM | AFFIDAVIT OF SERVICE FILED | BEZAR, NADEEM A | 08-APR-2019 01:16 PM |
|---|---|---|---|

**Documents:** (13) AOS-Wyndham Hotel Management Inc.pdf

**Docket Entry:** AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON WYNDHAM HOTEL MANAGEMENT INC BY CERTIFIED MAIL ON 03/29/2019 FILED. (FILED ON BEHALF OF C A)

| 08-APR-2019 01:56 PM | AFFIDAVIT OF SERVICE FILED | BEZAR, NADEEM A | 08-APR-2019 02:07 PM |
|---|---|---|---|

**Documents:** (14) AOS-UFVS Management Company.pdf

**Docket Entry:** AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON UFVS MANAGEMENT COMPANY LLC BY CERTIFIED MAIL ON 03/29/2019 FILED. (FILED ON BEHALF OF C A)

| 10-APR-2019 08:45 AM | AFFIDAVIT OF SERVICE FILED | | 10-APR-2019 09:35 AM |
|---|---|---|---|

**Documents:** 160877.09.pdf

**Docket Entry:** AFFIDAVIT OF SERVICE OF COMPLAINT UPON SURATI MANAGEMENT GROUP BY SHERIFF SERVICE BUCKS ON 04/02/2019 FILED.

| 15-APR-2019 05:59 PM | ENTRY OF APPEARANCE | OBERDICK JR., DANIEL E | 16-APR-2019 09:25 AM |
|---|---|---|---|

**Documents:** PDF CA v Roosevelt et al - EOAs of GSP JJQ and DEO 4-15-19.pdf

**Docket Entry:** ENTRY OF APPEARANCE OF GRANT S PALMER, DANIEL E OBERDICK AND JAMES J QUINLAN FILED. (FILED ON BEHALF OF UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/A ROOSEVELT INN)

| 15-APR-2019<br>06:05 PM | PRELIMINARY OBJECTIONS | OBERDICK JR.,<br>DANIEL E | 16-APR-2019<br>09:25 AM |
|---|---|---|---|

**Documents:** PDF CA v Roosevelt et al - POs to Complaint 4-15-19.pdf

**Docket Entry:** 86-19041986 PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT FILED. RESPONSE DATE: 05/06/2019 (FILED ON BEHALF OF UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/A ROOSEVELT INN)

| 23-APR-2019<br>01:33 PM | AFFIDAVIT OF SERVICE<br>FILED | MARKS, EMILY B | 23-APR-2019<br>01:40 PM |
|---|---|---|---|

**Documents:** AOS-Ashoka Investments.pdf

**Docket Entry:** AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ASHOKA INVESTMENTS & MANAGEMENT SERVICES BY CERTIFIED MAIL ON 04/18/2019 FILED. (FILED ON BEHALF OF C A)

| 25-APR-2019<br>08:32 AM | AFFIDAVIT OF SERVICE<br>FILED | | 25-APR-2019<br>09:24 AM |
|---|---|---|---|

**Documents:** 160877.10_AFFIDAVIT_E6501D76-B201-344F-91D7-86A2FCC764D1.pdf

**Docket Entry:** AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON RAMARA INC BY PERSONAL SERVICE ON 03/28/2019 FILED.

| 30-APR-2019<br>03:44 PM | PRAECIPE TO REINSTATE<br>CMPLT | MARKS, EMILY B | 30-APR-2019<br>03:45 PM |
|---|---|---|---|

**Documents:** (24) Praecipe to Reinstate Complaint.pdf

**Docket Entry:** COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF C A)

| 06-MAY-2019<br>12:38 PM | ANSWER TO PRELIMINARY<br>OBJCTNS | BEZAR, NADEEM<br>A | 06-MAY-2019<br>03:49 PM |
|---|---|---|---|

**Documents:** (25) Plaintiffs Response to Pos.pdf

**Docket Entry:** 86-19041986 ANSWER IN OPPOSITION OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF C A)

| 07-MAY-2019<br>01:58 PM | ENTRY OF APPEARANCE | PRIORE, PHILIP D | 07-MAY-2019<br>02:03 PM |
|---|---|---|---|

**Documents:**   Entry w.jury demand.pdf

**Docket Entry:** ENTRY OF APPEARANCE OF PHILIP D PRIORE AND BRIAN J CALLAHAN FILED. (FILED ON BEHALF OF 4200 ROSE HOSPITALITY LLC AND 4200 ROSE HOSPITALITY D/B/A AND 4200 ROOSEVELT LLC AND 4200 ROOSEVELT LLC D/B/A DAYS INN)

| 07-MAY-2019<br>02:01 PM | JOINDER-PRELIM. OBJECT.<br>FILED | PRIORE, PHILIP D | 08-MAY-2019<br>11:48 AM |
|---|---|---|---|

**Documents:**   Joinder in Co-def POs.pdf

**Docket Entry:** 86-19041986 JOINDER TO PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF 4200 ROSE HOSPITALITY LLC AND 4200 ROSE HOSPITALITY D/B/A AND 4200 ROOSEVELT LLC AND 4200 ROOSEVELT LLC D/B/A DAYS INN)

| 09-MAY-2019<br>03:02 PM | REPLY-PRELIM. OBJECT.<br>FILED | OBERDICK JR.,<br>DANIEL E | 09-MAY-2019<br>04:03 PM |
|---|---|---|---|

**Documents:**   CA - Roosevelt - Reply ISO POs.pdf<br>CA - Ex. A Civil Docket Report.pdf

**Docket Entry:** 86-19041986 REPLY IN SUPPORT OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/A ROOSEVELT INN)

| 09-MAY-2019<br>06:09 PM | ANSWER TO PRELIMINARY<br>OBJCTNS | MARKS, EMILY B | 10-MAY-2019<br>09:35 AM |
|---|---|---|---|

**Documents:**   Pltfs Resp to Joinder POs.pdf

**Docket Entry:** 86-19041986 ANSWER IN OPPOSITION OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF C A)

| 10-MAY-2019<br>09:23 AM | ORDER ENTERED/236<br>NOTICE GIVEN | NEW, ARNOLD L | 10-MAY-2019<br>09:23 AM |
|---|---|---|---|

**Documents:**   ORDER_33.pdf

**Docket Entry:** 86-19041986 IT IS HEREBY ORDERED THAT DEFENDANTS ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, INC. AND UFVS MANAGEMENT COMPANY, LLC'S PRELIMINARY OBJECTIONS ARE OVERRULED. ...BY THE COURT: NEW, JUDGE 05/09/2019

| 10-MAY-2019<br>03:10 PM | REPLY-PRELIM. OBJECT.<br>FILED | PRIORE, PHILIP D | 10-MAY-2019<br>03:49 PM |
|---|---|---|---|

**Documents:**   Reply Brief - POs.pdf

**Docket Entry**   86-19041986 REPLY IN SUPPORT OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF 4200 ROSE HOSPITALITY LLC AND 4200 ROSE HOSPITALITY D/B/A AND 4200 ROOSEVELT LLC AND 4200 ROOSEVELT LLC D/B/A DAYS INN)

| 10-MAY-2019<br>04:00 PM | REPLY-PRELIM. OBJECT.<br>FILED | MARKS, EMILY B | 10-MAY-2019<br>04:02 PM |
|---|---|---|---|

**Documents:**   Sur-Reply In Opp to Roosevelts POs.pdf

**Docket Entry**   86-19041986 REPLY IN OPPOSITION OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF C A)

| 14-MAY-2019<br>08:34 AM | AFFIDAVIT OF SERVICE<br>FILED | | 14-MAY-2019<br>09:14 AM |
|---|---|---|---|

**Documents:**   162134.01.pdf

**Docket Entry**   AFFIDAVIT OF SERVICE OF REINSTATED CIVIL ACTION COMPLAINT UPON ASHOKA INVESTMENTS & MANAGEMENT SERVICES BY SHERIFF SERVICE DAUPHIN ON 05/08/2019 FILED.

| 20-MAY-2019<br>05:16 PM | ANSWER TO COMPLAINT<br>FILED | HELLER, NATHAN<br>P | 21-MAY-2019<br>09:25 AM |
|---|---|---|---|

**Documents:**   Answer with New Matter Wyndam.pdf

**Docket Entry**   ANSWER WITH NEW MATTER TO PLAINTIFF'S COMPLAINT FILED. (FILED ON BEHALF OF WYNDHAM HOTEL MANAGEMENT INC, WYNDHAM HOTELS AND RESORTS LLC, WYNDHAM HOTEL GROUP LLC AND WYNDHAM WORLDWIDE CORPORATION) ENTRY OF APPEARANCE FILED ON BEHALF OF WYNDHAM HOTEL MANAGEMENT INC, WYNDHAM HOTELS AND RESORTS LLC, WYNDHAM HOTEL GROUP LLC AND WYNDHAM WORLDWIDE CORPORATION.

| 10-JUN-2019<br>10:06 AM | REPLY TO NEW MATTER | BEZAR, NADEEM<br>A | 18-JUN-2019<br>12:00 AM |
|---|---|---|---|

**Documents:**   RPNMT_43.pdf

|  | PLAINTIFF'S REPLY TO NEW MATTER OF WYNDHAM WORLDWIDE |
|---|---|
| **Docket** | CORPORATION, WYNDHAM HOTEL GROUP LLC, WYNDHAM |
| **Entry:** | HOTELS AND RESORTS LLC AND WYNDHAM HOTEL |
|  | MANAGEMENT INC FILED. |

| 11-JUN-2019 | ANSWER TO COMPLAINT | OBERDICK JR., | 11-JUN-2019 |
|---|---|---|---|
| 03:24 PM | FILED | DANIEL E | 12:00 AM |

**Documents:**   ANCOM_42.pdf

| **Docket** | ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER FILED. |
|---|---|
| **Entry:** | (FILED ON BEHALF OF ROOSEVELT INN LLC FILED.) |

| 21-JUN-2019 | REPLY TO NEW MATTER | MARKS, EMILY B | 26-JUN-2019 |
|---|---|---|---|
| 01:01 PM |  |  | 12:00 AM |

**Documents:**   RPNMT_44.pdf

|  | REPLY TO NEW MATTER OF ROOSEVELT INN LLC AND |
|---|---|
| **Docket** | ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR |
| **Entry:** | INN, INC. AND UFVS MANAGEMENT COMPANY, LLC FILED ON |
|  | BEHALF OF C.A. |

| 26-JUN-2019 | ENTRY OF APPEARANCE | GOLDBERG, | 01-JUL-2019 |
|---|---|---|---|
| 04:01 PM |  | MATTHEW A | 12:00 AM |

**Documents:**   ENAPP_45.pdf

| **Docket** | ENTRY OF APPEARANCE OF MATTHEW A. GOLDBERG FILED ON |
|---|---|
| **Entry:** | BEHALF OF DFTS. |

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2019**

E-Filing Number: 1903006947

**003355**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| C. A. | ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/A ROOSEVELT INN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| C/O KLINE & SPECTER, P.C. 1525 LOCUST STREET PHILADELPHIA PA 19102 | 7630 ROOSEVELT BOULEVARD PHILADELPHIA PA 19152 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | ROOSEVELT MOTOR INN, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 7630 ROOSEVELT BOULEVARD PHILADELPHIA PA 19152 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | UFVS MANAGEMENT COMPANY, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 287 BOWMAN AVENUE PURCHASE NY 10577 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 15 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2O - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY<br>MAR 27 2019<br>**M. BRYANT** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES      NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: C. A.

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| NADEEM A. BEZAR | KLINE & SPECTER, P.C. 1525 LOCUST STREET PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)772-0522 | (215)772-1005 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 63577 | Nadeem.Bezar@KlineSpecter.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| NADEEM BEZAR | Wednesday, March 27, 2019, 08:50 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/A ROOSEVELT INN
   7630 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19152
2. ROOSEVELT MOTOR INN, INC.
   7630 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19152
3. UFVS MANAGEMENT COMPANY, LLC
   287 BOWMAN AVENUE
   PURCHASE NY 10577
4. 4200 ROOSEVELT LLC AND 4200 ROOSEVELT LLC D/B/A DAYS INN
   4200 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19124
5. 4200 ROSE HOSPITALITY LLC AND 4200 ROSE HOSPITALITY D/B/A
   ALIAS: DAYS INN
   4200 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19124
6. DAYS INN
   4200 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19124
7. SURATI MANAGEMENT GROUP
   121 DREW DRIVE
   LANGHORNE PA 19053
8. DAYS INN BY WYNDHAM D/B/A DAYS INN
   4200 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19124
9. WYNDHAM WORLDWIDE CORPORATION
   22 SYLVAN WAY
   PARSIPPANY NJ 07054
10. WYNDHAM HOTEL GROUP, LLC
   22 SYLVAN WAY
   PARSIPPANY NJ 07054
11. WYNDHAM HOTELS AND RESORTS, LLC
   22 SYLVAN WAY
   PARSIPPANY NJ 07054
12. WYNDHAM HOTEL MANAGEMENT, INC.
   22 SYLVAN WAY
   PARSIPPANY NJ 07054
13. NORTH AMERICAN MOTOR INNS, INC. D/B/A
   ALIAS: NORTH AMERICAN MOTOR INNS
   4444 CITY AVENUE
   PHILADELPHIA PA 19131
14. RAMARA, INC.
   1003 SPRUCE STREET
   PHILADELPHIA PA 19107
15. ASHOKA INVESTMENTS & MANAGEMENT SERVICES
   27 A IRIS AVENUE
   SAN FRANCISCO CA 94118

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff C.A.*
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Filed and Attested by the
Office of Judicial Records
27 MAR 2019 08:50 am
M. BRYANT

---

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
| | : | FEBRUARY TERM, 2019 |
| *Plaintiff,* | : | NO.: |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC and | : | |
| ROOSEVELT INN LLC d/b/a/ | : | |
| ROOSEVELT INN | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| 4200 ROOSEVELT LLC and | : | |
| 4200 ROOSEVELT LLC d/b/a | : | |
| DAYS INN | : | |
| 4200 Roosevelt Boulevard | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| 4200 ROSE HOSPITALITY LLC and | : | |
| 4200 ROSE HOSPITALITY d/b/a | : | |
| DAYS INN | : | |
| 4200 Roosevelt Boulevard | : | |
| Philadelphia, PA 19124 | : | |

```
                                              :
          and                                 :
                                              :
DAYS INN                                      :
4200 Roosevelt Boulevard                      :
Philadelphia PA 19124                         :
                                              :
          and                                 :
                                              :
SURATI MANAGEMENT GROUP                       :
121 Drew Drive                                :
Langhorne, PA 19053                           :
                                              :
          and                                 :
                                              :
DAYS INN BY WYNDHAM d/b/a DAYS INN            :
4200 Roosevelt Boulevard                      :
Philadelphia, PA 19124                        :
                                              :
          and                                 :
                                              :
WYNDHAM WORLDWIDE CORPORATION                 :
22 Sylvan Way                                 :
Parsippany, NJ 07054                          :
                                              :
          and                                 :
                                              :
WYNDHAM HOTEL GROUP, LLC                      :
22 Sylvan Way                                 :
Parsippany, NJ 07054                          :
                                              :
          and                                 :
                                              :
WYNDHAM HOTELS AND RESORTS, LLC               :
22 Sylvan Way                                 :
Parsippany, NJ 07054                          :
                                              :
          and                                 :
                                              :
WYNDHAM HOTEL MANAGEMENT, INC.                :
22 Sylvan Way                                 :
Parsippany, NJ 07054                          :
                                              :
          and                                 :
                                              :
NORTH AMERICAN MOTOR INNS, INC. d/b/a         :
NORTH AMERICAN MOTOR INNS                     :
4444 City Avenue                              :
Philadelphia, Pennsylvania 19131             :
```

|  | : |
|---|---|
| and | : |
|  | : |
| RAMARA, INC. | : |
| 1003 Spruce Street | : |
| Philadelphia, PA 19107 | : |
|  | : |
| and | : |
|  | : |
| ASHOKA INVESTMENTS & MANAGEMEMT | : |
| SERVICES | : |
| 27 A Iris Avenue | : |
| San Francisco, CA 94118 | : |
|  | : |
| *Defendants* | : |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA  19107**
**Telefono: (215) 238-6333**
**TTY (215) 451-6197**

Case ID: 190303355

**KLINE & SPECTER, P.C.**                                            *Attorneys for Plaintiff C.A.*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
| *Plaintiff,* | : | FEBRUARY TERM, 2019 |
| | : | NO.: |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC and | : | |
| ROOSEVELT INN LLC d/b/a/ | : | |
| ROOSEVELT INN | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| 4200 ROOSEVELT LLC and | : | |
| 4200 ROOSEVELT LLC d/b/a | : | |
| DAYS INN | : | |
| 4200 Roosevelt Boulevard | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| and | : | |

4200 ROSE HOSPITALITY LLC and              :
4200 ROSE HOSPITALITY d/b/a                :
DAYS INN                                   :
4200 Roosevelt Boulevard                   :
Philadelphia, PA 19124                     :
                                           :
     and          :
                                           :
DAYS INN                                   :
4200 Roosevelt Boulevard                   :
Philadelphia, PA 19124                     :
                                           :
     and          :
                                           :
SURATI MANAGEMENT GROUP                    :
121 Drew Drive                             :
Langhorne, PA 19053                        :
                                           :
     and          :
                                           :
DAYS INN BY WYNDHAM d/b/a                  :
DAYS INN                                   :
4200 Roosevelt Boulevard                   :
Philadelphia, PA 19124                     :
                                           :
     and          :
                                           :
WYNDHAM WORLDWIDE CORPORATION              :
22 Sylvan Way                              :
Parsippany, NJ 07054                       :
                                           :
     and          :
                                           :
WYNDHAM HOTEL GROUP, LLC                   :
22 Sylvan Way                              :
Parsippany, NJ 07054                       :
                                           :
     and          :
                                           :
WYNDHAM HOTELS AND RESORTS, LLC            :
22 Sylvan Way                              :
Parsippany, NJ 07054                       :
                                           :
     and          :

Case ID: 190303355

WYNDHAM HOTEL MANAGEMENT, INC.          :
22 Sylvan Way                                             :
Parsippany, NJ 07054                                  :
                                                                  :
        and                                                   :
                                                                  :
NORTH AMERICAN MOTOR INNS, INC. d/b/a   :
NORTH AMERICAN MOTOR INNS              :
4444 City Avenue                                       :
Philadelphia, Pennsylvania 19131               :
                                                                  :
        and                                                   :
                                                                  :
RAMARA, INC.                                          :
1003 Spruce Street                                     :
Philadelphia, PA 19107                              :
                                                                  :
        and                                                   :
                                                                  :
ASHOKA INVESTMENTS & MANAGEMEMT   :
SERVICES                                                 :
27 A Iris Avenue                                        :
San Francisco, CA 94118                           :
                                                                  :
                                    *Defendants*        :

## COMPLAINT

## PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern-day slavery that exists throughout the United States.

2.      Human trafficking is a global multi-billion dollar enterprise that affects nearly every single country.

3.      Women and girls are disproportionately affected by human sex trafficking and account for the vast majority of victims in commercial sex trafficking.

4.      Globally, there are approximately 5 million people trapped in forced sexual exploitation. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

3

Case ID: 190303355

5.      The hospitality industry, and hotels specifically, owe a duty to provide a safe premise for their guests and must protect them against reasonably anticipated conduct.

6.      Hotels and motels are frequented for both sex and labor trafficking business operations.

7.      The National Human Trafficking Hotline recorded 3,596 cases of human trafficking involving a hotel or motel from 2007 through 2017.

**THE PARTIES**

8.      Plaintiff, C.A. was born on May 1, 1996 and is one of the thousands of victims of human trafficking and being victimized in hotels / motels across the United States.

9.      From 2012 through 2013, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.   Plaintiff resides in Philadelphia County, Pennsylvania.   Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, and Kyle B. Nocho, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

10.     Plaintiff's name and address are not contained in this Complaint to protect the privacy and identity of Plaintiff who incurred injuries and damages when she was a minor.

11.     Defendant Roosevelt Inn LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.   At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter "Roosevelt Inn"].

12.     Defendant Roosevelt Motor Inn, Inc. [hereinafter referred to as "Roosevelt Motor Inn"] is a corporation duly organized and existing under the laws of the Commonwealth of

4

Case ID: 190303355

Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.  At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

13.     Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York.  At all material times hereto, Defendant UFVS Management Company, LLC owned, operated and/or managed the Roosevelt Inn.   Defendant UFVS Management Company, LLC oversees the operation of the Roosevelt Inn including the hiring of employees.

14.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Roosevelt Inn.  Accordingly, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC are liable for the acts and/or omissions of their agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

15.     Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn [hereinafter referred to as "4200 Roosevelt"] is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant 4200 Roosevelt LLC owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124 [hereinafter "Days Inn"].

16.     Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn [hereinafter referred to as "Rose Hospitality"] is a limited liability company duly organized

5

and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant 4200 Rose Hospitality, owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

17.     Defendant Days Inn is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Days Inn owned operated and/or managed the Days Inn.

18.     Defendant Surati Management Group is a company duly organized and existing under the laws under the Commonwealth of Pennsylvania with a principal business address located at 121 Drew Lane, Langhorne, PA 19053.   At all material times hereto, Defendant Surati Management Group owned, operated and/or managed the Days Inn.

19.     Defendant Days Inns d/b/a Days Inn by Wyndham [hereinafter referred to as "Days Inn by Wyndham"] is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.  At all material times hereto, Defendant Days Inn d/b/a Days Inn by Wyndham owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

20.     Defendant Wyndham Worldwide Corporation is a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054.  At all material times hereto, Defendant Wyndham Worldwide Corporation owned, operated or managed the Days Inn.

21.     Defendant Wyndham Hotel Group, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant

Case ID: 190303355

Wyndham Hotel Group, LLC owned, operated or managed the Days Inn.

22.     Defendant Wyndham Hotels and Resorts, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotels and Resorts, LLC owned, operated or managed the Days Inn.

23.     Defendant Wyndham Hotel Management, Inc. is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotel Management, Inc. owned, operated or managed the Days Inn.

24.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. made up a corporate structure that consisted of parent entities, parent corporations, associated or affiliated corporations, member corporations and/or subsidiary corporations.

25.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Days Inn. Accordingly, Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. are liable for the acts and/or omissions of their

7

agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

26.     Defendant North American Motor Inns, Inc. d/b/a North American Motor Inns [hereinafter referred to as "North American Motor Inns"] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant North American Motor Inns, Inc. owned, operated or managed the North American Motor Inns located at 4444 City Avenue, Philadelphia, PA 19137.

27.     Defendant Ramara, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1003 Spruce Street, Philadelphia PA 19107.  At all material times hereto, Defendant Ramara, Inc. owned, operated and/or managed the North American Motor Inns.

28.     Defendant Ashoka Investment & Management Services is a company duly organized and existing under the laws of the State of California with a principal place of business located at 27 A. Iris Avenue, San Francisco, CA 94118.  At all material times hereto, Ashoka Investment & Management Services owned, operated and/or managed the North American Motor Inns.

29.     Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the North American Motor Inns. Accordingly, Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management are liable for the acts and/or omissions of their agents, servants and/or employees

8

under the theories of agency, master servant, respondeat superior and/or right of control.

30.     Venue is appropriate in this case because all the Defendants regularly conduct business in Philadelphia County.

31.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

32.     At all times material hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Days Inn where they worked.

33.     At all material times hereto, North American Motor Inns, Inc, Ramara, Inc. and Ashoka Investment & Management individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the North American Motor Inns where they worked.

34.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

35.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation,

Case ID: 190303355

Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Days Inn and instead permitted heinous and unspeakable acts to occur.

36.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the North American Motor Inns and instead permitted heinous and unspeakable acts to occur.

37.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

38.     At all times material hereto, Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Days Inn.

39.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the North American Motor Inns.

40.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers financially

10

benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

41.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the Days Inn.

42.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the North American Motor Inns.

**OPERATIVE FACTS**

43.     Pennsylvania has long held that hotel and motel owners are liable for the reasonably anticipated harm that may occur to their guests from third persons. *Moran v. Valley Forge Drive-In Theater, Inc.*, 246 A.2d 875, 879 (Pa. 1968)

44.     This principle has been reinforced in more modern Pennsylvania cases. *See Rabutino, Admin. of the Estate of William Impagliazzo v. Freedom State Realty Co., Inc., et al.*, 809 A.2d 933, 942 (Pa. Super. 2002) (holding that owner and operator of hotel owed a duty of care to 19-year-old who was shot and killed during party inside room because such conduct was a reasonably anticipated event).

45.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

11

Case ID: 190303355

46.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Days Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

47.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the North American Motor Inns to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

48.     Beginning in 2012, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers at the Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular, consistent and/or repeated basis.

49.     Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Plaintiff.

50.     These advertisements often included both the name and address of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

51.     The advertisements included a fake name for Plaintiff and a phone number to call.

52.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

53.     Plaintiff engaged in numerous commercial sex act "dates" per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

Case ID: 190303355

54.     Plaintiff's traffickers would remain on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

55.     The hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

56.     Plaintiff was accompanied by men while on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

57.     Housekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

58.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

59.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

60.     Plaintiff's traffickers paid cash for the hotel rooms where Plaintiff engaged in commercial sex acts.

61.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the hotel room where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

62.     Men and others frequently entered and left the rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff engaged in commercial sex acts.

63.     Men walked the hallways at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff was engaged in commercial sex acts.

Case ID: 190303355

64.     Plaintiff had extended stays at the Roosevelt Inn, the Days Inn, and the North American Motor Inns with few or no personal possessions and was left in the room for long periods of time.  The rooms for these extended stays were paid for with cash on a day to days basis.

65.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

66.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

67.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the hotel rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

68.     In 2013, Plaintiff was rescued from the Days Inn following an investigation by the FBI based on internet advertisements of Plaintiff promoting prostitution.

69.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

70.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the

Case ID: 190303355

Plaintiff.

71.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

73.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers exploiting Plaintiff at the Days Inn.

74.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers exploiting Plaintiff at the North American Motor Inns.

75.     Plaintiff, as a hotel guest, was a business invitee of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC.

76.     Plaintiff, as a hotel guess, was also a business invitee of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.

77.     Plaintiff, as a hotel guest, was also a business invitee of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services.

Case ID: 190303355

78.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

79.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

80.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

81.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

82.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

Case ID: 190303355

83.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

84.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

85.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

86.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

87.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

88.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel

17

Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

89.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

90.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

91.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

92.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

Case ID: 190303355

otherwise stop the human sex trafficking of Plaintiff.

93.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

94.     By negligently allowing the Plaintiff's harm to occur, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

95.     By negligently allowing the Plaintiff's harm to occur, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

96.     By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene,

Case ID: 190303355

disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

97.     By renting rooms to individuals sex trafficking Plaintiff, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Days Inn.

98.     By renting rooms to individuals sex trafficking the Plaintiff, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the North American Motor Inns.

99.     By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

100.     By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

Case ID: 190303355

101.    By renting rooms to individuals sex trafficking the Plaintiff for commercial sex acts, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC,

102.    The averments of Paragraphs 1 through 101 are incorporated herein by reference.

103.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Roosevelt Inn.

104.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

105.    Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of

21

Case ID: 190303355

human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

106.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

107.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

108.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn,

Case ID: 190303355

Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or

apparent agents, servants and employees consisted of the following:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e.  Failing to adequately control access to the premises;

f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to detect and respond to commercial sex activity and human sex trafficking at

23

the Roosevelt Inn;

n.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

o.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.  Failing to respond and react to suspicious activity detected on video surveillance;

q.  Failing to maintain surveillance equipment in proper working order;

r.  Failing to test or properly test surveillance equipment to ensure it was in working order;

s.  Failing to utilize appropriate and/or required surveillance equipment;

t.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.  Failing to prevent Plaintiff from being trafficked on the premises;

w.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x.  Failing to exercise care, caution, and diligence required under the circumstances.

109.    By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

110.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

24

111.     As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

112.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

113.     The averments of Paragraphs 1 through 112 are incorporated herein by reference.

114.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Days Inn.

115.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati

Case ID: 190303355

Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of the Days Inn's business, should have reasonably anticipated criminal conduct on the part of third parties, including other guests and invitees of the premises of the Days Inn.

116.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Days Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Days Inn.

117.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Days Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex

Case ID: 190303355

traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Days Inn on a repeated basis.

118.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Days Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Days Inn.

119.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experience that persons lawfully on the premises of the Days Inn, such as Plaintiff, would suffer serious bodily injury as a result of being victimized by violent crimes perpetrated by third persons on the premises of the Days Inn.

120.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Days Inn, including Plaintiff, from

27

criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Days Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e.  Failing to adequately control access to the premises;

f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Days Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Days Inn;

28

Case ID: 190303355

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the Days Inn;

n. Failing to conduct adequate surveillance of the premises of the Days Inn;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

121.   By renting rooms to Plaintiff's sex traffickers, Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent

29

Case ID: 190303355

agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

122.    As a result Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

123.    As a result of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.'s negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Days Inn.

124.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.  acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., and demands compensatory and punitive damages

Case ID: 190303355

in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS AND MANAGEMENT SERVICES

125.    The averments of Paragraphs 1 through 124 are incorporated herein by reference.

126.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the North American Motor Inns.

127.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the North American Motor Inns.

128.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the North American Motor Inns in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the North American Motor Inns.

Case ID: 190303355

129.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the North American Motor Inns on a repeated basis.

130.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the North American Motor Inns, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the North American Motor Inns.

131.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the North American Motor Inns, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the North American Motor Inns, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of

32

Case ID: 190303355

Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the North American Motor Inns;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the North American Motor Inns;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

Case ID: 190303355

m.  Failing to detect and respond to commercial sex activity and human sex trafficking at the North American Motor Inns;

n.  Failing to conduct adequate surveillance of the premises of the North American Motor Inns;

o.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.  Failing to respond and react to suspicious activity detected on video surveillance;

q.  Failing to maintain surveillance equipment in proper working order;

r.  Failing to test or properly test surveillance equipment to ensure it was in working order;

s.  Failing to utilize appropriate and/or required surveillance equipment;

t.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.  Failing to prevent Plaintiff from being trafficked on the premises;

w.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to§§ 302, 318, 321, 323, 324A, and 344; and

x.  Failing to exercise care, caution, and diligence required under the circumstances.

132.    By renting rooms to Plaintiff's sex traffickers, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

133.    As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Plaintiff was caused to suffer physical

34

Case ID: 190303355

harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

134.    As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the North American Motor Inns.

135.    Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investments & Management Services acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC

136.    The averments of paragraphs 1 through 135 are incorporated herein by reference.

137.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly & proximately causing harm/damages to Plaintiff.

Case ID: 190303355

138.     Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

139.     The averments of paragraphs 1 through 138 are incorporated herein by reference.

140.     Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

141.     Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc and demands compensatory and punitive

36

Case ID: 190303355

damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., INC., RAMARA, INC. AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

142.    The averments of paragraphs 1 through 141 are incorporated herein by reference.

143.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

144.    Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff C.A. demands judgement in her favor and against North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC,

145.    The averments of paragraphs 1 through 144 are incorporated herein by reference.

146.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and

37

employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

147.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

148.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

149.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Roosevelt Inn would be victimized by, or subjected to, such criminal and/or violent acts.

150.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Roosevelt Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

Case ID: 190303355

151.     Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT VIII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

152.     The averments of paragraphs 1 through 151 are incorporated herein by reference.

153.     Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

154.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably

39

Case ID: 190303355

sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

155.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

156.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Days Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Days Inn would be victimized by, or subjected to, such criminal and/or violent acts.

157.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Days Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

158.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn,

Case ID: 190303355

Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IX – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

159.    The averments of paragraphs 1 through 158 are incorporated herein by reference.

160.    Defendants North American Motor Inns, Inc., North American Motor Inns, Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

161.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

Case ID: 190303355

162.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

163.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the North American Motor Inns would be victimized by, or subjected to, such criminal and/or violent acts.

164.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the North American Motor Inns, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

165.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand

42

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

*Attorneys for Plaintiff C.A.*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

DATED: _____3-27-19_____

43

Case ID: 190303355

## **VERIFICATION**

I, C███████ A███, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



C███ A███

Case ID: 190303355

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff C.A.*

Filed and Attested by the
Office of Judicial Records
27 MAR 2019 08:50 am
M. BRYANT

| | | |
|---|---|---|
| C.A.<br>c/o Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| *Plaintiff,* | : | CIVIL TRIAL DIVISION<br>FEBRUARY TERM, 2019<br>NO.: |
| v. | : | |
| ROOSEVELT INN LLC and<br>ROOSEVELT INN LLC d/b/a/<br>ROOSEVELT INN<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152 | : | JURY TRIAL DEMANDED |
| and | : | |
| ROOSEVELT MOTOR INN, INC.<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152 | : | |
| and | : | |
| UFVS MANAGEMENT COMPANY, LLC<br>287 Bowman Avenue<br>Purchase, NY 10577 | : | |
| and | : | |
| 4200 ROOSEVELT LLC and<br>4200 ROOSEVELT LLC d/b/a<br>DAYS INN<br>4200 Roosevelt Boulevard<br>Philadelphia, PA 19124 | : | |
| and | : | |
| 4200 ROSE HOSPITALITY LLC and<br>4200 ROSE HOSPITALITY d/b/a<br>DAYS INN<br>4200 Roosevelt Boulevard<br>Philadelphia, PA 19124 | : | |

Case ID: 190303355

and                                                      :
                                                         :
DAYS INN                                                 :
4200 Roosevelt Boulevard                                 :
Philadelphia PA 19124                                    :
                                                         :
and                                                      :
                                                         :
SURATI MANAGEMENT GROUP                                  :
121 Drew Drive                                           :
Langhorne, PA 19053                                      :
                                                         :
and                                                      :
                                                         :
DAYS INN BY WYNDHAM d/b/a DAYS INN                       :
4200 Roosevelt Boulevard                                 :
Philadelphia, PA 19124                                   :
                                                         :
and                                                      :
                                                         :
WYNDHAM WORLDWIDE CORPORATION                            :
22 Sylvan Way                                            :
Parsippany, NJ 07054                                     :
                                                         :
and                                                      :
                                                         :
WYNDHAM HOTEL GROUP, LLC                                 :
22 Sylvan Way                                            :
Parsippany, NJ 07054                                     :
                                                         :
and                                                      :
                                                         :
WYNDHAM HOTELS AND RESORTS, LLC                          :
22 Sylvan Way                                            :
Parsippany, NJ 07054                                     :
                                                         :
and                                                      :
                                                         :
WYNDHAM HOTEL MANAGEMENT, INC.                           :
22 Sylvan Way                                            :
Parsippany, NJ 07054                                     :
                                                         :
and                                                      :
                                                         :
NORTH AMERICAN MOTOR INNS, INC. d/b/a                    :
NORTH AMERICAN MOTOR INNS                                :
4444 City Avenue                                         :
Philadelphia, Pennsylvania 19131                         :

Case ID: 190303355

|  | : |
|---|---|
| and | : |
|  | : |
| RAMARA, INC. | : |
| 1003 Spruce Street | : |
| Philadelphia, PA 19107 | : |
|  | : |
| and | : |
|  | : |
| ASHOKA INVESTMENTS & MANAGEMEMT | : |
| SERVICES | : |
| 27 A Iris Avenue | : |
| San Francisco, CA 94118 | : |
|  | : |
| *Defendants* | : |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

Le han demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA  19107**
**Telefono: (215) 238-6333**
**TTY (215) 451-6197**

Case ID: 190303355

**KLINE & SPECTER, P.C.**                                      *Attorneys for Plaintiff C.A.*
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | |
|---|---|
| C.A. | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | COURT OF COMMON PLEAS |
| 1525 Locust Street | |
| Philadelphia, PA  19102 | CIVIL TRIAL DIVISION |
| *Plaintiff,* | FEBRUARY TERM, 2019 |
| | NO.: |
| v. | |
| | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC and | |
| ROOSEVELT INN LLC d/b/a/ | |
| ROOSEVELT INN | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| ROOSEVELT MOTOR INN, INC. | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| UFVS MANAGEMENT COMPANY, LLC | |
| 287 Bowman Avenue | |
| Purchase, NY 10577 | |
| | |
| and | |
| | |
| 4200 ROOSEVELT LLC and | |
| 4200 ROOSEVELT LLC d/b/a | |
| DAYS INN | |
| 4200 Roosevelt Boulevard | |
| Philadelphia, PA 19124 | |
| | |
| and | |

4200 ROSE HOSPITALITY LLC and     :
4200 ROSE HOSPITALITY d/b/a     :
DAYS INN     :
4200 Roosevelt Boulevard     :
Philadelphia, PA 19124     :
    :
       and     :
    :
DAYS INN     :
4200 Roosevelt Boulevard     :
Philadelphia, PA 19124     :
    :
       and     :
    :
SURATI MANAGEMENT GROUP     :
121 Drew Drive     :
Langhorne, PA 19053     :
    :
       and     :
    :
DAYS INN BY WYNDHAM d/b/a     :
DAYS INN     :
4200 Roosevelt Boulevard     :
Philadelphia, PA 19124     :
    :
       and     :
    :
WYNDHAM WORLDWIDE CORPORATION     :
22 Sylvan Way     :
Parsippany, NJ 07054     :
    :
       and     :
    :
WYNDHAM HOTEL GROUP, LLC     :
22 Sylvan Way     :
Parsippany, NJ 07054     :
    :
       and     :
    :
WYNDHAM HOTELS AND RESORTS, LLC     :
22 Sylvan Way     :
Parsippany, NJ 07054     :
    :
       and     :

Case ID: 190303355

WYNDHAM HOTEL MANAGEMENT, INC.          :
22 Sylvan Way                           :
Parsippany, NJ 07054                    :
                                        :
        and                             :
                                        :
NORTH AMERICAN MOTOR INNS, INC. d/b/a   :
NORTH AMERICAN MOTOR INNS               :
4444 City Avenue                        :
Philadelphia, Pennsylvania 19131        :
                                        :
        and                             :
                                        :
RAMARA, INC.                            :
1003 Spruce Street                      :
Philadelphia, PA 19107                  :
                                        :
        and                             :
                                        :
ASHOKA INVESTMENTS & MANAGEMEMT         :
SERVICES                                :
27 A Iris Avenue                        :
San Francisco, CA 94118                 :
                                        :
                      *Defendants*      :

## COMPLAINT

## PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern-day slavery that exists throughout the United States.

2.      Human trafficking is a global multi-billion dollar enterprise that affects nearly every single country.

3.      Women and girls are disproportionately affected by human sex trafficking and account for the vast majority of victims in commercial sex trafficking.

4.      Globally, there are approximately 5 million people trapped in forced sexual exploitation. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

3

5.      The hospitality industry, and hotels specifically, owe a duty to provide a safe premise for their guests and must protect them against reasonably anticipated conduct.

6.      Hotels and motels are frequented for both sex and labor trafficking business operations.

7.      The National Human Trafficking Hotline recorded 3,596 cases of human trafficking involving a hotel or motel from 2007 through 2017.

**THE PARTIES**

8.      Plaintiff, C.A. was born on May 1, 1996 and is one of the thousands of victims of human trafficking and being victimized in hotels / motels across the United States.

9.      From 2012 through 2013, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.   Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, and Kyle B. Nocho, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

10.     Plaintiff's name and address are not contained in this Complaint to protect the privacy and identity of Plaintiff who incurred injuries and damages when she was a minor.

11.     Defendant Roosevelt Inn LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.   At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter "Roosevelt Inn"].

12.     Defendant Roosevelt Motor Inn, Inc. [hereinafter referred to as "Roosevelt Motor Inn"] is a corporation duly organized and existing under the laws of the Commonwealth of

4

Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

13. Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company, LLC owned, operated and/or managed the Roosevelt Inn. Defendant UFVS Management Company, LLC oversees the operation of the Roosevelt Inn including the hiring of employees.

14. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Roosevelt Inn. Accordingly, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC are liable for the acts and/or omissions of their agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

15. Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn [hereinafter referred to as "4200 Roosevelt"] is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant 4200 Roosevelt LLC owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124 [hereinafter "Days Inn"].

16. Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn [hereinafter referred to as "Rose Hospitality"] is a limited liability company duly organized

5

Case ID: 190303355

and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant 4200 Rose Hospitality, owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

17.     Defendant Days Inn is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Days Inn owned operated and/or managed the Days Inn.

18.     Defendant Surati Management Group is a company duly organized and existing under the laws under the Commonwealth of Pennsylvania with a principal business address located at 121 Drew Lane, Langhorne, PA 19053.  At all material times hereto, Defendant Surati Management Group owned, operated and/or managed the Days Inn.

19.     Defendant Days Inns d/b/a Days Inn by Wyndham [hereinafter referred to as "Days Inn by Wyndham"] is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.  At all material times hereto, Defendant Days Inn d/b/a Days Inn by Wyndham owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

20.     Defendant Wyndham Worldwide Corporation is a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054.  At all material times hereto, Defendant Wyndham Worldwide Corporation owned, operated or managed the Days Inn.

21.     Defendant Wyndham Hotel Group, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant

6

Wyndham Hotel Group, LLC owned, operated or managed the Days Inn.

22.     Defendant Wyndham Hotels and Resorts, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotels and Resorts, LLC owned, operated or managed the Days Inn.

23.     Defendant Wyndham Hotel Management, Inc. is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotel Management, Inc. owned, operated or managed the Days Inn.

24.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. made up a corporate structure that consisted of parent entities, parent corporations, associated or affiliated corporations, member corporations and/or subsidiary corporations.

25.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Days Inn. Accordingly, Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. are liable for the acts and/or omissions of their

Case ID: 190303355

agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

26.     Defendant North American Motor Inns, Inc. d/b/a North American Motor Inns [hereinafter referred to as "North American Motor Inns"] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant North American Motor Inns, Inc. owned, operated or managed the North American Motor Inns located at 4444 City Avenue, Philadelphia, PA 19137.

27.     Defendant Ramara, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1003 Spruce Street, Philadelphia PA 19107.  At all material times hereto, Defendant Ramara, Inc. owned, operated and/or managed the North American Motor Inns.

28.     Defendant Ashoka Investment & Management Services is a company duly organized and existing under the laws of the State of California with a principal place of business located at 27 A. Iris Avenue, San Francisco, CA 94118.  At all material times hereto, Ashoka Investment & Management Services owned, operated and/or managed the North American Motor Inns.

29.     Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the North American Motor Inns. Accordingly, Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management are liable for the acts and/or omissions of their agents, servants and/or employees

8

under the theories of agency, master servant, respondeat superior and/or right of control.

30.     Venue is appropriate in this case because all the Defendants regularly conduct business in Philadelphia County.

31.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

32.     At all times material hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Days Inn where they worked.

33.     At all material times hereto, North American Motor Inns, Inc, Ramara, Inc. and Ashoka Investment & Management individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the North American Motor Inns where they worked.

34.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

35.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation,

Case ID: 190303355

Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Days Inn and instead permitted heinous and unspeakable acts to occur.

36.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the North American Motor Inns and instead permitted heinous and unspeakable acts to occur.

37.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

38.     At all times material hereto, Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Days Inn.

39.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the North American Motor Inns.

40.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers financially

Case ID: 190303355

benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

41.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the Days Inn.

42.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the North American Motor Inns.

**OPERATIVE FACTS**

43.     Pennsylvania has long held that hotel and motel owners are liable for the reasonably anticipated harm that may occur to their guests from third persons. *Moran v. Valley Forge Drive-In Theater, Inc.*, 246 A.2d 875, 879 (Pa. 1968)

44.     This principle has been reinforced in more modern Pennsylvania cases. *See Rabutino, Admin. of the Estate of William Impagliazzo v. Freedom State Realty Co., Inc., et al.*, 809 A.2d 933, 942 (Pa. Super. 2002) (holding that owner and operator of hotel owed a duty of care to 19-year-old who was shot and killed during party inside room because such conduct was a reasonably anticipated event).

45.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

11

Case ID: 190303355

46.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Days Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

47.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the North American Motor Inns to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

48.     Beginning in 2012, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers at the Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular, consistent and/or repeated basis.

49.     Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Plaintiff.

50.     These advertisements often included both the name and address of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

51.     The advertisements included a fake name for Plaintiff and a phone number to call.

52.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

53.     Plaintiff engaged in numerous commercial sex act "dates" per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

12

Case ID: 190303355

54.     Plaintiff's traffickers would remain on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

55.     The hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

56.     Plaintiff was accompanied by men while on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

57.     Housekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

58.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

59.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

60.     Plaintiff's traffickers paid cash for the hotel rooms where Plaintiff engaged in commercial sex acts.

61.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the hotel room where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

62.     Men and others frequently entered and left the rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff engaged in commercial sex acts.

63.     Men walked the hallways at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff was engaged in commercial sex acts.

Case ID: 190303355

64.     Plaintiff had extended stays at the Roosevelt Inn, the Days Inn, and the North American Motor Inns with few or no personal possessions and was left in the room for long periods of time.  The rooms for these extended stays were paid for with cash on a day to days basis.

65.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

66.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

67.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the hotel rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

68.     In 2013, Plaintiff was rescued from the Days Inn following an investigation by the FBI based on internet advertisements of Plaintiff promoting prostitution.

69.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

70.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the

14

Case ID: 190303355

Plaintiff.

71.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

73.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers exploiting Plaintiff at the Days Inn.

74.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers exploiting Plaintiff at the North American Motor Inns.

75.     Plaintiff, as a hotel guest, was a business invitee of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC.

76.     Plaintiff, as a hotel guess, was also a business invitee of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.

77.     Plaintiff, as a hotel guest, was also a business invitee of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services.

15

78.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

79.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

80.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

81.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

82.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

Case ID: 190303355

83.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

84.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

85.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

86.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

87.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

88.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel

Case ID: 190303355

Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

89.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

90.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

91.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

92.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

18

otherwise stop the human sex trafficking of Plaintiff.

93.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

94.     By negligently allowing the Plaintiff's harm to occur, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

95.     By negligently allowing the Plaintiff's harm to occur, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

96.     By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene,

Case ID: 190303355

disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

97.     By renting rooms to individuals sex trafficking Plaintiff, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Days Inn.

98.     By renting rooms to individuals sex trafficking the Plaintiff, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the North American Motor Inns.

99.     By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

100.     By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

Case ID: 190303355

101.    By renting rooms to individuals sex trafficking the Plaintiff for commercial sex acts, Defendants North American Motor Inns, Inc., and Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC,

102.    The averments of Paragraphs 1 through 101 are incorporated herein by reference.

103.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Roosevelt Inn.

104.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

105.    Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of

Case ID: 190303355

human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

106.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

107.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

108.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn,

Case ID: 190303355

Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to detect and respond to commercial sex activity and human sex trafficking at

23

the Roosevelt Inn;

n.   Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

o.   Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.   Failing to respond and react to suspicious activity detected on video surveillance;

q.   Failing to maintain surveillance equipment in proper working order;

r.   Failing to test or properly test surveillance equipment to ensure it was in working order;

s.   Failing to utilize appropriate and/or required surveillance equipment;

t.   Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.   Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.   Failing to prevent Plaintiff from being trafficked on the premises;

w.   Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to§§ 302, 318, 321, 323, 324A, and 344; and

x.   Failing to exercise care, caution, and diligence required under the circumstances.

109.   By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

110.   As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

Case ID: 190303355

111.     As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

112.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

113.     The averments of Paragraphs 1 through 112 are incorporated herein by reference.

114.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Days Inn.

115.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati

25

Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of the Days Inn's business, should have reasonably anticipated criminal conduct on the part of third parties, including other guests and invitees of the premises of the Days Inn.

116.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Days Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Days Inn.

117.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Days Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex

Case ID: 190303355

traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Days Inn on a repeated basis.

118.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Days Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Days Inn.

119.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experience that persons lawfully on the premises of the Days Inn, such as Plaintiff, would suffer serious bodily injury as a result of being victimized by violent crimes perpetrated by third persons on the premises of the Days Inn.

120.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Days Inn, including Plaintiff, from

Case ID: 190303355

criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Days Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Days Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Days Inn;

28

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Days Inn;

n.  Failing to conduct adequate surveillance of the premises of the Days Inn;

o.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.  Failing to respond and react to suspicious activity detected on video surveillance;

q.  Failing to maintain surveillance equipment in proper working order;

r.  Failing to test or properly test surveillance equipment to ensure it was in working order;

s.  Failing to utilize appropriate and/or required surveillance equipment;

t.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.  Failing to prevent Plaintiff from being trafficked on the premises;

w.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x.  Failing to exercise care, caution, and diligence required under the circumstances.

121.   By renting rooms to Plaintiff's sex traffickers, Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent

29

Case ID: 190303355

agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

122.    As a result Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

123.    As a result of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.'s negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Days Inn.

124.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.  acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., and demands compensatory and punitive damages

Case ID: 190303355

in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS AND MANAGEMENT SERVICES

125.    The averments of Paragraphs 1 through 124 are incorporated herein by reference.

126.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the North American Motor Inns.

127.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the North American Motor Inns.

128.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the North American Motor Inns in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the North American Motor Inns.

31

Case ID: 190303355

129.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the North American Motor Inns on a repeated basis.

130.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the North American Motor Inns, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the North American Motor Inns.

131.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the North American Motor Inns, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the North American Motor Inns, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of

32

Case ID: 190303355

Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the North American Motor Inns;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the North American Motor Inns;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

Case ID: 190303355

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the North American Motor Inns;

n. Failing to conduct adequate surveillance of the premises of the North American Motor Inns;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

132.    By renting rooms to Plaintiff's sex traffickers, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

133.    As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Plaintiff was caused to suffer physical

34

Case ID: 190303355

harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

134.    As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the North American Motor Inns.

135.    Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investments & Management Services acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC

136.    The averments of paragraphs 1 through 135 are incorporated herein by reference.

137.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly & proximately causing harm/damages to Plaintiff.

Case ID: 190303355

138.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

139.    The averments of paragraphs 1 through 138 are incorporated herein by reference.

140.    Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

141.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc and demands compensatory and punitive

Case ID: 190303355

damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., INC., RAMARA, INC. AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

142.     The averments of paragraphs 1 through 141 are incorporated herein by reference.

143.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

144.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff C.A. demands judgement in her favor and against North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT VII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC,

145.     The averments of paragraphs 1 through 144 are incorporated herein by reference.

146.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and

Case ID: 190303355

employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

147.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

148.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

149.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Roosevelt Inn would be victimized by, or subjected to, such criminal and/or violent acts.

150.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Roosevelt Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

Case ID: 190303355

151.     Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VIII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

## C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

152.     The averments of paragraphs 1 through 151 are incorporated herein by reference.

153.     Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

154.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably

39

Case ID: 190303355

sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

155.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

156.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Days Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Days Inn would be victimized by, or subjected to, such criminal and/or violent acts.

157.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Days Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

158.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn,

Case ID: 190303355

Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IX – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

## C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

159.    The averments of paragraphs 1 through 158 are incorporated herein by reference.

160.    Defendants North American Motor Inns, Inc., North American Motor Inns, Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

161.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

Case ID: 190303355

162.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

163.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the North American Motor Inns would be victimized by, or subjected to, such criminal and/or violent acts.

164.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the North American Motor Inns, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

165.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand

42

Case ID: 190303355

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

*Attorneys for Plaintiff C.A.*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

DATED: _____3-27-19_____

43

Case ID: 190303355

## **VERIFICATION**

I, C████ A██, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



C████ A██

**B&R**
Services for Professionals Inc.
255 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

*National Association of*
*Professional Process Servers*

C.A. c/o Kline & Specter , P.C.

-VS-

Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County

*Filed and Attested by the*
*Office of Judicial Records*
*01 APR 2019 02:12 pm*
*C. JONES*

**CASE NUMBER** 1903-3355

# AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #**  CS160877.08
**Reference Number**

Joseph Connelly, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 3/28/2019 we received the  **Complaint**  for service upon:

**Ramara, Inc. at 1003 Spruce Street, Philadelphia, PA 19107.**

Service was **NOT SERVED** on  **03/28/2019** at **9:30 AM**,  for the reason described below:

**Unable to locate subject at given address - Neither Ramara, Inc. nor Richard Melius.**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila.County
My Commission Expires December 16, 2019

**Sworn to and subscribed before me this**

1st day of April 2019

**Process Server/Sheriff**

**Notary Public**

ATTEMPTS:
03/28/2019 08:30 AM 1003 SPRUCE STREET PHILADELPHIA, PA 19107  Note: Given address appears to be residential - if company defendant unknown - server will check for residency of Richard Melius (noted as President of Co.). To gain entrance to the building the Process Server had to use a call box which contained only apartment numbers, no names. The Process Server was able to speak with 3 apartment tenants (2F,2R,4F). All said, the Defendant and Richard Melius were unknown. There was no response from apartments 1F,1R,3F, 3R when rang.

| Client | Phone (215) 772-1000 | : | **Filed Date:** | 3/27/2019 | **BR Serve By:** | 03/28/2019 |

Nadeem A. Bezar, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL

Case ID: 190303355



**B&R**
Services for Professionals Inc.

238 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

NAPPS
National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

-VS-

Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al

**COURT** Court of Common Pleas of Pennsylvania

Philadelphia County

*Filed and Attested by the*
*Office of Judicial Records*
*03 APR 2019 11:21 am*
*C. JONES*

**CASE NUMBER** 1903-3355

## AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #** CS160877.07

**Reference Number**

Thomas Kenney, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 3/28/2019 we received the **Complaint** and that service was effected upon **North American Motor Inns, Inc. dba North American Motor Inns** at **4444 City Avenue, Philadelphia, PA 19131** on **3/28/2019** at **10:50 AM**, in the manner described below:

**By service upon:** Priscilla McMillan , Manager as an agent or person authorized to accept service at usual place of business.

**Description:**
Gender: **Female**      Race/Skin: **Black**      Age: **50 - 60 Yrs**      Weight: **131-160 Lbs.**   Height: **5ft4in - 5ft8in**
Hair: **Black**      Glasses:**Yes**   Other:

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila.County
My Commission Expires December 16, 2019

**Sworn to and subscribed before me this**

2ND day of APRIL 2019

**Process Server/Sheriff**

**Notary Public**

ATTEMPTS:

Client      Phone (215) 772-1000      :      **Filed Date:** 3/27/2019   **BR Serve By:** 03/28/2019

Nadeem A. Bezar, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL

Case ID: 190303355

**B&R**
Services for Professionals Inc.
235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

**NAPPS**
National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

-VS-

Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County- Civil

*Filed and Attested by the
Office of Judicial Records
04 APR 2019 11:28 am
S. RICE*

**CASE NUMBER** 1903-3355

## AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #**  CS160877.03

**Reference Number**

James G. Robinson, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 3/28/2019 we received the **Complaint** and that service was effected upon **4200 Roosevelt LLC and 4200 Roosevelt LLC dba Days Inn** at **4200 Roosevelt Boulevard, Philadelphia , PA 19124**  on **3/28/2019** at **10:12 AM**, in the manner described below:

**By service upon:** Asif, Manager as an agent or person authorized to accept service at usual place of business.

**Description:**
Gender: **Male**    Race/Skin: **Indian**      Age: **40 - 50 Yrs.**      Weight: **131-160 Lbs.**    Height: **5ft9in - 6ft0in**    Hair: **Black**
            Glasses:**Yes**    Other:

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila.County
My Commission Expires December 16, 2019

Sworn to and subscribed before me this

3RD day of APRIL 2019

**Process Server/Sheriff**

**Notary Public**

ATTEMPTS:

| Client | Phone (215) 772-1000 | | : | | **Filed Date:** | 3/27/2019 | **BR Serve By:** | 03/28/2019 |
|---|---|---|---|---|---|---|---|---|

Nadeem A. Bezar, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL

Case ID: 190303355

**B&R**
Services for Professionals Inc.

235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

*NAPPS*
National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

-VS-

Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County

*Filed and Attested by the*
*Office of Judicial Records*
*04 APR 2019 11:33 am*
*G. IMPERATO*

**CASE NUMBER** 1903-3355

# AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #**  CS160877.04
**Reference Number**

James G. Robinson, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 3/28/2019 we received the **Complaint** and that service was effected upon **4200 Rose Hospitality ,LLC and 4200 Rose Hospitality dba Days Inn** at **4200 Roosevelt Boulevard, Philadelphia, PA 19124** on **03/28/2019** at **10:12 AM**, in the manner described below:

**By service upon:** Asif , Manager as an agent or person authorized to accept service at usual place of business.

**Description:**
Gender: **Male**    Race/Skin: **Indian**    Age: **40 - 50 Yrs.**    Weight: **131-160 Lbs.**    Height: **5ft9in - 6ft0in**    Hair: **Black**
Glasses: **Yes**    Other:

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila.County
My Commission Expires December 16, 2019

**Sworn to and subscribed before me this**

3 ᴿᴰ **day of** April 2019

**Process Server/Sheriff**

**Notary Public**

ATTEMPTS:

Client    Phone (215) 772-1000                    :            **Filed Date:** 3/27/2019   **BR Serve By:** 03/28/2019

Nadeem A. Bezar, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102



ORIGINAL

Case ID: 190303355

**B&R**
Services for Professionals Inc.
235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

-VS-

Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County, Civil

*Filed and Attested by the
Office of Judicial Records
04 APR 2019 11:37 am
S. RICE*

**CASE NUMBER** 1903-3355

# AFFIDAVIT

State of  Pennsylvania
County of   Philadelphia

**B&R Control #**  CS160877.06

**Reference Number**

James G. Robinson, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 3/28/2019 we received the **Complaint** and that service was effected upon **Days Inn by Wyndham dba Days Inn** at **4200 Roosevelt Boulevard, Philadelphia, PA 19124**  on **03/28/2019** at **10:12 AM**, in the manner described below:

**By service upon:** Asif, Manager as an agent or person authorized to accept service at usual place of business.

**Description:**
Gender: **Male**    Race/Skin: **Indian**      Age: **40 - 50 Yrs.**      Weight: **131-160 Lbs.**    Height: **5ft9in - 6ft0in**    Hair: **Black**
Glasses: **Yes**    Other:

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila.County
My Commission Expires December 16, 2019

**Sworn to and subscribed before me this**

4th day of April 2019

**Process Server/Sheriff**

**Notary Public**

ATTEMPTS:

Client    Phone (215) 772-1000

|  | : |  | **Filed Date:** | 3/27/2019 | **BR Serve By:** | 03/28/2019 |
|---|---|---|---|---|---|---|

Nadeem A. Bezar, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL

**B&R**
Services for Professionals Inc.

235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

*NAPPS*
National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

-VS-

Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County - Civil

*Filed and Attested by the
Office of Judicial Records
04 APR 2019 11:35 am
G. IMPERATO*

**CASE NUMBER** 1903-3355

# AFFIDAVIT

State of  Pennsylvania
County of   Philadelphia

**B&R Control #**  CS160877.05
**Reference Number**

James G. Robinson, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 3/28/2019 we received the **Complaint** and that service was effected upon **Days Inn** at **4200 Roosevelt Boulevard, Philadelphia, PA 19124**  on **03/28/2019** at **10:12 AM**, in the manner described below:

**By service upon: Asif , Manager** as an agent or person authorized to accept service at usual place of business.

**Description:**
Gender: **Male**    Race/Skin: **Indian**       Age: **40 - 50 Yrs.**      Weight: **131-160 Lbs.**   Height: **5ft9in - 6ft0in**   Hair: **Black**
        Glasses: **Yes**    Other:

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila.County
My Commission Expires December 16, 2019

**Sworn to and subscribed before me this**

4th day of April 2019

**Process Server/Sheriff**

**Notary Public**

ATTEMPTS:

Client     Phone (215) 772-1000

:

**Filed Date:** 3/27/2019 | **BR Serve By:** 03/28/2019

Nadeem A. Bezar, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL

Case ID: 190303355

**B&R**
Services for Professionals Inc.

233 SOUTH 5TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

*NAPPS*
National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

-VS-

Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County

*Filed and Attested by the
Office of Judicial Records
04 APR 2019 11:23 am
S. RICE*

**CASE NUMBER** 1903-3355

# AFFIDAVIT

State of  Pennsylvania
County of   Philadelphia

**B&R Control #**  CS160877.01
**Reference Number**

James G. Robinson, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 3/28/2019 we received the **Complaint** and that service was effected upon **Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn** at **7630 Roosevelt Boulevard, Philadelphia, PA 19152**  on **3/28/2019** at **10:44 AM**, in the manner described below:

**By service upon:** Mr. Patel , Manager as an agent or person authorized to accept service at usual place of business.

**Description:**
Gender: **Male**      Race/Skin: **Indian**         Age: **60 - 70 Yrs.**          Weight: **Over 200 Lbs.**  Height: **Sitting**  Hair: **Salt &**
**Pepper** Glasses:**Yes**      Other:

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila.County
My Commission Expires December 16, 2019

**Sworn to and subscribed before me this**

3RD day of APRil 2019

**Process Server/Sheriff**

ATTEMPTS:

**Notary Public**

---

Client      Phone (215) 772-1000

:                              **Filed Date:**  3/27/2019   **BR Serve By:** 03/28/2019

Nadeem A. Bezar, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL

**B&R**
Services for Professionals Inc.

235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

NAPPS
National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

**COURT**  Court of Common Pleas of Pennsylvania
Philadelphia County

-VS-

*Filed and Attested by the*
*Office of Judicial Records*
*04 APR 2019 11:25 am*
*S. RICE*

Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al

**CASE NUMBER**  1903-3355

# AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #**  CS160877.02
**Reference Number**

James G. Robinson, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 3/28/2019 we received the **Complaint** and that service was effected upon **Roosevelt Motor Inn, Inc.** at **7630 Roosevelt Boulevard, Philadelphia, PA 19152**  on **03/28/2019** at **10:44 AM**, in the manner described below:

**By service upon:** Mr. Patel , Manager as an agent or person authorized to accept service at usual place of business.

**Description:**
Gender: **Male**    Race/Skin: **Indian**    Age: **60 - 70 Yrs.**    Weight: **Over 200 Lbs.**  Height: **Sitting**  Hair: **Salt & Pepper**  Glasses:**Yes**    Other:

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila.County
My Commission Expires December 16, 2019

**Sworn to and subscribed before me this**

3RD day of April 2019

**Process Server/Sheriff**

**Notary Public**

ATTEMPTS:

Client    Phone (215) 772-1000

:

**Filed Date:** 3/27/2019    **BR Serve By:** 03/28/2019

Nadeem A. Bezar, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL

Case ID: 190303355

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
04 APR 2019 12:39 pm
G. IMPERATO

| | | | |
|---|---|---|---|
| C.A. | | : | PHILADELPHIA COUNTY |
| | Plaintiff, | : | |
| V. | | : | |
| | | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, et. al. | | : | NO.: 03355 |
| | Defendants. | : | |

## ENTRY OF APPEARANCE AS CO-COUNSEL FOR PLAINTIFF

TO THE PROTHONOTARY:

     Kindly enter my appearnace as co-counsel for Plaintiff C.A. in the above-captioned matter.

                                        **KLINE & SPECTER, P.C.**

                                    BY:   _____/s/ Kyle B. Nocho_____
                                                KYLE B. NOCHO, ESQUIRE

Dated: April 4, 2019

*Filed and Attested by the Office of Judicial Records 05 APR 2019 10:15 am G. IMPERATO*

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

| | | | |
|---|---|---|---|
| C.A. | | : | PHILADELPHIA COUNTY |
| | Plaintiff, | : | |
| V. | | : | |
| | | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, et. al. | | : | NO.: 03355 |
| | Defendants. | : | |

## ENTRY OF APPEARANCE AS CO-COUNSEL FOR PLAINTIFF

TO THE PROTHONOTARY:

Kindly enter my appearnace as Counsel for Plaintiff C.A. in the above-captioned matter.

_____
EMILY B. MARKS, ESQUIRE

Dated: April 4, 2019

*Filed and Attested by the
Office of Judicial Records
08 APR 2019 01:56 pm
C. JONES*

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895           Attorneys for Plaintiff
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, et. al. | : | NO.: 03355 |
| Defendants. | : | |

### AFFIDAVIT OF SERVICE OF COMPLAINT UPON DEFENDANT, UFVS MANAGEMENT COMPANY, LLC

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA            :

NADEEM A. BEZAR, ESQUIRE, being duly sworn according to law, deposes and states that a time-stamped copy of Plaintiffs' Complaint and Notice to Defend filed in the above-captioned matter was served via certified mail, return receipt requested upon defendant UFVS Management Company, 287 Bowman Avenue, Purchase, NY 10577. Your deponent further states that attached hereto and marked as Exhibit "A" are copies of the transmittal letter and signed certified mail return receipt card showing receipt on March 29, 2019.

                                                **KLINE & SPECTER, P.C.**

                                BY:   *Nadeem A. Bezar/s/*
                                        _____
                                        NADEEM A. BEZAR
                                        *Attorney for Plaintiffs*

# EXHIBIT A

Case ID: 190303355

# USPS Tracking®

**FAQs** > **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

Track Another Package **+**

**Tracking Number:** 70181830000138823487

Remove ✕

**Expected Delivery on**

**FRIDAY**
**29** MARCH 2019 ⓘ

by
**8:00pm** ⓘ

Feedback

## ✅ Delivered

March 29, 2019 at 1:43 pm
Delivered, Left with Individual
PURCHASE, NY 10577

Get Updates ⌄

---

Text & Email Updates                                          ⌄

---

Tracking History                                              ⌄

---

Product Information                                           ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

CA

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

## The easiest tracking number is the one you don't have to know.

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS' automated equipment.app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgc

Case ID: 190303355

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
08 APR 2019 01:02 pm
G. IMPERATO

| C.A. | : | PHILADELPHIA COUNTY |
|---|---|---|
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, et. al. | : | NO.: 03355 |
| Defendants. | : | |

## AFFIDAVIT OF SERVICE OF COMPLAINT UPON DEFENDANT, WYNDHAM HOTEL GROUP, LLC

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA       :

    NADEEM A. BEZAR, ESQUIRE, being duly sworn according to law, deposes and states that a time-stamped copy of Plaintiffs' Complaint and Notice to Defend filed in the above-captioned matter was served via certified mail, return receipt requested upon defendant Wyndham Hotel Group, 22 Sylvan Way, Parsippany, NJ 07054.  Your deponent further states that attached hereto and marked as Exhibit "A" are copies of the transmittal letter and signed certified mail return receipt card showing receipt on March 29, 2019.

                        **KLINE & SPECTER, P.C.**

            BY:    *Nadeem A. Bezar/s/*

                     NADEEM A. BEZAR
                     *Attorney for Plaintiffs*

# EXHIBIT A

Case ID: 190303355

# USPS Tracking®

**FAQs** ❯ **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package  **+**

**Tracking Number:** 70181830000138823500

Remove ✕

Your item was delivered at 2:22 pm on March 29, 2019 in PARSIPPANY, NJ 07054.

## ✓ **Delivered**

March 29, 2019 at 2:22 pm
Delivered
PARSIPPANY, NJ 07054

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

**See Less** ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Case ID: 190303355

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

Feedback

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and
mailpieces that are processed through USPS automated equipment. app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo

Case ID: 190303355

USPS TRACKING #

9590 9402 4665 8323 7465 27

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Kline & Specter
1525 Locust St.
Philadelphia, PA 19102

Nadeem Bezar

C.A.

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wyndham Hotel Group, LLC
22 Sylvan Way
Parsippany, NJ 07054

9590 9402 4665 8323 7465 27

2. Article Number (Transfer from service label)

7018 1830 0001 3882 3500

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Donna Madsen_   ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Donna Madsen

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

Case ID: 190303355

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
08 APR 2019 01:08 pm
G. IMPERATO

| C.A. | | : | PHILADELPHIA COUNTY |
|---|---|---|---|
| | Plaintiff, | : | |
| V. | | : | |
| | | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, et. al. | | : | NO.: 03355 |
| | Defendants. | : | |

### AFFIDAVIT OF SERVICE OF COMPLAINT UPON DEFENDANT, WYNDHAM HOTEL MANAGEMENT, INC.

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA          :

NADEEM A. BEZAR, ESQUIRE, being duly sworn according to law, deposes and states that a time-stamped copy of Plaintiffs' Complaint and Notice to Defend filed in the above-captioned matter was served via certified mail, return receipt requested upon defendant Wyndham Hotel Management Inc., 22 Sylvan Way, Parsippany, NJ 07054.  Your deponent further states that attached hereto and marked as Exhibit "A" are copies of the transmittal letter and signed certified mail return receipt card showing receipt on March 29, 2019.

                                        **KLINE & SPECTER, P.C.**

                                        *Nadeem A. Bezar/s/*
                        BY:     _____
                                        NADEEM A. BEZAR, ESQUIRE
                                        Attorney for Plaintiff

# EXHIBIT A

Case ID: 190303355

# USPS Tracking®

**FAQs** ❯ **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package  ✛

**Tracking Number:** 70181830000138823470

Remove ✕

Your item was delivered at 2:22 pm on March 29, 2019 in PARSIPPANY, NJ 07054.

## ⊘ **Delivered**

March 29, 2019 at 2:22 pm
Delivered
PARSIPPANY, NJ 07054

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |

| | |
|---|---|
| **Tracking History** | ⌄ |

| | |
|---|---|
| **Product Information** | ⌄ |

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Case ID: 190303355

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

Feedback

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.
app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo

Case ID: 190303355

**USPS TRACKING #**

9590 9402 4665 8323 7465 58

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Kline & Specter
1525 Locust St.
Philadelphia, PA 19102

Nadeem Bezar

C.A.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wyndham Hotel Management, Inc
22 Sylvan Way
Parsippany, NJ 07054

9590 9402 4665 8323 7465 58

2. Article Number (Transfer from service label)

7018 1830 0001 3882 3470

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Donna Madsen*      ☐ Agent  ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

*Donna Madsen*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

*Filed and Attested by the
Office of Judicial Records
08 APR 2019 01:05 pm
G. IMPERATO*

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895          Attorneys for Plaintiff
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, et. al. | : | NO.: 03355 |
| Defendants. | : | |

### AFFIDAVIT OF SERVICE OF COMPLAINT UPON DEFENDANT, WYNDHAM HOTELS AND RESORTS, LLC

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA          :

NADEEM A. BEZAR, ESQUIRE, being duly sworn according to law, deposes and states

that a time-stamped copy of Plaintiffs' Complaint and Notice to Defend filed in the above-

captioned matter was served via certified mail, return receipt requested upon defendant Wyndham

Hotels and Resorts, LLC, 22 Sylvan Way, Parsippany, NJ 07054.  Your deponent further states

that attached hereto and marked as Exhibit "A" are copies of the transmittal letter and signed

certified mail return receipt card showing receipt on March 29, 2019.

                                        **KLINE & SPECTER, P.C.**

                                        *Nadeem A. Bezar/s/*
                        BY:   _____
                                        NADEEM A. BEZAR, ESQUIRE
                                        Attorney for Plaintiff

# EXHIBIT A

Case ID: 190303355

# USPS Tracking®

**FAQs** ❯ **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package ✛

**Tracking Number:** 70181830000138823494                    Remove ✕

Your item was delivered at 2:22 pm on March 29, 2019 in PARSIPPANY, NJ 07054.

## ✔ Delivered

March 29, 2019 at 2:22 pm
Delivered
PARSIPPANY, NJ 07054

Get Updates ﹀

Feedback

| Text & Email Updates | ﹀ |
|---|---|
| Tracking History | ﹀ |
| Product Information | ﹀ |

See Less ︿

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Case ID: 190303355

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

Feedback

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment. app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo

Case ID: 190303355

USPS TRACKING #

9590 9402 4665 8323 7465 34

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Kline & Specter
1525 Locust St.
Philadelphia, PA 19102

Nadeem Bezar

C.A.

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wyndham Hotels and Resorts, LLC
22 Sylvan Way
Parsippany, NJ 07054

9590 9402 4665 8323 7465 34

2. Article Number (Transfer from service label)
7018 1830 0001 3882 3494

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Donna Madsen
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Donna Madsen

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Insured Mail Restricted Delivery
   (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Case ID: 190303355



*Filed and Attested by the Office of Judicial Records 08 APR 2019 01:06 pm G. IMPERATO*

**KLINE & SPECTER, P.C.**
BY:  THOMAS R. KLINE, ESQUIRE/28895
     NADEEM A. BEZAR, ESQUIRE/63577
     EMILY B. MARKS, ESQUIRE/204405
     KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, et. al. | : | NO.: 03355 |
| Defendants. | : | |

### AFFIDAVIT OF SERVICE OF COMPLAINT UPON DEFENDANT, WYNDHAM WORLDWIDE CORPORATION

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF PHILADELPHIA          :

NADEEM A. BEZAR, ESQUIRE, being duly sworn according to law, deposes and states that a time-stamped copy of Plaintiffs' Complaint and Notice to Defend filed in the above-captioned matter was served via certified mail, return receipt requested upon defendant Wyndham Worldwide Corporation, 22 Sylvan Way, Parsippany, NJ 07054. Your deponent further states that attached hereto and marked as Exhibit "A" are copies of the transmittal letter and signed certified mail return receipt card showing receipt on March 29, 2019.

**KLINE & SPECTER, P.C.**

*Nadeem A. Bezar/s/*

BY:  _____
     NADEEM A. BEZAR, ESQUIRE
     Attorney for Plaintiff

Case ID: 190303355

# EXHIBIT A

Case ID: 190303355

# USPS Tracking®

**FAQs** > **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package  ✚

**Tracking Number:** 70181830000138823517

Remove ✕

Your item was delivered at 2:22 pm on March 29, 2019 in PARSIPPANY, NJ 07054.

## ⊘ Delivered

March 29, 2019 at 2:22 pm
Delivered
PARSIPPANY, NJ 07054

Get Updates ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Case ID: 190303355

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

Feedback

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

**app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo**

Case ID: 190303355

USPS TRACKING #

9590 9402 4665 8323 7465 10

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Kline & Specter
1525 Locust St.
Philadelphia, PA 19102

Nadeem Bezar

C.A.

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Donna Madsen*  ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery<br>*Donna Madsen* |
| 1. Article Addressed to:<br>Wyndham Worldwide Corporation<br>22 Sylvan Way<br>Parsippany, NJ 07054 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Adult Signature  ☐ Priority Mail Express®<br>☐ Adult Signature Restricted Delivery  ☐ Registered Mail™<br>☑ Certified Mail®  ☐ Registered Mail Restricted Delivery<br>☐ Certified Mail Restricted Delivery  ☒ Return Receipt for Merchandise<br>☐ Collect on Delivery  ☐ Signature Confirmation™<br>☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) |
| 9590 9402 4665 8323 7465 10 | |
| 2. Article Number *(Transfer from service label)*<br>7018 1830 0001 3882 3517 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

Case ID: 190303355



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

Case #: 2019-91668-0000    12238427
Main (Public)
Code: 0        Judge:
Rcpt: Z2142097   3/27/2019 3:15:27 PM

Court of Common Pleas of
Pennsylvania
Philadelphia County - Civil
190303355

Filed and Attested by the
Office of Judicial Records
03 APR 2019 08:45 am
G. IMPERATO

-VS-
Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al       :    **CASE NUMBER**

# AFFIDAVIT

State of _____

County of _____

**B&R Control # CS160877.09**

**Reference Number**

### FORWARDED SERVICE

Now, on 3/28/2019, I do hereby request the Sheriff of _Bucks_ County
to serve this **Complaint** and make return thereof in accordance with the Law, for service upon
**Surati Management Group** at **121 Drew Drive, Langhorne, PA 19153**
By (Competent Adult) Linda Robertson        Sheriff Check Amt $58.   #20885

**** SPECIAL INSTRUCTIONS" ****
Urgent  PLEASE SERVE ASAP  THANK YOU
_Please Rush Serve_            See Attached

OFFICIAL RECEIPT
RECEIPT # 2019-1-05568
FOR B&R SERVICES FOR
PROFESSIONALS, INC.
03/28/2019 03:57 PM

2019-91668: SERVICE O
Check #20885
Total
*** Thank You ***
COB kweber

☐ Served  Date _____  Time _____     Accepted By: _____
In the manner described below.
☐ Personally served.
☐ Adult in charge of residence. Relationship is _____
☐ Adult in charge of residence who refused to give name and/or relationship.
☐ Manager/Clerk of place of residence lodging _____
☐ Agent or person authorized to accept service _____
☐ Other _____

**Description of Person**  Age _____ Height _____ Weight _____ Race _____ Sex _____
                          Other _____

☐ **Not Served**  Date _____  Time _____   ☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant

☐ Other _____

The Process Server, was at the time of service a competent adult, over 18
years of age, not having a direct interest in the litigation. I declare under
penalty of perjury that the foregoing is true and correct.

Sworn to and subscribed before me this
_____ day of _____

Notary Public _____

Process Server/Sheriff _____

Client _____ Phone (215) 772-1000    _____ : _____  **Filed Date:** 3/27/2019  **BR Serve By:** 04/25/2019

Nadeem A. Bezar, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL

Case ID: 190303355

# BUCKS SHERIFF'S RETURN

Case #:       **2019-91668**
Commenced: **3/27/2019**
Caption:      **C.A. C/O KLINE & SPECTOR P.C.**
              **vs.**
              **SURATI MANAGEMENT GROUP**

# SERVICE REQUEST

Request #:        **2578 (1 of 1)**
Request Type:     **Process Server   COMPLAINT**
Entered:          **3/29/2019 by cob\rlrenninger**
Requested By:     **C.A. C/O KLINE & SPECTOR P.C.**
                  **UNKNOWN**

Special Instructions: **\*\*\*\*RUSH\*\*\*\***
Service To:       **SURATI MANAGEMENT GROUP**

Zone:         **4**
Address:      **121 DREW DRIVE**
              **LANGHORNE, PA 19047**
Municipality: **Middletown TOWNSHIP**
              **Pick Up** on **4/2/2019 12:37 PM** by deputy **Deputy Salvatore LaMantia**

              **Served** on **4/2/2019 12:56 PM** by deputy **Deputy Salvatore LaMantia**

              - **Adult in Charge of Residence (A)(2)(i)**

              Served To: **BHARTI SURATI**

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
Philadelphia, PA 19103-6998
Fax:  (215) 569-5555
Tel.:  (215) 569-5500
Email:  palmer@blankrome.com
quinlan@blankrome.com
doberdick@blankrome.com

*Attorneys for Defendants*
*Roosevelt Inn LLC d/b/a Roosevelt Inn,*
*Roosevelt Motor Inn, Inc. and*
*UFVS Management Company, LLC*

Filed and Attested by the
Office of Judicial Records
05 APR 2019 05:59 pm
M. RUSSO

| | | |
|---|---|---|
| C.A., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff | : | |
| | : | CIVIL TRIAL DIVISION |
| v. | : | |
| | | MARCH TERM, 2019 |
| ROOSEVELT INN LLC | : | NO. 3355 |
| d/b/a ROOSEVELT INN, et al., | | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## ENTRIES OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter the appearance of Grant S. Palmer, James J. Quinlan and Daniel E. Oberdick

on behalf of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc. and

UFVS Management Company, LLC in the above-captioned matter.

Respectfully Submitted,

**BLANK ROME LLP**

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Daniel E. Oberdick (PA ID# 309767)

Dated:  April 15, 2019

## CERTIFICATE OF SERVICE

I, James J. Quinlan, Esquire, hereby certify that, on this 15th day of April 2019, I caused a true and correct copy of the foregoing Entries of Appearance to be served via electronic and first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff*

And

Wyndham Worldwide Corporation
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotel Group LLC
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotels and Resorts LLC
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotel Management Inc.
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

North American Motor Inns Inc.
4444 City Ave.
Philadelphia, PA 19131

*Defendant*

And

Ramara Inc.
1003 Spruce Street
Philadelphia, PA 19107

*Defendant*

And

Ashoka Investments & Management Services
27A Iris Ave.
San Francisco, CA 94118

*Defendant*

And

4200 Roosevelt LLC
4200 Roosevelt Blvd.
Philadelphia, PA 19124

*Defendant*

And

4200 Rose Hospitality LLC
4200 Roosevelt Blvd.
Philadelphia, PA 19124

*Defendant*

And
Days Inn
4200 Roosevelt Blvd.

2

Case ID: 190303355

Philadelphia, PA 19125

*Defendant*

And

Surati Management Group
121 Drew Dr.
Langhorne, PA 19053

*Defendant*

And

Days Inn by Wyndham
4200 Roosevelt Blvd.
Philadelphia, PA 19124

*Defendant*

<u>/s/ James J. Quinlan</u>
JAMES J. QUINLAN

3

Case ID: 190303355

C.A.,                                    :    COURT OF COMMON PLEAS
                                         :    PHILADELPHIA COUNTY
                    Plaintiff            :
                                         :    CIVIL TRIAL DIVISION
            v.                           :
                                         :    MARCH TERM, 2019
ROOSEVELT INN LLC                        :    NO. 3355
d/b/a ROOSEVELT INN, et al.,             :
                                         :    JURY TRIAL DEMANDED
                    Defendants.          :

Filed and Attested by the
Office of Judicial Records
15 APR 2019 06:05 pm
M. RUSSO

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's Preliminary Objections to Plaintiff's Complaint, and any response thereto, it is hereby ORDERED and DECREED that said Preliminary Objections are sustained in their entirety.  It is FURTHER ORDERED:

1.  Plaintiff's demand for punitive damages is stricken; and

2.  Paragraphs 48, 50, 52 – 67 are dismissed for lack of specificity.

                                        **BY THE COURT:**


                                        _____
                                                                    J.

Case ID: 190303355
Control No.: 19041986

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
Philadelphia, PA 19103-6998
Fax:  (215) 569-5555
Tel.:  (215) 569-5500
Email:  palmer@blankrome.com
quinlan@blankrome.com
doberdick@blankrome.com

*Attorneys for Defendants,*
 *Roosevelt Inn LLC d/b/a Roosevelt Inn*
 *Roosevelt Motor Inn, Inc. and*
 *UFVS Management Company, LLC*


  */s Grant S. Palmer*

*You are hereby notified to file a written response to Defendants Roosevelt Inn LLC d/b/a  Roosevelt Inn Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's Preliminary Objections to Plaintiff's Complaint within twenty (20) days of service hereof or a judgment may be entered against you.*

| | | |
|---|---|---|
| C.A., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff | : | |
| | : | CIVIL TRIAL DIVISION |
| v. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC | : | NO. 3355 |
| d/b/a ROOSEVELT INN, et al., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and

UFVS Management Company, LLC (the "Roosevelt Defendants"), by their undersigned counsel,

hereby file the instant Preliminary Objections to Plaintiff C.A.'s ("Plaintiff") Complaint.

### A.    **Factual and Procedural Background**

1.      Plaintiff C.A. ("Plaintiff") alleges that from 2012 – 2013, she was the victim of

underage human sex trafficking, having been trafficked at various hotels throughout

Philadelphia.

Case ID: 190303355
Control No.: 19041986

2.      Plaintiff commenced this civil action on March 27, 2019 asserting negligence claims related to her allegations of underage human sex trafficking against the Roosevelt Defendants, as well as Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality LLC, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel Management, Inc., North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management Services. *See* Plaintiff's Complaint attached as Exhibit "A."

3.      Plaintiff's Complaint, which indiscriminately lumps all the hotel defendants together without any specificity whatsoever, alleges that the Roosevelt Defendants had actual or constructive knowledge that human trafficking was occurring on their premises and that they failed to report or otherwise stop Plaintiff from being trafficked. *Id*. at ¶90.

4.      In three separate Counts (Counts I, IV and VII), Plaintiff claims that the Roosevelt Defendants, individually and through their agents, acted in an outrageous and reckless manner, warranting the imposition of punitive damages.

5.      However, Plaintiff's Complaint does not contain the factual specificity required by Pennsylvania law to place the Roosevelt Defendants on notice of the claims Plaintiff has asserted.

6.      For these reasons, the Roosevelt Defendants file the instant Preliminary Objections seeking dismissal of Plaintiff's legally insufficient allegations.

7.       Pa.R.Civ.P. 1028 permits a party to file preliminary objections for: (1) a pleading's failure to conform to law or rule of court; (2) insufficient specificity in a pleading; and (3) legal insufficiency of a pleading.  *See* Pa.R.Civ.P. 1028(a) *et. seq*.  Preliminary objections are properly granted when the pleadings are legally insufficient for one or more of the reasons

2

Case ID: 190303355
Control No.: 19041986

enumerated in Pa.R.Civ.P. 1028(a).  *See Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 764 (Pa. Super. 1999).

8.      Instantly, Plaintiff's claims for punitive damages and non-specific allegations that fail to distinguish between the actions of the various hotel defendants must be stricken.

**B.      Preliminary Objection to Strike Plaintiff's Demands for Punitive Damages Pursuant to Pa.R.Civ.P. 1028(a)(2) and Pa.R.Civ.P. 1028(a)(4)**

9.      The *ad damnum* clauses in Counts I, IV, and VII of the Complaint seek punitive damages from the Roosevelt Defendants without alleging conduct sufficient to support Plaintiff's claims.

10.      Under Pennsylvania law, a Plaintiff must support a demand for punitive damages by alleging specific conduct that is outrageous in nature and that demonstrates intentional, willful, wanton or reckless behavior.  *Pittsburgh Outdoor Adv. Co. v. Virginia Manor Apts., Inc.*, 260 A.2d 801 (Pa. 1970); *see also SHV Coal v. Continental Grain*, 587 A.2d 702 (Pa. 1991).

11.      Plaintiff's allegations of "recklessness" throughout the Complaint are insufficient because Plaintiff fails to allege anything other than inadvertent or careless conduct which amounts to nothing more than mere negligence.  *See* Complaint, Exhibit "A."

12.      While "recklessness" may be generally averred pursuant to Pa.R.Civ.P. 1019, the Complaint alleges only that Roosevelt Defendants "had a duty to take precautions against reasonably anticipated criminal conduct by third parties" and that the Roosevelt Defendants breached that duty by failing to protect Plaintiff because the Roosevelt Defendants "knew or should have known, that adults working as sex traffickers were causing … Plaintiff … to be sexually exploited[.] *See, e.g.*, *id.* at ¶¶ 105; 106; 108.

150213.00601/119000154v.1

Case ID: 190303355
Control No.: 19041986

13.     Plaintiff's allegations amount to nothing more than claims of simple negligence because they fail to suggest the evil motive or reckless indifference needed to factually support a claim for punitive damages.

14.     Pennsylvania law is clear that allegations of negligent or even grossly negligent conduct are insufficient to support a claim for punitive damages.  *Feld v. Merrian*, 485 A.2d 742 (Pa. 1984); *see also Schock v. T.J. Care, Inc.*, 65 Pa. D.&C. 4th 517 (CCP Fayette Co. 2004).

15.     Plaintiff's Complaint alleges no facts to support that the Roosevelt Defendants acted outrageously, with indifference or conscious disregard, or with a motive toward the Plaintiff, which is required to support an award of punitive damages.

16.     It is therefore respectfully requested that the Court strike Plaintiff's punitive damage claims.

**C.     Preliminary Objection to Strike Plaintiffs' Allegations for Lack of Specificity Pursuant to Pa.R.Civ.P. 1028(a)(2) and 1028(a)(3)**

17.     Plaintiff's Complaint is also deficient for failing to set forth allegations with the specificity required by Pennsylvania law.  Pa.R.Civ.P 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

18.     Further, the Pennsylvania Supreme Court has recognized that bald, conclusory allegations that a defendant was "otherwise negligent," or some similarly vague, indefinite and non-specific allegation is objectionable on its face and a defendant may move to strike such insufficient statements.  *See Connor v. Allegheny General Hospital*, 461 A.2d 600 fn. 3 (Pa. Super. 1983).

19.     Pennsylvania law is clear that "[a] complaint must not only give the defendant notice of what the plaintiffs' claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim."  *Alpha Tau*

4

Case ID: 190303355
Control No.: 19041986

*Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. 1983) (citations omitted); s*ee also Cassell v. Shellenberger*, 514 A.2d 163, 165 (Pa. Super. 1986). Plaintiff's Complaint fails this basic standard.

20.     Numerous allegations in Plaintiffs' Complaint lack the specificity required to place the Roosevelt Defendants on notice of what Plaintiff's claims are and upon what grounds she bases those claims and instead repeatedly lumps the hotel defendants together throughout her Complaint.

21.     Specifically, throughout eighteen (18) separate averments, Plaintiff ascribes the exact same actions and course of conduct to all the hotel defendants and fails to allege facts specific to any one hotel defendant.  *See, e.g.* Exhibit "A" at ¶¶ 53; 55. (claiming "Plaintiff engaged in numerous sex act 'dates' per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns" and stating that "[t]he hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana").

22.     In other instances, Plaintiff appears to concede that certain allegations do not apply to every hotel.  *See, e.g., id.* at ¶ 57 (by alleging "[h]ousekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts" Plaintiff seems to suggest that she was not trafficked at the Days Inn and North American Motor Inns, despite the plethora of allegations that suggest otherwise).

23.     Ultimately, Paragraphs 48, 50, 52 – 67 of Plaintiff's Complaint fails to set forth facts particular to any one of the individual hotel defendants.

5

Case ID: 190303355
Control No.: 19041986

24.     Instead, Plaintiff asks the Roosevelt Defendants to respond to overbroad, generalized allegations collectively asserted against all hotel defendants without providing material facts upon which Plaintiff's cause of action against the Roosevelt Defendants is based, in violation of Pennsylvania law. *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. 1983) (citations omitted); s*ee also Cassell v. Shellenberger*, 514 A.2d 163, 165 (Pa. Super. 1986).

25.     Plaintiff's allegations in the aforementioned paragraphs are therefore insufficiently pled and must be stricken pursuant to Pa.R.C.P. 1028(a)(2) and (3) and applicable case law.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC respectfully request that this Honorable Court sustain their Preliminary Objections and enter the attached Order.

Respectfully Submitted,

**BLANK ROME LLP**

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: April 15, 2019            (215) 569-5500

6

Case ID: 190303355
Control No.: 19041986

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.:  57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.:  200944
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.:  309676
Philadelphia, PA 19103-6998
Fax:  (215) 569-5555
Tel.:  (215) 569-5500
Email:  palmer@blankrome.com
quinlan@blankrome.com
doberdick@blankrome.com

*Attorneys for Defendants,*
 *Roosevelt Inn LLC d/b/a Roosevelt Inn*
 *Roosevelt Motor Inn, Inc. and*
 *UFVS Management Company, LLC*

_/s Grant S. Palmer_

*You are hereby notified to file a written response to Defendants Roosevelt Inn LLC d/b/a  Roosevelt Inn Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's Preliminary Objections to Plaintiff's Complaint within twenty (20) days of service hereof or a judgment may be entered against you.*

| | | |
|---|---|---|
| C.A., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff | : | |
| | : | CIVIL TRIAL DIVISION |
| v. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC | : | NO. 3355 |
| d/b/a ROOSEVELT INN, et al., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and

UFVS Management Company, LLC's (the "Roosevelt Defendants"), by their undersigned

counsel, hereby submit this Memorandum of Law in Support of their Preliminary Objections to

Plaintiff's Complaint.

Case ID: 190303355
Control No.: 19041986

## I.     **MATTER BEFORE THE COURT**

The matter before the Court is the Roosevelt Defendants' Preliminary Objections to strike Plaintiff's demand for punitive damages and to strike paragraphs 48, 50, 52 – 67 for lack of specificity.

## II.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff C.A. ("Plaintiff") alleges from 2012 – 2013, she was the victim of underage human sex trafficking, having been trafficked at various hotels throughout Philadelphia.  Plaintiff commenced this civil action on March 27, 2019 asserting negligence claims related to her allegations of underage human sex trafficking against the Roosevelt Defendants, as well as Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality LLC, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel Management, Inc., North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management Services. *See* Plaintiff's Complaint attached as Exhibit "A."

Plaintiff's Complaint, which indiscriminately lumps all the hotel defendants together without any specificity whatsoever, alleges that the Roosevelt Defendants had actual or constructive knowledge that human trafficking was occurring on their premises and that they failed to report or otherwise stop Plaintiff from being trafficked.  *Id.* at ¶90.  In three separate Counts (Counts I, IV and VII), Plaintiff claims that the Roosevelt Defendants, individually and through their agents, acted in an outrageous and reckless manner, warranting the imposition of punitive damages.  However, Plaintiff's Complaint does not contain the factual specificity required by Pennsylvania law to place the Roosevelt Defendants on notice of the claims Plaintiff has asserted.  For these reasons, The Roosevelt Defendants file the instant Preliminary Objections seeking dismissal of Plaintiff's legally insufficient allegations.

2

Case ID: 190303355
Control No.: 19041986

III.   **QUESTION INVOLVED**

1.     Should Plaintiff's punitive damage claims be stricken where such claims are prejudicial, vague, non-factual and conclusory?

SUGGESTED ANSWER:  Yes

2.     Should Plaintiff's insufficiently specific allegations be dismissed where said allegations indiscriminately lump all the hotel defendants together such that the Roosevelt Defendants are unable to determine what Plaintiff's claims are?

SUGGESTED ANSWER:  Yes

IV.   **ARGUMENT**

A.   **Standard**

A party must formulate the issues in a case by summarizing the facts necessary to support his or her claims in a concise manner.  *See* Pa.R.Civ.P. 1019(a).   However, a Complaint will only satisfy Pennsylvania's stringent fact pleading requirements when the Complaint (1) contains averments of all facts the plaintiff must prove in order to recover and, (2) is sufficiently specific so as to enable the party served with the Complaint to prepare a defense.  *See, e.g.*, Pa.R.Civ.P. 1019(a); *Commonwealth Dep't of Transp. V. Shipley Humble Oil Co.*, 370 A.2d 438 (Pa. Commw. 1977); *General State Authority v. Sutter Corp.*, 256 A.2d 377 (Pa. Commw. 1976). The sufficiency of a Complaint is governed by the facts alleged therein and the Plaintiff is not relieved of her duty to plead material facts simply because the adverse party has knowledge of those facts.  *See Gross v. United Engineers and Constructors*, 302 A.2d 413 (Pa. Super. 1973).

Pa.R.Civ.P. 1028 permits a party to file preliminary objections for: (1) a pleading's failure to conform to law or rule of court; (2) insufficient specificity in a pleading; and (3) legal insufficiency of a pleading.  *See* Pa.R.Civ.P. 1028(a) *et. seq.*  Preliminary objections are properly

3

Case ID: 190303355
Control No.: 19041986

granted when the pleadings are legally insufficient for one or more of the reasons enumerated in Pa.R.Civ.P. 1028(a).  *See Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 764 (Pa. Super. 1999).

Instantly, Plaintiff's claims for punitive damages and non-specific allegations that fail to distinguish between the actions of the various hotel defendants must be stricken.

### B.     Preliminary Objection to Strike Plaintiff's Demands for Punitive Damages Pursuant to Pa.R.Civ.P. 1028(a)(2) and Pa.R.Civ.P. 1028(a)(4)

The *ad damnum* clauses in Counts I, IV, and VII of the Complaint seek punitive damages from the Roosevelt Defendants without alleging conduct sufficient to support Plaintiff's claims. Under Pennsylvania law, a Plaintiff must support a demand for punitive damages by alleging specific conduct that is outrageous in nature and that demonstrates intentional, willful, wanton or reckless behavior.  *Pittsburgh Outdoor Adv. Co. v. Virginia Manor Apts., Inc.,* 260 A.2d 801 (Pa. 1970); *see also SHV Coal v. Continental Grain*, 587 A.2d 702 (Pa. 1991).  Plaintiff's allegations of "recklessness" throughout the Complaint are insufficient because Plaintiff fails to allege anything other than inadvertent or careless conduct which amounts to nothing more than mere negligence.  *See* Complaint, Exhibit "A."

While "recklessness" may be generally averred pursuant to Pa.R.Civ.P. 1019, the Complaint alleges only that Roosevelt Defendants "had a duty to take precautions against reasonably anticipated criminal conduct by third parties" and that the Roosevelt Defendants breached that duty by failing to protect Plaintiff because the Roosevelt Defendants "knew or should have known, that adults working as sex traffickers were causing … Plaintiff … to be sexually exploited[.]  *See, e.g.*, *id.* at ¶¶ 105; 106; 108.  Plaintiff's allegations amount to nothing more than claims of simple negligence because they fail to suggest the evil motive or reckless indifference needed to factually support a claim for punitive damages.  Pennsylvania law is clear that allegations of negligent or even grossly negligent conduct are insufficient to support a claim

4

Case ID: 190303355
Control No.: 19041986

for punitive damages.  *Feld v. Merrian*, 485 A.2d 742 (Pa. 1984); *see also Schock v. T.J. Care, Inc.*, 65 Pa. D.&C. 4th 517 (CCP Fayette Co. 2004).

Plaintiff's Complaint alleges no facts to support that the Roosevelt Defendants acted outrageously, with indifference or conscious disregard, or with a motive toward the Plaintiff, which is required to support an award of punitive damages.  It is therefore respectfully requested that the Court strike Plaintiff's punitive damage claims.

**C.     Preliminary Objection to Strike Plaintiffs' Allegations for Lack of Specificity Pursuant to Pa.R.Civ.P. 1028(a)(2) and 1028(a)(3)**

Plaintiff's Complaint is also deficient for failing to set forth allegations with the specificity required by Pennsylvania law.  Pa.R.Civ.P 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Further, the Pennsylvania Supreme Court has recognized that bald, conclusory allegations that a defendant was "otherwise negligent," or some similarly vague, indefinite and non-specific allegation is objectionable on its face and a defendant may move to strike such insufficient statements.  *See Connor v. Allegheny General Hospital*, 461 A.2d 600 fn. 3 (Pa. Super. 1983). Pennsylvania law is clear that "[a] complaint must not only give the defendant notice of what the plaintiffs' claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim."  *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. 1983) (citations omitted); s*ee also Cassell v. Shellenberger*, 514 A.2d 163, 165 (Pa. Super. 1986).  Plaintiff's Complaint fails this basic standard.

Numerous allegations in Plaintiffs' Complaint lack the specificity required to place the Roosevelt Defendants on notice of what Plaintiff's claims are and upon what grounds she bases those claims, and instead repeatedly lumps the hotel defendants together throughout her

5

Case ID: 190303355
Control No.: 19041986

Complaint.    Specifically, throughout eighteen (18) separate averments, Plaintiff ascribes the exact same actions and course of conduct to all the hotel defendants and fails to allege facts specific to any one hotel defendant.  *See, e.g.* Exhibit "A" at ¶¶ 53; 55. (claiming "Plaintiff engaged in numerous sex act 'dates' per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns" and stating that "[t]he hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana").

In other instances, Plaintiff appears to concede that certain allegations do not apply to every hotel.  *See, e.g., id.* at ¶ 57 (by alleging "[h]ousekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts" Plaintiff seems to suggest that she was not trafficked at the Days Inn and North American Motor Inns, despite the plethora of allegations that suggest otherwise).  Ultimately, Paragraphs 48, 50, 52 – 67 of Plaintiff's Complaint fails to set forth facts particular to any one of the individual hotel defendants.   Instead, Plaintiff asks the Roosevelt Defendants to respond to overbroad, generalized allegations collectively asserted against all hotel defendants without providing material facts upon which Plaintiff's cause of action against the Roosevelt Defendants is based, in violation of Pennsylvania law.  *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. 1983) (citations omitted); s*ee also Cassell v. Shellenberger*, 514 A.2d 163, 165 (Pa. Super. 1986).  Plaintiff's allegations in the aforementioned paragraphs are therefore insufficiently pled and must be stricken pursuant to Pa.R.C.P. 1028(a)(2) and (3) and applicable case law.

150213.00601/119000154v.1

Case ID: 190303355
Control No.: 19041986

## V.     <u>RELIEF REQUESTED</u>

The Roosevelt Defendants respectfully request that this Court sustain their Preliminary

Objections and enter the proposed order.


Respectfully Submitted,

**BLANK ROME LLP**


 /s/ Grant S. Palmer
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: April 15, 2019               (215) 569-5500

7

Case ID: 190303355
Control No.: 19041986

# Exhibit A

Case ID: 190303355
Control No.: 19041986

**KLINE & SPECTER, P.C.**
BY:  THOMAS R. KLINE, ESQUIRE/28895
NADEEM A. BEZAR, ESQUIRE/63577
EMILY B. MARKS, ESQUIRE/204405
KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff C.A.*



Filed and Attested by the
Office of Judicial Records
27 MAR 2019 11:05 am
BRYANT

| | |
|---|---|
| C.A.<br>c/o Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| *Plaintiff,* | CIVIL TRIAL DIVISION<br>FEBRUARY TERM, 2019<br>NO.: |
| v. | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC and<br>ROOSEVELT INN LLC d/b/a/<br>ROOSEVELT INN<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152 | |
| and | |
| ROOSEVELT MOTOR INN, INC.<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152 | |
| and | |
| UFVS MANAGEMENT COMPANY, LLC<br>287 Bowman Avenue<br>Purchase, NY 10577 | |
| and | |
| 4200 ROOSEVELT LLC and<br>4200 ROOSEVELT LLC d/b/a<br>DAYS INN<br>4200 Roosevelt Boulevard<br>Philadelphia, PA 19124 | |
| and | |
| 4200 ROSE HOSPITALITY LLC and<br>4200 ROSE HOSPITALITY d/b/a<br>DAYS INN<br>4200 Roosevelt Boulevard<br>Philadelphia, PA 19124 | |

Case ID: 190303355

and

DAYS INN
4200 Roosevelt Boulevard
Philadelphia PA 19124

and

SURATI MANAGEMENT GROUP
121 Drew Drive
Langhorne, PA 19053

and

DAYS INN BY WYNDHAM d/b/a DAYS INN
4200 Roosevelt Boulevard
Philadelphia, PA 19124

and

WYNDHAM WORLDWIDE CORPORATION
22 Sylvan Way
Parsippany, NJ 07054

and

WYNDHAM HOTEL GROUP, LLC
22 Sylvan Way
Parsippany, NJ 07054

and

WYNDHAM HOTELS AND RESORTS, LLC
22 Sylvan Way
Parsippany, NJ 07054

and

WYNDHAM HOTEL MANAGEMENT, INC.
22 Sylvan Way
Parsippany, NJ 07054

and

NORTH AMERICAN MOTOR INNS, INC. d/b/a
NORTH AMERICAN MOTOR INNS
4444 City Avenue
Philadelphia, Pennsylvania 19131

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

and

RAMARA, INC.
1003 Spruce Street
Philadelphia, PA 19107

and

ASHOKA INVESTMENTS & MANAGEMEMT
SERVICES
27 A Iris Avenue
San Francisco, CA 94118

*Defendants*

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| LAWYERS REFERENCE SERVICE<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | SERVICIO de REFERENCIA LEGAL<br>Uno Reading Centro<br>Filadelfia, PA 19107<br>Telefono: (215) 238-6333<br>TTY (215) 451-6197 |

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

**KLINE & SPECTER, P.C.**                                        *Attorneys for Plaintiff C.A.*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | |
|---|---|
| C.A.<br>c/o Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102<br><br>              *Plaintiff,*<br><br>      v.<br><br>ROOSEVELT INN LLC and<br>ROOSEVELT INN LLC d/b/a/<br>ROOSEVELT INN<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>     and<br><br>ROOSEVELT MOTOR INN, INC.<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>     and<br><br>UFVS MANAGEMENT COMPANY, LLC<br>287 Bowman Avenue<br>Purchase, NY 10577<br><br>     and<br><br>4200 ROOSEVELT LLC and<br>4200 ROOSEVELT LLC d/b/a<br>DAYS INN<br>4200 Roosevelt Boulevard<br>Philadelphia, PA 19124<br><br>     and | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>CIVIL TRIAL DIVISION<br>FEBRUARY TERM, 2019<br>NO.:<br><br>JURY TRIAL DEMANDED |

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

4200 ROSE HOSPITALITY LLC and            :
4200 ROSE HOSPITALITY d/b/a              :
DAYS INN                                 :
4200 Roosevelt Boulevard                 :
Philadelphia, PA 19124                   :
                                         :
            and                          :
                                         :
DAYS INN                                 :
4200 Roosevelt Boulevard                 :
Philadelphia, PA 19124                   :
                                         :
            and                          :
                                         :
SURATI MANAGEMENT GROUP                  :
121 Drew Drive                           :
Langhorne, PA 19053                      :
                                         :
            and                          :
                                         :
DAYS INN BY WYNDHAM d/b/a                :
DAYS INN                                 :
4200 Roosevelt Boulevard                 :
Philadelphia, PA 19124                   :
                                         :
            and                          :
                                         :
WYNDHAM WORLDWIDE CORPORATION            :
22 Sylvan Way                            :
Parsippany, NJ 07054                     :
                                         :
            and                          :
                                         :
WYNDHAM HOTEL GROUP, LLC                 :
22 Sylvan Way                            :
Parsippany, NJ 07054                     :
                                         :
            and                          :
                                         :
WYNDHAM HOTELS AND RESORTS, LLC          :
22 Sylvan Way                            :
Parsippany, NJ 07054                     :
                                         :
            and                          :

2

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

WYNDHAM HOTEL MANAGEMENT, INC.    :
22 Sylvan Way    :
Parsippany, NJ 07054    :
    :
   and    :
    :
NORTH AMERICAN MOTOR INNS, INC. d/b/a  :
NORTH AMERICAN MOTOR INNS    :
4444 City Avenue    :
Philadelphia, Pennsylvania 19131    :
    :
   and    :
    :
RAMARA, INC.    :
1003 Spruce Street    :
Philadelphia, PA 19107    :
    :
   and    :
    :
ASHOKA INVESTMENTS & MANAGEMEMT  :
SERVICES    :
27 A Iris Avenue    :
San Francisco, CA 94118    :
    :
    *Defendants*    :

---

## COMPLAINT

### PRELIMINARY STATEMENT

    1.    Human sex trafficking is a form of modern-day slavery that exists throughout the United States.

    2.    Human trafficking is a global multi-billion dollar enterprise that affects nearly every single country.

    3.    Women and girls are disproportionately affected by human sex trafficking and account for the vast majority of victims in commercial sex trafficking.

    4.    Globally, there are approximately 5 million people trapped in forced sexual exploitation. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

3

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

5.    The hospitality industry, and hotels specifically, owe a duty to provide a safe premise for their guests and must protect them against reasonably anticipated conduct.

6.    Hotels and motels are frequented for both sex and labor trafficking business operations.

7.    The National Human Trafficking Hotline recorded 3,596 cases of human trafficking involving a hotel or motel from 2007 through 2017.

## THE PARTIES

8.    Plaintiff, C.A. was born on May 1, 1996 and is one of the thousands of victims of human trafficking and being victimized in hotels / motels across the United States.

9.    From 2012 through 2013, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, and Kyle B. Nocho, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

10.    Plaintiff's name and address are not contained in this Complaint to protect the privacy and identity of Plaintiff who incurred injuries and damages when she was a minor.

11.    Defendant Roosevelt Inn LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter "Roosevelt Inn"].

12.    Defendant Roosevelt Motor Inn, Inc. [hereinafter referred to as "Roosevelt Motor Inn"] is a corporation duly organized and existing under the laws of the Commonwealth of

4

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

13.     Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company, LLC owned, operated and/or managed the Roosevelt Inn. Defendant UFVS Management Company, LLC oversees the operation of the Roosevelt Inn including the hiring of employees.

14.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Roosevelt Inn. Accordingly, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC are liable for the acts and/or omissions of their agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

15.     Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn [hereinafter referred to as "4200 Roosevelt"] is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant 4200 Roosevelt LLC owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124 [hereinafter "Days Inn"].

16.     Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn [hereinafter referred to as "Rose Hospitality"] is a limited liability company duly organized

5

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant 4200 Rose Hospitality, owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

17.    Defendant Days Inn is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Days Inn owned operated and/or managed the Days Inn.

18.    Defendant Surati Management Group is a company duly organized and existing under the laws under the Commonwealth of Pennsylvania with a principal business address located at 121 Drew Lane, Langhorne, PA 19053. At all material times hereto, Defendant Surati Management Group owned, operated and/or managed the Days Inn.

19.    Defendant Days Inns d/b/a Days Inn by Wyndham [hereinafter referred to as "Days Inn by Wyndham"] is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124. At all material times hereto, Defendant Days Inn d/b/a Days Inn by Wyndham owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

20.    Defendant Wyndham Worldwide Corporation is a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Worldwide Corporation owned, operated or managed the Days Inn.

21.    Defendant Wyndham Hotel Group, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Wyndham Hotel Group, LLC owned, operated or managed the Days Inn.

22.     Defendant Wyndham Hotels and Resorts, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotels and Resorts, LLC owned, operated or managed the Days Inn.

23.     Defendant Wyndham Hotel Management, Inc. is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotel Management, Inc. owned, operated or managed the Days Inn.

24.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. made up a corporate structure that consisted of parent entities, parent corporations, associated or affiliated corporations, member corporations and/or subsidiary corporations.

25.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Days Inn. Accordingly, Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. are liable for the acts and/or omissions of their

7

Case ID: 190303355
Control No.: 19041986

agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

26.   Defendant North American Motor Inns, Inc. d/b/a North American Motor Inns [hereinafter referred to as "North American Motor Inns"] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant North American Motor Inns, Inc. owned, operated or managed the North American Motor Inns located at 4444 City Avenue, Philadelphia, PA 19137.

27.   Defendant Ramara, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1003 Spruce Street, Philadelphia PA 19107.  At all material times hereto, Defendant Ramara, Inc. owned, operated and/or managed the North American Motor Inns.

28.   Defendant Ashoka Investment & Management Services is a company duly organized and existing under the laws of the State of California with a principal place of business located at 27 A. Iris Avenue, San Francisco, CA 94118.  At all material times hereto, Ashoka Investment & Management Services owned, operated and/or managed the North American Motor Inns.

29.   Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the North American Motor Inns. Accordingly, Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management are liable for the acts and/or omissions of their agents, servants and/or employees

8

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

under the theories of agency, master servant, respondeat superior and/or right of control.

30.    Venue is appropriate in this case because all the Defendants regularly conduct business in Philadelphia County.

31.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

32.    At all times material hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Days Inn where they worked.

33.    At all material times hereto, North American Motor Inns, Inc, Ramara, Inc. and Ashoka Investment & Management individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the North American Motor Inns where they worked.

34.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

35.    At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation,

9

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Days Inn and instead permitted heinous and unspeakable acts to occur.

36.    At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the North American Motor Inns and instead permitted heinous and unspeakable acts to occur.

37.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

38.    At all times material hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Days Inn.

39.    At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the North American Motor Inns.

40.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers financially

10

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

41.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the Days Inn.

42.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the North American Motor Inns.

## OPERATIVE FACTS

43.     Pennsylvania has long held that hotel and motel owners are liable for the reasonably anticipated harm that may occur to their guests from third persons. *Moran v. Valley Forge Drive-In Theater, Inc.*, 246 A.2d 875, 879 (Pa. 1968)

44.     This principle has been reinforced in more modern Pennsylvania cases. *See Rabutino, Admin. of the Estate of William Impagliazzo v. Freedom State Realty Co., Inc., et al.*, 809 A.2d 933, 942 (Pa. Super. 2002) (holding that owner and operator of hotel owed a duty of care to 19-year-old who was shot and killed during party inside room because such conduct was a reasonably anticipated event).

45.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

11

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

46.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Days Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

47.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the North American Motor Inns to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

48.     Beginning in 2012, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers at the Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular, consistent and/or repeated basis.

49.     Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Plaintiff.

50.     These advertisements often included both the name and address of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

51.     The advertisements included a fake name for Plaintiff and a phone number to call.

52.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

53.     Plaintiff engaged in numerous commercial sex act "dates" per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

12

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

54.    Plaintiff's traffickers would remain on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

55.    The hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

56.    Plaintiff was accompanied by men while on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

57.    Housekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

58.    Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

59.    Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

60.    Plaintiff's traffickers paid cash for the hotel rooms where Plaintiff engaged in commercial sex acts.

61.    Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the hotel room where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

62.    Men and others frequently entered and left the rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff engaged in commercial sex acts.

63.    Men walked the hallways at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff was engaged in commercial sex acts.

13

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

64.    Plaintiff had extended stays at the Roosevelt Inn, the Days Inn, and the North American Motor Inns with few or no personal possessions and was left in the room for long periods of time. The rooms for these extended stays were paid for with cash on a day to days basis.

65.    Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

66.    Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

67.    Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the hotel rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

68.    In 2013, Plaintiff was rescued from the Days Inn following an investigation by the FBI based on internet advertisements of Plaintiff promoting prostitution.

69.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

70.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the

14

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Plaintiff.

71.    Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

72.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

73.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers exploiting Plaintiff at the Days Inn.

74.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers exploiting Plaintiff at the North American Motor Inns.

75.    Plaintiff, as a hotel guest, was a business invitee of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC.

76.    Plaintiff, as a hotel guess, was also a business invitee of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.

77.    Plaintiff, as a hotel guest, was also a business invitee of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services.

15

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

78.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

79.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

80.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

81.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

82.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

16

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

83.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

84.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

85.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

86.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

87.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

88.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel

17

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

89.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

90.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

91.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

92.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

otherwise stop the human sex trafficking of Plaintiff.

93.    By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

94.    By negligently allowing the Plaintiff's harm to occur, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

95.    By negligently allowing the Plaintiff's harm to occur, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

96.    By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene,

19

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

97.    By renting rooms to individuals sex trafficking Plaintiff, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Days Inn.

98.    By renting rooms to individuals sex trafficking the Plaintiff, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the North American Motor Inns.

99.    By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

100.    By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

101.    By renting rooms to individuals sex trafficking the Plaintiff for commercial sex acts, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

### COUNT I - NEGLIGENCE

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC.

102.    The averments of Paragraphs 1 through 101 are incorporated herein by reference.

103.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Roosevelt Inn.

104.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

105.    Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

106.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

107.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

108.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn,

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

    a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e. Failing to adequately control access to the premises;

    f. Failing to prevent entry of unauthorized individuals onto the premises;

    g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

    h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

    i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

    j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

    k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

    l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

    m. Failing to detect and respond to commercial sex activity and human sex trafficking at

23

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

the Roosevelt Inn;

n. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

109. By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

110. As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

24

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

111.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

112.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

113.    The averments of Paragraphs 1 through 112 are incorporated herein by reference.

114.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Days Inn.

115.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel

Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.

individually and/or by and through their actual or apparent agents, servants and employees, based

on the place and character of the Days Inn's business, should have reasonably anticipated criminal

conduct on the part of third parties, including other guests and invitees of the premises of the Days

Inn.

116.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management

Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC,

Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or

by and through their actual or apparent agents, servants and employees, had a duty to take

precautions against reasonably anticipated criminal conduct by third parties and to operate the

Days Inn in a manner that did not endanger children or other persons, including Plaintiff.

Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims

of the dangers created by their acts and omissions, including the danger of human trafficking and

sexual exploitation on the premises of the Days Inn.

117.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management

Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC,

Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or

by and through their actual or apparent agents, servants and employees, breached the foregoing

duties because they knew, or should have known, that persons lawfully on the premises of the

Days Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the

premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants

breached their duty of care because they knew, or should have known, that adults working as sex

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Days Inn on a repeated basis.

118.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Days Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Days Inn.

119.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experience that persons lawfully on the premises of the Days Inn, such as Plaintiff, would suffer serious bodily injury as a result of being victimized by violent crimes perpetrated by third persons on the premises of the Days Inn.

120.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Days Inn, including Plaintiff, from

27

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Days Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

- a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

- b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

- c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

- d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

- e. Failing to adequately control access to the premises;

- f. Failing to prevent entry of unauthorized individuals onto the premises;

- g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

- h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

- i. Failing to assign experienced security personnel to provide competent guard services at the Days Inn;

- j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Days Inn;

28

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the Days Inn;

n. Failing to conduct adequate surveillance of the premises of the Days Inn;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

121.    By renting rooms to Plaintiff's sex traffickers, Defendants 4200 Roosevelt, 4200

Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham

Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and

Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

122.   As a result Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

123.   As a result of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.'s negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Days Inn.

124.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., and demands compensatory and punitive damages

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS AND MANAGEMENT SERVICES

125.    The averments of Paragraphs 1 through 124 are incorporated herein by reference.

126.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the North American Motor Inns.

127.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the North American Motor Inns.

128.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the North American Motor Inns in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the North American Motor Inns.

31

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

129.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the North American Motor Inns on a repeated basis.

130.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the North American Motor Inns, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the North American Motor Inns.

131.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the North American Motor Inns, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the North American Motor Inns, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of

32

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

  a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

  b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

  c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

  d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

  e.  Failing to adequately control access to the premises;

  f.  Failing to prevent entry of unauthorized individuals onto the premises;

  g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

  h.  Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

  i.  Failing to assign experienced security personnel to provide competent guard services at the North American Motor Inns;

  j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the North American Motor Inns;

  k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

  l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

<div align="center">33</div>

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the North American Motor Inns;

n. Failing to conduct adequate surveillance of the premises of the North American Motor Inns;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

132. By renting rooms to Plaintiff's sex traffickers, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

133. As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Plaintiff was caused to suffer physical

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

134.    As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the North American Motor Inns.

135.    Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investments & Management Services acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC

136.    The averments of paragraphs 1 through 135 are incorporated herein by reference.

137.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly & proximately causing harm/damages to Plaintiff.

35

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

138.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC.

139.    The averments of paragraphs 1 through 138 are incorporated herein by reference.

140.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

141.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc and demands compensatory and punitive

36

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## C.A. v. NORTH AMERICAN MOTOR INNS, INC., INC., RAMARA, INC. AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

142.    The averments of paragraphs 1 through 141 are incorporated herein by reference.

143.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

144.    Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgement in her favor and against North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

## C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC.

145.    The averments of paragraphs 1 through 144 are incorporated herein by reference.

146.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and

37

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

147.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

148.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

149.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Roosevelt Inn would be victimized by, or subjected to, such criminal and/or violent acts.

150.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Roosevelt Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

151.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT VIII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION
### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC.

152.    The averments of paragraphs 1 through 151 are incorporated herein by reference.

153.    Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

154.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably

39

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

155.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

156.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Days Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Days Inn would be victimized by, or subjected to, such criminal and/or violent acts.

157.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Days Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

158.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn,

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT IX – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION
### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

159.   The averments of paragraphs 1 through 158 are incorporated herein by reference.

160.   Defendants North American Motor Inns, Inc., North American Motor Inns, Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

161.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

41

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

162. Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

163. Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the North American Motor Inns would be victimized by, or subjected to, such criminal and/or violent acts.

164. As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the North American Motor Inns, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

165. Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand

42

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

*Attorneys for Plaintiff C.A.*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

DATED: ___3-27-19___

43

Case ID: 190303355
Control No.: 19041986

## VERIFICATION

I, C████ A████, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

## CERTIFICATE OF SERVICE

I, James J. Quinlan, Esquire, hereby certify that, on this 15th day of April 2019, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's Preliminary Objections to be served via electronic and first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff*

And

Wyndham Worldwide Corporation
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotel Group LLC
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotels and Resorts LLC
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotel Management Inc.

150213.00601/119000154v.1

Case ID: 190303355
Control No.: 19041986

22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

North American Motor Inns Inc.
4444 City Ave.
Philadelphia, PA 19131

*Defendant*

And

Ramara Inc.
1003 Spruce Street
Philadelphia, PA 19107

*Defendant*

And

Ashoka Investments & Management Services
27A Iris Ave.
San Francisco, CA 94118

*Defendant*

And

4200 Roosevelt LLC
4200 Roosevelt Blvd.
Philadelphia, PA 19124

*Defendant*

And

4200 Rose Hospitality LLC
4200 Roosevelt Blvd.
Philadelphia, PA 19124

*Defendant*

And

2

Case ID: 190303355
Control No.: 19041986

Days Inn
4200 Roosevelt Blvd.
Philadelphia, PA 19125

*Defendant*

And

Surati Management Group
121 Drew Dr.
Langhorne, PA 19053

*Defendant*

And

Days Inn by Wyndham
4200 Roosevelt Blvd.
Philadelphia, PA 19124

*Defendant*

 

 

*/s/ James J. Quinlan*
JAMES J. QUINLAN

150213.00601/119000154v.1

Case ID: 190303355
Control No.: 19041986

**KLINE & SPECTER, P.C.**
BY: THOMAS R. KLINE, ESQUIRE/28895
   NADEEM A. BEZAR, ESQUIRE/63577
   EMILY B. MARKS, ESQUIRE/204405
   KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*



*Filed and Attested by the*
*Office of Judicial Records*
*23 APR 2019 01:33 pm*
*G. IMPERATO*

| C.A. | | PHILADELPHIA COUNTY |
|---|---|---|
|     Plaintiff, | : | |
|   V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, et. al. | : | NO.: 03355 |
|     Defendants. | : | |
| | : | |

### AFFIDAVIT OF SERVICE OF COMPLAINT UPON DEFENDANT, ASHOKA INVESTMENTS & MANAGEMENT SERVICES

COMMONWEALTH OF PENNSYLVANIA :

COUNTY OF PHILADELPHIA    :

   EMILY B. MARKS, ESQUIRE, being duly sworn according to law, deposes and states that a time-stamped copy of Plaintiffs' Complaint and Notice to Defend filed in the above-captioned matter was served via certified mail, return receipt requested upon defendant Ashoka Investments & Management Services c/o CT Corporation System Delaware, 1209 N. Orange Street, Wilmington, DE 19801. Your deponent further states that attached hereto and marked as Exhibit "A" are copies of the April 16, 2019 transmittal letter and USPS Tracking delivery confirmation showing receipt on April 18, 2019.

           **KLINE & SPECTER, P.C.**

BY:                  

            EMILY B. MARKS
            Attorney for Plaintiff

# EXHIBIT A

Case ID: 190303355

## KLINE & SPECTER PC
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

NADEEM A. BEZAR                                                     NADEEM.BEZAR@KLINESPECTER.COM

215-772-0522
FAX: 215-772-1005

April 16, 2019

*Via Certified and Regular Mail*
Askhoka Investment Management Services, Inc.
c/o CT Corporation System Delaware
1209 N. Orange Street
Wilmington, DE  19801

RE:   **C.A. v. Roosevelt Inn, LLC, et al.**
**Court of Common Pleas, Philadelphia County**
**March Term, 2019, No.: 03355**

Dear Sir/Madam:

Please be advised that **Ashoka Investment & Management Services, Inc.,** have been sued in the Philadelphia County Court of Common Pleas of Pennsylvania.  If you wish to defend against the claims set forth in the Complaint enclosed herein, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice.

Please be guided accordingly.

Very truly yours,

NADEEM A. BEZAR

NAB/cl
Enclosure

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

Track Another Package  +

**Tracking Number:** 70181830000138824958                    Remove ✕

**Expected Delivery on**

# THURSDAY
# 18 APRIL 2019 ⓘ | by 8:00pm ⓘ

Feedback

## ✓ Delivered

April 18, 2019 at 7:44 am
Delivered, To Agent
WILMINGTON, DE 19801

---

**Text & Email Updates**                                     ⌄

---

**Tracking History**                                         ⌄

---

**Product Information**                                      ⌄

---

See Less  ︿

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

Case ID: 190303355

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

## The easiest tracking number is the one you don't have to know.

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

### Sign Up

### (https://reg.usps.com/entreg/RegistrationAction_input?

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS' automated equipment. app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo

Case ID: 190303355

**B&R**
235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
Services for Professionals Inc.  FAX: (215) 985-0169

NAPPS
National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

-VS-

Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County- Civil

*Filed and Attested by the
Office of Judicial Records
25 APR 2019 08:32 am
G. IMPERATO*

**CASE NUMBER** 1903-3355

## AFFIDAVIT

State of  Pennsylvania
County of  Philadelphia

**B&R Control #**  CS160877.10

**Reference Number**

Thomas Kenney, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

On 3/28/2019 we received the **Complaint** and that service was effected upon **Ramara, Inc.** at **4444 City Avenue, Philadelphia, PA 19131**  on **3/28/2019** at **10:50 AM**, in the manner described below:

**By service upon:** Priscilla McMillan , Manager as an agent or person authorized to accept service at usual place of business.

**Description:**
Gender: **Female**      Race/Skin: **Black**      Age: **50 - 60 Yrs**      Weight: **131-160 Lbs.**      Height: **5ft4in - 5ft8in**
Hair: **Black**      Glasses:**Yes**    Other:

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila.County
My Commission Expires December 16, 2019

**Sworn to and subscribed before me this**

24th day of April 2019

**Process Server/Sheriff** _____

**Notary Public** _____

ATTEMPTS:

Client    Phone (215) 772-1000

:                    **Filed Date:** 3/27/2019    **BR Serve By:** 03/28/2019

Nadeem A. Bezar, Esquire
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102



ORIGINAL

Case ID: 190303355

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Plaintiff

*Filed and Attested by the
Office of Judicial Records
30 APR 2019 03:44 pm
M. RUSSO*

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC | : | NO.: 03355 |
| ROOSEVELT INN LLC d/b/a | : | |
| ROOSEVELT INN | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 4200 ROOSEVELT LLC | : | |
| 4200 ROOSEVELT LLC d/b/a DAYS INN | : | |
| DAYS INN | : | |
| SURATI MANAGEMENT GROUP | : | |
| DAYS INN BY WYNDHAM d/b/a DAYS INN | : | |
| WYNDHAM WORLDWIDE CORPORATION | : | |
| WYNDHAM HOTELS AND RESORTS, LLC | : | |
| WYNDHAM HOTEL MANAGEMENT, INC. | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | |
| NORTH AMERICAN MOTOR INNS | : | |
| RAMARA, INC. | : | |
| ASHOKA INVESTMENTS & MANAGEMENT | : | |
| SERVICES | : | |
| Defendants. | : | |

## PRAECIPE TO REINSTATE COMPLAINT

**TO THE PROTHONOTARY:**

Kindly reissue the Complaint in the above captioned matter.

KLINE & SPECTER, P.C.

BY: _____
Emily B. Marks, Esquire
Attorney for Plaintiffs

Date: 4/30/19

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Praecipe to Reinstate the Complaint was filed with the Court on April 30, 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and*
*UFVS Management Company*

**By first-class mail upon the following parties:**

John McCreesh, Esquire
Law Offices of McCreesh, McCreesh, McCreesh & Cannon
7053 Terminal Square
Upper Darby, Pennsylvania  19082
*Counsel for North American Motors Inn and Ramara, Inc.*

Virginia L. Hardwick, Esquire
Hardwick Benfer, LLC
179 North Broad Street
Doylestown, PA 18901
*Counsel for 4200 Roosevelt d/b/a Days Inn, et. al.*

James M. Brogan, Esquire
Matthew A. Goldberg, Esquire
Nathan P. Heller, Esquire
Haley D. Torrey, Esquire
DLA Piper LLP
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, PA 19103
*Counsel for Wyndham Worldwide Corporation; Wyndham Hotel Group, LLC; Wyndham Hotels and*
*Resorts, LLC; and Wyndham Hotel Management, Inc.*

Robert T. Cohen, Esquire
Trobman & Cohen LLC
102 Browning Lane, Building B-3
Cherry Hill, NJ 08003
*Counsel for Surati Management Group*

Ashoka Investments and Management Services
608 Fillmore Street
San Francisco, CA 94114

*/s/Emily B. Marks*

By:_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiffs

Dated:  April 30, 2019

**KLINE & SPECTER, P.C.**
BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff C.A.*

Filed and Attested by the
Office of Judicial Records
27 MAR 2019 10:46 am
M. BRYANT

| | | |
|---|---|---|
| C.A.<br>c/o Kline & Specter, P.C.<br>1525 Locust Street<br>Philadelphia, PA 19102 | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| | : | |
| | : | CIVIL TRIAL DIVISION |
| *Plaintiff,* | : | FEBRUARY TERM, 2019 |
| | : | NO.: |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC and<br>ROOSEVELT INN LLC d/b/a/<br>ROOSEVELT INN<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC.<br>7630 Roosevelt Boulevard<br>Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC<br>287 Bowman Avenue<br>Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| 4200 ROOSEVELT LLC and<br>4200 ROOSEVELT LLC d/b/a<br>DAYS INN<br>4200 Roosevelt Boulevard<br>Philadelphia, PA 19124 | : | |
| | : | |
| and | : | |
| | : | |
| 4200 ROSE HOSPITALITY LLC and<br>4200 ROSE HOSPITALITY d/b/a<br>DAYS INN<br>4200 Roosevelt Boulevard<br>Philadelphia, PA 19124 | : | |

and                                              :
                                                 :
DAYS INN                                         :
4200 Roosevelt Boulevard                         :
Philadelphia PA 19124                            :
                                                 :
        and                                      :
                                                 :
SURATI MANAGEMENT GROUP                          :
121 Drew Drive                                   :
Langhorne, PA 19053                              :
                                                 :
        and                                      :
                                                 :
DAYS INN BY WYNDHAM d/b/a DAYS INN               :
4200 Roosevelt Boulevard                         :
Philadelphia, PA 19124                           :
                                                 :
        and                                      :
                                                 :
WYNDHAM WORLDWIDE CORPORATION                    :
22 Sylvan Way                                    :
Parsippany, NJ 07054                             :
                                                 :
        and                                      :
                                                 :
WYNDHAM HOTEL GROUP, LLC                         :
22 Sylvan Way                                    :
Parsippany, NJ 07054                             :
                                                 :
        and                                      :
                                                 :
WYNDHAM HOTELS AND RESORTS, LLC                  :
22 Sylvan Way                                    :
Parsippany, NJ 07054                             :
                                                 :
        and                                      :
                                                 :
WYNDHAM HOTEL MANAGEMENT, INC.                   :
22 Sylvan Way                                    :
Parsippany, NJ 07054                             :
                                                 :
        and                                      :
                                                 :
NORTH AMERICAN MOTOR INNS, INC. d/b/a            :
NORTH AMERICAN MOTOR INNS                        :
4444 City Avenue                                 :
Philadelphia, Pennsylvania 19131                 :

Case ID: 190303355
Case ID: 190303355

                                                                    :
and                                                                 :
                                                                    :
RAMARA, INC.                                                        :
1003 Spruce Street                                                  :
Philadelphia, PA 19107                                              :
                                                                    :
       and                                                          :
                                                                    :
ASHOKA INVESTMENTS & MANAGEMEMT                                     :
SERVICES                                                            :
27 A Iris Avenue                                                    :
San Francisco, CA 94118                                             :
                                                                    :
                                           *Defendants*             :
                                                                    :

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333**
**TTY (215) 451-6197**

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA  19107**
**Telefono: (215) 238-6333**
**TTY (215) 451-6197**

Case ID: 190303355
Case ID: 190303355

**KLINE & SPECTER, P.C.**                          *Attorneys for Plaintiff C.A.*
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA 19102 | : | CIVIL TRIAL DIVISION |
| *Plaintiff,* | : | FEBRUARY TERM, 2019 |
| | : | NO.: |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC and | : | |
| ROOSEVELT INN LLC d/b/a/ | : | |
| ROOSEVELT INN | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| 4200 ROOSEVELT LLC and | : | |
| 4200 ROOSEVELT LLC d/b/a | : | |
| DAYS INN | : | |
| 4200 Roosevelt Boulevard | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| and | : | |

Case ID: 190303355
Case ID: 190303355

4200 ROSE HOSPITALITY LLC and　　　　:
4200 ROSE HOSPITALITY d/b/a　　　　　:
DAYS INN　　　　　　　　　　　　　　:
4200 Roosevelt Boulevard　　　　　　　:
Philadelphia, PA 19124　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　and　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
DAYS INN　　　　　　　　　　　　　　:
4200 Roosevelt Boulevard　　　　　　　:
Philadelphia, PA 19124　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　and　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
SURATI MANAGEMENT GROUP　　　　:
121 Drew Drive　　　　　　　　　　　:
Langhorne, PA 19053　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　and　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
DAYS INN BY WYNDHAM d/b/a　　　　:
DAYS INN　　　　　　　　　　　　　　:
4200 Roosevelt Boulevard　　　　　　　:
Philadelphia, PA 19124　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　and　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
WYNDHAM WORLDWIDE CORPORATION　:
22 Sylvan Way　　　　　　　　　　　:
Parsippany, NJ 07054　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　and　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
WYNDHAM HOTEL GROUP, LLC　　　　:
22 Sylvan Way　　　　　　　　　　　:
Parsippany, NJ 07054　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　and　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
WYNDHAM HOTELS AND RESORTS, LLC　:
22 Sylvan Way　　　　　　　　　　　:
Parsippany, NJ 07054　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　and　　　　　　　　　　　　　:

2

Case ID: 190303355
Case ID: 190303355

WYNDHAM HOTEL MANAGEMENT, INC.                :
22 Sylvan Way                                 :
Parsippany, NJ 07054                          :
                                              :
        and                                   :
                                              :
NORTH AMERICAN MOTOR INNS, INC. d/b/a         :
NORTH AMERICAN MOTOR INNS                     :
4444 City Avenue                              :
Philadelphia, Pennsylvania 19131              :
                                              :
        and                                   :
                                              :
RAMARA, INC.                                  :
1003 Spruce Street                            :
Philadelphia, PA 19107                        :
                                              :
        and                                   :
                                              :
ASHOKA INVESTMENTS & MANAGEMEMT               :
SERVICES                                      :
27 A Iris Avenue                              :
San Francisco, CA 94118                       :
                                              :
                        *Defendants*          :

---

## COMPLAINT

### PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern-day slavery that exists throughout the
United States.

2.      Human trafficking is a global multi-billion dollar enterprise that affects nearly
every single country.

3.      Women and girls are disproportionately affected by human sex trafficking and
account for the vast majority of victims in commercial sex trafficking.

4.      Globally, there are approximately 5 million people trapped in forced sexual
exploitation. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

3

Case ID: 190303355
Case ID: 190303355

5.    The hospitality industry, and hotels specifically, owe a duty to provide a safe premise for their guests and must protect them against reasonably anticipated conduct.

6.    Hotels and motels are frequented for both sex and labor trafficking business operations.

7.    The National Human Trafficking Hotline recorded 3,596 cases of human trafficking involving a hotel or motel from 2007 through 2017.

**THE PARTIES**

8.    Plaintiff, C.A. was born on May 1, 1996 and is one of the thousands of victims of human trafficking and being victimized in hotels / motels across the United States.

9.    From 2012 through 2013, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.   Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, and Kyle B. Nocho, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

10.    Plaintiff's name and address are not contained in this Complaint to protect the privacy and identity of Plaintiff who incurred injuries and damages when she was a minor.

11.    Defendant Roosevelt Inn LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter "Roosevelt Inn"].

12.    Defendant Roosevelt Motor Inn, Inc. [hereinafter referred to as "Roosevelt Motor Inn"] is a corporation duly organized and existing under the laws of the Commonwealth of

4

Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

13.     Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company, LLC owned, operated and/or managed the Roosevelt Inn. Defendant UFVS Management Company, LLC oversees the operation of the Roosevelt Inn including the hiring of employees.

14.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Roosevelt Inn. Accordingly, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC are liable for the acts and/or omissions of their agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

15.     Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn [hereinafter referred to as "4200 Roosevelt"] is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant 4200 Roosevelt LLC owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124 [hereinafter "Days Inn"].

16.     Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn [hereinafter referred to as "Rose Hospitality"] is a limited liability company duly organized

5

and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant 4200 Rose Hospitality, owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

17.    Defendant Days Inn is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Days Inn owned operated and/or managed the Days Inn.

18.    Defendant Surati Management Group is a company duly organized and existing under the laws under the Commonwealth of Pennsylvania with a principal business address located at 121 Drew Lane, Langhorne, PA 19053. At all material times hereto, Defendant Surati Management Group owned, operated and/or managed the Days Inn.

19.    Defendant Days Inns d/b/a Days Inn by Wyndham [hereinafter referred to as "Days Inn by Wyndham"] is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124. At all material times hereto, Defendant Days Inn d/b/a Days Inn by Wyndham owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

20.    Defendant Wyndham Worldwide Corporation is a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Worldwide Corporation owned, operated or managed the Days Inn.

21.    Defendant Wyndham Hotel Group, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant

6

Wyndham Hotel Group, LLC owned, operated or managed the Days Inn.

22.     Defendant Wyndham Hotels and Resorts, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotels and Resorts, LLC owned, operated or managed the Days Inn.

23.     Defendant Wyndham Hotel Management, Inc. is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotel Management, Inc. owned, operated or managed the Days Inn.

24.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. made up a corporate structure that consisted of parent entities, parent corporations, associated or affiliated corporations, member corporations and/or subsidiary corporations.

25.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Days Inn. Accordingly, Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. are liable for the acts and/or omissions of their

Case ID: 190303355
Case ID: 190303355

agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

26.     Defendant North American Motor Inns, Inc. d/b/a North American Motor Inns [hereinafter referred to as "North American Motor Inns"] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant North American Motor Inns, Inc. owned, operated or managed the North American Motor Inns located at 4444 City Avenue, Philadelphia, PA 19137.

27.     Defendant Ramara, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1003 Spruce Street, Philadelphia PA 19107.  At all material times hereto, Defendant Ramara, Inc. owned, operated and/or managed the North American Motor Inns.

28.     Defendant Ashoka Investment & Management Services is a company duly organized and existing under the laws of the State of California with a principal place of business located at 27 A. Iris Avenue, San Francisco, CA 94118.  At all material times hereto, Ashoka Investment & Management Services owned, operated and/or managed the North American Motor Inns.

29.     Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the North American Motor Inns. Accordingly, Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management are liable for the acts and/or omissions of their agents, servants and/or employees

8

Case ID: 190303355
Case ID: 190303355

under the theories of agency, master servant, respondeat superior and/or right of control.

30.     Venue is appropriate in this case because all the Defendants regularly conduct business in Philadelphia County.

31.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

32.     At all times material hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Days Inn where they worked.

33.     At all material times hereto, North American Motor Inns, Inc, Ramara, Inc. and Ashoka Investment & Management individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the North American Motor Inns where they worked.

34.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

35.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation,

9

Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Days Inn and instead permitted heinous and unspeakable acts to occur.

36.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the North American Motor Inns and instead permitted heinous and unspeakable acts to occur.

37.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

38.     At all times material hereto, Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Days Inn.

39.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the North American Motor Inns.

40.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers financially

10

benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

41.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the Days Inn.

42.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the North American Motor Inns.

**OPERATIVE FACTS**

43.     Pennsylvania has long held that hotel and motel owners are liable for the reasonably anticipated harm that may occur to their guests from third persons. *Moran v. Valley Forge Drive-In Theater, Inc.*, 246 A.2d 875, 879 (Pa. 1968)

44.     This principle has been reinforced in more modern Pennsylvania cases. *See Rabutino, Admin. of the Estate of William Impagliazzo v. Freedom State Realty Co., Inc., et al.*, 809 A.2d 933, 942 (Pa. Super. 2002) (holding that owner and operator of hotel owed a duty of care to 19-year-old who was shot and killed during party inside room because such conduct was a reasonably anticipated event).

45.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

11

Case ID: 190303355
Case ID: 190303355

46.      Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Days Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

47.      Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the North American Motor Inns to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

48.      Beginning in 2012, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers at the Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular, consistent and/or repeated basis.

49.      Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Plaintiff.

50.      These advertisements often included both the name and address of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

51.      The advertisements included a fake name for Plaintiff and a phone number to call.

52.      During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

53.      Plaintiff engaged in numerous commercial sex act "dates" per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

Case ID: 190303355
Case ID: 190303355

54.    Plaintiff's traffickers would remain on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

55.    The hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

56.    Plaintiff was accompanied by men while on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

57.    Housekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

58.    Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

59.    Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

60.    Plaintiff's traffickers paid cash for the hotel rooms where Plaintiff engaged in commercial sex acts.

61.    Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the hotel room where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

62.    Men and others frequently entered and left the rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff engaged in commercial sex acts.

63.    Men walked the hallways at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff was engaged in commercial sex acts.

13

Case ID: 190303355
Case ID: 190303355

64.     Plaintiff had extended stays at the Roosevelt Inn, the Days Inn, and the North American Motor Inns with few or no personal possessions and was left in the room for long periods of time.  The rooms for these extended stays were paid for with cash on a day to days basis.

65.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

66.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

67.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the hotel rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

68.     In 2013, Plaintiff was rescued from the Days Inn following an investigation by the FBI based on internet advertisements of Plaintiff promoting prostitution.

69.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

70.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the

14

Plaintiff.

71.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

73.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers exploiting Plaintiff at the Days Inn.

74.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers exploiting Plaintiff at the North American Motor Inns.

75.     Plaintiff, as a hotel guest, was a business invitee of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC.

76.     Plaintiff, as a hotel guess, was also a business invitee of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.

77.     Plaintiff, as a hotel guest, was also a business invitee of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services.

15

Case ID: 190303355
Case ID: 190303355

78.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

79.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

80.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

81.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

82.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

16

Case ID: 190303355
Case ID: 190303355

83.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

84.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

85.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

86.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

87.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

88.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel

17

Case ID: 190303355
Case ID: 190303355

Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

89.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

90.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

91.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

92.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

Case ID: 190303355
Case ID: 190303355

otherwise stop the human sex trafficking of Plaintiff.

93.    By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

94.    By negligently allowing the Plaintiff's harm to occur, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

95.    By negligently allowing the Plaintiff's harm to occur, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

96.    By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene,

Case ID: 190303355
Case ID: 190303355

disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

97.     By renting rooms to individuals sex trafficking Plaintiff, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Days Inn.

98.     By renting rooms to individuals sex trafficking the Plaintiff, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the North American Motor Inns.

99.     By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

100.     By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

Case ID: 190303355
Case ID: 190303355

101.    By renting rooms to individuals sex trafficking the Plaintiff for commercial sex acts, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC,

102.    The averments of Paragraphs 1 through 101 are incorporated herein by reference.

103.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Roosevelt Inn.

104.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

105.    Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of

21

human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

106.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

107.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

108.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn,

22

Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to detect and respond to commercial sex activity and human sex trafficking at

23

the Roosevelt Inn;

n.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

o.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.  Failing to respond and react to suspicious activity detected on video surveillance;

q.  Failing to maintain surveillance equipment in proper working order;

r.  Failing to test or properly test surveillance equipment to ensure it was in working order;

s.  Failing to utilize appropriate and/or required surveillance equipment;

t.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.  Failing to prevent Plaintiff from being trafficked on the premises;

w.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x.  Failing to exercise care, caution, and diligence required under the circumstances.

109.    By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

110.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

24

111.   As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

112.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

113.   The averments of Paragraphs 1 through 112 are incorporated herein by reference.

114.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Days Inn.

115.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati

Case ID: 190303355
Case ID: 190303355

Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of the Days Inn's business, should have reasonably anticipated criminal conduct on the part of third parties, including other guests and invitees of the premises of the Days Inn.

116.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Days Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Days Inn.

117.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Days Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex

26

traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Days Inn on a repeated basis.

118.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Days Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Days Inn.

119.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experience that persons lawfully on the premises of the Days Inn, such as Plaintiff, would suffer serious bodily injury as a result of being victimized by violent crimes perpetrated by third persons on the premises of the Days Inn.

120.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Days Inn, including Plaintiff, from

Case ID: 190303355
Case ID: 190303355

criminal and violent activities of others, despite a reasonable likelihood that person on the premises

of the Days Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or

violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants

4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by

Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels

and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through

their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Days Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Days Inn;

28

Case ID: 190303355
Case ID: 190303355

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the Days Inn;

n. Failing to conduct adequate surveillance of the premises of the Days Inn;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

121.   By renting rooms to Plaintiff's sex traffickers, Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent

29

agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

122. As a result Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

123. As a result of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.'s negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Days Inn.

124. Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., and demands compensatory and punitive damages

Case ID: 190303355
Case ID: 190303355

in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS AND MANAGEMENT SERVICES

125.    The averments of Paragraphs 1 through 124 are incorporated herein by reference.

126.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the North American Motor Inns.

127.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the North American Motor Inns.

128.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the North American Motor Inns in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the North American Motor Inns.

31

Case ID: 190303355

129.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the North American Motor Inns on a repeated basis.

130.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the North American Motor Inns, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the North American Motor Inns.

131.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the North American Motor Inns, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the North American Motor Inns, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of

32

Case ID: 190303355
Case ID: 190303355

Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the North American Motor Inns;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the North American Motor Inns;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

Case ID: 190303355
Case ID: 190303355

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the North American Motor Inns;

n. Failing to conduct adequate surveillance of the premises of the North American Motor Inns;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

132.   By renting rooms to Plaintiff's sex traffickers, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

133.   As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Plaintiff was caused to suffer physical

34

harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

134.   As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the North American Motor Inns.

135.   Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investments & Management Services acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC

136.   The averments of paragraphs 1 through 135 are incorporated herein by reference.

137.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly & proximately causing harm/damages to Plaintiff.

Case ID: 190303355
Case ID: 190303355

138.   Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

139.   The averments of paragraphs 1 through 138 are incorporated herein by reference.

140.   Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

141.   Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc and demands compensatory and punitive

Case ID: 190303355
Case ID: 190303355

damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., INC., RAMARA, INC. AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

142.    The averments of paragraphs 1 through 141 are incorporated herein by reference.

143.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

144.    Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff C.A. demands judgement in her favor and against North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT VII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC,

145.    The averments of paragraphs 1 through 144 are incorporated herein by reference.

146.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and

Case ID: 190303355
Case ID: 190303355

employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

147.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

148.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

149.   Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Roosevelt Inn would be victimized by, or subjected to, such criminal and/or violent acts.

150.   As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Roosevelt Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

Case ID: 190303355
Case ID: 190303355

151.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT VIII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

152.    The averments of paragraphs 1 through 151 are incorporated herein by reference.

153.    Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

154.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably

Case ID: 190303355
Case ID: 190303355

sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

155.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

156.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Days Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Days Inn would be victimized by, or subjected to, such criminal and/or violent acts.

157.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Days Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

158.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn,

Case ID: 190303355
Case ID: 190303355

Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

      **WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT IX – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

      159.   The averments of paragraphs 1 through 158 are incorporated herein by reference.

      160.   Defendants North American Motor Inns, Inc., North American Motor Inns, Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

      161.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

Case ID: 190303355
Case ID: 190303355

162.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

163.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the North American Motor Inns would be victimized by, or subjected to, such criminal and/or violent acts.

164.   As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the North American Motor Inns, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

165.   Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand

42

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

                            **KLINE & SPECTER, P.C.**

                            *Attorneys for Plaintiff C.A.*


                            BY: _____
                            THOMAS R. KLINE, ESQUIRE
                            NADEEM A. BEZAR, ESQUIRE
                            EMILY B. MARKS, ESQUIRE
                            KYLE B. NOCHO, ESQUIRE

DATED: ____3-27-19____

43

Case ID: 190303355
Case ID: 190303355

## <u>VERIFICATION</u>

I, C████ A███, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



FILED
06 MAY 2019 12:38 pm
Civil Administration
J. YOUNGE

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ROOSEVELT INN LLC | : | NO.: 03355 |
| d/b/a ROOSEVELT INN, ROOSEVELT MOTOR | : | |
| INN, INC., UFVS MANAGEMENT COMPANY | : | |
| LLC, 4200 ROOSEVELT LLC, 4200 | : | |
| ROOSEVELT LLC d/b/a DAYS INN, DAYS INN, | : | |
| SURATI MANAGEMENT GROUP, DAYS | : | |
| INN BY WYNDHAM d/b/a DAYS INN, | : | |
| WYNDHAM WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTELS AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | |
| NORTH AMERICAN MOTOR INNS, RAMARA, | : | |
| INC., ASHOKA INVESTMENTS & | : | |
| MANAGEMENT SERVICES | : | |
| Defendants. | : | |

**AND NOW**, this      day of                          ,2019, upon consideration of Plaintiff

C.A.'s Response in Opposition to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt

Motor Inn, Inc. and UFVS Management Company, LLC's Preliminary Objection's to Plaintiff's

Complaint, and any response thereto, it is hereby;

**ORDERED** and **DECREED** that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn,

Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC's Preliminary Objections are

**OVERRULED.**  Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc.

and UFVS Management Company, LLC's shall file an Answer to Plaintiff's Complaint within

20 (twenty) days from the date of this Order.

**BY THE COURT:**

_____

**KLINE & SPECTER, P.C.**                            Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ROOSEVELT INN LLC | : | NO.: 03355 |
| d/b/a ROOSEVELT INN, ROOSEVELT MOTOR | : | |
| INN, INC., UFVS MANAGEMENT COMPANY | : | |
| LLC, 4200 ROOSEVELT LLC, 4200 | : | |
| ROOSEVELT LLC d/b/a DAYS INN, DAYS INN, | : | |
| SURATI MANAGEMENT GROUP, DAYS | : | |
| INN BY WYNDHAM d/b/a DAYS INN, | : | |
| WYNDHAM WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTELS AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | |
| NORTH AMERICAN MOTOR INNS, RAMARA, | : | |
| INC., ASHOKA INVESTMENTS & | : | |
| MANAGEMENT SERVICES | : | |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, INC. AND UFVS MANAGEMENT COMPANY, LLC'S PRELIMINARY OBJECTIONS

Plaintiff C.A. by and through her attorneys, Kline & Specter, P.C., hereby respond in

opposition to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc. and

UFVS Management Company, LLC's [hereinafter "Roosevelt Defendants"] Preliminary

objections as follows:

Case ID: 190303355
Control No.: 19041986

1.     Admitted only that Plaintiff was a victim of underage human sex trafficking from 2012-2013 at hotels identified in Plaintiff's Complaint, including the Roosevelt Inn.  By way of further response, Plaintiff's Complaint is a document that speaks for itself.

2.     Admitted only that Plaintiff commenced this civil action on March 27, 2019. By way of further response, Plaintiff's Complaint is a document that speaks for itself.

3.     Denied as stated.  Plaintiff's Complaint is a document that speaks for itself.  By way of further response, Plaintiff's Complaint is sufficiently specific.  The Roosevelt Defendants understand and are on notice of Plaintiff's claims.  By way of further response, Plaintiff's Complaint is a document that speaks for itself.

4.     Admitted only that Plaintiff's Complaint sufficiently sets forth a claim for punitive damages.  By way of further response, Plaintiff's Complaint is a document that speaks for itself.

5.     Denied.  The factual averments in Plaintiff's Compliant, including Paragraphs 48-68, which are completely ignored by Defendants, go well beyond breaches in the standard of care and reveal reckless indifference to the safety and welfare of the Plaintiff when she was a minor.  Plaintiff has pled and will prove that the nature and magnitude of the criminal activity was such that Defendants' failure to stop or control its property was a reckless disregard for the general safety of people lawfully on its premises including Plaintiff C.A.  Despite numerous and obvious signs of criminal activity including prostitution and sex trafficking, Defendants did nothing to prevent harm to Plaintiff and others.  That Defendants were aware or should have been aware of the numerous and obvious signs of prostitution and sex trafficking that were occurring on their property but failed to take measures to prevent, intervene, disrupt or otherwise stop this type of criminal activity is indicative of reckless indifference towards known risks of

Case ID: 190303355
Control No.: 19041986

harm. Plaintiff's injuries were preventable but for the Roosevelt Defendants willful disregard for

the safety and well-being of Plaintiff and others that occurred over a two-year span from 2012-

2013. Plaintiff has pled sufficient facts to support a claim for punitive damages at this early

stage in litigation. Therefore, it is premature, based on the averments contained in Plaintiff's

Complaint to dismiss Plaintiff's claim for punitive damages.

6.     Denied. See response to Paragraph 5 and Plaintiff's Memorandum of Law

incorporated herein as though set forth in full.

7.     Denied. This is a conclusion of law to which no response is required. By way of

further response, the Roosevelt Defendants seek to dismiss Plaintiff's claim for punitive damages

which is in essence a demurrer. A demurrer may be sustained only if it is clear on the face of the

pleading that the law will not provide or permit the recovery sought. Morgan v. McPhail, 672

A.2d 1359 (Pa. Super. Ct. 1996). If there is any doubt, it should be resolved by overruling the

demurrer. Mellon Bank N.A. v. Fabinyi, 650 A.2d 895 (Pa. Super. 1994). Plaintiff has pled

sufficient facts to support a claim for punitive damages at this early stage in litigation.

Therefore, it is premature, based on the averments contained in Plaintiff's Complaint to dismiss

Plaintiff's claim for punitive damages.

The Roosevelt Defendants also seeks to strike Paragraphs 48, 50, 52-67 of Plaintiff's

Complaint. These paragraphs set forth factual averments that the three Defendant motels were

on notice of criminal activity, including prostitution and sex trafficking, on their property. There

is nothing vague or non-specific about these paragraphs and therefore Defendants' Preliminary

Objections should be overruled

8.     Denied. See response to Paragraph 7.

Case ID: 190303355
Control No.: 19041986

**PLAINTIFF HAS PLED SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES AT THIS EARLY STAGE IN LITIGATION**

9.      Denied.  Plaintiff has pled sufficient facts to support a claim for punitive damages.

10.     Denied as a conclusion of law to which no response is required.  By way of further response, in Pennsylvania, it is well-settled that the purpose of punitive damages is to deter similar conduct.  Kirkbride v. Lisbon Contractors, Inc., 555 A.2d 800, 803 (Pa. 1989).  A punitive damages claim is supported by the evidence if 1) Defendant had a subjective appreciation of the risk of harm to which the Plaintiff was exposed, and that 2) the Defendant acted, or failed to act as the case may be, in conscious disregard of that risk.  Hutchinson v. Luddy, 870 A.2d 766 (Pa. 2005).

Plaintiff has pled and will prove that the nature and magnitude of the criminal activity was such that Defendants' failure to stop or control its property was a reckless disregard for the general safety of people lawfully on its premises including Plaintiff B.H.  The averments set forth below establish that Defendants were aware of harm to the Plaintiff but consciously disregarded that risk and failed to ensure Plaintiff's safety and that Plaintiff's traffickers were prevented or stopped from continuing their criminal activity.  Defendants completely ignore the following factual averments contained in Plaintiff's Complaint that occurred repeatedly and consistently over a two-year period of time from 2012-2013:

- In 2012, Plaintiff C.A. was solicited to engage in commercial sex acts at the Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular and repeated basis.  See Plaintiff's Complaint at ¶ 48 attached as Exhibit "A".

- Plaintiff's trafficker's put up internet advertisements for the purpose of prostituting Plaintiff.  See Id. at ¶ 49.

- The advertisements included both the name and address of the Roosevelt Inn, Days Inn and North American Motor Inns.  See Id. at ¶ 50.

Case ID: 190303355
Control No.: 19041986

- The advertisements included a fake name for Plaintiff and a phone number to call. See Id. at ¶ 51.

- During the call, sex for cash was negotiated and the "John would be informed that Plaintiff was at the Roosevelt Inn, the Days Inn or North American Motor Inns. See Id. at ¶ 52.

- Plaintiff engaged in numerous "dates" per day at the Roosevelt Inn, the Days Inn or the North American Motor Inns. See Id. at ¶ 53.

- Plaintiff's traffickers would remain on the premises of the Roosevelt Inn, the Days Inn and the North American Motor Inns. See Id. at ¶ 54.

- The hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms, condom wrapper and frequently smelled of marijuana. See Id. at ¶ 55.

- Plaintiff was accompanied by men at each hotel. See Id. at ¶ 56.

- Housekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had knowledge that she was there to engage in commercial sex acts. See Id. at ¶ 57.

- Plaintiff was visibly treated in an aggressive manner by her traffickers at each of the hotels. See Id. at ¶ 58.

- Plaintiff exhibited fear and anxiety ant the Roosevelt Inn, Days Inn and North American Motor Inns. See Id. at ¶ 59.

- Plaintiff's traffickers paid cash for the rooms. See Id. at ¶ 60.

- Plaintiff's traffickers consistently displayed "Do Not Disturb" signs and repeatedly refused housekeeping services at the Roosevelt Inn, Days Inn and North American Motor Inns. See Id. at ¶ 61.

- Men frequently entered and left the rooms that Plaintiff was staying in at the Roosevelt Inn, Days Inn and North American Motor Inns. See Id. at ¶ 62.

- Men walked the hallways at the Roosevelt Inn, the Days Inn and the North American Motor Inns where Plaintiff engaged in commercial sex acts. See Id. at ¶ 63.

- Plaintiff had extended stays at the Roosevelt Inn, the Days Inn and the North American Motor Inns with few or little personal possessions. See Id. at ¶ 64.

- Plaintiff's traffickers paid for the hotel rooms with cash on a day to day basis at the Roosevelt Inn, Days Inn and North American Motor Inns. See Id. at ¶ 64.

Case ID: 190303355
Control No.: 19041986

- The cash used by Plaintiff's traffickers to pay for the hotel rooms came from the sexual exploitation of Plaintiff. <u>See</u> Id. at ¶ 64.

- Plaintiff was told to dress in a sexually explicit manner and would walk the hallways of the Roosevelt Inn, the Days Inn and the North American Motor Inns. <u>See</u> Id. at ¶ 65.

- In 2013, C.A. was rescued from her one of her trafficker's when FBI arrived at the Days Inn. <u>See</u> Id. at ¶ 68.

Plaintiff has sufficiently set forth a claim for punitive damages and therefore the Roosevelt Defendant's Preliminary Objections should be overruled.

11.     Admitted only that Plaintiff avers that the Roosevelt Defendant's conduct was reckless thereby giving rise to a claim for punitive damages. The remaining averments in this paragraph are denied. Defendants choose to ignore all the factual averments in Plaintiff's Complaint that support Plaintiff's claim for punitive damages.

12.     Denied. This paragraph is denied because it contains legal conclusions to which no response is required. The remaining averments are also denied. The Roosevelt Defendants cite to piecemeal portions of Plaintiff's Complaint which must be read in its entirety. Plaintiff's Complaint, when read a whole document, sufficiently sets forth a claim for punitive damages.

13.     Denied. The factual averments in Plaintiff's Complaint, including Paragraphs 48-68 of Plaintiff's Complaint, which are completely ignored by Defendants, go well beyond breaches in the standard of care and reveal reckless indifference to the safety and welfare of the Plaintiff when she was a minor. Despite numerous and obvious signs of criminal activity including prostitution and sex trafficking, Defendants did nothing to prevent harm to Plaintiff and others. That Defendants were aware or should have been aware of the numerous and obvious signs of prostitution and sex trafficking that were occurring on their property but failed to take measures to prevent, intervene, disrupt or otherwise stop this type of criminal activity is

indicative of reckless indifference towards known risks of harm.  Plaintiff's injuries were

preventable but for the Roosevelt Defendants willful disregard for the safety and well-being of

Plaintiff and others that occurred over a two-year span from 2012-2013.

14.     Denied.  This paragraph includes conclusions of law to which no response is

required.  By way of further response, see response to Paragraph 10, 13 and Plaintiff's

Memorandum of Law incorporated herein as though set forth in full.

15.     Denied.  See response to Paragraph 10, 13 and Plaintiff's Memorandum of Law

incorporated herein as though set forth in full.

16.     Denied.  See response to Paragraph 10, 13 and Plaintiff's Memorandum of Law

incorporated herein as though set forth in full.  Plaintiff respectfully request that this Honorable

Court overrule Defendants' Preliminary Objections.

**PARAGRAPHS 48, 50, 52-67 OF PLAINTIFF'S COMPLAINT ARE SUFFICIENTLY
SPECIFIC**

17.     Denied.   Paragraphs 48, 40, 52-67 are sufficiently specific and put the Roosevelt

Defendants on notice of Plaintiff's claims.  The remaining averments in this Paragraph are

denied as legal conclusions to which no response is required.

18.     Denied.  The paragraph contains legal conclusions to which no response is

required.

19.     Denied.  This paragraph contains legal conclusions to which no response is

required.

20.     Denied. The Roosevelt Defendants allege that Paragraphs 48, 50 and 52-67

ascribe the same conduct to all three Defendant motels (Roosevelt Inn, Days Inn, and North

American Motor Inns) and therefore these averments should be stricken for lack of specificity.

No other similarly situated Defendant has filed Preliminary Objections in this case.  The

Case ID: 190303355
Control No.: 19041986

Defendant motels are referenced together because there was the same course of conduct at all three motels which is why the pleadings are similar. These paragraphs set forth factual averments that the three Defendant motels were on notice of criminal activity, including prostitution and sex trafficking, on their property. It is not surprising that the Roosevelt Defendants would like to have factual averments of notice and foreseeability with respect to Plaintiff's claims stricken. The Roosevelt Defendants, however, have no legal or factual basis to strike these paragraphs.

Paragraph 48 states that, beginning in 2012, "Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers at the Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular, consistent and/or repeated basis." See Exhibit "A" at ¶ 48. There is nothing vague or non-specific about Paragraph 48 or the other Paragraphs that the Roosevelt Defendants allege are non-specific. It is evident that the Roosevelt Defendants are on notice and understand Plaintiff's claims when they state same conduct is ascribed to the Roosevelt Inn, the Days Inn and the North American Motor Inns. Plaintiff is not required, and it would be inefficient, to have three separate paragraphs setting forth the exact same factual averment for each Defendant motel. Therefore, the Roosevelt Defendants' Preliminary Objections should be overruled.

21.    Denied as stated.   See response to Paragraph 20 and Plaintiff's Memorandum of Law incorporated herein as though set forth in full.

22.    Denied.  The Roosevelt Defendants contend that factual averment in Paragraph 57 does not appear to apply to every hotel.  Paragraph 57 provides "[h]ousekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inn had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts."  It is apparent from the plain language of Paragraph 57 that the Roosevelt

Case ID: 190303355
Control No.: 19041986

Defendants are on fair notice of the Plaintiff's claim with respect to the factual averment included in Paragraph 57. It cannot be clearer: Plaintiff had conversations with housekeepers and front desk staff at the Roosevelt Inn and they knew she was there to engage in commercial sex acts. Defendants are able to respond and prepare a defense at this stage in litigation and discovery will permit the Roosevelt Defendants to broaden their understanding of Plaintiff's claims. Paragraphs 48, 50, 52-67 are sufficiently pled and specific. Therefore, the Roosevelt Defendants' Preliminary Objections should be overruled.

23.     Denied. See response to Paragraph 21, 22 and Plaintiff's Memorandum Law incorporated herein as though set forth in full.

24.     Denied. See response to Paragraph 21, 22 and Plaintiff's Memorandum Law incorporated herein as though set forth in full.

25.     Denied. See response to Paragraph 21, 22 and Plaintiff's Memorandum Law incorporated herein as though set forth in full.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter the attached Order overruling Defendants' Preliminary Objections.

**KLINE & SPECTER, P.C**

BY: _____
           THOMAS R. KLINE, ESQUIRE
           NADEEM A. BEZAR, ESQUIRE
           EMILY B. MARKS, ESQUIRE
           KYLE B. NOCHO, ESQUIRE

**KLINE & SPECTER, P.C.**                                        Attorneys for Plaintiff
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ROOSEVELT INN LLC | : | NO.: 03355 |
| d/b/a ROOSEVELT INN, ROOSEVELT MOTOR | : | |
| INN, INC., UFVS MANAGEMENT COMPANY | : | |
| LLC, 4200 ROOSEVELT LLC, 4200 | : | |
| ROOSEVELT LLC d/b/a DAYS INN, DAYS INN, | : | |
| SURATI MANAGEMENT GROUP, DAYS | : | |
| INN BY WYNDHAM d/b/a DAYS INN, | : | |
| WYNDHAM WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTELS AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | |
| NORTH AMERICAN MOTOR INNS, RAMARA, | : | |
| INC., ASHOKA INVESTMENTS & | : | |
| MANAGEMENT SERVICES | : | |
| Defendants. | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, INC. AND UFVS MANAGEMENT COMPANY, LLC'S PRELIMINARY OBJECTIONS

**I.    PRELIMINARY STATEMENT**

  The Roosevelt Defendants seek to dismiss Plaintiff's claim for punitive damages which is in essence a demurrer.  A demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought.  <u>Morgan v. McPhail</u>, 672 A.2d 1359 (Pa. Super. Ct. 1996).  If there is any doubt, it should be resolved by overruling the demurrer. <u>Mellon Bank N.A. v. Fabinyi</u>, 650 A.2d 895 (Pa. Super. 1994).

The gravamen of Plaintiff's Complaint against the Roosevelt Inn Defendants is that the owners and operators of the Roosevelt Inn financially profited by renting motel rooms to Plaintiff's traffickers. Despite numerous and obvious signs of criminal activity including prostitution and sex trafficking at Defendants' motel, Defendants did nothing to prevent Plaintiff C.A., a minor, and others from being trafficked at their motel. The facts in Plaintiff's Complaint, which are completely ignored by the Roosevelt Defendants, go well beyond breaches in the standard of care and reveal reckless indifference to the safety and welfare of the Plaintiff when she was a minor. Plaintiff's injuries were preventable but for the Roosevelt Defendants willful disregard for the safety and well-being of Plaintiff and others that occurred over a two-year span from 2012-2013. Plaintiff has pled and will prove that the nature and magnitude of the criminal activity was such that Defendants' failure to stop or control its property was a reckless disregard for the general safety of people lawfully on its premises including Plaintiff C.A. Therefore, it is premature, based on the averments contained in Plaintiff's Complaint to dismiss Plaintiff's claim for punitive damages.

The Roosevelt Defendants also seeks to strike Paragraphs 48, 50, 52-67 of Plaintiff's Complaint for lack of specificity because the Roosevelt Defendants claim these paragraphs lump all three Defendant motels together. The Defendant motels are referenced together because there was the same course of conduct at all three motels which is why the pleadings are similar. These paragraphs set forth factual averments that the three Defendant motels were on notice of criminal activity, including prostitution and sex trafficking, on their property. There is nothing vague or non-specific about these paragraphs and therefore Defendants' Preliminary Objections should be overruled.

## II.   QUESTIONS PRESENTED

**A.**   Should this Honorable Court strike Plaintiff's demand for punitive damages?

*Suggested Answer*:  No.  Plaintiff has pled sufficient facts to support a claim for punitive damages.

**B.**   Should this Honorable Court strike Paragraphs 48, 50, 52-67 of Plaintiff's Complaint when these paragraphs are sufficiently pled?

*Suggested Answer:*  No.  Paragraphs 48, 50, 52-67 are sufficiently pled and Defendants' Preliminary Objections should be overruled.

## III.   BRIEF FACTUAL AND PROCEDURAL HISTORY

Plaintiff was the victim of underage human sex trafficking that occurred at the Roosevelt Inn, Days Inn, and the North American Motor Inns during 2012 through 2013.  Plaintiff commenced this civil litigation on March 17, 2019 against the Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC. [hereinafter "Roosevelt Defendants" and also "Moving Defendants"].  See Plaintiff's Complaint attached as Exhibit "A".  Plaintiff also filed suit against 4200 Roosevelt LLC, 4200 Rose Hospitality LLC, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel Management, Inc., North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management Services. See Exhibit "A".

The Roosevelt Defendants have filed these instant Preliminary Objections and allege that Plaintiff's Complaint does not support a claim for punitive damages and lacks specificity. Notably, none of the other similarly situated Defendant motels in this case have filed Preliminary Objections.  Moreover, it is disingenuous for the Roosevelt Defendants to claim they are not aware of the claims in this case.  First, Plaintiff's Complaint includes factual averments that set

Case ID: 190303355
Control No.: 19041986

forth Plaintiff's claims and allow the Roosevelt Defendants to prepare a defense and broaden their understanding of the issues in the case during the course litigation. Secondly, there are companion cases to this present case including <u>M.B. v. Roosevelt Inn, LLC, et al.</u>, Philadelphia CCP March Term 2017, No. 00712. The <u>M.B.</u> case has been in suit for two years and has produced overwhelming evidence that the operators and owners of the Roosevelt Inn were aware of prostitution and criminal activity on their property. Abdul Lopez, a trafficker who was incarcerated for his crimes, testified at his deposition that the Roosevelt Inn operated as "gentleman's club" with women and girls walking the hallway wearing very little clothing. A third case, <u>B.H. v. Roosevelt Inn, LLC, et al.</u>, Philadelphia CCP March Term 2019, No. 03356 was also recently filed and involves similar factual circumstances to the facts in this present litigation and the <u>M.B.</u> case.

As more fully explained below, Plaintiff's Complaint sets forth sufficient facts to support a claim for punitive damages and is sufficiently specific to put the Roosevelt Defendants on notice of Plaintiff's claims. Therefore, the Roosevelt Defendants Preliminary Objections should be overruled.

## IV.   LEGAL ARGUMENT

### A.   PLAINTIFF HAS PLED SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES AT THIS EARLY STAGE IN LITIGATION

Defendants' Preliminary Objections ask this Court to dismiss Plaintiff's claims for punitive damages. Defendants' Preliminary Objections are in essence a demurrer. A demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought. <u>Morgan,</u> 672 A.2d 1359 (Pa. Super. Ct. 1996). If there is any doubt, it should be resolved by overruling the demurrer. <u>Mellon Bank N.A.,</u> 650 A.2d 895 (Pa. Super. 1994).

Case ID: 190303355
Control No.: 19041986

In Pennsylvania, it is well-settled that the purpose of punitive damages is to deter similar conduct. Kirkbride v. Lisbon Contractors, Inc., 555 A.2d 800, 803 (Pa. 1989). A punitive damages claim is supported by the evidence if 1) Defendant had a subjective appreciation of the risk of harm to which the Plaintiff was exposed, and that 2) the Defendant acted, or failed to act as the case may be, in conscious disregard of that risk. Hutchinson v. Luddy, 870 A.2d 766 (Pa. 2005).

The averments set forth below establish that Defendants were aware of harm to the Plaintiff but consciously disregarded that risk and failed to ensure Plaintiff's safety and that Plaintiff's traffickers were prevented or stopped from continuing their criminal activity. Defendants completely ignore the following factual averments contained in Plaintiff's Complaint that occurred repeatedly and consistently over a two-year period of time from 2012-2013:

- In 2012, Plaintiff C.A. was solicited to engage in commercial sex acts at the Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular and repeated basis. See Plaintiff's Complaint at ¶ 48 attached as Exhibit "A".

- Plaintiff's trafficker's put up internet advertisements for the purpose of prostituting Plaintiff. See Id. at ¶ 49.

- The advertisements included both the name and address of the Roosevelt Inn, Days Inn and North American Motor Inns. See Id. at ¶ 50.

- The advertisements included a fake name for Plaintiff and a phone number to call. See Id. at ¶ 51.

- During the call, sex for cash was negotiated and the "John would be informed that Plaintiff was at the Roosevelt Inn, the Days Inn or North American Motor Inns. See Id. at ¶ 52.

- Plaintiff engaged in numerous "dates" per day at the Roosevelt Inn, the Days Inn or the North American Motor Inns. See Id. at ¶ 53.

- Plaintiff's traffickers would remain on the premises of the Roosevelt Inn, the Days Inn and the North American Motor Inns. See Id. at ¶ 54.

- The hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms, condom wrapper and frequently smelled of marijuana. <u>See</u> Id. at ¶ 55.

- Plaintiff was accompanied by men at each hotel. <u>See</u> Id. at ¶ 56.

- Housekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had knowledge that she was there to engage in commercial sex acts. <u>See</u> Id. at ¶ 57.

- Plaintiff was visibly treated in an aggressive manner by her traffickers at each of the hotels. <u>See</u> Id. at ¶ 58.

- Plaintiff exhibited fear and anxiety ant the Roosevelt Inn, Days Inn and North American Motor Inns. <u>See</u> Id. at ¶ 59.

- Plaintiff's traffickers paid cash for the rooms. <u>See</u> Id. at ¶ 60.

- Plaintiff's traffickers consistently displayed "Do Not Disturb" signs and repeatedly refused housekeeping services at the Roosevelt Inn, Days Inn and North American Motor Inns. <u>See</u> Id. at ¶ 61.

- Men frequently entered and left the rooms that Plaintiff was staying in at the Roosevelt Inn and Days Inn and North American Motor Inns. <u>See</u> Id. at ¶ 62.

- Men walked the hallways at the Roosevelt Inn, the Days Inn and the North American Motor Inns where Plaintiff engaged in commercial sex acts. <u>See</u> Id. at ¶ 63.

- Plaintiff had extended stays at the Roosevelt Inn, the Days Inn and the North American Motor Inns with few or little personal possessions. <u>See</u> Id. at ¶ 64.

- Plaintiff's traffickers paid for the hotel rooms with cash on a day to day basis at the Roosevelt Inn, Days Inn and North American Motor Inns. <u>See</u> Id. at ¶ 64.

- The cash used by Plaintiff's traffickers to pay for the hotel rooms came from the sexual exploitation of Plaintiff. <u>See</u> Id. at ¶ 64.

- Plaintiff was told to dress in a sexually explicit manner and would walk the hallways of the Roosevelt Inn, the Days Inn and the North American Motor Inns. <u>See</u> Id. at ¶ 65.

- In 2013, C.A. was rescued from her one of her trafficker's when the FBI arrived at the Days Inn. <u>See</u> Id. at ¶ 68.

The facts set forth above go well beyond breaches in the standard of care and reveal

reckless indifference to the safety and welfare of the Plaintiff when she was a minor.  Despite

Case ID: 190303355
Control No.: 19041986

numerous and obvious signs of criminal activity including prostitution and sex trafficking, Defendants did nothing to prevent harm to Plaintiff and others.  That Defendants were aware or should have been aware of the numerous and obvious signs of prostitution and sex trafficking that were occurring on their property but failed to take measures to prevent, intervene, disrupt or otherwise stop this type of criminal activity is indicative of reckless indifference towards known risks of harm.  Plaintiff's Complaint includes averments that the Roosevelt Defendants chose profits over protection and looked the other way with regard to criminal activity happening on their property.  Plaintiff is not pleading that the Roosevelt Defendants directly took part in the criminal activity.  Plaintiff has pled and will prove that the nature and magnitude for the criminal activity was such that the Roosevelt Defendants failure to stop or control their property was reckless disregard for the general safety of people lawfully on their premises, including Plaintiff B.H. See Plaintiff's Complaint at ¶¶ 48 - 68.

Therefore, it is premature, based upon the averments contained in Plaintiff's Complaint, to dismiss Plaintiff's claim for punitive damages. See McCellan v. Health Maint. Org. of Pa., 604 A.2d 1053 (Pa. Super. 1992 (explaining it would be premature to dismiss plaintiff's claim for punitive damages in a medical malpractice action based on allegations contained in the complaint).  For the reasons set forth above, the Roosevelt Defendants' preliminary objections to Plaintiff's claims for punitive damages should be overruled.

**B.      PARAGRAPHS 48, 50, 52-67 OF PLAINTIFF'S COMPLAINT ARE SUFFICIENTLY SPECIFIC**

Rule 1019(a) of the Pennsylvania Rules of Civil Procedure sets forth the applicable standard for pleading a negligence cause of action:

> The materials facts on which a cause of action is based shall be stated in concise and summary form.

Case ID: 190303355
Control No.: 19041986

Pa. R. Civ. P. 1019(a).  In interpreting the degree of specific required by Rule 1019(a), the courts have instructed that a "pleading must be specifically specific to enable the respondent to prepare a defense." Krajsa v. Keypunch, Inc., 622 A.2d 355, 357 (Pa. Super. Ct. 1993); Philadelphia County Intermediate Unit v. Comwlth. of PA, 432 A.2d 1121, 1125 (Pa. Cmwlth. Ct. 1981).  A complaint need not be an all-inclusive narrative of events underlying the claim nor is the plaintiff obliged to identify the legal theories underlying the claims.  DelConte v. Stefonick, 408 A.2d 1151, 1153 (Pa. Sup. Ct. 1979); Weiss v. Equibank, 460 A.2d 271 (Pa. Super. Ct. 1983).   Only allegations of fraud and mistake are required to be pled with particularity and all other allegations can be averred generally.  Pa. R. Civ. P. 1019(b).

The purpose of a pleading is to put a defendant on notice of the claims it will have to defend and give the defendant fair notice of the plaintiff's claims and the material facts that support those claims.  Pa. R. Civ. P. 1019(a).  "It is not the function of the Complaint to be an all-inclusive narrative of events underlying the claim . . . (Defendant) will have the opportunity for discovery to broaden its understanding of the issues prior to trial." General State Authority v. Lawrie and Green, 356 A.2d 851, 854 (Pa. Cmwlth. 1976).  A Complaint is sufficiently specific if it provides the adverse party with enough facts to enable him to frame a proper response prepare a defense.  Commonwealth ex.rel., Milk Marketing Board v. Sunnybrook Dairies, Inc. 370 A.2d 765 (Pa. Cmwlth. 1977).

The Roosevelt Defendants allege that Paragraphs 48, 50 and 52-67 ascribe the same conduct to all three Defendant motels (Roosevelt Inn, Days Inn, and North American Motor Inns) and therefore these averments should be stricken for lack of specificity.  No other similarly situated Defendant has filed Preliminary Objections in this case.  The Defendant motels are referenced together because there was the same course of conduct at all three motels which is

why the pleadings are similar. These paragraphs set forth factual averments that the three

Defendant motels were on notice of criminal activity, including prostitution and sex trafficking,

on their property.  It is not surprising that the Roosevelt Defendants would like to have factual

averments of notice and foreseeability with respect to Plaintiff's claims stricken.  The Roosevelt

Defendants, however, have no legal or factual basis to strike these paragraphs.

If the Roosevelt Defendants complain that the exact same conduct is ascribed to the three

Defendant motels, then clearly the Roosevelt Defendants understand and are on notice of

Plaintiff's claims.  Paragraph 48 states that, beginning in 2012, "Plaintiff was recruited, enticed,

solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers at the

Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular, consistent and/or

repeated basis." See Exhibit "A" at ¶ 48.  There is nothing vague or non-specific about

Paragraph 48 or the other Paragraphs that the Roosevelt Defendants allege are non-specific.  It is

evident that the Roosevelt Defendants are on notice and understand Plaintiff's claims when they

state same conduct is ascribed to the Roosevelt Inn, the Days Inn and the North American Motor

Inns.  Plaintiff is not required, and it would be inefficient, to have three separate paragraphs

setting forth the exact same factual averment for each Defendant motel.

The Roosevelt Defendants contend that factual averment in Paragraph 57 does not appear

to apply to every hotel.  Paragraph 57 provides "[h]ousekeepers and front desk staff at the

Roosevelt Inn, Days Inn and North American Motor Inn had conversations with Plaintiff and had

knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts."  It

is apparent from the plain language of Paragraph 57 that the Roosevelt Defendants are on fair

notice of the Plaintiff's claim with respect to the factual averment included in Paragraph 57.  It

cannot be clearer: Plaintiff had conversations with housekeepers and front desk staff at the

Case ID: 190303355
Control No.: 19041986

Roosevelt Inn and they knew she was there to engage in commercial sex acts. Defendants are able to respond and prepare a defense at this stage in litigation and discovery will permit the Roosevelt Defendants to broaden their understanding of Plaintiff's claims.

Paragraphs 48, 50, 52-67 are sufficiently pled and specific. Therefore, the Roosevelt Defendants' Preliminary Objections should be overruled.

## V.     CONCLUSION

For the reasons stated above, Plaintiff respectfully requests this Honorable Court enter the attached Order overruling Defendants' Preliminary Objections.

KLINE & SPECTER, P.C

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

## **VERIFICATION**

I, NADEEM A. BEZAR, ESQUIRE, hereby state that I am the attorney for Plaintiff in this matter and hereby verify that the statements made in the foregoing Plaintiff's Response to Defendants Preliminary Objections are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

*/s/Nadeem A. Bezar*

_____

NADEEM. A. BEZAR, ESQUIRE
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Response to Defendants Preliminary Objections was filed with the Court on May 6, 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and
UFVS Management Company*

### By first-class mail upon the following parties:

John McCreesh, Esquire
Law Offices of McCreesh, McCreesh, McCreesh & Cannon
7053 Terminal Square
Upper Darby, Pennsylvania 19082
*Counsel for North American Motors Inn and Ramara, Inc.*

Virginia L. Hardwick, Esquire
Hardwick Benfer, LLC
179 North Broad Street
Doylestown, PA 18901
*Counsel for 4200 Roosevelt d/b/a Days Inn, et. al.*

James M. Brogan, Esquire
Matthew A. Goldberg, Esquire
Nathan P. Heller, Esquire
Haley D. Torrey, Esquire
DLA Piper LLP
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, PA 19103
*Counsel for Wyndham Worldwide Corporation; Wyndham Hotel Group, LLC; Wyndham Hotels and
Resorts, LLC; and Wyndham Hotel Management, Inc.*

Robert T. Cohen, Esquire
Trobman & Cohen LLC
102 Browning Lane, Building B-3
Cherry Hill, NJ 08003
*Counsel for Surati Management Group*

Ashoka Investments and Management Services
c/o CT Corporation System Delaware
1209 N. Orange Street
Wilmington, DE 19801

*/s/ Nadeem A. Bezar*

By:_____
NADEEM A. BEZAR, ESQUIRE
Attorney for Plaintiffs

Dated:  May 6, 2019

Case ID: 190303355
Control No.: 19041986

# EXHIBIT A

Case ID: 190303355
Control No.: 19041986

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff C.A.*

Filed and Attested by the
Office of Judicial Records
27 MAR 2019 08:50 am
M. BRYANT

---

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | |
| | : | CIVIL TRIAL DIVISION |
| | : | FEBRUARY TERM, 2019 |
| *Plaintiff,* | : | NO.: |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| ROOSEVELT INN LLC and | : | |
| ROOSEVELT INN LLC d/b/a/ | : | |
| ROOSEVELT INN | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| 4200 ROOSEVELT LLC and | : | |
| 4200 ROOSEVELT LLC d/b/a | : | |
| DAYS INN | : | |
| 4200 Roosevelt Boulevard | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| and | : | |
| | : | |
| 4200 ROSE HOSPITALITY LLC and | : | |
| 4200 ROSE HOSPITALITY d/b/a | : | |
| DAYS INN | : | |
| 4200 Roosevelt Boulevard | : | |
| Philadelphia, PA 19124 | : | |

and                                                      :
                                                         :
                                                         :
DAYS INN                                                 :
4200 Roosevelt Boulevard                                 :
Philadelphia PA 19124                                    :
                                                         :
                                                         :
and                                                      :
                                                         :
SURATI MANAGEMENT GROUP                                  :
121 Drew Drive                                           :
Langhorne, PA 19053                                      :
                                                         :
and                                                      :
                                                         :
DAYS INN BY WYNDHAM d/b/a DAYS INN                       :
4200 Roosevelt Boulevard                                 :
Philadelphia, PA 19124                                   :
                                                         :
and                                                      :
                                                         :
WYNDHAM WORLDWIDE CORPORATION                            :
22 Sylvan Way                                            :
Parsippany, NJ 07054                                     :
                                                         :
and                                                      :
                                                         :
WYNDHAM HOTEL GROUP, LLC                                 :
22 Sylvan Way                                            :
Parsippany, NJ 07054                                     :
                                                         :
and                                                      :
                                                         :
WYNDHAM HOTELS AND RESORTS, LLC                          :
22 Sylvan Way                                            :
Parsippany, NJ 07054                                     :
                                                         :
and                                                      :
                                                         :
WYNDHAM HOTEL MANAGEMENT, INC.                           :
22 Sylvan Way                                            :
Parsippany, NJ 07054                                     :
                                                         :
and                                                      :
                                                         :
NORTH AMERICAN MOTOR INNS, INC. d/b/a                    :
NORTH AMERICAN MOTOR INNS                                :
4444 City Avenue                                         :
Philadelphia, Pennsylvania 19131                         :

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

and                                      :
                                         :
                                         :
RAMARA, INC.                             :
1003 Spruce Street                       :
Philadelphia, PA 19107                   :
                                         :
       and                               :
                                         :
ASHOKA INVESTMENTS & MANAGEMEMT          :
SERVICES                                 :
27 A Iris Avenue                         :
San Francisco, CA 94118                  :
                                         :
                    *Defendants*         :

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA  19107**
**Telefono: (215) 238-6333**
**TTY (215) 451-6197**

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff C.A.*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | |
|---|---|
| C.A. | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | COURT OF COMMON PLEAS |
| 1525 Locust Street | |
| Philadelphia, PA  19102 | CIVIL TRIAL DIVISION |
| *Plaintiff,* | FEBRUARY TERM, 2019 |
| | NO.: |
| v. | |
| | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC and | |
| ROOSEVELT INN LLC d/b/a/ | |
| ROOSEVELT INN | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| ROOSEVELT MOTOR INN, INC. | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| UFVS MANAGEMENT COMPANY, LLC | |
| 287 Bowman Avenue | |
| Purchase, NY 10577 | |
| | |
| and | |
| | |
| 4200 ROOSEVELT LLC and | |
| 4200 ROOSEVELT LLC d/b/a | |
| DAYS INN | |
| 4200 Roosevelt Boulevard | |
| Philadelphia, PA 19124 | |
| | |
| and | |

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

4200 ROSE HOSPITALITY LLC and :
4200 ROSE HOSPITALITY d/b/a :
DAYS INN :
4200 Roosevelt Boulevard :
Philadelphia, PA 19124 :
:
     and :
:
DAYS INN :
4200 Roosevelt Boulevard :
Philadelphia, PA 19124 :
:
     and :
:
SURATI MANAGEMENT GROUP :
121 Drew Drive :
Langhorne, PA 19053 :
:
     and :
:
DAYS INN BY WYNDHAM d/b/a :
DAYS INN :
4200 Roosevelt Boulevard :
Philadelphia, PA 19124 :
:
     and :
:
WYNDHAM WORLDWIDE CORPORATION :
22 Sylvan Way :
Parsippany, NJ 07054 :
:
     and :
:
WYNDHAM HOTEL GROUP, LLC :
22 Sylvan Way :
Parsippany, NJ 07054 :
:
     and :
:
WYNDHAM HOTELS AND RESORTS, LLC :
22 Sylvan Way :
Parsippany, NJ 07054 :
:
     and :

2

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

WYNDHAM HOTEL MANAGEMENT, INC.          :
22 Sylvan Way                                             :
Parsippany, NJ 07054                                  :
                                                                    :
        and                                                     :
                                                                    :
NORTH AMERICAN MOTOR INNS, INC. d/b/a  :
NORTH AMERICAN MOTOR INNS            :
4444 City Avenue                                       :
Philadelphia, Pennsylvania 19131                 :
                                                                    :
        and                                                     :
                                                                    :
RAMARA, INC.                                            :
1003 Spruce Street                                      :
Philadelphia, PA 19107                               :
                                                                    :
        and                                                     :
                                                                    :
ASHOKA INVESTMENTS & MANAGEMEMT    :
SERVICES                                                     :
27 A Iris Avenue                                         :
San Francisco, CA 94118                            :
                                                                    :
                                    *Defendants*          :

## COMPLAINT

## PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern-day slavery that exists throughout the

United States.

2.      Human trafficking is a global multi-billion dollar enterprise that affects nearly

every single country.

3.      Women and girls are disproportionately affected by human sex trafficking and

account for the vast majority of victims in commercial sex trafficking.

4.      Globally, there are approximately 5 million people trapped in forced sexual

exploitation. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

5.     The hospitality industry, and hotels specifically, owe a duty to provide a safe premise for their guests and must protect them against reasonably anticipated conduct.

6.     Hotels and motels are frequented for both sex and labor trafficking business operations.

7.     The National Human Trafficking Hotline recorded 3,596 cases of human trafficking involving a hotel or motel from 2007 through 2017.

**THE PARTIES**

8.     Plaintiff, C.A. was born on May 1, 1996 and is one of the thousands of victims of human trafficking and being victimized in hotels / motels across the United States.

9.     From 2012 through 2013, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, and Kyle B. Nocho, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

10.     Plaintiff's name and address are not contained in this Complaint to protect the privacy and identity of Plaintiff who incurred injuries and damages when she was a minor.

11.     Defendant Roosevelt Inn LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter "Roosevelt Inn"].

12.     Defendant Roosevelt Motor Inn, Inc. [hereinafter referred to as "Roosevelt Motor Inn"] is a corporation duly organized and existing under the laws of the Commonwealth of

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

13.    Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company, LLC owned, operated and/or managed the Roosevelt Inn. Defendant UFVS Management Company, LLC oversees the operation of the Roosevelt Inn including the hiring of employees.

14.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Roosevelt Inn. Accordingly, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC are liable for the acts and/or omissions of their agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

15.    Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn [hereinafter referred to as "4200 Roosevelt"] is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant 4200 Roosevelt LLC owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124 [hereinafter "Days Inn"].

16.    Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn [hereinafter referred to as "Rose Hospitality"] is a limited liability company duly organized

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant 4200 Rose Hospitality, owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

17.  Defendant Days Inn is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, Defendant Days Inn owned operated and/or managed the Days Inn.

18.  Defendant Surati Management Group is a company duly organized and existing under the laws under the Commonwealth of Pennsylvania with a principal business address located at 121 Drew Lane, Langhorne, PA 19053.  At all material times hereto, Defendant Surati Management Group owned, operated and/or managed the Days Inn.

19.  Defendant Days Inns d/b/a Days Inn by Wyndham [hereinafter referred to as "Days Inn by Wyndham"] is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.  At all material times hereto, Defendant Days Inn d/b/a Days Inn by Wyndham owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

20.  Defendant Wyndham Worldwide Corporation is a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054.  At all material times hereto, Defendant Wyndham Worldwide Corporation owned, operated or managed the Days Inn.

21.  Defendant Wyndham Hotel Group, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

Wyndham Hotel Group, LLC owned, operated or managed the Days Inn.

22.    Defendant Wyndham Hotels and Resorts, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotels and Resorts, LLC owned, operated or managed the Days Inn.

23.    Defendant Wyndham Hotel Management, Inc. is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotel Management, Inc. owned, operated or managed the Days Inn.

24.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. made up a corporate structure that consisted of parent entities, parent corporations, associated or affiliated corporations, member corporations and/or subsidiary corporations.

25.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Days Inn. Accordingly, Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. are liable for the acts and/or omissions of their

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

26.     Defendant North American Motor Inns, Inc. d/b/a North American Motor Inns [hereinafter referred to as "North American Motor Inns"] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant North American Motor Inns, Inc. owned, operated or managed the North American Motor Inns located at 4444 City Avenue, Philadelphia, PA 19137.

27.     Defendant Ramara, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1003 Spruce Street, Philadelphia PA 19107.   At all material times hereto, Defendant Ramara, Inc. owned, operated and/or managed the North American Motor Inns.

28.     Defendant Ashoka Investment & Management Services is a company duly organized and existing under the laws of the State of California with a principal place of business located at 27 A. Iris Avenue, San Francisco, CA 94118.   At all material times hereto, Ashoka Investment & Management Services owned, operated and/or managed the North American Motor Inns.

29.     Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the North American Motor Inns. Accordingly, Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management are liable for the acts and/or omissions of their agents, servants and/or employees

8

under the theories of agency, master servant, respondeat superior and/or right of control.

30.     Venue is appropriate in this case because all the Defendants regularly conduct business in Philadelphia County.

31.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

32.     At all times material hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Days Inn where they worked.

33.     At all material times hereto, North American Motor Inns, Inc, Ramara, Inc. and Ashoka Investment & Management individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the North American Motor Inns where they worked.

34.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

35.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation,

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Days Inn and instead permitted heinous and unspeakable acts to occur.

36.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the North American Motor Inns and instead permitted heinous and unspeakable acts to occur.

37.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

38.     At all times material hereto, Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Days Inn.

39.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the North American Motor Inns.

40.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers financially

10

benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

41.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the Days Inn.

42.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the North American Motor Inns.

**OPERATIVE FACTS**

43.     Pennsylvania has long held that hotel and motel owners are liable for the reasonably anticipated harm that may occur to their guests from third persons. *Moran v. Valley Forge Drive-In Theater, Inc.*, 246 A.2d 875, 879 (Pa. 1968)

44.     This principle has been reinforced in more modern Pennsylvania cases. *See Rabutino, Admin. of the Estate of William Impagliazzo v. Freedom State Realty Co., Inc., et al.*, 809 A.2d 933, 942 (Pa. Super. 2002) (holding that owner and operator of hotel owed a duty of care to 19-year-old who was shot and killed during party inside room because such conduct was a reasonably anticipated event).

45.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

11

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

46.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Days Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

47.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the North American Motor Inns to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

48.     Beginning in 2012, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers at the Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular, consistent and/or repeated basis.

49.     Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Plaintiff.

50.     These advertisements often included both the name and address of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

51.     The advertisements included a fake name for Plaintiff and a phone number to call.

52.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

53.     Plaintiff engaged in numerous commercial sex act "dates" per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

54.    Plaintiff's traffickers would remain on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

55.    The hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

56.    Plaintiff was accompanied by men while on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

57.    Housekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

58.    Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

59.    Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

60.    Plaintiff's traffickers paid cash for the hotel rooms where Plaintiff engaged in commercial sex acts.

61.    Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the hotel room where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

62.    Men and others frequently entered and left the rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff engaged in commercial sex acts.

63.    Men walked the hallways at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff was engaged in commercial sex acts.

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

64.     Plaintiff had extended stays at the Roosevelt Inn, the Days Inn, and the North American Motor Inns with few or no personal possessions and was left in the room for long periods of time. The rooms for these extended stays were paid for with cash on a day to days basis.

65.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

66.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

67.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the hotel rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

68.     In 2013, Plaintiff was rescued from the Days Inn following an investigation by the FBI based on internet advertisements of Plaintiff promoting prostitution.

69.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

70.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

Plaintiff.

71.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

73.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers exploiting Plaintiff at the Days Inn.

74.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers exploiting Plaintiff at the North American Motor Inns.

75.     Plaintiff, as a hotel guest, was a business invitee of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC.

76.     Plaintiff, as a hotel guess, was also a business invitee of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.

77.     Plaintiff, as a hotel guest, was also a business invitee of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services.

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

78.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

79.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

80.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

81.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

82.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

83.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

84.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

85.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

86.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

87.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

88.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

89. Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

90. Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

91. Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

92. Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

18

otherwise stop the human sex trafficking of Plaintiff.

93.   By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

94.   By negligently allowing the Plaintiff's harm to occur, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

95.   By negligently allowing the Plaintiff's harm to occur, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

96.   By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene,

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

97.    By renting rooms to individuals sex trafficking Plaintiff, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Days Inn.

98.    By renting rooms to individuals sex trafficking the Plaintiff, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the North American Motor Inns.

99.    By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

100.    By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

20

101.    By renting rooms to individuals sex trafficking the Plaintiff for commercial sex acts, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC,

102.    The averments of Paragraphs 1 through 101 are incorporated herein by reference.

103.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Roosevelt Inn.

104.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

105.    Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of

21

human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

106.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

107.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

108.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn,

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e.  Failing to adequately control access to the premises;

f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to detect and respond to commercial sex activity and human sex trafficking at

23

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

the Roosevelt Inn;

n. Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

109.    By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

110.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

111.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

112.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT II - NEGLIGENCE

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

113.    The averments of Paragraphs 1 through 112 are incorporated herein by reference.

114.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Days Inn.

115.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of the Days Inn's business, should have reasonably anticipated criminal conduct on the part of third parties, including other guests and invitees of the premises of the Days Inn.

116.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Days Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Days Inn.

117.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Days Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex

26

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Days Inn on a repeated basis.

118.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Days Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Days Inn.

119.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experience that persons lawfully on the premises of the Days Inn, such as Plaintiff, would suffer serious bodily injury as a result of being victimized by violent crimes perpetrated by third persons on the premises of the Days Inn.

120.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Days Inn, including Plaintiff, from

Case ID: 190303355
Control No.: 19041986

criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Days Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury. The negligence of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

    a.   Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b.   Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e.   Failing to adequately control access to the premises;

    f.   Failing to prevent entry of unauthorized individuals onto the premises;

    g.   Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

    h.   Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

    i.   Failing to assign experienced security personnel to provide competent guard services at the Days Inn;

    j.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Days Inn;

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Days Inn;

n.  Failing to conduct adequate surveillance of the premises of the Days Inn;

o.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.  Failing to respond and react to suspicious activity detected on video surveillance;

q.  Failing to maintain surveillance equipment in proper working order;

r.  Failing to test or properly test surveillance equipment to ensure it was in working order;

s.  Failing to utilize appropriate and/or required surveillance equipment;

t.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.  Failing to prevent Plaintiff from being trafficked on the premises;

w.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x.  Failing to exercise care, caution, and diligence required under the circumstances.

121.  By renting rooms to Plaintiff's sex traffickers, Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent

Case ID: 190303355
Control No.: 19041986

agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

122.   As a result Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

123.   As a result of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.'s negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Days Inn.

124.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., and demands compensatory and punitive damages

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS AND MANAGEMENT SERVICES

125. The averments of Paragraphs 1 through 124 are incorporated herein by reference.

126. Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the North American Motor Inns.

127. Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the North American Motor Inns.

128. Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the North American Motor Inns in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the North American Motor Inns.

31

129.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the North American Motor Inns on a repeated basis.

130.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the North American Motor Inns, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the North American Motor Inns.

131.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the North American Motor Inns, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the North American Motor Inns, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of

32

Case ID: 190303355
Control No.: 19041986

Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the North American Motor Inns;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the North American Motor Inns;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

Case ID: 190303355
Control No.: 19041986

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the North American Motor Inns;

n. Failing to conduct adequate surveillance of the premises of the North American Motor Inns;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

132.   By renting rooms to Plaintiff's sex traffickers, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

133.   As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Plaintiff was caused to suffer physical

34

Case ID: 190303355
Control No.: 19041986

harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

134.    As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the North American Motor Inns.

135.    Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investments & Management Services acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC

136.    The averments of paragraphs 1 through 135 are incorporated herein by reference.

137.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly & proximately causing harm/damages to Plaintiff.

Case ID: 190303355
Control No.: 19041986

138.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

139.    The averments of paragraphs 1 through 138 are incorporated herein by reference.

140.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

141.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc and demands compensatory and punitive

Case ID: 190303355
Control No.: 19041986

damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., INC., RAMARA, INC. AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

142.  The averments of paragraphs 1 through 141 are incorporated herein by reference.

143.  Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

144.  Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff C.A. demands judgement in her favor and against North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC,

145.  The averments of paragraphs 1 through 144 are incorporated herein by reference.

146.  Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and

Case ID: 190303355
Control No.: 19041986

employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

147.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

148.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

149.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Roosevelt Inn would be victimized by, or subjected to, such criminal and/or violent acts.

150.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Roosevelt Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

Case ID: 190303355
Control No.: 19041986

151.   Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VIII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC.

152.   The averments of paragraphs 1 through 151 are incorporated herein by reference.

153.   Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

154.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably

39

Case ID: 190303355
Control No.: 19041986

sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

155.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

156.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Days Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Days Inn would be victimized by, or subjected to, such criminal and/or violent acts.

157.   As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Days Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

158.   Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn,

Case ID: 190303355
Control No.: 19041986

Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IX – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION
### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

159.   The averments of paragraphs 1 through 158 are incorporated herein by reference.

160.   Defendants North American Motor Inns, Inc., North American Motor Inns, Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

161.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

Case ID: 190303555
Control No.: 19041986

162.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

163.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the North American Motor Inns would be victimized by, or subjected to, such criminal and/or violent acts.

164.     As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the North American Motor Inns, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

165.     Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand

42

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

<div style="text-align: center;">

**KLINE & SPECTER, P.C.**

*Attorneys for Plaintiff C.A.*

</div>

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

DATED: ___3-27-19___

Case ID: 190303555
Control No.: 19041986

## <u>VERIFICATION</u>

I, C████ A███, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



C████  A██████

**McCORMICK & PRIORE, P.C.**
By:     Philip D. Priore, Esquire
          Brian J. Callahan, Esquire
Attorney ID #38987/200815
Four Penn Center
1600 JFK Blvd., Suite 800
Philadelphia, PA  19103
T: 215-972-0161
F: 215-972-5580
ppriore@mccormickpriore.com
bcallahan@mccormickpriore.com

*Filed and Attested by the Office of Judicial Records 07 MAY 2019 01:58 pm G. IMPERATO*

Attorneys for Defendants,
4200 Roosevelt LLC and
4200 Rose Hospitality LLC
d/b/a Days Inn

|  |  |  |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| C.A. | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ET AL. | : | NO. 3355 |
| | : | |

## ENTRY OF APPEARANCE WITH JURY DEMAND

Kindly enter our appearance on behalf of defendants, 4200 Roosevelt LLC and 4200

Rose Hospitality LLC d/b/a Days Inn, in the above matter.

A Jury of twelve members is hereby demanded in the above-captioned matter.

**McCORMICK & PRIORE, P.C.**

BY:   _S. Philip D. Priore_
          Philip D. Priore, Esquire
          Brian J. Callahan, Esquire
          Attorneys for Defendants,
          4200 Roosevelt LLC and 4200 Rose
          Hospitality LLC d/b/a Days Inn

Dated:  5/7/19

**FILED**
07 MAY 2019 02:01 pm
Civil Administration
L. SATCHELL

|   |   |   |
|---|---|---|
| C.A. | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
| vs. | : |  |
|  | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ET AL. | : | NO. 3355 |

## O R D E R

**AND NOW** this _____ of _____, 2019, upon consideration of defendants, 4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn's Joinder in the Preliminary Objections of defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, and UFVS Management Company, LLC, to the Plaintiff's Complaint, it is hereby **ORDERED** that the Preliminary Objections and Joinder are **SUSTAINED.** It is further **ORDERED** that:

1.      All claims for punitive damages against 4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn are dismissed with prejudice.

2.      Paragraphs 48, 50, 52-67 are stricken from the Complaint.


BY THE COURT:


_____
                                                        J.

Case ID: 190303355
Control No.: 19041986

**McCORMICK & PRIORE, P.C.**
By:     Philip D. Priore, Esquire
        Brian J. Callahan, Esquire
Attorney ID #38987/200815
Four Penn Center
1600 JFK Blvd., Suite 800
Philadelphia, PA 19103
T: 215-972-0161
F: 215-972-5580
ppriore@mccormickpriore.com
bcallahan@mccormickpriore.com

Attorneys for Defendants,
4200 Roosevelt LLC and
4200 Rose Hospitality LLC
d/b/a Days Inn

| | | |
|---|---|---|
| C.A. | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | |
| ROOSEVELT INN LLC, ET AL. | : | MARCH TERM, 2019 |
| | : | NO. 3355 |
| | : | |

## JOINDER OF DEFENDANTS, 4200 ROOSEVELT, LLC AND 4200 ROSE HOSPITALITY, LLC D/B/A DAYS INN, IN THE PRELIMINARY OBJECTIONS OF DEFENDANTS, ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, AND UFVS MANAGEMENT COMPANY, LLC

Defendants, 4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn (hereafter collectively referred to as "the Days Inn"), by and through their attorneys, McCormick & Priore, P.C., hereby submit this Joinder in the Preliminary Objections of Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, and UFVS Management Company, LLC (hereafter collectively referred to as "Co-defendants"), to Plaintiff's Complaint, and in support thereof aver as follows:

1.      On or about April 15, 2019, Co-defendants filed Preliminary Objections to plaintiff's Complaint. *A true and correct copy of the Preliminary Objections are attached hereto as Exhibit A.*

2.      The arguments set forth in Co-defendants' Preliminary Objections are equally applicable to the Days Inn.

1

Case ID: 190303355
Control No.: 19041986

3.    The Days Inn hereby joins in, incorporates and asserts the Preliminary Objections of Co-defendants.

**WHEREFORE**, defendants, 4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn, hereby respectfully request that their Joinder in the Preliminary Objections of Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, and UFVS Management Company, LLC, to Plaintiff's Complaint be sustained.

**McCORMICK & PRIORE, P.C.**

BY:    */s/ Philip D. Priore*
Philip D. Priore, Esquire
Brian J. Callahan, Esquire
Attorney for Defendants,
4200 Roosevelt, LLC and 4200 Rose
Hospitality, LLC d/b/a Days Inn

Dated:  5/7/19

2

**McCORMICK & PRIORE, P.C.**
By:      Philip D. Priore, Esquire
         Brian J. Callahan, Esquire
Attorney ID #38987/200815
Four Penn Center
1600 JFK Blvd., Suite 800
Philadelphia, PA 19103
T: 215-972-0161
F: 215-972-5580
ppriore@mccormickpriore.com
bcallahan@mccormickpriore.com

Attorneys for Defendants,
4200 Roosevelt LLC and
4200 Rose Hospitality LLC
d/b/a Days Inn

|  |  |  |
|---|---|---|
| C.A. | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
| vs. | : |  |
|  | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ET AL. | : | NO. 3355 |
|  | : |  |

## MEMORANDUM OF LAW IN SUPPORT OF THE JOINDER OF DEFENDANTS, 4200 ROOSEVELT, LLC AND 4200 ROSE HOSPITALITY, LLC D/B/A DAYS INN, IN THE PRELIMINARY OBJECTIONS OF DEFENDANTS, ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, AND UFVS MANAGEMENT COMPANY, LLC

**I.      MATTER BEFORE THE COURT**

In support of their Joinder in the Preliminary Objections of defendants, Roosevelt Inn LLC

d/b/a Roosevelt Inn, Roosevelt Motor Inn, and UFVS Management Company, LLC (hereafter

collectively referred to a as "Co-defendants"), defendants, 4200 Roosevelt, LLC and 4200 Rose

Hospitality, LLC d/b/a Days Inn (hereafter collectively referred to as "the Days Inn") hereby

submit this Memorandum of Law.

**II.     QUESTIONS PRESENTED**

1.      Should all claims for punitive damages against the Days Inn be dismissed with

prejudice, for the reasons set forth in the Preliminary Objections of Co-defendants?

   **Proposed Answer**: Yes.

1

Case ID: 190303355
Control No.: 19041986

2.     Should paragraphs 48, 50, 52-67 be stricken from the Complaint, for the reasons set forth in the Preliminary Objections of Co-defendants?

**Proposed Answer**: Yes.

## III.     FACTS

The Days Inn hereby incorporates and asserts the pertinent facts contained in Co-defendants' Memorandum of Law in support of their Preliminary Objections to plaintiff's Complaint.

## IV.     LEGAL ARGUMENT

The Days Inn hereby incorporates and asserts the arguments contained in Co-defendants' Memorandum of Law in support of their Preliminary Objections. The arguments set forth therein equally apply to the Days Inn.

## V.     CONCLUSION

For the reasons set forth in the Preliminary Objections of Co-defendants, incorporated herein by the Days Inn, the Days Inn respectfully requests that its Joinder in Co-defendants' Preliminary Objections be sustained.

**McCORMICK & PRIORE, P.C.**

BY:   _/s/ Philip D. Priore_
        Philip D. Priore, Esquire
        Brian J. Callahan, Esquire
        Attorney for Defendants,
        4200 Roosevelt, LLC and 4200 Rose
        Hospitality, LLC d/b/a Days Inn

Dated: 5/7/19

2

Case ID: 190303355
Control No.: 19041986

**McCORMICK & PRIORE, P.C.**
By:   Philip D. Priore, Esquire
       Brian J. Callahan, Esquire
Attorney ID #38987/200815
Four Penn Center
1600 JFK Blvd., Suite 800
Philadelphia, PA  19103
T: 215-972-0161
F: 215-972-5580
ppriore@mccormickpriore.com
bcallahan@mccormickpriore.com

Attorneys for Defendants,
4200 Roosevelt LLC and
4200 Rose Hospitality LLC
d/b/a Days Inn

| | | |
|---|---|---|
| C.A. | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | |
| | : | |
| ROOSEVELT INN LLC, ET AL. | : | MARCH TERM, 2019 |
| | : | NO. 3355 |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

     I, Philip D. Priore, Esquire, hereby certify that on this 7th day of May, 2019, I caused to be served a true and correct copy of the foregoing Joinder in Preliminary Objections, via electronic service and/or first class U.S. First Class mail, postage prepaid, to the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Equire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102
***Attorney for Plaintiffs***

Daniel E. Oberdick, Jr., Esquire
James J. Quinlan, Esquire
Grant S. Palmer, Esquire
Blank Rome LLP
18th & Cherry Streets
One Logan Square, 4th Floor
Philadelphia, PA  19103

**Attorneys for UFVS Management Company, LLC, Roosevelt Motor Inn Inc. and Roosevelt Inn LLC**

                        ***/s/Philip D. Priore***
                        Philip D. Priore, Esquire

# EXHIBIT "A"

Case ID: 190303355
Control No.: 19041986

C.A.,                                    :   COURT OF COMMON PLEAS
                                         :   PHILADELPHIA COUNTY
                Plaintiff                :
                                         :   CIVIL TRIAL DIVISION
        v.                               :
                                         :   MARCH TERM, 2019
ROOSEVELT INN LLC                        :   NO. 3355
d/b/a ROOSEVELT INN, et al.,             :
                                         :   JURY TRIAL DEMANDED
                Defendants.              :

*Confirmed and attested by the Office of Judicial Records 15 APR 2019 06:05 pm M. RUSSO*

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's Preliminary Objections to Plaintiff's Complaint, and any response thereto, it is hereby ORDERED and DECREED that said Preliminary Objections are sustained in their entirety. It is FURTHER ORDERED:

1. Plaintiff's demand for punitive damages is stricken; and

2. Paragraphs 48, 50, 52 – 67 are dismissed for lack of specificity.

**BY THE COURT:**

_____
                                                        J.

150213.00601/119000154v.1

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
Philadelphia, PA 19103-6998
Fax: (215) 569-5555
Tel.: (215) 569-5500
Email: palmer@blankrome.com
quinlan@blankrome.com
doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn*
*Roosevelt Motor Inn, Inc. and*
*UFVS Management Company, LLC*

*/s Grant S. Palmer*
_____

*You are hereby notified to file a written response to Defendants Roosevelt Inn LLC d/b/a  Roosevelt Inn Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's Preliminary Objections to Plaintiff's Complaint within twenty (20) days of service hereof or a judgment may be entered against you.*

| | |
|---|---|
| C.A.,<br><br>          Plaintiff<br><br>   v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN, et al.,<br><br>        Defendants. | :   COURT OF COMMON PLEAS<br>:   PHILADELPHIA COUNTY<br>:<br>:   CIVIL TRIAL DIVISION<br>:<br>:   MARCH TERM, 2019<br>:   NO. 3355<br>:<br>:   JURY TRIAL DEMANDED<br>: |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and

UFVS Management Company, LLC (the "Roosevelt Defendants"), by their undersigned counsel,

hereby file the instant Preliminary Objections to Plaintiff C.A.'s ("Plaintiff") Complaint.

> **A.**    **Factual and Procedural Background**

1.     Plaintiff C.A. ("Plaintiff") alleges that from 2012 – 2013, she was the victim of

underage human sex trafficking, having been trafficked at various hotels throughout

Philadelphia.

150213.00601/119000154v.1

2.    Plaintiff commenced this civil action on March 27, 2019 asserting negligence claims related to her allegations of underage human sex trafficking against the Roosevelt Defendants, as well as Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality LLC, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel Management, Inc., North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management Services. *See* Plaintiff's Complaint attached as Exhibit "A."

3.    Plaintiff's Complaint, which indiscriminately lumps all the hotel defendants together without any specificity whatsoever, alleges that the Roosevelt Defendants had actual or constructive knowledge that human trafficking was occurring on their premises and that they failed to report or otherwise stop Plaintiff from being trafficked. *Id.* at ¶90.

4.    In three separate Counts (Counts I, IV and VII), Plaintiff claims that the Roosevelt Defendants, individually and through their agents, acted in an outrageous and reckless manner, warranting the imposition of punitive damages.

5.    However, Plaintiff's Complaint does not contain the factual specificity required by Pennsylvania law to place the Roosevelt Defendants on notice of the claims Plaintiff has asserted.

6.    For these reasons, the Roosevelt Defendants file the instant Preliminary Objections seeking dismissal of Plaintiff's legally insufficient allegations.

7.    Pa.R.Civ.P. 1028 permits a party to file preliminary objections for: (1) a pleading's failure to conform to law or rule of court; (2) insufficient specificity in a pleading; and (3) legal insufficiency of a pleading. *See* Pa.R.Civ.P. 1028(a) *et. seq.* Preliminary objections are properly granted when the pleadings are legally insufficient for one or more of the reasons

2

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

enumerated in Pa.R.Civ.P. 1028(a). *See Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 764 (Pa. Super. 1999).

8.      Instantly, Plaintiff's claims for punitive damages and non-specific allegations that fail to distinguish between the actions of the various hotel defendants must be stricken.

**B.    Preliminary Objection to Strike Plaintiff's Demands for Punitive Damages Pursuant to Pa.R.Civ.P. 1028(a)(2) and Pa.R.Civ.P. 1028(a)(4)**

9.      The *ad damnum* clauses in Counts I, IV, and VII of the Complaint seek punitive damages from the Roosevelt Defendants without alleging conduct sufficient to support Plaintiff's claims.

10.     Under Pennsylvania law, a Plaintiff must support a demand for punitive damages by alleging specific conduct that is outrageous in nature and that demonstrates intentional, willful, wanton or reckless behavior. *Pittsburgh Outdoor Adv. Co. v. Virginia Manor Apts., Inc.*, 260 A.2d 801 (Pa. 1970); *see also SHV Coal v. Continental Grain*, 587 A.2d 702 (Pa. 1991).

11.     Plaintiff's allegations of "recklessness" throughout the Complaint are insufficient because Plaintiff fails to allege anything other than inadvertent or careless conduct which amounts to nothing more than mere negligence. *See* Complaint, Exhibit "A."

12.     While "recklessness" may be generally averred pursuant to Pa.R.Civ.P. 1019, the Complaint alleges only that Roosevelt Defendants "had a duty to take precautions against reasonably anticipated criminal conduct by third parties" and that the Roosevelt Defendants breached that duty by failing to protect Plaintiff because the Roosevelt Defendants "knew or should have known, that adults working as sex traffickers were causing … Plaintiff … to be sexually exploited[.] *See, e.g., id.* at ¶¶ 105; 106; 108.

3

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

13.     Plaintiff's allegations amount to nothing more than claims of simple negligence because they fail to suggest the evil motive or reckless indifference needed to factually support a claim for punitive damages.

14.     Pennsylvania law is clear that allegations of negligent or even grossly negligent conduct are insufficient to support a claim for punitive damages. *Feld v. Merrian*, 485 A.2d 742 (Pa. 1984); *see also Schock v. T.J. Care, Inc.*, 65 Pa. D.&C. 4th 517 (CCP Fayette Co. 2004).

15.     Plaintiff's Complaint alleges no facts to support that the Roosevelt Defendants acted outrageously, with indifference or conscious disregard, or with a motive toward the Plaintiff, which is required to support an award of punitive damages.

16.     It is therefore respectfully requested that the Court strike Plaintiff's punitive damage claims.

C.     **Preliminary Objection to Strike Plaintiffs' Allegations for Lack of Specificity Pursuant to Pa.R.Civ.P. 1028(a)(2) and 1028(a)(3)**

17.     Plaintiff's Complaint is also deficient for failing to set forth allegations with the specificity required by Pennsylvania law.  Pa.R.Civ.P 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

18.     Further, the Pennsylvania Supreme Court has recognized that bald, conclusory allegations that a defendant was "otherwise negligent," or some similarly vague, indefinite and non-specific allegation is objectionable on its face and a defendant may move to strike such insufficient statements. *See Connor v. Allegheny General Hospital*, 461 A.2d 600 fn. 3 (Pa. Super. 1983).

19.     Pennsylvania law is clear that "[a] complaint must not only give the defendant notice of what the plaintiffs' claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim." *Alpha Tau*

4

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

*Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. 1983) (citations omitted); *see also Cassell v. Shellenberger*, 514 A.2d 163, 165 (Pa. Super. 1986). Plaintiff's Complaint fails this basic standard.

20.     Numerous allegations in Plaintiffs' Complaint lack the specificity required to place the Roosevelt Defendants on notice of what Plaintiff's claims are and upon what grounds she bases those claims and instead repeatedly lumps the hotel defendants together throughout her Complaint.

21.     Specifically, throughout eighteen (18) separate averments, Plaintiff ascribes the exact same actions and course of conduct to all the hotel defendants and fails to allege facts specific to any one hotel defendant. *See, e.g.* Exhibit "A" at ¶¶ 53; 55. (claiming "Plaintiff engaged in numerous sex act 'dates' per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns" and stating that "[t]he hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana").

22.     In other instances, Plaintiff appears to concede that certain allegations do not apply to every hotel. *See, e.g., id.* at ¶ 57 (by alleging "[h]ousekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts" Plaintiff seems to suggest that she was not trafficked at the Days Inn and North American Motor Inns, despite the plethora of allegations that suggest otherwise).

23.     Ultimately, Paragraphs 48, 50, 52 – 67 of Plaintiff's Complaint fails to set forth facts particular to any one of the individual hotel defendants.

5

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

24.     Instead, Plaintiff asks the Roosevelt Defendants to respond to overbroad, generalized allegations collectively asserted against all hotel defendants without providing material facts upon which Plaintiff's cause of action against the Roosevelt Defendants is based, in violation of Pennsylvania law. *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. 1983) (citations omitted); *see also Cassell v. Shellenberger*, 514 A.2d 163, 165 (Pa. Super. 1986).

25.     Plaintiff's allegations in the aforementioned paragraphs are therefore insufficiently pled and must be stricken pursuant to Pa.R.C.P. 1028(a)(2) and (3) and applicable case law.

WHEREFORE, Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC respectfully request that this Honorable Court sustain their Preliminary Objections and enter the attached Order.

Respectfully Submitted,

**BLANK ROME LLP**

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5500

Dated: April 15, 2019

6

150213.00601/119000154v.1

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
Philadelphia, PA 19103-6998
Fax: (215) 569-5555
Tel.: (215) 569-5500
Email: palmer@blankrome.com
quinlan@blankrome.com
doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn*
*Roosevelt Motor Inn, Inc. and*
*UFVS Management Company, LLC*


*/s Grant S. Palmer*

*You are hereby notified to file a written response to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's Preliminary Objections to Plaintiff's Complaint within twenty (20) days of service hereof or a judgment may be entered against you.*

| | |
|---|---|
| C.A.,<br><br>Plaintiff<br><br>v.<br><br>ROOSEVELT INN LLC<br>d/b/a ROOSEVELT INN, et al.,<br><br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL TRIAL DIVISION<br><br>MARCH TERM, 2019<br>NO. 3355<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's (the "Roosevelt Defendants"), by their undersigned counsel, hereby submit this Memorandum of Law in Support of their Preliminary Objections to Plaintiff's Complaint.

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

## I.   MATTER BEFORE THE COURT

The matter before the Court is the Roosevelt Defendants' Preliminary Objections to strike Plaintiff's demand for punitive damages and to strike paragraphs 48, 50, 52 – 67 for lack of specificity.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff C.A. ("Plaintiff") alleges from 2012 – 2013, she was the victim of underage human sex trafficking, having been trafficked at various hotels throughout Philadelphia. Plaintiff commenced this civil action on March 27, 2019 asserting negligence claims related to her allegations of underage human sex trafficking against the Roosevelt Defendants, as well as Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality LLC, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel Management, Inc., North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management Services. *See* Plaintiff's Complaint attached as Exhibit "A."

Plaintiff's Complaint, which indiscriminately lumps all the hotel defendants together without any specificity whatsoever, alleges that the Roosevelt Defendants had actual or constructive knowledge that human trafficking was occurring on their premises and that they failed to report or otherwise stop Plaintiff from being trafficked. *Id.* at ¶90. In three separate Counts (Counts I, IV and VII), Plaintiff claims that the Roosevelt Defendants, individually and through their agents, acted in an outrageous and reckless manner, warranting the imposition of punitive damages. However, Plaintiff's Complaint does not contain the factual specificity required by Pennsylvania law to place the Roosevelt Defendants on notice of the claims Plaintiff has asserted. For these reasons, The Roosevelt Defendants file the instant Preliminary Objections seeking dismissal of Plaintiff's legally insufficient allegations.

2

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

### III.   QUESTION INVOLVED

1.   Should Plaintiff's punitive damage claims be stricken where such claims are prejudicial, vague, non-factual and conclusory?

SUGGESTED ANSWER: Yes

2.   Should Plaintiff's insufficiently specific allegations be dismissed where said allegations indiscriminately lump all the hotel defendants together such that the Roosevelt Defendants are unable to determine what Plaintiff's claims are?

SUGGESTED ANSWER: Yes

### IV.   ARGUMENT

#### A.   Standard

A party must formulate the issues in a case by summarizing the facts necessary to support his or her claims in a concise manner. *See* Pa.R.Civ.P. 1019(a).   However, a Complaint will only satisfy Pennsylvania's stringent fact pleading requirements when the Complaint (1) contains averments of all facts the plaintiff must prove in order to recover and, (2) is sufficiently specific so as to enable the party served with the Complaint to prepare a defense. *See, e.g.,* Pa.R.Civ.P. 1019(a); *Commonwealth Dep't of Transp. V. Shipley Humble Oil Co.,* 370 A.2d 438 (Pa. Commw. 1977); *General State Authority v. Sutter Corp.,* 256 A.2d 377 (Pa. Commw. 1976). The sufficiency of a Complaint is governed by the facts alleged therein and the Plaintiff is not relieved of her duty to plead material facts simply because the adverse party has knowledge of those facts. *See Gross v. United Engineers and Constructors,* 302 A.2d 413 (Pa. Super. 1973).

Pa.R.Civ.P. 1028 permits a party to file preliminary objections for: (1) a pleading's failure to conform to law or rule of court; (2) insufficient specificity in a pleading; and (3) legal insufficiency of a pleading. *See* Pa.R.Civ.P. 1028(a) *et. seq.* Preliminary objections are properly

3

150213.00601/119000154v.1

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

granted when the pleadings are legally insufficient for one or more of the reasons enumerated in Pa.R.Civ.P. 1028(a). *See Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 764 (Pa. Super. 1999).

Instantly, Plaintiff's claims for punitive damages and non-specific allegations that fail to distinguish between the actions of the various hotel defendants must be stricken.

**B.    Preliminary Objection to Strike Plaintiff's Demands for Punitive Damages Pursuant to Pa.R.Civ.P. 1028(a)(2) and Pa.R.Civ.P. 1028(a)(4)**

The *ad damnum* clauses in Counts I, IV, and VII of the Complaint seek punitive damages from the Roosevelt Defendants without alleging conduct sufficient to support Plaintiff's claims. Under Pennsylvania law, a Plaintiff must support a demand for punitive damages by alleging specific conduct that is outrageous in nature and that demonstrates intentional, willful, wanton or reckless behavior. *Pittsburgh Outdoor Adv. Co. v. Virginia Manor Apts., Inc.*, 260 A.2d 801 (Pa. 1970); *see also SHV Coal v. Continental Grain*, 587 A.2d 702 (Pa. 1991). Plaintiff's allegations of "recklessness" throughout the Complaint are insufficient because Plaintiff fails to allege anything other than inadvertent or careless conduct which amounts to nothing more than mere negligence. *See* Complaint, Exhibit "A."

While "recklessness" may be generally averred pursuant to Pa.R.Civ.P. 1019, the Complaint alleges only that Roosevelt Defendants "had a duty to take precautions against reasonably anticipated criminal conduct by third parties" and that the Roosevelt Defendants breached that duty by failing to protect Plaintiff because the Roosevelt Defendants "knew or should have known, that adults working as sex traffickers were causing … Plaintiff … to be sexually exploited[.] *See, e.g., id.* at ¶¶ 105; 106; 108. Plaintiff's allegations amount to nothing more than claims of simple negligence because they fail to suggest the evil motive or reckless indifference needed to factually support a claim for punitive damages. Pennsylvania law is clear that allegations of negligent or even grossly negligent conduct are insufficient to support a claim

4

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

for punitive damages. *Feld v. Merrian*, 485 A.2d 742 (Pa. 1984); *see also Schock v. T.J. Care, Inc.*, 65 Pa. D.&C. 4th 517 (CCP Fayette Co. 2004).

Plaintiff's Complaint alleges no facts to support that the Roosevelt Defendants acted outrageously, with indifference or conscious disregard, or with a motive toward the Plaintiff, which is required to support an award of punitive damages. It is therefore respectfully requested that the Court strike Plaintiff's punitive damage claims.

### C. Preliminary Objection to Strike Plaintiffs' Allegations for Lack of Specificity Pursuant to Pa.R.Civ.P. 1028(a)(2) and 1028(a)(3)

Plaintiff's Complaint is also deficient for failing to set forth allegations with the specificity required by Pennsylvania law. Pa.R.Civ.P 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Further, the Pennsylvania Supreme Court has recognized that bald, conclusory allegations that a defendant was "otherwise negligent," or some similarly vague, indefinite and non-specific allegation is objectionable on its face and a defendant may move to strike such insufficient statements. *See Connor v. Allegheny General Hospital*, 461 A.2d 600 fn. 3 (Pa. Super. 1983). Pennsylvania law is clear that "[a] complaint must not only give the defendant notice of what the plaintiffs' claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim." *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa. Super. 1983) (citations omitted); *see also Cassell v. Shellenberger*, 514 A.2d 163, 165 (Pa. Super. 1986). Plaintiff's Complaint fails this basic standard.

Numerous allegations in Plaintiffs' Complaint lack the specificity required to place the Roosevelt Defendants on notice of what Plaintiff's claims are and upon what grounds she bases those claims, and instead repeatedly lumps the hotel defendants together throughout her

5

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

Complaint.    Specifically, throughout eighteen (18) separate averments, Plaintiff ascribes the exact same actions and course of conduct to all the hotel defendants and fails to allege facts specific to any one hotel defendant.  *See, e.g.* Exhibit "A" at ¶¶ 53; 55. (claiming "Plaintiff engaged in numerous sex act 'dates' per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns" and stating that "[t]he hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana").

In other instances, Plaintiff appears to concede that certain allegations do not apply to every hotel.  *See, e.g., id.* at ¶ 57 (by alleging "[h]ousekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts" Plaintiff seems to suggest that she was not trafficked at the Days Inn and North American Motor Inns, despite the plethora of allegations that suggest otherwise).  Ultimately, Paragraphs 48, 50, 52 – 67 of Plaintiff's Complaint fails to set forth facts particular to any one of the individual hotel defendants.  Instead, Plaintiff asks the Roosevelt Defendants to respond to overbroad, generalized allegations collectively asserted against all hotel defendants without providing material facts upon which Plaintiff's cause of action against the Roosevelt Defendants is based, in violation of Pennsylvania law. *Alpha Tau Omega Fraternity v. University of Pennsylvania,* 464 A.2d 1349, 1352 (Pa. Super. 1983) (citations omitted); *see also Cassell v. Shellenberger,* 514 A.2d 163, 165 (Pa. Super. 1986).  Plaintiff's allegations in the aforementioned paragraphs are therefore insufficiently pled and must be stricken pursuant to Pa.R.C.P. 1028(a)(2) and (3) and applicable case law.

6

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

## V.   RELIEF REQUESTED

The Roosevelt Defendants respectfully request that this Court sustain their Preliminary Objections and enter the proposed order.

Respectfully Submitted,

**BLANK ROME LLP**

*/s/ Grant S. Palmer*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
(215) 569-5500

Dated: April 15, 2019

7

Case ID: 190303355
Control No.: 19041986
Case ID: 190303355
Control No.: 19041986

# Exhibit A

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

03/28/2019 9:59AM FAX                                              ☑0001/0047

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff C.A.*



Filed and Attested by the
Office of Judicial Records
27 [illegible] am

| | |
|---|---|
| C.A. | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | COURT OF COMMON PLEAS |
| 1525 Locust Street | |
| Philadelphia, PA 19102 | CIVIL TRIAL DIVISION |
| | FEBRUARY TERM, 2019 |
| *Plaintiff,* | NO.: |
| v. | JURY TRIAL DEMANDED |

ROOSEVELT INN LLC and
ROOSEVELT INN LLC d/b/a/
ROOSEVELT INN
7630 Roosevelt Boulevard
Philadelphia, PA 19152

and

ROOSEVELT MOTOR INN, INC.
7630 Roosevelt Boulevard
Philadelphia, PA 19152

and

UFVS MANAGEMENT COMPANY, LLC
287 Bowman Avenue
Purchase, NY 10577

and

4200 ROOSEVELT LLC and
4200 ROOSEVELT LLC d/b/a
DAYS INN
4200 Roosevelt Boulevard
Philadelphia, PA 19124

and

4200 ROSE HOSPITALITY LLC and
4200 ROSE HOSPITALITY d/b/a
DAYS INN
4200 Roosevelt Boulevard
Philadelphia, PA 19124

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

and

DAYS INN
4200 Roosevelt Boulevard
Philadelphia PA 19124

and

SURATI MANAGEMENT GROUP
121 Drew Drive
Langhorne, PA 19053

and

DAYS INN BY WYNDHAM d/b/a DAYS INN
4200 Roosevelt Boulevard
Philadelphia, PA 19124

and

WYNDHAM WORLDWIDE CORPORATION
22 Sylvan Way
Parsippany, NJ 07054

and

WYNDHAM HOTEL GROUP, LLC
22 Sylvan Way
Parsippany, NJ 07054

and

WYNDHAM HOTELS AND RESORTS, LLC
22 Sylvan Way
Parsippany, NJ 07054

and

WYNDHAM HOTEL MANAGEMENT, INC.
22 Sylvan Way
Parsippany, NJ 07054

and

NORTH AMERICAN MOTOR INNS, INC. d/b/a
NORTH AMERICAN MOTOR INNS
4444 City Avenue
Philadelphia, Pennsylvania 19131

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

03/28/2019 8:59AM  FAX                                              ☑0003/0047

and

RAMARA, INC.
1003 Spruce Street
Philadelphia, PA 19107

and

ASHOKA INVESTMENTS & MANAGEMEMT
SERVICES
27 A Iris Avenue
San Francisco, CA 94118

*Defendants*

---

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYERS REFERENCE SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

SERVICIO de REFERENCIA LEGAL
Uno Reading Centro
Filadelfia, PA 19107
Telefono: (215) 238-6333
TTY (215) 451-6197

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

03/28/2019 9:59AM FAX                                                  ☑0004/0047

KLINE & SPECTER, P.C.                          *Attorneys for Plaintiff C.A.*
BY:   THOMAS R. KLINE, ESQUIRE/28895
      NADEEM A. BEZAR, ESQUIRE/63577
      EMILY B. MARKS, ESQUIRE/204405
      KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

C.A.                                          :  PHILADELPHIA COUNTY
c/o Kline & Specter, P.C.                     :  COURT OF COMMON PLEAS
1525 Locust Street                            :
Philadelphia, PA 19102                        :  CIVIL TRIAL DIVISION
                          *Plaintiff,*        :  FEBRUARY TERM, 2019
                                              :  NO.:
              v.                              :
                                              :  JURY TRIAL DEMANDED
ROOSEVELT INN LLC and                         :
ROOSEVELT INN LLC d/b/a/                      :
ROOSEVELT INN                                 :
7630 Roosevelt Boulevard                      :
Philadelphia, PA 19152                        :
                                              :
         and                                  :
                                              :
ROOSEVELT MOTOR INN, INC.                     :
7630 Roosevelt Boulevard                      :
Philadelphia, PA 19152                        :
                                              :
         and                                  :
                                              :
UFVS MANAGEMENT COMPANY, LLC                  :
287 Bowman Avenue                             :
Purchase, NY 10577                            :
                                              :
         and                                  :
                                              :
4200 ROOSEVELT LLC and                        :
4200 ROOSEVELT LLC d/b/a                      :
DAYS INN                                      :
4200 Roosevelt Boulevard                      :
Philadelphia, PA 19124                        :
                                              :
         and                                  :

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

0005/0047

4200 ROSE HOSPITALITY LLC and                      :
4200 ROSE HOSPITALITY d/b/a                        :
DAYS INN                                           :
4200 Roosevelt Boulevard                           :
Philadelphia, PA 19124                             :
                                                   :
        and                                        :
                                                   :
DAYS INN                                           :
4200 Roosevelt Boulevard                           :
Philadelphia, PA 19124                             :
                                                   :
        and                                        :
                                                   :
SURATI MANAGEMENT GROUP                            :
121 Drew Drive                                     :
Langhorne, PA 19053                                :
                                                   :
        and                                        :
                                                   :
DAYS INN BY WYNDHAM d/b/a                           :
DAYS INN                                            :
4200 Roosevelt Boulevard                           :
Philadelphia, PA 19124                             :
                                                   :
        and                                        :
                                                   :
WYNDHAM WORLDWIDE CORPORATION                       :
22 Sylvan Way                                      :
Parsippany, NJ 07054                               :
                                                   :
        and                                        :
                                                   :
WYNDHAM HOTEL GROUP, LLC                            :
22 Sylvan Way                                      :
Parsippany, NJ 07054                               :
                                                   :
        and                                        :
                                                   :
WYNDHAM HOTELS AND RESORTS, LLC                     :
22 Sylvan Way                                      :
Parsippany, NJ 07054                               :
                                                   :
        and                                        :

2

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

03/28/2019 10:00AM FAX                                                    ☑0008/0047

WYNDHAM HOTEL MANAGEMENT, INC.         :
22 Sylvan Way                          :
Parsippany, NJ 07054                   :
                                       :
        and                            :
                                       :
NORTH AMERICAN MOTOR INNS, INC. d/b/a  :
NORTH AMERICAN MOTOR INNS              :
4444 City Avenue                       :
Philadelphia, Pennsylvania 19131       :
                                       :
        and                            :
                                       :
RAMARA, INC.                           :
1003 Spruce Street                     :
Philadelphia, PA 19107                 :
                                       :
        and                            :
                                       :
ASHOKA INVESTMENTS & MANAGEMENT        :
SERVICES                               :
27 A Iris Avenue                       :
San Francisco, CA 94118                :
                                       :
                        *Defendants*   :

## COMPLAINT

### PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern-day slavery that exists throughout the
United States.

2.      Human trafficking is a global multi-billion dollar enterprise that affects nearly
every single country.

3.      Women and girls are disproportionately affected by human sex trafficking and
account for the vast majority of victims in commercial sex trafficking.

4.      Globally, there are approximately 5 million people trapped in forced sexual
exploitation. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

3

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

03/28/2019 10:00AM FAX                                                          ☒0007/0047

5.      The hospitality industry, and hotels specifically, owe a duty to provide a safe premise for their guests and must protect them against reasonably anticipated conduct.

6.      Hotels and motels are frequented for both sex and labor trafficking business operations.

7.      The National Human Trafficking Hotline recorded 3,596 cases of human trafficking involving a hotel or motel from 2007 through 2017.

**THE PARTIES**

8.      Plaintiff, C.A. was born on May 1, 1996 and is one of the thousands of victims of human trafficking and being victimized in hotels / motels across the United States.

9.      From 2012 through 2013, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania. Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, and Kyle B. Nocho, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

10.     Plaintiff's name and address are not contained in this Complaint to protect the privacy and identity of Plaintiff who incurred injuries and damages when she was a minor.

11.     Defendant Roosevelt Inn LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter "Roosevelt Inn"].

12.     Defendant Roosevelt Motor Inn, Inc. [hereinafter referred to as "Roosevelt Motor Inn"] is a corporation duly organized and existing under the laws of the Commonwealth of

4

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

13.     Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company, LLC owned, operated and/or managed the Roosevelt Inn. Defendant UFVS Management Company, LLC oversees the operation of the Roosevelt Inn including the hiring of employees.

14.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Roosevelt Inn. Accordingly, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC are liable for the acts and/or omissions of their agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

15.     Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn [hereinafter referred to as "4200 Roosevelt"] is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant 4200 Roosevelt LLC owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124 [hereinafter "Days Inn"].

16.     Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn [hereinafter referred to as "Rose Hospitality"] is a limited liability company duly organized

Case ID: 190303355

and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant 4200 Rose Hospitality, owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

17.     Defendant Days Inn is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Days Inn owned operated and/or managed the Days Inn.

18.     Defendant Surati Management Group is a company duly organized and existing under the laws under the Commonwealth of Pennsylvania with a principal business address located at 121 Drew Lane, Langhorne, PA 19053. At all material times hereto, Defendant Surati Management Group owned, operated and/or managed the Days Inn.

19.     Defendant Days Inns d/b/a Days Inn by Wyndham [hereinafter referred to as "Days Inn by Wyndham"] is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124. At all material times hereto, Defendant Days Inn d/b/a Days Inn by Wyndham owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

20.     Defendant Wyndham Worldwide Corporation is a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Worldwide Corporation owned, operated or managed the Days Inn.

21.     Defendant Wyndham Hotel Group, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant

6

Wyndham Hotel Group, LLC owned, operated or managed the Days Inn.

22.    Defendant Wyndham Hotels and Resorts, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotels and Resorts, LLC owned, operated or managed the Days Inn.

23.    Defendant Wyndham Hotel Management, Inc. is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotel Management, Inc. owned, operated or managed the Days Inn.

24.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. made up a corporate structure that consisted of parent entities, parent corporations, associated or affiliated corporations, member corporations and/or subsidiary corporations.

25.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Days Inn. Accordingly, Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. are liable for the acts and/or omissions of their

7

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

03/28/2019 10:00AM FAX                                                          ☎0011/0047

agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

26.    Defendant North American Motor Inns, Inc. d/b/a North American Motor Inns [hereinafter referred to as "North American Motor Inns"] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant North American Motor Inns, Inc. owned, operated or managed the North American Motor Inns located at 4444 City Avenue, Philadelphia, PA 19137.

27.    Defendant Ramara, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1003 Spruce Street, Philadelphia PA 19107. At all material times hereto, Defendant Ramara, Inc. owned, operated and/or managed the North American Motor Inns.

28.    Defendant Ashoka Investment & Management Services is a company duly organized and existing under the laws of the State of California with a principal place of business located at 27 A. Iris Avenue, San Francisco, CA 94118. At all material times hereto, Ashoka Investment & Management Services owned, operated and/or managed the North American Motor Inns.

29.    Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the North American Motor Inns. Accordingly, Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management are liable for the acts and/or omissions of their agents, servants and/or employees

8

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

✉0012/0047

under the theories of agency, master servant, respondeat superior and/or right of control.

30.    Venue is appropriate in this case because all the Defendants regularly conduct business in Philadelphia County.

31.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

32.    At all times material hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Days Inn where they worked.

33.    At all material times hereto, North American Motor Inns, Inc, Ramara, Inc. and Ashoka Investment & Management individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the North American Motor Inns where they worked.

34.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

35.    At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation,

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Days Inn and instead permitted heinous and unspeakable acts to occur.

36.    At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the North American Motor Inns and instead permitted heinous and unspeakable acts to occur.

37.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

38.    At all times material hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Days Inn.

39.    At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the North American Motor Inns.

40.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers financially

10

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

41.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the Days Inn.

42.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the North American Motor Inns.

## OPERATIVE FACTS

43.     Pennsylvania has long held that hotel and motel owners are liable for the reasonably anticipated harm that may occur to their guests from third persons. *Moran v. Valley Forge Drive-In Theater, Inc.*, 246 A.2d 875, 879 (Pa. 1968)

44.     This principle has been reinforced in more modern Pennsylvania cases. *See Rabutino, Admin. of the Estate of William Impagliazzo v. Freedom State Realty Co., Inc., et al.*, 809 A.2d 933, 942 (Pa. Super. 2002) (holding that owner and operator of hotel owed a duty of care to 19-year-old who was shot and killed during party inside room because such conduct was a reasonably anticipated event).

45.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

11

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

46.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Days Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

47.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the North American Motor Inns to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

48.     Beginning in 2012, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers at the Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular, consistent and/or repeated basis.

49.     Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Plaintiff.

50.     These advertisements often included both the name and address of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

51.     The advertisements included a fake name for Plaintiff and a phone number to call.

52.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

53.     Plaintiff engaged in numerous commercial sex act "dates" per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

12

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

54.    Plaintiff's traffickers would remain on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

55.    The hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

56.    Plaintiff was accompanied by men while on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

57.    Housekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

58.    Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

59.    Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

60.    Plaintiff's traffickers paid cash for the hotel rooms where Plaintiff engaged in commercial sex acts.

61.    Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the hotel room where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

62.    Men and others frequently entered and left the rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff engaged in commercial sex acts.

63.    Men walked the hallways at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff was engaged in commercial sex acts.

13

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

64.   Plaintiff had extended stays at the Roosevelt Inn, the Days Inn, and the North American Motor Inns with few or no personal possessions and was left in the room for long periods of time.  The rooms for these extended stays were paid for with cash on a day to days basis.

65.   Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

66.   Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

67.   Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the hotel rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

68.   In 2013, Plaintiff was rescued from the Days Inn following an investigation by the FBI based on internet advertisements of Plaintiff promoting prostitution.

69.   Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

70.   Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the

14

Plaintiff.

71.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

72.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

73.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers exploiting Plaintiff at the Days Inn.

74.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers exploiting Plaintiff at the North American Motor Inns.

75.     Plaintiff, as a hotel guest, was a business invitee of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC.

76.     Plaintiff, as a hotel guess, was also a business invitee of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.

77.     Plaintiff, as a hotel guest, was also a business invitee of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services.

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

78.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

79.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

80.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

81.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

82.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

16

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

83.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

84.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

85.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

86.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

87.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

88.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel

17

Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

89.    Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

90.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

91.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

92.    Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

18

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

otherwise stop the human sex trafficking of Plaintiff.

93.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

94.     By negligently allowing the Plaintiff's harm to occur, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

95.     By negligently allowing the Plaintiff's harm to occur, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

96.     By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene,

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

97. By renting rooms to individuals sex trafficking Plaintiff, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Days Inn.

98. By renting rooms to individuals sex trafficking the Plaintiff, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the North American Motor Inns.

99. By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

100. By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

20

101. By renting rooms to individuals sex trafficking the Plaintiff for commercial sex acts, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC.

102. The averments of Paragraphs 1 through 101 are incorporated herein by reference.

103. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Roosevelt Inn.

104. Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

105. Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

03/28/2019 10:02AM FAX                                                    ☒0025/0047

human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

106.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS
Management Company, LLC, individually and/or by and through their actual or apparent agents,
servants and employees, breached the foregoing duties because they knew, or should have known,
that persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, could be victimized
by, or subjected to, criminal activities on the premises that would likely endanger their health,
safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew,
or should have known, that adults working as sex traffickers were causing, by any means, minors,
including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

107.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management
Company, LLC, individually and/or by and through their actual or apparent agents, servants and
employees, should have reasonably anticipated that it was reasonably foreseeable from their
knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including
Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes
perpetrated by third parties on the premises of the Roosevelt Inn.

108.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management
Company, LLC, individually and/or by and through their actual or apparent agents, servants and
employees, failed or refused to take adequate precautions to protect persons on the premises of the
Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a
reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would
be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons
serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn,

22

Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or

apparent agents, servants and employees consisted of the following:

    a.  Failing to execute and/or implement the established security plan and/or execute
and/or implement any established security plan;

    b.  Failure to publish and/or post orders at the security posts providing protocols for
employees to follow in circumstances involving commercial sexual activity and/or
human sex trafficking;

    c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures,
rules, regulations and/or guidelines concerning protection of individuals lawfully on
the premises;

    d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures,
rules, regulations and/or guidelines concerning removal from the premises of
individuals posing security threats;

    e.  Failing to adequately control access to the premises;

    f.  Failing to prevent entry of unauthorized individuals onto the premises;

    g.  Failing to properly and adequately hire, train and provide ongoing training to
employees including but not limited to ongoing training involving recognizing,
preventing and responding to criminal activity, prostitution and sex trafficking;

    h.  Failing to select and/or retain only personnel competent to provide proper and
adequate professional services;

    i.  Failing to assign experienced security personnel to provide competent guard services
at the Roosevelt Inn;

    j.  Failing to adopt, establish, implement, execute and/or enforce required policies,
procedures, rules, regulations and/or guidelines concerning protection of business
invitees on the premises of the Roosevelt Inn;

    k.  Failing to adopt, establish, implement, execute and/or enforce required policies,
procedures, rules, regulations, and/or guidelines concerning proper security measures
in a hotel setting;

    l.  Failing to adopt, establish, implement, execute and/or enforce required policies,
procedures, rules, regulations, and/or guidelines concerning proper monitoring,
surveillance, and patrolling of the premises;

    m.  Failing to detect and respond to commercial sex activity and human sex trafficking at

<div align="center">23</div>

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

the Roosevelt Inn;

n.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

o.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.  Failing to respond and react to suspicious activity detected on video surveillance;

q.  Failing to maintain surveillance equipment in proper working order;

r.  Failing to test or properly test surveillance equipment to ensure it was in working order;

s.  Failing to utilize appropriate and/or required surveillance equipment;

t.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.  Failing to prevent Plaintiff from being trafficked on the premises;

w.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x.  Failing to exercise care, caution, and diligence required under the circumstances.

109.  By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

110.  As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

111.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS

Management Company, LLC's negligence, Defendants breached its duty to Plaintiff in not

reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt

Inn.

112.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management

Company, LLC acted outrageously and in reckless disregard for the health and welfare of the

Plaintiff warranting the imposition of punitive damages.

WHEREFORE, Plaintiff C.A. demands judgment in her favor and against Defendants

Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, and

demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars

exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT II - NEGLIGENCE

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC.

113.    The averments of Paragraphs 1 through 112 are incorporated herein by reference.

114.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management

Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC,

Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or

by and through their actual or apparent agents, servants and employees, were under a duty to

provide reasonable, adequate, and sufficient security personnel and/or to otherwise take

appropriate steps to ensure the safety and protection of persons lawfully on the premises of the

Days Inn.

115.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati

25

☑0029/0047

Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of the Days Inn's business, should have reasonably anticipated criminal conduct on the part of third parties, including other guests and invitees of the premises of the Days Inn.

116.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Days Inn in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Days Inn.

117.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Days Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex

26

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Days Inn on a repeated basis.

118.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Days Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Days Inn.

119.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experience that persons lawfully on the premises of the Days Inn, such as Plaintiff, would suffer serious bodily injury as a result of being victimized by violent crimes perpetrated by third persons on the premises of the Days Inn.

120.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Days Inn, including Plaintiff, from

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

criminal and violent activities of others, despite a reasonable likelihood that person on the premises

of the Days Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or

violent acts, which could cause such persons serious bodily injury. The negligence of Defendants

4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by

Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels

and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through

their actual or apparent agents, servants and employees consisted of the following:

    a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e.  Failing to adequately control access to the premises;

    f.  Failing to prevent entry of unauthorized individuals onto the premises;

    g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

    h.  Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

    i.  Failing to assign experienced security personnel to provide competent guard services at the Days Inn;

    j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Days Inn;

Case ID: 190303355

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the Days Inn;

n. Failing to conduct adequate surveillance of the premises of the Days Inn;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

121.    By renting rooms to Plaintiff's sex traffickers, Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent

29

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

122.   As a result Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

123.   As a result of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.'s negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Days Inn.

124.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., and demands compensatory and punitive damages

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS AND MANAGEMENT SERVICES

125.    The averments of Paragraphs 1 through 124 are incorporated herein by reference.

126.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the North American Motor Inns.

127.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the North American Motor Inns.

128.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the North American Motor Inns in a manner that did not endanger children or other persons, including Plaintiff. Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the North American Motor Inns.

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

129.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the North American Motor Inns on a repeated basis.

130.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the North American Motor Inns, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the North American Motor Inns.

131.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the North American Motor Inns, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the North American Motor Inns, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of

32

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

0038/0047

Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the North American Motor Inns;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the North American Motor Inns;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

Case ID: 190303355

m.  Failing to detect and respond to commercial sex activity and human sex trafficking at the North American Motor Inns;

n.  Failing to conduct adequate surveillance of the premises of the North American Motor Inns;

o.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.  Failing to respond and react to suspicious activity detected on video surveillance;

q.  Failing to maintain surveillance equipment in proper working order;

r.  Failing to test or properly test surveillance equipment to ensure it was in working order;

s.  Failing to utilize appropriate and/or required surveillance equipment;

t.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.  Failing to prevent Plaintiff from being trafficked on the premises;

w.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x.  Failing to exercise care, caution, and diligence required under the circumstances.

132.  By renting rooms to Plaintiff's sex traffickers, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

133.  As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Plaintiff was caused to suffer physical

34

harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

134.    As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the North American Motor Inns.

135.    Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investments & Management Services acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC

136.    The averments of paragraphs 1 through 135 are incorporated herein by reference.

137.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly & proximately causing harm/damages to Plaintiff.

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

138.   Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC.

139.   The averments of paragraphs 1 through 138 are incorporated herein by reference.

140.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

141.   Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc and demands compensatory and punitive

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., INC., RAMARA, INC. AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

142.    The averments of paragraphs 1 through 141 are incorporated herein by reference.

143.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

144.    Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgement in her favor and against North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC.

145.    The averments of paragraphs 1 through 144 are incorporated herein by reference.

146.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

147.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

148.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

149.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Roosevelt Inn would be victimized by, or subjected to, such criminal and/or violent acts.

150.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Roosevelt Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

151.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VIII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC.

152.    The averments of paragraphs 1 through 151 are incorporated herein by reference.

153.    Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

154.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably

39

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

155.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

156.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Days Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Days Inn would be victimized by, or subjected to, such criminal and/or violent acts.

157.   As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Days Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

158.   Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn,

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

<u>COUNT IX – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION</u>

<u>C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES</u>

159.    The averments of paragraphs 1 through 158 are incorporated herein by reference.

160.    Defendants North American Motor Inns, Inc., North American Motor Inns, Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

161.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

41

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

03/28/2019 10:05AM FAX                                                    ☎0045/0047

162.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

163.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the North American Motor Inns would be victimized by, or subjected to, such criminal and/or violent acts.

164.   As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the North American Motor Inns, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

165.   Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand

42

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

KLINE & SPECTER, P.C.

*Attorneys for Plaintiff C.A.*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

DATED: __3-27-19__

43

Case ID: 190303355

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

## VERIFICATION

I, C███ A███, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



## CERTIFICATE OF SERVICE

I, James J. Quinlan, Esquire, hereby certify that, on this 15ᵗʰ day of April 2019, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's Preliminary Objections to be served via electronic and first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

*Attorneys for Plaintiff*

And

Wyndham Worldwide Corporation
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotel Group LLC
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotels and Resorts LLC
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotel Management Inc.

150213.00601/119000154v.1

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

North American Motor Inns Inc.
4444 City Ave.
Philadelphia, PA 19131

*Defendant*

And

Ramara Inc.
1003 Spruce Street
Philadelphia, PA 19107

*Defendant*

And

Ashoka Investments & Management Services
27A Iris Ave.
San Francisco, CA 94118

*Defendant*

And

4200 Roosevelt LLC
4200 Roosevelt Blvd.
Philadelphia, PA 19124

*Defendant*

And

4200 Rose Hospitality LLC
4200 Roosevelt Blvd.
Philadelphia, PA 19124

*Defendant*

And

2

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

Days Inn
4200 Roosevelt Blvd.
Philadelphia, PA 19125

*Defendant*

And

Surati Management Group
121 Drew Dr.
Langhorne, PA 19053

*Defendant*

And

Days Inn by Wyndham
4200 Roosevelt Blvd.
Philadelphia, PA 19124

*Defendant*

/s/ James J. Quinlan
JAMES J. QUINLAN

3

Case ID: 190303355
Control No.: 19041986

Case ID: 190303355
Control No.: 19041986

FILED
09 MAY 2019 06:09 pm
Civil Administration
C. KEENAN

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ROOSEVELT INN LLC | : | NO.: 03355 |
| d/b/a ROOSEVELT INN, ROOSEVELT MOTOR | : | |
| INN, INC., UFVS MANAGEMENT COMPANY | : | |
| LLC, 4200 ROOSEVELT LLC, 4200 | : | |
| ROOSEVELT LLC d/b/a DAYS INN, DAYS INN, | : | |
| SURATI MANAGEMENT GROUP, DAYS | : | |
| INN BY WYNDHAM d/b/a DAYS INN, | : | |
| WYNDHAM WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTELS AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | |
| NORTH AMERICAN MOTOR INNS, RAMARA, | : | |
| INC., ASHOKA INVESTMENTS & | : | |
| MANAGEMENT SERVICES | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this      day of                    , 2019, upon consideration of Plaintiff

C.A.'s Response in Opposition to Defendants 4200 Roosevelt, LLC and 4200 Rose Hospitality,

LLC d/b/a Days Inn's Joinder in the Preliminary Objections of Defendants Roosevelt Inn, LLC

d/b/a Roosevelt Inn, Roosevelt Motor Inn and UFVS Management Company, LLC, to Plaintiff's

Complaint, and any response thereto, it is hereby;

**ORDERED** and **DECREED** that Defendants 4200 Roosevelt, LLC and 4200 Rose

Hospitality, LLC d/b/a Days Inn's Joinder in the Preliminary Objections of Defendants

Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn and UFVS Management

Company, LLC are **OVERRULED.**   Defendants 4200 Roosevelt, LLC and 4200 Rose

Hospitality, LLC d/b/a Days Inn shall file an answer to Plaintiff's Complaint within twenty (20)

days from the date of this Order.                    **BY THE COURT:**

_____

**KLINE & SPECTER, P.C.**                    *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
         NADEEM A. BEZAR, ESQUIRE/63577
         EMILY B. MARKS, ESQUIRE/204405
         KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ROOSEVELT INN LLC | : | NO.: 03355 |
| d/b/a ROOSEVELT INN, ROOSEVELT MOTOR | : | |
| INN, INC., UFVS MANAGEMENT COMPANY | : | |
| LLC, 4200 ROOSEVELT LLC, 4200 | : | |
| ROOSEVELT LLC d/b/a DAYS INN, DAYS INN, | : | |
| SURATI MANAGEMENT GROUP, DAYS | : | |
| INN BY WYNDHAM d/b/a DAYS INN, | : | |
| WYNDHAM WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTELS AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | |
| NORTH AMERICAN MOTOR INNS, RAMARA, | : | |
| INC., ASHOKA INVESTMENTS & | : | |
| MANAGEMENT SERVICES | : | |
| Defendants. | : | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS 4200 ROOSEVELT, LLC AND 4200 ROSE HOSPITALITY, LLC D/B/A DAYS INN'S JOINDER IN THE PRELIMINARY OBJECTIONS OF DEFENDANTS ROOSEVELT INN, LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN AND UFVS MANAGEMENT COMPANY, LLC TO PLAINTIFF'S COMPLAINT**

Plaintiff C.A. by and through her attorneys, Kline & Specter, P.C., hereby respond in

opposition to Defendants, 4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days

Inn's [hereinafter "Days Inn"] Joinder in the Preliminary Objections of Defendants, Roosevelt

Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc. and UFVS Management Company,

LLC's as follows:

1.    Admitted.

2.      Denied.   The Days Inn cannot duck the issue of untimely preliminary objections by filing a Joinder to a Co-Defendant's Preliminary Objections. The Days Inn's Joinder is in essence Preliminary Objections that seek to dismiss Plaintiff's punitive damages claim against the Days Inn and to strike Paragraphs 48, 50, 52-67 of Plaintiff's Complaint.  The Days Inn's Preliminary Objections that were filed as a Joinder to a Co-Defendants' Preliminary Objections should be overruled.  Further, Plaintiff has pled sufficient facts to support a claim for punitive damages and Paragraphs 48, 50, 52-67 are sufficiently pled.  Plaintiff incorporates her Response and Memorandum of Law in Opposition to the Preliminary Objections of Defendants Roosevelt Inn LLC d/b/a/ Roosevelt Inn, Roosevelt Motor Inn and UFVS Management Company, LLC herein as though set forth in full.

3.      This is an incorporation Paragraph to which no response is required.  By way of further response, see response to Paragraph 2.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter the attached Order overruling Defendants, 4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn's Joinder in the Preliminary Objections of Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn and UFVS Management Company, LLC.

> KLINE & SPECTER, P.C
>
> */s/Emily B. Marks*
>
> BY: _____
>        THOMAS R. KLINE, ESQUIRE
>        NADEEM A. BEZAR, ESQUIRE
>        EMILY B. MARKS, ESQUIRE
>        KYLE B. NOCHO, ESQUIRE

**KLINE & SPECTER, P.C.**                                   *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ROOSEVELT INN LLC | : | NO.: 03355 |
| d/b/a ROOSEVELT INN, ROOSEVELT MOTOR | : | |
| INN, INC., UFVS MANAGEMENT COMPANY | : | |
| LLC, 4200 ROOSEVELT LLC, 4200 | : | |
| ROOSEVELT LLC d/b/a DAYS INN, DAYS INN, | : | |
| SURATI MANAGEMENT GROUP, DAYS | : | |
| INN BY WYNDHAM d/b/a DAYS INN, | : | |
| WYNDHAM WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTELS AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | |
| NORTH AMERICAN MOTOR INNS, RAMARA, | : | |
| INC., ASHOKA INVESTMENTS & | : | |
| MANAGEMENT SERVICES | : | |
| Defendants. | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS 4200 ROOSEVELT, LLC AND 4200 ROSE HOSPITALITY, LLC D/B/A DAYS INN'S JOINDER IN THE PRELIMINARY OBJECTIONS OF DEFENDANTS ROOSEVELT INN, LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN AND UFVS MANAGEMENT COMPANY, LLC TO PLAINTIFF'S COMPLAINT

**I.    PRELIMINARY STATEMENT**

Defendants 4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn

(hereinafter collectively "Days Inn") were served with Plaintiff's Complaint on March 28, 2019.

See Plaintiff's Complaint attached as Exhibit "A" and Affidavit of Service attached as Exhibit

"B".  The Days Inn was given an extension to file an Answer only to Plaintiff's Complaint and in

Case ID: 190303355
Control No.: 19041986

fact counsel for the Days Inn stated the Days Inn did not intend to file Preliminary Objections.

See 4/15/19 Email attached as Exhibit "C".  Now the Days Inn has filed an untimely Joinder in

the Preliminary Objections of Co-Defendants Roosevelt Inn LLC d/b/a/ Roosevelt Inn, Roosevelt

Motor Inn and UFVS Management Company, LLC (collectively "Co-Defendants").   The Days

Inn is seeking to dismiss Plaintiff's punitive damages claim against the Days Inn and to strike

Paragraphs 48, 50, 52-67 of Plaintiff's Complaint.  The Days Inn cannot duck the issue of

untimely preliminary objections by filing a Joinder to a Co-Defendant's Preliminary Objections.

The Days Inn's Preliminary Objections that were filed as a Joinder to a Co-Defendants'

Preliminary Objections should be overruled.  Further, Plaintiff has pled sufficient facts to support

a claim for punitive damages and Paragraphs 48, 50, 52-67 are sufficiently pled.

## II.    QUESTIONS PRESENTED

> **A.**    Should this Honorable Court sustain the Joinder of the Days Inn by dismissing all claims for punitive damages against the Days Inn?
>
> *Suggested Answer*:  No.  The Days Inn's Preliminary Objections are untimely and Plaintiff has pled sufficient facts to support a claim for punitive damages.
>
> **B.**    Should this Honorable Court strike Paragraphs 48, 50, 52-67 of Plaintiff's Complaint when these paragraphs are sufficiently pled?
>
> *Suggested Answer:*  No.  The Days Inn's Preliminary Objections are untimely and Paragraphs 48, 50, 52-67 are sufficiently pled.

## III.    BRIEF FACTS

Plaintiff was the victim of underage human sex trafficking that occurred at the Roosevelt

Inn, Days Inn, and the North American Motor Inns during 2012 through 2013.  Plaintiff

commenced this civil litigation on March 27, 2019 against the 4200 Roosevelt, LLC and 4200

Rose Hospitality, LLC d/b/a Days Inn.  See Plaintiff's Complaint, attached as Exhibit "A".

Plaintiff also filed suit against Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc. and UFVS

Management Company, LLC, Surati Management Group, Days Inn by Wyndham, Wyndham

Case ID: 190303355
Control No.: 19041986

Worldwide Corporation, Wyndham Hotel Group LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel Management, Inc., North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management Services.  See Exhibit "A".

Plaintiff's Complaint was served on the Days Inn, on March 28, 2019, via Process Server. See Affidavit, attached as Exhibit "B".

On April 15, 2019, Plaintiff's counsel received an email from Virginia L. Hardwick, Esquire of Hardwick Benfer, LLC who was counsel for the Days Inn indicating that they do not plan to file Preliminary Objections.  Ms. Hardwick confirmed that Plaintiff consented to a thirty (30) day extension for the Days Inn to file an Answer only to Plaintiff's Complaint, which is due by May 16, 2019.  See 4/15/19 email, attached as Exhibit "C"…

On Apr 15, 2019, at 5:02 PM, Virginia Hardwick <vhardwick@hardwickbenfer.com> wrote:

> CA v. 4200 Roosevelt d/b/a Days Inn, et al
> BH v. 4200 Roosevelt d/b/a/ Days Inn, et al
>
> Dear Nadeem,                .
> As further follow up to our call last week, we do not plan to file PO's as to the two cases above.  We appreciate your offer of an extension of time to answer.  I understand that you spoke to Debra Wilson from Erie and consented to a 30-day extension of time to answer.  Accordingly, I will calendar the answer due date as Thursday, May 16.
> I appreciate your courtesy and professionalism, and will be in touch soon,
> Thanks,
> Ginger Hardwick

An Entry of Appearance was filed by Philip D. Priore, Esquire and Brian J. Callahan, Esquire of McCormick and Priore, P.C., on May 7, 2019, on behalf of the Days Inn.

On May 7, 2019, Mr. Priore, on behalf of the Days Inn, filed a Joinder to the Preliminary Objections filed by the Roosevelt Inn Defendants.  The Days Inn's Joinder in the Preliminary Objections of the Roosevelt Inn Defendants comes well beyond the twenty (20) days allotted by the Pennsylvania Rules of Civil Procedure to file Preliminary Objections.   Moreover, Ms. Hardwick who identified as counsel for the Days Inn, on April 15, 2019 confirmed that

Plaintiff's counsel consented to a thirty (30) day extension for the Days Inn file an Answer only to Plaintiff's Complaint.

## IV.  LEGAL ARGUMENT

The Days Inn's Joinder in the Preliminary Objections filed by the Roosevelt Inn Co-Defendants should be overruled as untimely.  The Days Inn cannot duck the issue of untimely preliminary objections by filing a Joinder to a Co-Defendant's Preliminary Objections. The Days Inn's Joinder is in essence Preliminary Objections that seek to dismiss Plaintiff's punitive damages claim against the Days Inn and to strike Paragraphs 48, 50, 52-67 of Plaintiff's Complaint.

Further, Plaintiff has pled sufficient facts to support a claim for punitive damages and Paragraphs 48, 50, 52-67 of Plaintiff's Complaint.  Plaintiff incorporates her Response and Memorandum of Law in Opposition to the Preliminary Objections of Defendants Roosevelt Inn LLC d/b/a/ Roosevelt Inn, Roosevelt Motor Inn and UFVS Management Company, LLC herein as though set forth in full.

## V.  CONCLUSION

For the reasons stated above, Plaintiff respectfully requests this Honorable Court enter the attached Order overruling Defendants, 4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn's Joinder in the Preliminary Objections of Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn and UFVS Management Company, LLC.

**KLINE & SPECTER, P.C**

*/s/Emily B. Marks*

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Response in Opposition to Defendants' Joinder Preliminary Objections was filed with the Court on May 9, 2019 and served by electronic filing upon the following counsel of record:

Philip D. Priore, Esquire
Brian J. Callahan, Esquire
McCormick & Priore, P.C.
Four Penn Center
1600 JFK Blvd, Suite 800
Philadelphia, PA 19103
*Counsel for 4200 Roosevelt LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn*

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and
UFVS Management Company*

**By first-class mail upon the following parties:**
John McCreesh, Esquire
Law Offices of McCreesh, McCreesh, McCreesh & Cannon
7053 Terminal Square
Upper Darby, PA 19082
*Counsel for North American Motors Inn and Ramara, Inc.*

James M. Brogan, Esquire
Matthew A. Goldberg, Esquire
Nathan P. Heller, Esquire
Haley D. Torrey, Esquire
DLA Piper LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
*Counsel for Wyndham Worldwide Corporation; Wyndham Hotel Group, LLC; Wyndham Hotels and
Resorts, LLC; and Wyndham Hotel Management, Inc.*

Robert T. Cohen, Esquire
Trobman & Cohen LLC
102 Browning Lane, Building B-3
Cherry Hill, NJ 08003
*Counsel for Surati Management Group*

Ashoka Investments and Management Services
c/o CT Corporation System
116 Pine Street, Suite 320
Harrisburg, PA 17101
*Pro Se Defendant*

*/s/ Emily B. Marks*
By:_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated:  May 9, 2019

## **VERIFICATION**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff in this matter and hereby verify that the statements made in the foregoing Plaintiff's Response in Opposition to Defendants 4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn's Joinder in the Preliminary Objections of Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor, Inn and UFVS Management Company, LLC to Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.


*/s/Emily B. Marks*
_____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

# EXHIBIT "A"

Case ID: 190303355
Control No.: 19041986

**KLINE & SPECTER, P.C.**

BY:    THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff C.A.*

Filed and Attested by the
Office of Judicial Records
27 MAR 2019 08:50 am
M. BRYANT

| | |
|---|---|
| C.A. | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | COURT OF COMMON PLEAS |
| 1525 Locust Street | |
| Philadelphia, PA  19102 | CIVIL TRIAL DIVISION |
| | FEBRUARY TERM, 2019 |
| *Plaintiff,* | NO.: |
| v. | |
| | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC and | |
| ROOSEVELT INN LLC d/b/a/ | |
| ROOSEVELT INN | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| ROOSEVELT MOTOR INN, INC. | |
| 7630 Roosevelt Boulevard | |
| Philadelphia, PA 19152 | |
| | |
| and | |
| | |
| UFVS MANAGEMENT COMPANY, LLC | |
| 287 Bowman Avenue | |
| Purchase, NY 10577 | |
| | |
| and | |
| | |
| 4200 ROOSEVELT LLC and | |
| 4200 ROOSEVELT LLC d/b/a | |
| DAYS INN | |
| 4200 Roosevelt Boulevard | |
| Philadelphia, PA 19124 | |
| | |
| and | |
| | |
| 4200 ROSE HOSPITALITY LLC and | |
| 4200 ROSE HOSPITALITY d/b/a | |
| DAYS INN | |
| 4200 Roosevelt Boulevard | |
| Philadelphia, PA 19124 | |

```
                                              :
        and                                   :
                                              :
DAYS INN                                      :
4200 Roosevelt Boulevard                      :
Philadelphia PA 19124                         :
                                              :
        and                                   :
                                              :
SURATI MANAGEMENT GROUP                       :
121 Drew Drive                                :
Langhorne, PA 19053                           :
                                              :
        and                                   :
                                              :
DAYS INN BY WYNDHAM d/b/a DAYS INN            :
4200 Roosevelt Boulevard                      :
Philadelphia, PA 19124                        :
                                              :
        and                                   :
                                              :
WYNDHAM WORLDWIDE CORPORATION                 :
22 Sylvan Way                                 :
Parsippany, NJ 07054                          :
                                              :
        and                                   :
                                              :
WYNDHAM HOTEL GROUP, LLC                      :
22 Sylvan Way                                 :
Parsippany, NJ 07054                          :
                                              :
        and                                   :
                                              :
WYNDHAM HOTELS AND RESORTS, LLC               :
22 Sylvan Way                                 :
Parsippany, NJ 07054                          :
                                              :
        and                                   :
                                              :
WYNDHAM HOTEL MANAGEMENT, INC.                :
22 Sylvan Way                                 :
Parsippany, NJ 07054                          :
                                              :
        and                                   :
                                              :
NORTH AMERICAN MOTOR INNS, INC. d/b/a         :
NORTH AMERICAN MOTOR INNS                     :
4444 City Avenue                              :
Philadelphia, Pennsylvania 19131              :
```

|  | : |
|---|---|
| and | : |
| | : |
| RAMARA, INC. | : |
| 1003 Spruce Street | : |
| Philadelphia, PA 19107 | : |
| | : |
| and | : |
| | : |
| ASHOKA INVESTMENTS & MANAGEMEMT | : |
| SERVICES | : |
| 27 A Iris Avenue | : |
| San Francisco, CA 94118 | : |
| | : |
| *Defendants* | : |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA 19107**
**Telefono: (215) 238-6333**
**TTY (215) 451-6197**

Case ID: 190303355
Control No.: 19041986

**KLINE & SPECTER, P.C.**                          *Attorneys for Plaintiff C.A.*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
| *Plaintiff,* | : | FEBRUARY TERM, 2019 |
| | : | NO.: |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| ROOSEVELT INN LLC and | : | |
| ROOSEVELT INN LLC d/b/a/ | : | |
| ROOSEVELT INN | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| ROOSEVELT MOTOR INN, INC. | : | |
| 7630 Roosevelt Boulevard | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| and | : | |
| | : | |
| UFVS MANAGEMENT COMPANY, LLC | : | |
| 287 Bowman Avenue | : | |
| Purchase, NY 10577 | : | |
| | : | |
| and | : | |
| | : | |
| 4200 ROOSEVELT LLC and | : | |
| 4200 ROOSEVELT LLC d/b/a | : | |
| DAYS INN | : | |
| 4200 Roosevelt Boulevard | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| and | : | |

Case ID: 190303355
Control No.: 19041986

4200 ROSE HOSPITALITY LLC and   :
4200 ROSE HOSPITALITY d/b/a   :
DAYS INN   :
4200 Roosevelt Boulevard   :
Philadelphia, PA 19124   :
   :
  and   :
   :
DAYS INN   :
4200 Roosevelt Boulevard   :
Philadelphia, PA 19124   :
   :
  and   :
   :
SURATI MANAGEMENT GROUP   :
121 Drew Drive   :
Langhorne, PA 19053   :
   :
  and   :
   :
DAYS INN BY WYNDHAM d/b/a   :
DAYS INN   :
4200 Roosevelt Boulevard   :
Philadelphia, PA 19124   :
   :
  and   :
   :
WYNDHAM WORLDWIDE CORPORATION   :
22 Sylvan Way   :
Parsippany, NJ 07054   :
   :
  and   :
   :
WYNDHAM HOTEL GROUP, LLC   :
22 Sylvan Way   :
Parsippany, NJ 07054   :
   :
  and   :
   :
WYNDHAM HOTELS AND RESORTS, LLC   :
22 Sylvan Way   :
Parsippany, NJ 07054   :
   :
  and   :

2

Case ID: 190303355
Control No.: 19041986

WYNDHAM HOTEL MANAGEMENT, INC.         :
22 Sylvan Way                          :
Parsippany, NJ 07054                   :
                                       :
        and                            :
                                       :
NORTH AMERICAN MOTOR INNS, INC. d/b/a  :
NORTH AMERICAN MOTOR INNS              :
4444 City Avenue                       :
Philadelphia, Pennsylvania 19131       :
                                       :
        and                            :
                                       :
RAMARA, INC.                           :
1003 Spruce Street                     :
Philadelphia, PA 19107                 :
                                       :
        and                            :
                                       :
ASHOKA INVESTMENTS & MANAGEMEMT        :
SERVICES                               :
27 A Iris Avenue                       :
San Francisco, CA 94118                :
                                       :
                          *Defendants* :

## COMPLAINT

## PRELIMINARY STATEMENT

1.      Human sex trafficking is a form of modern-day slavery that exists throughout the United States.

2.      Human trafficking is a global multi-billion dollar enterprise that affects nearly every single country.

3.      Women and girls are disproportionately affected by human sex trafficking and account for the vast majority of victims in commercial sex trafficking.

4.      Globally, there are approximately 5 million people trapped in forced sexual exploitation. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

3

Case ID: 190303355
Control No.: 19041986

5.      The hospitality industry, and hotels specifically, owe a duty to provide a safe premise for their guests and must protect them against reasonably anticipated conduct.

6.      Hotels and motels are frequented for both sex and labor trafficking business operations.

7.      The National Human Trafficking Hotline recorded 3,596 cases of human trafficking involving a hotel or motel from 2007 through 2017.

**THE PARTIES**

8.      Plaintiff, C.A. was born on May 1, 1996 and is one of the thousands of victims of human trafficking and being victimized in hotels / motels across the United States.

9.      From 2012 through 2013, Plaintiff was exploited as a minor by commercial sex traffickers who financially benefitted from her exploitation.  Plaintiff resides in Philadelphia County, Pennsylvania.  Plaintiff can be contacted through her counsel, Thomas R. Kline, Esquire, Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, and Kyle B. Nocho, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

10.      Plaintiff's name and address are not contained in this Complaint to protect the privacy and identity of Plaintiff who incurred injuries and damages when she was a minor.

11.      Defendant Roosevelt Inn LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152.  At all material times hereto, Defendant Roosevelt Inn LLC owned, operated or managed the Roosevelt Inn located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152 [hereinafter "Roosevelt Inn"].

12.      Defendant Roosevelt Motor Inn, Inc. [hereinafter referred to as "Roosevelt Motor Inn"] is a corporation duly organized and existing under the laws of the Commonwealth of

4

Case ID: 190303355
Control No.: 19041986

Pennsylvania with a principal business address located at 7630 Roosevelt Boulevard, Philadelphia, PA 19152. At all material times hereto, Defendant Roosevelt Motor Inn, Inc. owned, operated or managed the Roosevelt Inn.

13.    Defendant UFVS Management Company, LLC, is a limited liability company duly organized and existing under the laws of the State of New York. At all material times hereto, Defendant UFVS Management Company, LLC owned, operated and/or managed the Roosevelt Inn. Defendant UFVS Management Company, LLC oversees the operation of the Roosevelt Inn including the hiring of employees.

14.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Roosevelt Inn. Accordingly, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, and UFVS Management Company, LLC are liable for the acts and/or omissions of their agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

15.    Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn [hereinafter referred to as "4200 Roosevelt"] is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant 4200 Roosevelt LLC owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124 [hereinafter "Days Inn"].

16.    Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn [hereinafter referred to as "Rose Hospitality"] is a limited liability company duly organized

5

Case ID: 190303355
Control No.: 19041986

and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant 4200 Rose Hospitality, owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

17.     Defendant Days Inn is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant Days Inn owned operated and/or managed the Days Inn.

18.     Defendant Surati Management Group is a company duly organized and existing under the laws under the Commonwealth of Pennsylvania with a principal business address located at 121 Drew Lane, Langhorne, PA 19053. At all material times hereto, Defendant Surati Management Group owned, operated and/or managed the Days Inn.

19.     Defendant Days Inns d/b/a Days Inn by Wyndham [hereinafter referred to as "Days Inn by Wyndham"] is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124. At all material times hereto, Defendant Days Inn d/b/a Days Inn by Wyndham owned, operated or managed the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

20.     Defendant Wyndham Worldwide Corporation is a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Worldwide Corporation owned, operated or managed the Days Inn.

21.     Defendant Wyndham Hotel Group, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant

Case ID: 190303355
Control No.: 19041986

Wyndham Hotel Group, LLC owned, operated or managed the Days Inn.

22.     Defendant Wyndham Hotels and Resorts, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotels and Resorts, LLC owned, operated or managed the Days Inn.

23.     Defendant Wyndham Hotel Management, Inc. is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotel Management, Inc. owned, operated or managed the Days Inn.

24.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. made up a corporate structure that consisted of parent entities, parent corporations, associated or affiliated corporations, member corporations and/or subsidiary corporations.

25.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Days Inn. Accordingly, Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. are liable for the acts and/or omissions of their

7

Case ID: 190303355
Control No.: 19041986

agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

26.     Defendant North American Motor Inns, Inc. d/b/a North American Motor Inns [hereinafter referred to as "North American Motor Inns"] is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, Defendant North American Motor Inns, Inc. owned, operated or managed the North American Motor Inns located at 4444 City Avenue, Philadelphia, PA 19137.

27.     Defendant Ramara, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1003 Spruce Street, Philadelphia PA 19107.   At all material times hereto, Defendant Ramara, Inc. owned, operated and/or managed the North American Motor Inns.

28.     Defendant Ashoka Investment & Management Services is a company duly organized and existing under the laws of the State of California with a principal place of business located at 27 A. Iris Avenue, San Francisco, CA 94118.   At all material times hereto, Ashoka Investment & Management Services owned, operated and/or managed the North American Motor Inns.

29.     Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the North American Motor Inns. Accordingly, Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investment & Management are liable for the acts and/or omissions of their agents, servants and/or employees

8

Case ID: 190303355
Control No.: 19041986

under the theories of agency, master servant, respondeat superior and/or right of control.

30.     Venue is appropriate in this case because all the Defendants regularly conduct business in Philadelphia County.

31.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Roosevelt Inn where they worked.

32.     At all times material hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Days Inn where they worked.

33.     At all material times hereto, North American Motor Inns, Inc, Ramara, Inc. and Ashoka Investment & Management individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the North American Motor Inns where they worked.

34.     At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur.

35.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation,

Case ID: 190303355
Control No.: 19041986

Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the Days Inn and instead permitted heinous and unspeakable acts to occur.

36.    At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to take any steps to prevent human sex trafficking at the North American Motor Inns and instead permitted heinous and unspeakable acts to occur.

37.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

38.    At all times material hereto, Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the Days Inn.

39.    At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by their actual or apparent agents, servants and employees, failed to report to authorities that human sex trafficking was occurring at the North American Motor Inns.

40.    At all material times hereto, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers financially

10

Case ID: 190303355
Control No.: 19041986

benefiting from the commercial sex acts occurring on the premises of the Roosevelt Inn.

41.     At all material times hereto, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the Days Inn.

42.     At all material times hereto, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the North American Motor Inns.

## OPERATIVE FACTS

43.     Pennsylvania has long held that hotel and motel owners are liable for the reasonably anticipated harm that may occur to their guests from third persons. *Moran v. Valley Forge Drive-In Theater, Inc.*, 246 A.2d 875, 879 (Pa. 1968)

44.     This principle has been reinforced in more modern Pennsylvania cases. *See Rabutino, Admin. of the Estate of William Impagliazzo v. Freedom State Realty Co., Inc., et al.*, 809 A.2d 933, 942 (Pa. Super. 2002) (holding that owner and operator of hotel owed a duty of care to 19-year-old who was shot and killed during party inside room because such conduct was a reasonably anticipated event).

45.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Roosevelt Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

11

Case ID: 190303355
Control No.: 19041986

46.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Days Inn to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

47.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the North American Motor Inns to traffickers engaged in commercial sex acts with Plaintiff when she was a minor.

48.     Beginning in 2012, Plaintiff was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts by sex traffickers at the Roosevelt Inn, the Days Inn, and the North American Motor Inns on a regular, consistent and/or repeated basis.

49.     Plaintiff's traffickers put up internet advertisements for the purpose of prostituting Plaintiff.

50.     These advertisements often included both the name and address of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

51.     The advertisements included a fake name for Plaintiff and a phone number to call.

52.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

53.     Plaintiff engaged in numerous commercial sex act "dates" per day at the Roosevelt Inn, the Days Inn, or the North American Motor Inns.

Case ID: 190303355
Control No.: 19041986

54.     Plaintiff's traffickers would remain on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

55.     The hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

56.     Plaintiff was accompanied by men while on the premises of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

57.     Housekeepers and front desk staff at the Roosevelt Inn, Days Inn and North American Motor Inns had conversations with Plaintiff and had knowledge that Plaintiff was staying at the Roosevelt Inn to engage in commercial sex acts.

58.     Plaintiff was visibly treated in an aggressive manner by traffickers engaged in commercial sex acts with Plaintiff while in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

59.     Plaintiff exhibited fear and anxiety while on the premises and in public areas of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

60.     Plaintiff's traffickers paid cash for the hotel rooms where Plaintiff engaged in commercial sex acts.

61.     Plaintiff's traffickers consistently displayed "Do Not Disturb" signs on the door to the hotel room where Plaintiff engaged in commercial sex acts and consistently refused housekeeping services.

62.     Men and others frequently entered and left the rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff engaged in commercial sex acts.

63.     Men walked the hallways at the Roosevelt Inn, the Days Inn, and the North American Motor Inns where Plaintiff was engaged in commercial sex acts.

Case ID: 190303355
Control No.: 19041986

64.     Plaintiff had extended stays at the Roosevelt Inn, the Days Inn, and the North American Motor Inns with few or no personal possessions and was left in the room for long periods of time.  The rooms for these extended stays were paid for with cash on a day to days basis.

65.     Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

66.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

67.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the hotel rooms at the Roosevelt Inn, the Days Inn, and the North American Motor Inns.

68.     In 2013, Plaintiff was rescued from the Days Inn following an investigation by the FBI based on internet advertisements of Plaintiff promoting prostitution.

69.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

70.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the

14

Case ID: 190303355
Control No.: 19041986

Plaintiff.

71.    Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of the Plaintiff.

72.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, rented rooms to sex traffickers exploiting Plaintiff at the Roosevelt Inn.

73.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. rented rooms to sex traffickers exploiting Plaintiff at the Days Inn.

74.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services rented rooms to sex traffickers exploiting Plaintiff at the North American Motor Inns.

75.    Plaintiff, as a hotel guest, was a business invitee of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC.

76.    Plaintiff, as a hotel guess, was also a business invitee of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.

77.    Plaintiff, as a hotel guest, was also a business invitee of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services.

Case ID: 190303355
Control No.: 19041986

78.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

79.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

80.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

81.     Defendants Roosevelt Inn, LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

82.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

Case ID: 190303355
Control No.: 19041986

83.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or had constructive knowledge that they were renting or otherwise providing rooms and services to individuals trafficking Plaintiff.

84.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

85.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

86.     Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees knew or had constructive knowledge that Plaintiff was being sexually exploited.

87.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

88.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel

17

Case ID: 190303355
Control No.: 19041986

Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

89.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to protect Plaintiff, as a business invitee, from criminal conduct.

90.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

91.     Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

92.     Despite actual knowledge, constructive knowledge, and general awareness of the signs of human trafficking, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or

18

Case ID: 190303355
Control No.: 19041986

otherwise stop the human sex trafficking of Plaintiff.

93.     By having knowledge of human sex trafficking at the Roosevelt Inn and negligently allowing the Plaintiff's harm to occur, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

94.     By negligently allowing the Plaintiff's harm to occur, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

95.     By negligently allowing the Plaintiff's harm to occur, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees caused Plaintiff to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

96.     By renting rooms to individuals sex trafficking Plaintiff, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene,

Case ID: 190303355
Control No.: 19041986

disrupt or otherwise stop sex trafficking occurring on the premises of the Roosevelt Inn.

97.     By renting rooms to individuals sex trafficking Plaintiff, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the Days Inn.

98.     By renting rooms to individuals sex trafficking the Plaintiff, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees failed to report, intervene, disrupt or otherwise stop sex trafficking occurring on the premises of the North American Motor Inns.

99.     By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

100.    By renting rooms to individuals sex trafficking Plaintiff for commercial sex acts, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

Case ID: 190303355
Control No.: 19041986

101.    By renting rooms to individuals sex trafficking the Plaintiff for commercial sex acts, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

## COUNT I - NEGLIGENCE

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC,

102.    The averments of Paragraphs 1 through 101 are incorporated herein by reference.

103.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Roosevelt Inn.

104.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Roosevelt Inn.

105.    Defendants Roosevelt Inn LCC, Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Roosevelt Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of

Case ID: 190303355
Control No.: 19041986

human trafficking and sexual exploitation on the premises of the Roosevelt Inn.

106.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

107.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

108.     Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn,

Case ID: 190303355
Control No.: 19041986

Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the Roosevelt Inn;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Roosevelt Inn;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to detect and respond to commercial sex activity and human sex trafficking at

23

Case ID: 190303355
Control No.: 19041986

the Roosevelt Inn;

n.  Failing to conduct adequate surveillance of the premises of the Roosevelt Inn;

o.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.  Failing to respond and react to suspicious activity detected on video surveillance;

q.  Failing to maintain surveillance equipment in proper working order;

r.  Failing to test or properly test surveillance equipment to ensure it was in working order;

s.  Failing to utilize appropriate and/or required surveillance equipment;

t.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.  Failing to prevent Plaintiff from being trafficked on the premises;

w.  Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x.  Failing to exercise care, caution, and diligence required under the circumstances.

109.    By renting rooms to Plaintiff's sex traffickers, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

110.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

24

111.    As a result of Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Roosevelt Inn.

112.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II - NEGLIGENCE

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

113.    The averments of Paragraphs 1 through 112 are incorporated herein by reference.

114.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Days Inn.

115.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati

Case ID: 190303355
Control No.: 19041986

Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel

Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.

individually and/or by and through their actual or apparent agents, servants and employees, based

on the place and character of the Days Inn's business, should have reasonably anticipated criminal

conduct on the part of third parties, including other guests and invitees of the premises of the Days

Inn.

116.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management

Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC,

Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or

by and through their actual or apparent agents, servants and employees, had a duty to take

precautions against reasonably anticipated criminal conduct by third parties and to operate the

Days Inn in a manner that did not endanger children or other persons, including Plaintiff.

Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims

of the dangers created by their acts and omissions, including the danger of human trafficking and

sexual exploitation on the premises of the Days Inn.

117.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management

Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC,

Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or

by and through their actual or apparent agents, servants and employees, breached the foregoing

duties because they knew, or should have known, that persons lawfully on the premises of the

Days Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the

premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants

breached their duty of care because they knew, or should have known, that adults working as sex

Case ID: 190303355
Control No.: 19041986

traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Days Inn on a repeated basis.

118.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Days Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Days Inn.

119.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experience that persons lawfully on the premises of the Days Inn, such as Plaintiff, would suffer serious bodily injury as a result of being victimized by violent crimes perpetrated by third persons on the premises of the Days Inn.

120.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc. individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Days Inn, including Plaintiff, from

Case ID: 190303355
Control No.: 19041986

criminal and violent activities of others, despite a reasonable likelihood that person on the premises

of the Days Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or

violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants

4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by

Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels

and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through

their actual or apparent agents, servants and employees consisted of the following:

    a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e. Failing to adequately control access to the premises;

    f. Failing to prevent entry of unauthorized individuals onto the premises;

    g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

    h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

    i. Failing to assign experienced security personnel to provide competent guard services at the Days Inn;

    j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Days Inn;

Case ID: 190303355
Control No.: 19041986

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the Days Inn;

n. Failing to conduct adequate surveillance of the premises of the Days Inn;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to§§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

121. By renting rooms to Plaintiff's sex traffickers, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent

agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

122.   As a result Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., Plaintiff was caused to suffer physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

123.   As a result of Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.'s negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Days Inn.

124.   Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.  acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., and demands compensatory and punitive damages

Case ID: 190303355
Control No.: 19041986

in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – NEGLIGENCE

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS AND MANAGEMENT SERVICES

125.    The averments of Paragraphs 1 through 124 are incorporated herein by reference.

126.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the North American Motor Inns.

127.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the North American Motor Inns.

128.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the North American Motor Inns in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the North American Motor Inns.

31

Case ID: 190303355
Control No.: 19041986

129.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the North American Motor Inns on a repeated basis.

130.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the North American Motor Inns, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the North American Motor Inns.

131.   Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the North American Motor Inns, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the North American Motor Inns, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of

32

Case ID: 190303355
Control No.: 19041986

Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

e. Failing to adequately control access to the premises;

f. Failing to prevent entry of unauthorized individuals onto the premises;

g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i. Failing to assign experienced security personnel to provide competent guard services at the North American Motor Inns;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the North American Motor Inns;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

Case ID: 190303355
Control No.: 19041986

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the North American Motor Inns;

n. Failing to conduct adequate surveillance of the premises of the North American Motor Inns;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Breaching its duties under the Restatement of the Law of Torts (Second), including but not limited to§§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

132.    By renting rooms to Plaintiff's sex traffickers, Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts with a minor.

133.    As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Plaintiff was caused to suffer physical

34

harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

134.    As a result of Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services' negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the North American Motor Inns.

135.    Defendants North American Motor Inns, Inc., Ramara, Inc. and Ashoka Investments & Management Services acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC

136.    The averments of paragraphs 1 through 135 are incorporated herein by reference.

137.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly & proximately causing harm/damages to Plaintiff.

Case ID: 190303355
Control No.: 19041986

138.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

139.    The averments of paragraphs 1 through 138 are incorporated herein by reference.

140.    Defendants  4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

141.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc and demands compensatory and punitive

Case ID: 190303355
Control No.: 19041986

damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. v. NORTH AMERICAN MOTOR INNS, INC., INC., RAMARA, INC. AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

142.    The averments of paragraphs 1 through 141 are incorporated herein by reference.

143.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

144.    Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff C.A. demands judgement in her favor and against North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC,

145.    The averments of paragraphs 1 through 144 are incorporated herein by reference.

146.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and

Case ID: 190303355
Control No.: 19041986

employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

147.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

148.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

149.    Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Roosevelt Inn would be victimized by, or subjected to, such criminal and/or violent acts.

150.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Roosevelt Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

Case ID: 190303355
Control No.: 19041986

151.     Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VIII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. v. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC,

152.     The averments of paragraphs 1 through 151 are incorporated herein by reference.

153.     Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

154.     Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably

39

Case ID: 190303355
Control No.: 19041986

sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

155.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

156.    Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn, Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Days Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Days Inn would be victimized by, or subjected to, such criminal and/or violent acts.

157.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Days Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

158.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants 4200 Roosevelt, 4200 Rose Hospitality, Days Inn,

Case ID: 190303355
Control No.: 19041986

Surati Management Group, Days Inn by Wyndham, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.,, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IX – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

## C.A. v. NORTH AMERICAN MOTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS & MANAGEMENT SERVICES

159.    The averments of paragraphs 1 through 158 are incorporated herein by reference.

160.    Defendants North American Motor Inns, Inc., North American Motor Inns, Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

161.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

41

Case ID: 190303355
Control No.: 19041986

162.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

163.    Defendants North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the North American Motor Inns, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the North American Motor Inns would be victimized by, or subjected to, such criminal and/or violent acts.

164.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the North American Motor Inns, causing severe injuries to Plaintiff including, but not limited to, physical harm, a sexually transmitted disease, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

165.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, North American Motor Inns, Inc., Ramara, Inc., and Ashoka Investments & Management Services, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff C.A. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand

Case ID: 190303355
Control No.: 19041986

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

*Attorneys for Plaintiff C.A.*

BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

DATED: ___3-27-19___

43

Case ID: 190303355
Control No.: 19041986

## **VERIFICATION**

I, C████ A███, hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.



C████  A███

# EXHIBIT "B"

Case ID: 190303355
Control No.: 19041986



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

-VS-

Roosevelt Inn LLC, and Roosevelt Inn LLC dba Roosevelt Inn,et al

**COURT** Court of Common Pleas of Pennsylvania
Philadelphia County *RECEIVED by the Office of Judicial Records 04 APR 2019 11:33 am G. IMPERATO*

**CASE NUMBER** 1903-3355

## AFFIDAVIT

State of  Pennsylvania
County of   Philadelphia

**B&R Control #** CS160877.04
**Reference Number**

        James G. Robinson, being duly sworn according to law, deposes and says that he/she is the process server/sheriff herein named, and that the facts set forth below are true and correct to the best of their knowledge, information and belief.

        On 3/28/2019 we received the **Complaint** and that service was effected upon **4200 Rose Hospitality ,LLC and 4200 Rose Hospitality dba Days Inn** at **4200 Roosevelt Boulevard, Philadelphia, PA 19124** on **03/28/2019 at 10:12 AM**, in the manner described below:

        **By service upon:** Asif , Manager as an agent or person authorized to accept service at usual place of business.

**Description:**
Gender: **Male**    Race/Skin: **Indian**        Age: **40 - 50 Yrs.**        Weight: **131-160 Lbs.**    Height: **5ft9in - 6ft0in**    Hair: **Black**
        Glasses: **Yes**    Other:

Service Notes:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BRENDA M. RAVENELL, Notary Public
City of Philadelphia, Phila. County
My Commission Expires December 16, 2019

Sworn to and subscribed before me this

3 RD day of April 2019

_____                    _____
**Process Server/Sheriff**                                                   **Notary Public**
ATTEMPTS:

Client        Phone (215) 772-1000                    :                        **Filed Date:** 3/27/2019    **BR Serve By:** 03/28/2019

        Nadeem A. Bezar, Esquire
        Kline and Specter, P.C.
        1525 Locust Street
        19th Floor
        Philadelphia, PA  19102



ORIGINAL

Case ID: 190303355
Case ID: 190303355
Control No.: 19041986

# EXHIBIT "C"

Case ID: 190303355
Control No.: 19041986

**Pagan, Jessica**

| | |
|---|---|
| **From:** | Bezar, Nadeem |
| **Sent:** | Monday, April 15, 2019 5:04 PM |
| **To:** | Virginia Hardwick |
| **Cc:** | Marks, Emily; Pagan, Jessica |
| **Subject:** | Re: BH v. 4200 et al |

Sounds good

Nadeem Bezar
Kline & Specter P.C.
1525 Locust Street
Philadelphia PA 19102
Nadeem.Bezar@klinespecter.com
215-772-0522
www.klinespecter.com


Sent from my iPhone

On Apr 15, 2019, at 5:02 PM, Virginia Hardwick <vhardwick@hardwickbenfer.com> wrote:

> CA v. 4200 Roosevelt d/b/a Days Inn, et al
> BH v. 4200 Roosevelt d/b/a/ Days Inn, et al
>
> Dear Nadeem,
> As further follow up to our call last week, we do not plan to file PO's as to the two cases above.  We
> appreciate your offer of an extension of time to answer.  I understand that you spoke to Debra Wilson
> from Erie and consented to a 30-day extension of time to answer.  Accordingly, I will calendar the
> answer due date as Thursday, May 16.
> I appreciate your courtesy and professionalism, and will be in touch soon,
> Thanks,
> Ginger Hardwick
>
>
> Virginia L. Hardwick, Esq.
>
> Hardwick Benfer, LLC
> 179 North Broad Street
> Doylestown, PA  18901
> Office:  (215) 230-1912
> Fax: (215) 230-1913
> Cell: (267) 614-6739
>   www.hardwickbenfer.com
>
>   <image001.png>
>   Email communications do not alone form an attorney client relationship.  An attorney client
> relationship is formed only by mutual agreement with the signing of a written retainer agreement.

1

Case ID: 190303355
Control No.: 19041986

FILED
09 MAY 2019 03:02 pm
Civil Administration
L. SATCHELL

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
Philadelphia, PA 19103-6998
Fax: (215) 569-5555
Tel.: (215) 569-5500
Email: palmer@blankrome.com
quinlan@blankrome.com
doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn*
*Roosevelt Motor Inn, Inc. and*
*UFVS Management Company, LLC*

| | | |
|---|---|---|
| C.A., | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff | : | |
| | : | CIVIL TRIAL DIVISION |
| v. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC | : | NO. 3355 |
| d/b/a ROOSEVELT INN, et al., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S REPLY IN SUPPORT OF THEIR PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

Defendants' Reply does not address the punitive damages argument of their Preliminary

Objections, which was sufficiently set forth in their initial filing. Rather, the instant Reply seeks

to address Plaintiff's claim that Paragraphs 48, 50, and 52 – 67 of the Complaint are sufficiently

specific because "[n]o other similarly situated Defendant has filed Preliminary Objections in this

case." This is a red herring and fails to substantiate Plaintiff's claim that the paragraphs in

dispute are sufficiently specific.

Plaintiff's argument belies reality, having failed to disclose that her Opposition was filed

before any of the other co-defendants were represented by counsel. As a result, Plaintiff's

Opposition was filed at a time when no other party could have possibly filed Preliminary

Objections to her Complaint. Since filing her Opposition, however, co-defendants have similarly

155858.00601/119596335v.1

Case ID: 190303355
Control No.: 19041986

objected to Paragraphs 48, 50 and 52 – 67 as lacking the specificity required by Pennsylvania law.   More specifically, Plaintiff filed her Opposition on May 6, 2019, one full day before counsel for co-defendants 4200 Rose Hospitality LLC and 4200 Roosevelt LLC entered their appearance.   *See* Docket, attached hereto as Exhibit "A."   Since that time, co-defendants have joined in, incorporated and asserted Defendants' Preliminary Objections, including Defendants' objection to the insufficiently specific allegations contained in Paragraphs 48, 50, and 52 – 67. As co-defendants have similarly recognized, Paragraphs 48, 50, and 52 – 67 fail to set forth facts particular to any one of the individual hotel defendants and instead ask those same parties to respond to overbroad, generalized allegations collectively asserted against all hotel defendants, in violation of Pennsylvania law.   Therefore, Paragraphs 48, 50, and 52 – 67 must be stricken for being insufficiently specific.

Respectfully Submitted,

**BLANK ROME LLP**

*/s/ Daniel E. Oberdick*
Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Dated: May 9, 2019                                       (215) 569-5500

2

Case ID: 190303355
Control No.: 19041986

**CERTIFICATE OF SERVICE**

I, Daniel E. Oberdick, Esquire, hereby certify that, on this 9th day of May 2019, I caused

a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor

Inn, Inc., and UFVS Management Company, LLC's Reply in Support of Preliminary Objections

to be served via electronic and/or first class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102

*Attorneys for Plaintiff*

And

Philip D. Priore, Esquire
Brian J. Callahan, Esquire
McCormick & Priore, P.C.
Four Penn Center
1600 JFK Blvd., Suite 800
Philadelphia, PA 19103

*Attorneys for Defendants*
*4200 Roosevelt LLC and*
*4200 Rose Hospitality LLC d/b/a Days Inn*

And

Wyndham Worldwide Corporation
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotel Group LLC
22 Sylvan Way
Parsippany, NJ 07054

155858.00601/119596335v.1

*Defendant*

And

Wyndham Hotels and Resorts LLC
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

Wyndham Hotel Management Inc.
22 Sylvan Way
Parsippany, NJ 07054

*Defendant*

And

North American Motor Inns Inc.
4444 City Ave.
Philadelphia, PA 19131

*Defendant*

And

Ramara Inc.
1003 Spruce Street
Philadelphia, PA 19107

*Defendant*

And

Ashoka Investments & Management Services
27A Iris Ave.
San Francisco, CA 94118

*Defendant*

And

2

Case ID: 190303355
Control No.: 19041986

Surati Management Group
121 Drew Dr.
Langhorne, PA 19053

*Defendant*

And

Days Inn by Wyndham
4200 Roosevelt Blvd.
Philadelphia, PA 19124

*Defendant*

*/s/ Daniel E. Oberdick*
DANIEL E. OBERDICK

3

FILED
09 MAY 2019 03:02 pm
Civil Administration
L. SATCHELL

# EXHIBIT A

Case ID: 190303355
Control No.: 19041986





No Items in Cart
Civil Docket Report
A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 190303355 |
| **Case Caption:** | A. VS ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/ |
| **Filing Date:** | Wednesday, March 27th, 2019 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PERSONAL INJURY - OTHER |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

| Motion | Assign/Date | Control No | Date/Received | Judge |
|---|---|---|---|---|
| PRELIMINARY OBJECTIONS | 08-MAY-2019 | 19041986 | 16-APR-2019 | NEW, ARNOLD L |

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | BEZAR, NADEEM A |
| **Address:** | KLINE & SPECTER, P.C. 1525 LOCUST STREET PHILADELPHIA PA 19102 (215)772-0522 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | A, C |
| **Address:** | KLINE & SPECTER PC | **Aliases:** | *none* | |

Case ID: 190303355
Control No.: 19041986

| | | | | 1525 LOCUST ST PHILADELPHIA PA 19102 |

| 3 | | | DEFENDANT | WYNDHAM WORLDWIDE CORPORATION |
| **Address:** | 22 SYLVAN WAY PARSIPPANY NJ 07054 | **Aliases:** | *none* | |

| 4 | | | DEFENDANT | WYNDHAM HOTEL GROUP LLC |
| **Address:** | 22 SYLVAN WAY PARSIPPANY NJ 07054 | **Aliases:** | *none* | |

| 5 | | | DEFENDANT | WYNDHAM HOTELS AND RESORTS LLC |
| **Address:** | 22 SYLVAN WAY PARSIPPANY NJ 07054 | **Aliases:** | *none* | |

| 6 | | | DEFENDANT | WYNDHAM HOTEL MANAGEMENT INC |
| **Address:** | 22 SYLVAN WAY PARSIPPANY NJ 07054 | **Aliases:** | *none* | |

| 7 | | | DEFENDANT | NORTH AMERICAN MOTOR INNS INC DBA |
| **Address:** | 4444 CITY AVE PHILADELPHIA PA 19131 | **Aliases:** | NORTH AMERICAN MOTOR INNS | |

| 8 | | | DEFENDANT | RAMARA INC |
| **Address:** | 1003 SPRUCE ST PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

| 9 | | | DEFENDANT | ASHOKA INVESTMENTS & MANAGEMENT SERVICES |
| **Address:** | 27A IRIS AVE | **Aliases:** | *none* | |

Case ID: 190303355
Control No.: 19041986

| | | | | SAN FRANCISCO CA 94118 |
|---|---|---|---|---|

| 10 | 21 | | DEFENDANT | ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/A ROOSEVELT INN |
|---|---|---|---|---|
| **Address:** | 7630 ROOSEVELT BLVD PHILADELPHIA PA 19152 | **Aliases:** | *none* | |

| 11 | 21 | | DEFENDANT | ROOSEVELT MOTOR INN INC |
|---|---|---|---|---|
| **Address:** | 7630 ROOSEVELT BLVD PHILADELPHIA PA 19152 | **Aliases:** | *none* | |

| 12 | 21 | | DEFENDANT | UFVS MANAGEMENT COMPANY LLC |
|---|---|---|---|---|
| **Address:** | 287 BOWMAN AVE PURCHASE NY 10577 | **Aliases:** | *none* | |

| 13 | 24 | | DEFENDANT | 4200 ROOSEVELT LLC AND 4200 ROOSEVELT LLC D/B/A DAYS INN |
|---|---|---|---|---|
| **Address:** | 4200 ROOSEVELT BLVD PHILADELPHIA PA 19124 | **Aliases:** | *none* | |

| 14 | 24 | | DEFENDANT | 4200 ROSE HOSPITALITY LLC AND 4200 ROSE HOSPITALITY D/B/A |
|---|---|---|---|---|
| **Address:** | 4200 ROOSEVELT BLVD PHILADELPHIA PA 19124 | **Aliases:** | DAYS INN | |

| 15 | | | DEFENDANT | DAYS INN |
|---|---|---|---|---|
| **Address:** | 4200 ROOSEVELT BLVD PHILADELPHIA PA 19124 | **Aliases:** | *none* | |

Case ID: 190303355
Control No.: 19041986

| 16 | | | DEFENDANT | SURATI MANAGEMENT GROUP |
|---|---|---|---|---|
| **Address:** | 121 DREW DR LANGHORNE PA 19053 | **Aliases:** | *none* | |
| | | | | |
| 17 | | | DEFENDANT | DAYS INN BY WYNDHAM D/B/A DAYS INN |
| **Address:** | 4200 ROOSEVELT BLVD PHILADELPHIA PA 19124 | **Aliases:** | *none* | |
| | | | | |
| 18 | | | TEAM LEADER | NEW, ARNOLD L |
| **Address:** | 606 CITY HALL PHILADELPHIA PA 19107 (215)686-7260 | **Aliases:** | *none* | |
| | | | | |
| 19 | 1 | | ATTORNEY FOR PLAINTIFF | NOCHO, KYLE B |
| **Address:** | KLINE AND SPECTER, P.C. 1525 LOCUST STREET, 7TH FLOOR PHILADELPHIA PA 19102 (215)772-1365 | **Aliases:** | *none* | |
| | | | | |
| 20 | 1 | | ATTORNEY FOR PLAINTIFF | MARKS, EMILY B |
| **Address:** | KLINE & SPECTER, P.C. 1525 LOCUST STREET PHILADELPHIA PA 19102 (215)772-0524 | **Aliases:** | *none* | |
| | | | | |
| 21 | | | ATTORNEY | OBERDICK JR., DANIEL E |

Case ID: 190303355
Control No.: 19041986

Civil Docket Report

| | | | | |
|---|---|---|---|---|
| | | | FOR DEFENDANT | |
| **Address:** | BLANK ROME LLP ONE LOGAN SQUARE 130 N. 18TH STREET PHILADELPHIA PA 19103 (215)569-5436 | **Aliases:** | *none* | |
| | | | | |
| 22 | 21 | | ATTORNEY FOR DEFENDANT | PALMER, GRANT S |
| **Address:** | BLANK ROME LLP 18TH & CHERRY ST. ONE LOGAN SQUARE 4TH FLOOR PHILADELPHIA PA 19103 (215)569-5578 | **Aliases:** | *none* | |
| | | | | |
| 23 | 21 | | ATTORNEY FOR DEFENDANT | QUINLAN, JAMES J |
| **Address:** | BLANK ROME LLP ONE LOGAN SQUARE PHILADELPHIA PA 19103 (215)569-5500 | **Aliases:** | *none* | |
| | | | | |
| 24 | | | ATTORNEY FOR DEFENDANT | PRIORE, PHILIP D |
| **Address:** | MCCORMICK & PRIORE PC 4 PENN CENTER SUITE 800 PHILADELPHIA PA 19103 (215)972-0161 | **Aliases:** | *none* | |
| | | | | |
| 25 | 24 | | ATTORNEY FOR | CALLAHAN, BRIAN J |

Case ID: 190303355
Control No.: 19041986

| | | | DEFENDANT | |
|---|---|---|---|---|
| **Address:** | MCCORMICK & PRIORE PC FOUR PENN CENTER - STE 800 1600 JOHN F KENNEDY BLVD PHILADELPHIA PA 19103 (215)972-0161 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 27-MAR-2019 08:50 AM | ACTIVE CASE | | | 27-MAR-2019 09:39 AM |
| **Docket Entry:** | E-Filing Number: 1903006947 | | | |
| | | | | |
| 27-MAR-2019 08:50 AM | COMMENCEMENT CIVIL ACTION JURY | BEZAR, NADEEM A | | 27-MAR-2019 09:39 AM |
| **Documents:** | Click link(s) to preview/purchase the documents Final Cover | Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 27-MAR-2019 08:50 AM | COMPLAINT FILED NOTICE GIVEN | BEZAR, NADEEM A | | 27-MAR-2019 09:39 AM |
| **Documents:** | Click link(s) to preview/purchase the documents Complaint.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 27-MAR-2019 08:50 AM | JURY TRIAL PERFECTED | BEZAR, NADEEM A | | 27-MAR-2019 09:39 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 27-MAR-2019 08:50 AM | WAITING TO LIST CASE MGMT CONF | BEZAR, NADEEM A | | 27-MAR-2019 09:39 AM |
| **Docket Entry:** | *none.* | | | |

Case ID: 190303355
Control No.: 19041986

| 01-APR-2019 02:12 PM | ATTEMPTED SERVICE - NOT FOUND | | | 01-APR-2019 02:14 PM |
|---|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents<br>160877.08_AFFIDAVIT_B2E2A1DF-3128-4747-9E08-879F6F4DA16C.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | RAMARA, INC. NOT FOUND ON 03/28/2019. | | | |
| | | | | |
| 03-APR-2019 11:21 AM | AFFIDAVIT OF SERVICE FILED | | | 03-APR-2019 11:22 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>160877.07_AFFIDAVIT_34FFF16B-4587-7B4B-A5E8-A859453381AA.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF COMPLAINT UPON NORTH AMERICAN MOTOR INNS INC DBA BY PERSONAL SERVICE ON 03/28/2019 FILED. | | | |
| | | | | |
| 04-APR-2019 11:23 AM | AFFIDAVIT OF SERVICE FILED | | | 04-APR-2019 11:30 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>160877.01_AFFIDAVIT_CC20C61E-3E55-EE40-867A-AA244B79B289.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/A ROOSEVELT INN BY PERSONAL SERVICE ON 03/28/2019 FILED. | | | |
| | | | | |
| 04-APR-2019 11:25 AM | AFFIDAVIT OF SERVICE FILED | | | 04-APR-2019 11:30 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>160877.02_AFFIDAVIT_9E5BE1A6-51B6-2445-9D26-B132F55D6AB1.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF COMPLAINT UPON ROOSEVELT MOTOR INN INC BY PERSONAL SERVICE ON 03/28/2019 FILED. | | | |
| | | | | |
| 04-APR-2019 11:28 AM | AFFIDAVIT OF SERVICE FILED | | | 04-APR-2019 11:30 AM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>160877.03_AFFIDAVIT_11301F2A-C098-CA4C-943B-858222C0FF79.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON 4200 ROOSEVELT LLC AND 4200 ROOSEVELT LLC D/B/A DAYS INN BY PERSONAL SERVICE ON 03/28/2019 FILED. | | | |

Case ID: 190303355
Control No.: 19041986

| 04-APR-2019 11:33 AM | AFFIDAVIT OF SERVICE FILED | | | 04-APR-2019 11:35 AM |
|---|---|---|---|---|
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>160877.04_AFFIDAVIT_15F46754-BCA0-774E-957C-F42362B429A9.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF COMPLAINT UPON 4200 ROSE HOSPITALITY LLC AND 4200 ROSE HOSPITALITY D/B/A BY PERSONAL SERVICE ON 03/28/2019 FILED. | | | |
| | | | | |
| 04-APR-2019 11:35 AM | AFFIDAVIT OF SERVICE FILED | | | 04-APR-2019 11:36 AM |
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>160877.05_AFFIDAVIT_6E715B0E-FAE3-CE4F-BC82-81F2516634C1.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF COMPLAINT UPON DAYS INN BY PERSONAL SERVICE ON 03/28/2019 FILED. | | | |
| | | | | |
| 04-APR-2019 11:37 AM | AFFIDAVIT OF SERVICE FILED | | | 04-APR-2019 11:46 AM |
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>160877.06_AFFIDAVIT_D216D89E-C826-7540-BA2F-37DD63355CE8.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF COMPLAINT UPON DAYS INN BY WYNDHAM D/B/A DAYS INN BY PERSONAL SERVICE ON 03/28/2019 FILED. | | | |
| | | | | |
| 04-APR-2019 12:39 PM | ENTRY OF APPEARANCE | NOCHO, KYLE B | | 04-APR-2019 01:12 PM |
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>(8) EOA-KBN.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF KYLE B NOCHO FILED. (FILED ON BEHALF OF C A) | | | |
| | | | | |
| 05-APR-2019 10:15 AM | ENTRY OF APPEARANCE | MARKS, EMILY B | | 05-APR-2019 10:18 AM |
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>(9) EOA-EBM.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF EMILY B MARKS FILED. (FILED ON BEHALF OF C A) | | | |
| | | | | |
| 08-APR-2019 | AFFIDAVIT OF SERVICE | BEZAR, NADEEM | | 08-APR-2019 |

Case ID: 190303355
Control No.: 19041986

| 01:02 PM | FILED | A | 01:15 PM |
|---|---|---|---|

| **Documents:** | 🔗 Click link(s) to preview/purchase the documents<br>(10) AOS-Wyndham Hotel Group, LLC.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|

| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON WYNDHAM HOTEL GROUP LLC BY CERTIFIED MAIL ON 03/29/2019 FILED. (FILED ON BEHALF OF C A) |
|---|---|

| 08-APR-2019<br>01:05 PM | AFFIDAVIT OF SERVICE<br>FILED | BEZAR, NADEEM<br>A | 08-APR-2019<br>01:16 PM |
|---|---|---|---|

| **Documents:** | 🔗 Click link(s) to preview/purchase the documents<br>(11) AOS-Wyndham Hotels and Resorts LLC.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|

| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON WYNDHAM HOTELS AND RESORTS LLC BY CERTIFIED MAIL ON 03/29/2019 FILED. (FILED ON BEHALF OF C A) |
|---|---|

| 08-APR-2019<br>01:06 PM | AFFIDAVIT OF SERVICE<br>FILED | BEZAR, NADEEM<br>A | 08-APR-2019<br>01:16 PM |
|---|---|---|---|

| **Documents:** | 🔗 Click link(s) to preview/purchase the documents<br>(12) AOS-Wyndham Worldwide Corporation.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|

| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON WYNDHAM WORLDWIDE CORPORATION BY CERTIFIED MAIL ON 03/29/2019 FILED. (FILED ON BEHALF OF C A) |
|---|---|

| 08-APR-2019<br>01:08 PM | AFFIDAVIT OF SERVICE<br>FILED | BEZAR, NADEEM<br>A | 08-APR-2019<br>01:16 PM |
|---|---|---|---|

| **Documents:** | 🔗 Click link(s) to preview/purchase the documents<br>(13) AOS-Wyndham Hotel Management Inc.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|

| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON WYNDHAM HOTEL MANAGEMENT INC BY CERTIFIED MAIL ON 03/29/2019 FILED. (FILED ON BEHALF OF C A) |
|---|---|

| 08-APR-2019<br>01:56 PM | AFFIDAVIT OF SERVICE<br>FILED | BEZAR, NADEEM<br>A | 08-APR-2019<br>02:07 PM |
|---|---|---|---|

| **Documents:** | 🔗 Click link(s) to preview/purchase the documents<br>(14) AOS-UFVS Management Company.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|

| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON UFVS MANAGEMENT COMPANY LLC BY CERTIFIED MAIL ON 03/29/2019 FILED. (FILED ON BEHALF OF C A) |
|---|---|

Case ID: 190303355<br>Control No.: 19041986

| 10-APR-2019 08:45 AM | AFFIDAVIT OF SERVICE FILED | | | 10-APR-2019 09:35 AM |
|---|---|---|---|---|
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>160877.09.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF COMPLAINT UPON SURATI MANAGEMENT GROUP BY SHERIFF SERVICE BUCKS ON 04/02/2019 FILED. | | | |

| 15-APR-2019 05:59 PM | ENTRY OF APPEARANCE | OBERDICK JR., DANIEL E | | 16-APR-2019 09:25 AM |
|---|---|---|---|---|
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>PDF CA v Roosevelt et al - EOAs of GSP JJQ and DEO 4-15-19.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF GRANT S PALMER, DANIEL E OBERDICK AND JAMES J QUINLAN FILED. (FILED ON BEHALF OF UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/A ROOSEVELT INN) | | | |

| 15-APR-2019 06:05 PM | PRELIMINARY OBJECTIONS | OBERDICK JR., DANIEL E | | 16-APR-2019 09:25 AM |
|---|---|---|---|---|
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>PDF CA v Roosevelt et al - POs to Complaint 4-15-19.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| **Docket Entry:** | 86-19041986 PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT FILED. RESPONSE DATE: 05/06/2019 (FILED ON BEHALF OF UFVS MANAGEMENT COMPANY LLC, ROOSEVELT MOTOR INN INC AND ROOSEVELT INN LLC AND ROOSEVELT INN LLC D/B/A ROOSEVELT INN) | | | |

| 23-APR-2019 01:33 PM | AFFIDAVIT OF SERVICE FILED | MARKS, EMILY B | | 23-APR-2019 01:40 PM |
|---|---|---|---|---|
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>AOS-Ashoka Investments.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ASHOKA INVESTMENTS & MANAGEMENT SERVICES BY CERTIFIED MAIL ON 04/18/2019 FILED. (FILED ON BEHALF OF C A) | | | |

| 25-APR-2019 08:32 AM | AFFIDAVIT OF SERVICE FILED | | | 25-APR-2019 09:24 AM |
|---|---|---|---|---|
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>160877.10_AFFIDAVIT_E6501D76-B201-344F-91D7-86A2FCC764D1.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |

Case ID: 190303355<br>Control No.: 19041986

| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON RAMARA INC BY PERSONAL SERVICE ON 03/28/2019 FILED. | | | |
|---|---|---|---|---|
| | | | | |
| 30-APR-2019 03:44 PM | PRAECIPE TO REINSTATE CMPLT | MARKS, EMILY B | | 30-APR-2019 03:45 PM |
| Documents: | ⚠ Click link(s) to preview/purchase the documents (24) Praecipe to Reinstate Complaint.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF C A) | | | |
| | | | | |
| 06-MAY-2019 12:38 PM | ANSWER TO PRELIMINARY OBJCTNS | BEZAR, NADEEM A | | 06-MAY-2019 03:49 PM |
| Documents: | ⚠ Click link(s) to preview/purchase the documents (25) Plaintiffs Response to Pos.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 86-19041986 ANSWER IN OPPOSITION OF PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF C A) | | | |
| | | | | |
| 07-MAY-2019 01:58 PM | ENTRY OF APPEARANCE | PRIORE, PHILIP D | | 07-MAY-2019 02:03 PM |
| Documents: | ⚠ Click link(s) to preview/purchase the documents Entry w.jury demand.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | ENTRY OF APPEARANCE OF PHILIP D PRIORE AND BRIAN J CALLAHAN FILED. (FILED ON BEHALF OF 4200 ROSE HOSPITALITY LLC AND 4200 ROSE HOSPITALITY D/B/A AND 4200 ROOSEVELT LLC AND 4200 ROOSEVELT LLC D/B/A DAYS INN) | | | |
| | | | | |
| 07-MAY-2019 01:58 PM | JURY TRIAL PERFECTED | PRIORE, PHILIP D | | 07-MAY-2019 02:03 PM |
| Docket Entry: | 12 JURORS REQUESTED. | | | |
| | | | | |
| 07-MAY-2019 02:01 PM | JOINDER-PRELIM. OBJECT. FILED | PRIORE, PHILIP D | | 08-MAY-2019 11:48 AM |
| Documents: | ⚠ Click link(s) to preview/purchase the documents Joinder in Co-def POs.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 86-19041986 JOINDER TO PRELIMINARY OBJECTIONS FILED. (FILED ON BEHALF OF 4200 ROSE HOSPITALITY LLC AND 4200 ROSE HOSPITALITY D/B/A AND 4200 ROOSEVELT LLC AND 4200 ROOSEVELT LLC D/B/A DAYS INN) | | | |

Case ID: 190303355
Control No.: 19041986

Civil Docket Report

| 08-MAY-2019 01:20 PM | PRELIM OBJECTIONS ASSIGNED | | | 08-MAY-2019 01:20 PM |
|---|---|---|---|---|
| **Docket Entry:** | 86-19041986 PRELIMINARY OBJECTIONS ASSIGNED TO JUDGE: NEW, ARNOLD L. ON DATE: MAY 08, 2019 | | | |

▶ Case Description   ▶ Related Cases   ▶ Event Schedule   ▶ Case Parties   ▶ Docket Entries

Search Home     Return to Results

FILED
10 MAY 2019 03:10 pm
Civil Administration
J. DEMPSTER

**McCORMICK & PRIORE, P.C.**
By:     Philip D. Priore, Esquire
        Brian J. Callahan, Esquire
Attorney ID #38987/200815          Attorneys for Defendants,
Four Penn Center                   4200 Roosevelt LLC and
1600 JFK Blvd., Suite 800          4200 Rose Hospitality LLC
Philadelphia, PA  19103            d/b/a Days Inn
T: 215-972-0161
F: 215-972-5580
ppriore@mccormickpriore.com
bcallahan@mccormickpriore.com

|                          |   |                        |
|--------------------------|---|------------------------|
|                          | : | COURT OF COMMON PLEAS  |
| C.A.                     | : | PHILADELPHIA COUNTY    |
|                          | : |                        |
|         vs.              | : |                        |
|                          | : | MARCH TERM, 2019       |
| ROOSEVELT INN LLC, ET AL.| : | NO. 3355               |
|                          | : |                        |

<u>**4200 ROOSEVELT, LLC'S AND 4200 ROSE HOSPITALITY, LLC D/B/A DAYS INN'S REPLY IN SUPPORT OF THEIR JOINDER IN THE PRELIMINARY OBJECTIONS OF ROOSEVELT INN, LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN AND UFVS MANAGEMENT COMPANY, LLC**</u>

Defendants, 4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn

(hereafter collectively referred to as "the Days Inn"), by and through their attorneys, McCormick

& Priore, P.C., hereby submit the following Reply in support of their Joinder in the Preliminary

Objections of Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn and UFVS

Management Company, LLC (hereafter collectively referred to as "Co-defendants"), as follows:

Plaintiff's allegations that the Days Inn's Joinder in Co-defendants' Preliminary

Objections was untimely is without merit, and plaintiff's Response fails to reference all events

preceding the filing of the Joinder. Specifically, Philip D. Priore, Esq., counsel of record for the

Days Inn in this matter, spoke with plaintiff's counsel, Nadeem Bezar, Esq., on May 6, 2019, and

requested Mr. Bezar's agreement for the Days Inn to file a Joinder in Co-defendants' Preliminary

Objections. Mr. Bezar agreed to this request, particularly because the Days Inn was not filing

1

Case ID: 190303355
Control No.: 19041986

new Preliminary Objections but rather only joining in the Preliminary Objections already pending before the Court. The Days Inn filed its Joinder only after reaching this agreement with Mr. Bezar.  Per a subsequent phone call with Mr. Bezar, after the Joinder was filed on May 7, 2019, there was apparently some misunderstanding as to the scope of the Joinder to the co-defendants' Preliminary Objections.  Nevertheless, an agreement was reached for Days Inn to file the Joinder, thereby mooting any timeliness issue.

Perhaps most importantly, no prejudice exists for the Court to consider the Joinder of the Days Inn to its co-defendants' Preliminary Objections.  The allegations at issue in those preliminary objections involve allegations and claims that are identical as to both the Days Inn and the co-defendants.  The Court will rule, one way or the other, on the validity of those allegations and claims per the Preliminary Objections of co-defendants, and that ruling will dictate the same outcome as to the Days Inn' Preliminary Objections.  No prejudice can therefore be shown by plaintiff by the filing of Days Inn's Joinder in those Preliminary Objections.

For the reasons set forth in Co-defendants' Preliminary Objections and the Days Inn's Joinder in those Preliminary Objections, paragraphs 48, 50 and 52-67 of the Complaint, as well as all punitive damages claims against the Days Inn, should be stricken with prejudice.

<div align="center">

**McCORMICK & PRIORE, P.C.**

</div>

BY:   __*/s/ Philip D. Priore*_____
        Philip D. Priore, Esquire
        Brian J. Callahan, Esquire
        Attorney for Defendants,
        4200 Roosevelt, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn

Dated:  5/10/19

<div align="center">2</div>

**McCORMICK & PRIORE, P.C.**
By:     Philip D. Priore, Esquire
          Brian J. Callahan, Esquire
Attorney ID #38987/200815                    Attorneys for Defendants,
Four Penn Center                                       4200 Roosevelt LLC and
1600 JFK Blvd., Suite 800                          4200 Rose Hospitality LLC
Philadelphia, PA  19103                            d/b/a Days Inn
T: 215-972-0161
F: 215-972-5580
ppriore@mccormickpriore.com
bcallahan@mccormickpriore.com

|  | : | COURT OF COMMON PLEAS |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
|  | : |  |
| vs. | : |  |
|  | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ET AL. | : | NO. 3355 |

### CERTIFICATE OF SERVICE

        I, Philip D. Priore, Esquire, hereby certify that on this 10th day of May, 2019, I caused to be served a true and correct copy of the foregoing Reply in Support of Joinder in Preliminary Objections,  via electronic service and/or first class U.S. First Class mail, postage prepaid, to the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Equire
Emily B. Marks, Esquire
Kyle B. Nocho, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA  19102
***Attorney for Plaintiffs***

Daniel E. Oberdick, Jr., Esquire
James J. Quinlan, Esquire
Grant S. Palmer, Esquire
Blank Rome LLP
18th & Cherry Streets
One Logan Square, 4th Floor
Philadelphia, PA  19103
**Attorneys for UFVS Management Company, LLC, Roosevelt Motor Inn Inc. and Roosevelt Inn LLC**

        ***/s/Philip D. Priore***
Philip D. Priore, Esquire

3

Case ID: 190303355
Control No.: 19041986

**FILED**
06 MAY 2019 12:38 pm
**Civil Administration**
J. YOUNGE

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ROOSEVELT INN LLC | : | NO.: 03355 |
| d/b/a ROOSEVELT INN, ROOSEVELT MOTOR | : | |
| INN, INC., UFVS MANAGEMENT COMPANY | : | |
| LLC, 4200 ROOSEVELT LLC, 4200 | : | |
| ROOSEVELT LLC d/b/a DAYS INN, DAYS INN, | : | |
| SURATI MANAGEMENT GROUP, DAYS | : | |
| INN BY WYNDHAM d/b/a DAYS INN, | : | |
| WYNDHAM WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTELS AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | |
| NORTH AMERICAN MOTOR INNS, RAMARA, | : | |
| INC., ASHOKA INVESTMENTS & | : | |
| MANAGEMENT SERVICES | : | |
| Defendants. | : | |

DOCKETED

MAY 10 2019

S. HARVEY, JR
CIVIL TRIAL DIVISION

AND NOW, this 9th day of May ,2019, upon consideration of Plaintiff

C.A.'s Response in Opposition to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt

Motor Inn, Inc. and UFVS Management Company, LLC's Preliminary Objection's to Plaintiff's

Complaint, and any response thereto, it is hereby;

ORDERED and DECREED that Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn,

Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC's Preliminary Objections are

OVERRULED. ~~Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc.~~

~~and UFVS Management Company, LLC's shall file an Answer to Plaintiff's Complaint within~~

~~20 (twenty) days from the date of this Order.~~

BY THE COURT:

_____

A. Vs Roosevelt Inn Llc-ORDER

19030335500033

Case ID: 190303355
Control No.: 19041986

FILED
10 MAY 2019 04:00 pm
Civil Administration
L. SATCHELL

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
|                Plaintiff, | : | |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC, ROOSEVELT INN LLC | : | NO.: 03355 |
| d/b/a ROOSEVELT INN, ROOSEVELT MOTOR | : | |
| INN, INC., UFVS MANAGEMENT COMPANY | : | |
| LLC, 4200 ROOSEVELT LLC, 4200 | : | |
| ROOSEVELT LLC d/b/a DAYS INN, DAYS INN, | : | |
| SURATI MANAGEMENT GROUP, DAYS | : | |
| INN BY WYNDHAM d/b/a DAYS INN, | : | |
| WYNDHAM WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTELS AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | |
| NORTH AMERICAN MOTOR INNS, RAMARA, | : | |
| INC., ASHOKA INVESTMENTS & | : | |
| MANAGEMENT SERVICES | : | |
|                Defendants. | : | |

**<u>PLAINTIFF'S SUR-REPLY IN OPPOSITION TO THE PRELIMINARY OBJECTIONS
FILED BY DEFENDANTS ROOSEVELT INN, LLC D/B/A ROOSEVELT INN,
ROOSEVELT MOTOR INN AND UFVS MANAGEMENT COMPANY, LLC TO
PLAINTIFF'S COMPLAINT</u>**

      The Roosevelt Defendants' Reply in Support of Their Preliminary Objection is as mean-

spirited as it is ignorant.  The Roosevelt Defendants sole focus of their Reply is one sentence in

Plaintiff's Response and Memorandum of Law in Opposition that "no other similarly situated

Defendant has filed Preliminary Objections in this case."  The Roosevelt Defendants wrongly

assert that Plaintiff failed to disclose in her Response that no other defendants were represented

by counsel at the time Plaintiff's Response was filed on May 6, 2019 and therefore could not

Case ID: 190303355
Control No.: 19041986

have filed Preliminary Objections.  First, the time-period to file Preliminary Objections does not begin when counsel enters their appearance, it begins when service is effectuated.  The time-period for all Defendants to file Preliminary Objections was expired at the time Plaintiff filed her Response, with the exception of Ashoka Investments & Management Services.[1]

Secondly, Plaintiff's counsel communicated with counsel for all Defendants, with the exception of Defendant Ashoka Investments & Management Services, well in advance of when Plaintiff's Response and Memorandum of Law in Opposition to the Roosevelt Defendants' Preliminary Objections was filed.   Plaintiff's counsel was aware of which counsel represented each party although counsel for the other co-Defendants may have kept counsel for the Roosevelt Defendants out of the loop.  Counsel for the co-defendants in the case were listed on the Certificate of Service attached to Plaintiff's Response and Memorandum of Law in Opposition to the Roosevelt Defendants' Preliminary Objections that counsel for the Roosevelt Defendants clearly ignored.  Counsel for the following parties have reached out to and communicated with Plaintiff's counsel:

John McCreesh, Esquire
Law Offices of McCreesh, McCreesh, McCreesh & Cannon
7053 Terminal Square
Upper Darby, PA  19082
*Counsel for North American Motor Inns and Ramara, Inc.*

Virginia L. Hardwick, Esquire
Hardwick Benfer, LLC
179 North Broad Street
Doylestown, PA 18901
*Counsel for 4200 Roosevelt d/b/a Days Inn, et. al.*

---

[1] Ashoka Investments & Management Services (AIMS) is or was the management company for North American Motor Inns and is attempting to evade service. Its President, Ashok Kumar Bhatt has refused to provide an address for service.  After identifying himself during a phone conversation, he rhetorically responded that he is homeless.

Case ID: 190303355
Control No.: 19041986

James M. Brogan, Esquire
Matthew A. Goldberg, Esquire
Nathan P. Heller, Esquire
Haley D. Torrey, Esquire
DLA Piper LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
*Counsel for Wyndham Worldwide Corporation; Wyndham Hotel Group, LLC; Wyndham Hotels and Resorts, LLC; and Wyndham Hotel Management, Inc.*


Robert T. Cohen, Esquire
Trobman & Cohen LLC
102 Browning Lane, Building B-3
Cherry Hill, NJ 08003
*Counsel for Surati Management Group*

In a misguided attempt to bolster their Preliminary Objections, the Roosevelt Defendants point to a Joinder in the Preliminary Objections of the Roosevelt Defendants filed by co-defendants 4200 Rose Hospitality LLC and 4200 Roosevelt LLC (hereinafter "Days Inn") on May 7, 2019, one day after Plaintiff's Response and Memorandum of Law in Opposition was filed. The Joinder in Preliminary Objections was filed by the law of McCormick & Priore on behalf of the Days Inn; the same day the McCormick & Priore law firm had entered its appearance. The Joinder in Preliminary Objections, which is no different than Preliminary Objections, was untimely. They Days Inn was served with Plaintiff's Complaint on March 28, 2019. Plaintiff filed a response in Opposition to the Joinder on May 9, 2019 asserting the Joinder was late and incorporating Plaintiff's Response and Memorandum of Law in Opposition to the Roosevelt Defendants' Preliminary Objections.

Further, the Roosevelt Defendants are clearly unaware that the co-defendants 4200 Rose Hospitality LLC and 4200 Roosevelt LLC (Days Inn) were represented by Virginia L. Hardwick, Esquire of Hardwick Benfer, LLC. In an April 15, 2019 email Ms. Hardwick confirmed that Plaintiff's counsel gave her clients an extension to file an Answer only to Plaintiff's Complaint

and stated her clients "do not plan on filing Preliminary Objections." See 4/15/19 Email attached as Exhibit "A".

The only red herring is the Roosevelt Defendants' Preliminary Objections and their Sur Rely that both belie fact and truth. Plaintiff has pled sufficient facts to support a claim for punitive damages against the Roosevelt Defendants and Paragraphs 48, 50, 52-67 of Plaintiff's Complaint are properly pled. Therefore, the Roosevelt Defendants' Preliminary Objections should be overruled.

<div style="margin-left:40%">

**KLINE & SPECTER, P.C**

BY: _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

</div>

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Sur-Reply in Opposition to the Preliminary Objections filed by Roosevelt Defendants was filed with the Court on May 10, 2019 and served by electronic filing upon the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and*
*UFVS Management Company*

Philip D. Priore, Esquire
Brian J. Callahan, Esquire
McCormick & Priore, P.C.
Four Penn Center
1600 JFK Blvd, Suite 800
Philadelphia, PA 19103
*Counsel for 4200 Roosevelt LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn*

### By first-class mail upon the following parties:

John McCreesh, Esquire
Law Offices of McCreesh, McCreesh, McCreesh & Cannon
7053 Terminal Square
Upper Darby, PA 19082
*Counsel for North American Motors Inn and Ramara, Inc.*

James M. Brogan, Esquire
Matthew A. Goldberg, Esquire
Nathan P. Heller, Esquire
Haley D. Torrey, Esquire
DLA Piper LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
*Counsel for Wyndham Worldwide Corporation; Wyndham Hotel Group, LLC; Wyndham Hotels and*
*Resorts, LLC; and Wyndham Hotel Management, Inc.*

Robert T. Cohen, Esquire
Trobman & Cohen LLC
102 Browning Lane, Building B-3
Cherry Hill, NJ 08003
*Counsel for Surati Management Group*

Ashoka Investments and Management Services
c/o CT Corporation System
116 Pine Street, Suite 320
Harrisburg, PA 17101
*Pro Se Defendant*

*/s/ Emily B. Marks*
By:_____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated: May 10, 2019

Case ID: 190303355
Control No.: 19041986

# EXHIBIT "A"

Case ID: 190303355
Control No.: 19041986

**Pagan, Jessica**

| | |
|---|---|
| **From:** | Bezar, Nadeem |
| **Sent:** | Monday, April 15, 2019 5:04 PM |
| **To:** | Virginia Hardwick |
| **Cc:** | Marks, Emily; Pagan, Jessica |
| **Subject:** | Re: BH v. 4200 et al |

Sounds good

Nadeem Bezar
Kline & Specter P.C.
1525 Locust Street
Philadelphia PA 19102
Nadeem.Bezar@klinespecter.com
215-772-0522
www.klinespecter.com


Sent from my iPhone

On Apr 15, 2019, at 5:02 PM, Virginia Hardwick <vhardwick@hardwickbenfer.com> wrote:

> CA v. 4200 Roosevelt d/b/a Days Inn, et al
> BH v. 4200 Roosevelt d/b/a/ Days Inn, et al
>
> Dear Nadeem,
> As further follow up to our call last week, we do not plan to file PO's as to the two cases above.  We
> appreciate your offer of an extension of time to answer.  I understand that you spoke to Debra Wilson
> from Erie and consented to a 30-day extension of time to answer.  Accordingly, I will calendar the
> answer due date as Thursday, May 16.
> I appreciate your courtesy and professionalism, and will be in touch soon,
> Thanks,
> Ginger Hardwick
>
>
> Virginia L. Hardwick, Esq.
>
> Hardwick Benfer, LLC
> 179 North Broad Street
> Doylestown, PA  18901
> Office:  (215) 230-1912
> Fax: (215) 230-1913
> Cell: (267) 614-6739
>   www.hardwickbenfer.com
>
> <image001.png>
> Email communications do not alone form an attorney client relationship.  An attorney client
> relationship is formed only by mutual agreement with the signing of a written retainer agreement.

1

Case ID: 190303355
Control No.: 19041986

**B&R**
Services for Professionals Inc.
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of
Professional Process Servers

C.A. c/o Kline & Specter , P.C.

          :    **COURT**    Court of Common Pleas of
                   Pennsylvania
  -VS-                Philadelphia County Civil
Roosevelt Inn, LLC , Roosevelt Inn dba Roosevelt Inn , et al   :   **CASE NUMBER**   190303355

*Filed and Attested by the*
*Office of Judicial Records*
*03 MAY 2019 08:34 am*
*S. RICE*

### AFFIDAVIT

State of _____

County of _____

            **B&R Control # CS162134.01**
             **Reference Number**

---

**FORWARDED SERVICE**

Now, on 5/1/2019, I do hereby request the Sheriff of **Dauphin County**
to serve this **Reinstated Civil Action Complaint** and make return thereof in accordance with the Law, for service upon
**ASHOKA Investments & Management Services** at **c/o CT Corp., 600 North 2nd Street, Suite 401, Harrisburg, PA 17101**
By (Competent Adult) Linda Robertson   Sheriff Check Amt $41.25 #175304

**** SPECIAL INSTRUCTIONS" ****
**PLEASE SERV ASAP THANK YOU**

            See Attached

---

☐ **Served  Date** _____ **Time** _____ **Accepted By:** _____

  In the manner described below.
  ☐ Personally served.
  ☐ Adult in charge of residence. Relationship is _____
  ☐ Adult in charge of residence who refused to give name and/or relationship. _____
  ☐ Manager/Clerk of place of residence lodging _____
  ☐ Agent or person authorized to accept service _____
  ☐ Other _____

**Description of Person**   Age _____ Height _____ Weight _____ Race _____ Sex _____
         Other _____

☐ **Not Served  Date** _____ **Time** _____   ☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant

☐ **Other**

---

The Process Server, was at the time of service a competent adult, over 18 years of age, not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Sworn to and subscribed before me this
_____ day of _____

Process Server/Sheriff _____

Notary Public _____

---

Client   Phone (215) 772-1000    **Reinstated:** 4/30/2019   **Filed Date:** _____   **BR Serve By:** 05/29/2019

Christie Lawson, Paralegal to Nadeem Bezar, Esq. and Emily
Marks, Esq.
Kline and Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102



ORIGINAL

Case ID: 190303355

## Office of the Sheriff



David E. Olweiler
Real Estate Deputy

David B. Dowling
Solicitor

Jack Duignan
Chief Deputy

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 780-6557

Nicholas Chimienti Jr.
Sheriff

**Commonwealth of Pennsylvania**                :        C. A.

                                                                                        VS

**County of Dauphin**                                          :        ASHOKA INVESTMENTS &
                                                                                        MANAGEMENT SERVICES


Sheriff's Return

No. 2019-T-1330

OTHER COUNTY NO. 190303355


And now: MAY 8, 2019  at 10:45:00 AM served the within REINSTATED COMPLAINT &

NOTICE upon ASHOKA INVESTMENTS & MANAGEMENT SERVICES by personally handing to

STEFONI MURPHY (INTAKE SPECIALIST)  1 true attested copy of the original  REINSTATED

COMPLAINT & NOTICE  and making known to him/her the contents thereof at C/O CT CORP, 600 N

2ND STREET, SUITE 401 HARRISBURG PA 17101


Sworn and subscribed to
before me this  9TH day of May, 2019

So Answers,

_____
Sheriff of Dauphin County, Pa.

By_____
Deputy Sheriff

Deputy: JOSHUA PIERCE

Sheriff's Costs: $41.25 5/6/2019

**COMMONWEALTH OF PENNSYLVANIA**

NOTARIAL SEAL
Karen M. Hoffman, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires January 8, 2022
Commission number 1257392

Matthew A. Goldberg (Bar No. PA-87571)
mathew.goldberg@us.dlapiper.com
Nathan P. Heller (Bar No. PA-206338)
nathan.heller@us.dlapiper.com
Haley D. Torrey (Bar No. PA-319738)
haley.torrey@us.dlapiper.com
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street - Suite 4900
Philadelphia, Pennsylvania 19103
Tel: 215.656.3300

*Attorneys for Defendants Wyndham
Worldwide Corporation, k/n/a
Wyndham Destinations, Inc.,
Wyndham Hotel Group, LLC,
Wyndham Hotels and Resorts, LLC,
k/n/a Wyndham Franchisor, LLC,
and Wyndham Hotel Management,
Inc.*

Filed and Attested by the
Office of Judicial Records
03 MAY 2019 05:16 pm
B. MAURIN

|  |  |  |
|---|---|---|
| C.A., | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| *Plaintiff,* | : | |
| | : | CIVIL TRIAL DIVISION |
| v. | : | FEBRUARY TERM, 2019 |
| | : | NO.: 190303355 |
| ROOSEVELT INN LLC, et al., | : | |
| | : | |
| *Defendants* | : | |
| | : | |

---

## NOTICE TO PLEAD

---

To:    PLAINTIFF C.A.

You are hereby notified to file a written response to the enclosed Answer with New Matter

within twenty (20) days from service hereof or a judgment may be entered against you.

Date:   May 20, 2019

*/s/ Nathan P. Heller*
_____

Matthew A. Goldberg
Nathan P. Heller
Haley D. Torrey
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, Pennsylvania 19103
Telephone:  215.656.3300
Facsimile:  215.656.3301

*Attorneys for Defendants Wyndham Worldwide
Corporation, k/n/a Wyndham Destinations, Inc.,
Wyndham Hotel Group, LLC, Wyndham Hotels and
Resorts, LLC, k/n/a Wyndham Franchisor, LLC, and
Wyndham Hotel Management, Inc.*

2

Case ID: 190303355

Matthew A. Goldberg (Bar No. PA-87571)
mathew.goldberg@us.dlapiper.com
Nathan P. Heller (Bar No. PA-206338)
nathan.heller@us.dlapiper.com
Haley D. Torrey (Bar No. PA-319738)
haley.torrey@us.dlapiper.com
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street - Suite 4900
Philadelphia, Pennsylvania 19103
Tel: 215.656.3300

*Attorneys for Defendants Wyndham
Worldwide Corporation, k/n/a
Wyndham Destinations, Inc.,
Wyndham Hotel Group, LLC,
Wyndham Hotels and Resorts, LLC,
k/n/a Wyndham Franchisor, LLC,
and Wyndham Hotel Management,
Inc.*

| | | |
|---|---|---|
| C.A., | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| *Plaintiff,* | : | |
| | : | CIVIL TRIAL DIVISION |
| v. | : | FEBRUARY TERM, 2019 |
| | : | NO.: 190303355 |
| ROOSEVELT INN LLC, et al., | : | |
| | : | |
| *Defendants* | : | |
| | : | |

---

### ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, AND WYNDHAM HOTEL MANAGEMENT, INC. WITH NEW MATTER

---

Defendants Wyndham Worldwide Corporation, k/n/a Wyndham Destinations, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, k/n/a Wyndham Franchisor, LLC, and Wyndham Hotel Management, Inc. (collectively, the "Wyndham Entities") submit the following Answer with New Matter to the Complaint filed by Plaintiff C.A. ("C.A."), denying all allegations not specifically admitted below, and states as follows:

3

Case ID: 190303355

**PRELIMINARY STATEMENT**

      1.      The allegations in paragraph 1 are not directed to any party and do not require a response. To the extent a response may be required, the Wyndham Entities deny any participation in human sex trafficking.

      2.      The allegations in paragraph 2 are not directed to any party and do not require a response. To the extent a response may be required, the Wyndham Entities deny any participation in human sex trafficking and lack information or knowledge sufficient to form a belief as to the alleged metrics.

      3.      The allegations in paragraph 3 are not directed to any party and do not require a response. To the extent a response may be required, the Wyndham Entities deny any participation in human sex trafficking and lack information or knowledge sufficient to form a belief as to the alleged metrics.

      4.      The allegations in paragraph 4 are not directed to any party and do not require a response. To the extent a response may be required, the Wyndham Entities deny any participation in human sex trafficking and lack information or knowledge sufficient to form a belief as to the alleged metrics.

      5.      The allegations in paragraph 5 are not directed to any party and state a legal conclusion that does not require a response. To the extent a response may be required, the Wyndham Entities deny any participation in human sex trafficking.

      6.      The allegations in paragraph 6 are not directed to any party and do not require a response. To the extent a response may be required, the Wyndham Entities deny any participation in human sex trafficking.

Case ID: 190303355

7.     The allegations in paragraph 7 are not directed to any party and do not require a response.  To the extent a response may be required, the Wyndham Entities deny any participation in human sex trafficking and lack information or knowledge sufficient to form a belief as to the alleged metrics.

**THE PARTIES**

8.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 8.

9.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 9.

10.     The allegations in paragraph 10 are not directed to any party and do not require a response.

11.     The allegations in paragraph 11 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 11.

12.     The allegations in paragraph 12 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 12.

13.     The allegations in paragraph 13 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 13.

14.     The allegations in paragraph 14 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 14.

Case ID: 190303355

15.     The allegations in paragraph 15 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 15.

16.     The allegations in paragraph 16 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 16.

17.     The allegations in paragraph 17 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 17, except they deny the existence of "Days Inn" as a corporate entity.

18.     The allegations in paragraph 18 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 186.

19.     The allegations in paragraph 19 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 19, except they deny the existence of "Days Inns d/b/a Days Inn by Wyndham" as a corporate entity.

20.     The Wyndham Entities deny the allegations in paragraph 20.

21.     The Wyndham Entities deny the allegations in paragraph 21, except that Wyndham Hotel Group, LLC admits that it is a Delaware limited liability company with a principal place of business located at 22 Sylvan Way, Parsippany, New Jersey.

6

Case ID: 190303355

22.     The Wyndham Entities deny the allegations in paragraph 22, except that Wyndham Hotels and Resorts, LLC, known now as "Wyndham Franchisor, LLC" admits that it is a Delaware corporation with a principal place of business located at 22 Sylvan Way, Parsippany, New Jersey.

23.     The Wyndham Entities deny the allegations in paragraph 23, except that Wyndham Hotel Management, Inc. admits that it is a Delaware corporation with a principal place of business located at 22 Sylvan Way, Parsippany, New Jersey.

24.     The allegations in paragraph 24 are vague and ambiguous and state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities admit only that they are corporate entities that have corporate affiliates.  The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations of this paragraph to the extent they relate to defendants other than the Wyndham Entities.

25.     The allegations in paragraph 25 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 25.

26.     The allegations in paragraph 26 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 26.

27.     The allegations in paragraph 27 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 27.

28.     The allegations in paragraph 28 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 28.

7

Case ID: 190303355

29.     The allegations in paragraph 29 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 29.

30.     The allegations in paragraph 30 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 30, except that Wyndham Hotel Management, Inc. admits that it conducts business in Philadelphia County.

31.     The allegations in paragraph 31 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 31.

32.     The Wyndham Entities deny the allegations in paragraph 32 insofar as they are directed to them.

33.     The allegations in paragraph 33 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 33.

34.     The allegations in paragraph 34 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 34.

35.     The Wyndham Entities deny the allegations in paragraph 35 insofar as they are directed to them.

36.     The allegations in paragraph 36 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 36.

Case ID: 190303355

37.     The allegations in paragraph 37 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 37.

38.     The Wyndham Entities deny the allegations in paragraph 38 insofar as they are directed to them.

39.     The allegations in paragraph 39 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 39.

40.     The allegations in paragraph 40 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 40.

41.     The Wyndham Entities deny the allegations in paragraph 41 insofar as they are directed to them.

42.     The allegations in paragraph 42 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 42.

**<u>OPERATIVE FACTS</u>**

43.     The allegations in paragraph 43 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 43.

44.     The allegations in paragraph 44 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 44.

Case ID: 190303355

45.     The allegations in paragraph 45 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 45.

46.     The Wyndham Entities deny the allegations in paragraph 46 insofar as they are directed to them.

47.     The allegations in paragraph 47 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 47.

48.     The Wyndham Entities deny the allegations in paragraph 48 insofar as they are directed to them, except they lack information or knowledge sufficient to form a belief as to Plaintiff's victimization by sex traffickers.

49.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 49, except they deny awareness of such internet advertisements or of Plaintiff's alleged trafficking.

50.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 50, except they deny awareness of such internet advertisements or of Plaintiff's alleged trafficking.

51.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 51, except they deny awareness of such internet advertisements or of Plaintiff's alleged trafficking.

52.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 52, except they deny any participation in or awareness of such phone calls.

10

53.    The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 53, except they deny any knowledge of or participation in Plaintiff's trafficking.

54.    The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 54, except they deny any participation in Plaintiff's trafficking or knowledge of Plaintiff's traffickers.

55.    The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 55, except they deny any knowledge of or participation in Plaintiff's trafficking.

56.    The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 56, except they deny any knowledge of or participation in Plaintiff's trafficking.

57.    The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 57, except they deny any knowledge of or participation in Plaintiff's trafficking.

58.    The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 58, except they deny any knowledge of or participation in Plaintiff's trafficking.

59.    The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 59, except they deny any knowledge of or participation in Plaintiff's trafficking.

60.    The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 60, except they deny any knowledge of or participation in

Case ID: 190303355

Plaintiff's trafficking or that the Wyndham Entities accepted any cash or other payments from Plaintiff's traffickers.

61.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 61, except they deny any knowledge of or participation in Plaintiff's trafficking.

62.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 62, except they deny any knowledge of or participation in Plaintiff's trafficking.

63.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 63, except they deny any knowledge of or participation in Plaintiff's trafficking.

64.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 64, except they deny any knowledge of or participation in Plaintiff's trafficking.

65.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 65, except they deny any knowledge of or participation in Plaintiff's trafficking.

66.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 66, except they deny any knowledge of or participation in Plaintiff's trafficking.

67.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 67, except they deny any knowledge of or participation in

12

Case ID: 190303355

Plaintiff's trafficking or that the Wyndham Entities accepted any cash or other payments from Plaintiff's traffickers.

68.     The Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 68.

69.     The allegations in paragraph 69 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 69.

70.     The Wyndham Entities deny the allegations in paragraph 70 insofar as they are directed to them.

71.     The allegations in paragraph 71 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 71.

72.     The allegations in paragraph 72 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 72.

73.     The Wyndham Entities deny the allegations in paragraph 73 insofar as they are directed to them.

74.     The allegations in paragraph 74 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 74.

75.     The allegations in paragraph 75 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 75.

Case ID: 190303355

76.     The allegations in paragraph 76 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 76 insofar as they are directed to them.

77.     The allegations in paragraph 77 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 77.

78.     The allegations in paragraph 78 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 78.

79.     The allegations in paragraph 79 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 79 insofar as they are directed to them.

80.     The allegations in paragraph 80 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 80.

81.     The allegations in paragraph 81 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 81.

82.     The allegations in paragraph 82 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 82 insofar as they are directed to them.

Case ID: 190303355

83.     The allegations in paragraph 83 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 83.

84.     The allegations in paragraph 84 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 84.

85.     The allegations in paragraph 85 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 85 insofar as they are directed to them.

86.     The allegations in paragraph 86 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 86.

87.     The allegations in paragraph 87 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 87.

88.     The allegations in paragraph 88 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 88 insofar as they are directed to them.

89.     The allegations in paragraph 89 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 89.

Case ID: 190303355

90.     The allegations in paragraph 90 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 90.

91.     The allegations in paragraph 91 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 91 insofar as they are directed to them.

92.     The allegations in paragraph 92 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 92.

93.     The allegations in paragraph 93 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 93.

94.     The allegations in paragraph 94 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 94 insofar as they are directed to them.

95.     The allegations in paragraph 95 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 95.

96.     The allegations in paragraph 96 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 96.

97.     The Wyndham Entities deny the allegations in paragraph 97 insofar as they are directed to them.

Case ID: 190303355

98.     The allegations in paragraph 98 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 98.

99.     The allegations in paragraph 99 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 99.

100.    The allegations in paragraph 100 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 100 insofar as they are directed to them.

101.    The allegations in paragraph 101 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities lack information or knowledge sufficient to form a belief as to the allegations in paragraph 101.

## COUNT I - NEGLIGENCE

102.    The Wyndham Entities repeat their responses to paragraph 1 through 101 of the Complaint as if fully stated herein.

103.    The allegations in paragraph 103 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 103.

104.    The allegations in paragraph 104 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 104.

17

Case ID: 190303355

105.     The allegations in paragraph 105 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 105.

106.     The allegations in paragraph 106 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 106.

107.     The allegations in paragraph 107 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 107.

108.     The allegations in paragraph 108 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 108.

109.     The allegations in paragraph 109 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 109

110.     The allegations in paragraph 110 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 110.

111.     The allegations in paragraph 111 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 111.

Case ID: 190303355

112.     The allegations in paragraph 112 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 112.

WHEREFORE, the Wyndham Entities deny that Plaintiff is entitled to any relief from them and request that judgment be entered in their favor and against Plaintiff, dismissing Count I of the Complaint with prejudice and awarding such other relief as the Court deems just and appropriate.

## COUNT II - NEGLIGENCE

113.     The Wyndham Entities repeat their responses to paragraph 1 through 112 of the Complaint as if fully stated herein.

114.     The allegations in paragraph 114 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 114 insofar as they are directed to them.

115.     The allegations in paragraph 115 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 115 insofar as they are directed to them.

116.     The allegations in paragraph 116 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 116 insofar as they are directed to them.

117.     The allegations in paragraph 117 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 117 insofar as they are directed to them.

Case ID: 190303355

118.    The allegations in paragraph 118 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 118 insofar as they are directed to them.

119.    The allegations in paragraph 119 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 119 insofar as they are directed to them.

120.    The allegations in paragraph 120 and its subparts state legal conclusions that do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 120 and its subparts insofar as they are directed to them.

121.    The allegations in paragraph 121 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 121 insofar as they are directed to them.

122.    The Wyndham Entities deny the allegations in paragraph 122 insofar as they are directed to them.

123.    The allegations in paragraph 123 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 123 insofar as they are directed to them.

124.    The allegations in paragraph 124 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 124 insofar as they are directed to them.

**WHEREFORE**, the Wyndham Entities deny that Plaintiff is entitled to any relief from them and request that judgment be entered in their favor and against Plaintiff, dismissing Count II

Case ID: 190303355

of the Complaint with prejudice and awarding such other relief as the Court deems just and appropriate.

## COUNT III - NEGLIGENCE

125.    The Wyndham Entities repeat their responses to paragraph 1 through 124 of the Complaint as if fully stated herein.

126.    The allegations in paragraph 126 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 126.

127.    The allegations in paragraph 127 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 127.

128.    The allegations in paragraph 128 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 128.

129.    The allegations in paragraph 129 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 129.

130.    The allegations in paragraph 130 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 130.

131.    The allegations in paragraph 131 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 131.

Case ID: 190303355

132.     The allegations in paragraph 132 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 132.

133.     The allegations in paragraph 133 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 133.

134.     The allegations in paragraph 134 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 134.

135.     The allegations in paragraph 135 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 135.

**WHEREFORE**, the Wyndham Entities deny that Plaintiff is entitled to any relief from them and request that judgment be entered in their favor and against Plaintiff, dismissing Count III of the Complaint with prejudice and awarding such other relief as the Court deems just and appropriate.

## COUNT IV –NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

136.     The Wyndham Entities repeat their responses to paragraph 1 through 135 of the Complaint as if fully stated herein.

137.     The allegations in paragraph 137 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 137.

Case ID: 190303355

138.    The allegations in paragraph 138 are not directed to the Wyndham Entities and do not require a response. To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 138.

**WHEREFORE**, the Wyndham Entities deny that Plaintiff is entitled to any relief from them and request that judgment be entered in their favor and against Plaintiff, dismissing Count IV of the Complaint with prejudice and awarding such other relief as the Court deems just and appropriate.

## COUNT V- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

139.    The Wyndham Entities repeat their responses to paragraph 1 through 138 of the Complaint as if fully stated herein.

140.    The allegations in paragraph 140 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 140 insofar as they are directed to them.

141.    The allegations in paragraph 141 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 141 insofar as they are directed to them.

**WHEREFORE**, the Wyndham Entities deny that Plaintiff is entitled to any relief from them and request that judgment be entered in their favor and against Plaintiff, dismissing Count V of the Complaint with prejudice and awarding such other relief as the Court deems just and appropriate.

## COUNT VI –NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

142.    The Wyndham Entities repeat their responses to paragraph 1 through 141 of the Complaint as if fully stated herein.

Case ID: 190303355

143. The allegations in paragraph 143 are not directed to the Wyndham Entities and do not require a response. To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 143 insofar as they are directed to them.

144. The allegations in paragraph 144 are not directed to the Wyndham Entities and do not require a response. To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 144 insofar as they are directed to them.

**WHEREFORE**, the Wyndham Entities deny that Plaintiff is entitled to any relief from them and request that judgment be entered in their favor and against Plaintiff, dismissing Count VI of the Complaint with prejudice and awarding such other relief as the Court deems just and appropriate.

## COUNT VII –NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

145. The Wyndham Entities repeat their responses to paragraph 1 through 144 of the Complaint as if fully stated herein.

146. The allegations in paragraph 146 are not directed to the Wyndham Entities and do not require a response. To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 146 insofar as they are directed to them.

147. The allegations in paragraph 147 are not directed to the Wyndham Entities and do not require a response. To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 147 insofar as they are directed to them.

148. The allegations in paragraph 148 are not directed to the Wyndham Entities and do not require a response. To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 148 insofar as they are directed to them.

Case ID: 190303355

149.   The allegations in paragraph 149 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 149 insofar as they are directed to them.

150.   The allegations in paragraph 150 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 150 insofar as they are directed to them.

151.   The allegations in paragraph 151 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 151 insofar as they are directed to them.

**WHEREFORE**, the Wyndham Entities deny that Plaintiff is entitled to any relief from them and request that judgment be entered in their favor and against Plaintiff, dismissing Count VII of the Complaint with prejudice and awarding such other relief as the Court deems just and appropriate.

## COUNT VIII –NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

152.   The Wyndham Entities repeat their responses to paragraph 1 through 151 of the Complaint as if fully stated herein.

153.   The allegations in paragraph 153 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 153 insofar as they are directed to them.

154.   The allegations in paragraph 154 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 154 insofar as they are directed to them.

Case ID: 190303355

155.   The Wyndham Entities deny the allegations in paragraph 155 insofar as they are directed to them.

156.   The Wyndham Entities deny the allegations in paragraph 156 insofar as they are directed to them.

157.   The allegations in paragraph 157 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 157 insofar as they are directed to them.

158.   The allegations in paragraph 158 state a legal conclusion that does not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 158 insofar as they are directed to them.

**WHEREFORE**, the Wyndham Entities deny that Plaintiff is entitled to any relief from them  request that judgment be entered in their favor and against Plaintiff, dismissing Count VIII of the Complaint with prejudice and awarding such other relief as the Court deems just and appropriate.

## COUNT IX –NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

159.   The Wyndham Entities repeat their responses to paragraph 1 through 158 of the Complaint as if fully stated herein.

160.   The allegations in paragraph 160 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 160 insofar as they are directed to them.

161.   The allegations in paragraph 161 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 161 insofar as they are directed to them.

Case ID: 190303355

162.     The allegations in paragraph 162 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 162 insofar as they are directed to them.

163.     The allegations in paragraph 163 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 163 insofar as they are directed to them.

164.     The allegations in paragraph 164 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 164 insofar as they are directed to them.

165.     The allegations in paragraph 165 are not directed to the Wyndham Entities and do not require a response.  To the extent a response may be required, the Wyndham Entities deny the allegations in paragraph 165 insofar as they are directed to them.

**WHEREFORE**, the Wyndham Entities deny that Plaintiff is entitled to any relief from them  request that judgment be entered in their favor and against Plaintiff, dismissing Count IX of the Complaint with prejudice and awarding such other relief as the Court deems just and appropriate.

## NEW MATTER

166.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted as to the Wyndham Entities.

167.     Plaintiff's claims are barred as to the Wyndham Entities, in whole or in part, by the applicable statute of limitations.

168.     Plaintiff's claims are barred as to the Wyndham Entities because the conduct of the Wyndham Entities was at all times appropriate and justified under the circumstances.

27

169.   Plaintiff's claims are barred at to the Wyndham Entities because the Wyndham Entities did not engage in any wrongful conduct with respect to Plaintiff.

170.   Plaintiff's claims are barred as to the Wyndham Entities because none of the Wyndham Entities owned, operated, managed, controlled, or were present at any of the guest lodging facilities at which Plaintiff alleges she was trafficked.

171.   Plaintiff's claims as to the Wyndham Entities are barred because any harm caused to Plaintiff is attributable to the acts of third parties.

172.   The Wyndham Entities reserve the right to add, amend, clarify, or modify its defenses and/or New Matter to conform to such facts as may be revealed through discovery or otherwise.

**WHEREFORE**, the Wyndham Entities request that judgment be entered in their favor and against Plaintiff, dismissing all claims in the Complaint with prejudice and awarding such other relief as the Court deems just and proper.

Date:   May 20, 2019

Respectfully submitted,

*/s/ Nathan P. Heller*
Matthew A. Goldberg
Nathan P. Heller
Haley D. Torrey
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, Pennsylvania 19103
Telephone:  215.656.3300
Facsimile:  215.656.3301

*Attorneys for Defendants Wyndham Worldwide Corporation, k/n/a Wyndham Destinations, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, k/n/a Wyndham Franchisor, LLC, and Wyndham Hotel Management, Inc.*

28

## **VERIFICATION**

I hereby verify that the averments and denials of fact set forth in the foregoing Answer with New Matter with regard to Wyndham Worldwide Corporation, k/n/a Wyndham Destinations, Inc., are true and correct to the best of my knowledge, information, and belief.

This verification is made subject to the penalties under 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date:   May 20, 2019

*Carlos Clark*

Carlos Clark

*For Defendant Wyndham Worldwide Corporation, k/n/a Wyndham Destinations, Inc.*

Case ID: 190303355

## VERIFICATION

I hereby verify that the averments and denials of fact set forth in the foregoing Answer with New Matter with regard to Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, k/n/a Wyndham Franchisor, LLC, and Wyndham Hotel Management, Inc. are true and correct to the best of my knowledge, information, and belief.

This verification is made subject to the penalties under 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date:   May **20**, 2019

Michael Piccola

*For Defendants Wyndham Hotel Group,*
*LLC, Wyndham Hotels and Resorts, LLC,*
*k/n/a Wyndham Franchisor, LLC, and*
*Wyndham Hotel Management, Inc.*

30

Case ID: 190303355

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the "Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts" that require filing confidential information in documents differently than non-confidential information and documents.

Date:   May 20, 2019                         */s/ Nathan P. Heller*
                                             Nathan P. Heller

31

Case ID: 190303355

## CERTIFICATE OF SERVICE

I certify that on May 20, 2019, a true and correct copy of the foregoing Answer with New Matter was filed electronically and served on the following counsel of record in the manner set forth below:

*By electronic mail and Court efiling notice:*

Nadeem Bezer
Emily Marks
Kyle B. Nocho
**KLINE & SPECTER PC**
1525 Locust Street
Philadelphia, PA 19102

*Counsel for Plaintiff*

Philip D. Priore
Brian Callahan
**MCCORMICK & PRIORE PC**
4 Penn Center, Suite 800
Philadelphia, PA 19103

*Counsel for 4200 Roosevelt LLC and 4200 Rose Hospitality LLC*

Grant S. Palmer
James J. Quinlan
Daniel E. Oberdic, Jr.
**BLANK ROME LLP**
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103

*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company*

*By first-class mail, postage prepaid:*

John McCreesh
**LAW OFFICES OF MCCREESH, MCCREESH, MCCREESH & CANNON**
7053 Terminal Square
Upper Darby, Pennsylvania 19082

*Counsel for North American Motors Inn and Ramara, Inc.*

Robert T. Cohen
**TROBMAN & COHEN LLC**
102 Browning Lane, Building B-3
Cherry Hill, NJ 08003

*Counsel for Surati Management Group*

32

Days Inn
Days Inn by Wyndham, d/b/a Days Inn
4200 Roosevelt Blvd.
Philadelphia, PA 19124

Ashoka Investments and Management
Services
27 A Iris Avenue
San Francisco, CA 94118


Date:   May 20, 2019

_/s/ Nathan P. Heller_____
Nathan P. Heller

33

Case ID: 190303355

**KLINE & SPECTER, P.C.**                                    *Attorneys for Plaintiff*
BY:     THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC AND ROOSEVELT INN | : | NO.: 03355 |
| LLC d/b/a ROOSEVELT INN, ROOSEVELT | : | |
| MOTOR INN, INC., UFVS MANAGEMENT | : | |
| COMPANY, LLC, 4200 ROOSEVELT LLC AND | : | |
| 4200 ROOSEVELT LLC d/b/a DAYS INN, 4200 | : | |
| ROSE HOSPITALITY, LLC AND 4200 ROSE | : | |
| HOSPITALITY d/b/a DAYS INN, DAYS INN, | : | |
| SURATI MANAGEMENT GROUP, DAYS | : | |
| INN BY WYNDHAM d/b/a DAYS INN, | : | |
| WYNDHAM WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTEL GROUP, LLC, | : | |
| WYNDHAM HOTELS AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | A. Vs Roosevelt Inn Llc And Roosevelt Inn Ll-RPNMT |
| NORTH AMERICAN MOTOR INNS, | : | |
| RAMARA, INC., ASHOKA INVESTMENTS & | : | |
| MANAGEMENT SERVICES | : | |
| Defendants. | : | 19030335500043 |

## PLAINTIFF'S REPLY TO NEW MATTER OF DEFENDANTS, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, AND WYNDHAM HOTEL MANAGEMENT, INC.

Plaintiff C.A., by and through counsel, Kline & Specter, P.C., hereby replies to New

Matter of Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC,

Wyndham Hotels and Resorts, LLC and Wyndham Hotel Management, Inc., as follows:

    166.    Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

    167.    Denied.  This paragraph is a conclusion of law to which no response is required.

Strict proof is hereby demanded.

168.   Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

169.   Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

170.   Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

171.   Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

172.   Denied.  This paragraph is a conclusion of law to which no response is required. Any defenses not specifically presented, per Pa. R.C.P. 1032(a), have been waived.

WHEREFORE, Plaintiff demands judgment in her favor and against the Wyndham Defendants for sums in excess of Fifty Thousand ($50,000.00), exclusive of prejudgment interest, costs, and damages for prejudgment delay.

KLINE & SPECTER, P.C

BY:   _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

**VERIFICATION**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff in this matter and hereby verify that the statements made in the foregoing *Plaintiff's Reply to New Matter of Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.* are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: June 10, 2019

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Reply to New Matter of Wyndham Defendants was filed with the Court on June 10, 2019 and served by electronic mail to the following counsel of record:

James M. Brogan, Esquire
Matthew A. Goldberg, Esquire
Nathan P. Heller, Esquire
Haley D. Torrey, Esquire
DLA Piper LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
*Counsel for Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC and Wyndham Hotel Management, Inc.*

Philip D. Priore, Esquire
Brian J. Callahan, Esquire
McCormick & Priore, P.C.
Four Penn Center
1600 JFK Blvd, Suite 800
Philadelphia, PA 19103
*Counsel for 4200 Roosevelt LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn*

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company*

Jennifer Brooks, Esquire
GuideOne Insurance
P.O. Box 14503
Des Moines, IA 50306-3503
*Counsel for North American Motor Inns, Inc. d/b/a North American Motor Inns, Ramara, Inc. and Ashoka Investments & Management Services*

John McCreesh, Esquire
Law Offices of McCreesh, McCreesh, McCreesh & Cannon
7053 Terminal Square
Upper Darby, PA 19082
*Counsel for North American Motors Inn and Ramara, Inc.*

Robert T. Cohen, Esquire
Trobman & Cohen LLC
102 Browning Lane, Building B-3
Cherry Hill, NJ 08003
*Counsel for Surati Management Group*

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated:  June 10, 2019

**BLANK ROME LLP**
BY: Grant S. Palmer, Esquire
Attorney Bar I.D. No.: 57686
James J. Quinlan, Esquire
Attorney Bar I.D. No.: 200944
Daniel E. Oberdick, Esquire
Attorney Bar I.D. No.: 309676
Philadelphia, PA 19103-6998
Fax: (215) 569-5555
Tel.: (215) 569-5500
Email: palmer@blankrome.com
quinlan@blankrome.com
doberdick@blankrome.com

*Attorneys for Defendants,*
*Roosevelt Inn LLC d/b/a Roosevelt Inn*
*Roosevelt Motor Inn, Inc. and*
*UFVS Management Company, LLC*

*You are hereby notified to file a written response to Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's New Matter within twenty (20) days of service hereof or a judgment may be entered against you.*

| | |
|---|---|
| C.A.,                      Plaintiff | COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION |
| v. | MARCH TERM, 2019 NO. 3355 |
| ROOSEVELT INN LLC d/b/a ROOSEVELT INN, et al., | |
| Defendants. | JURY TRIAL DEMANDED |

## DEFENDANTS ROOSEVELT INN LLC, ET AL.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER

Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's (the "Roosevelt Defendants"), by their undersigned counsel, hereby file their Answer with New Matter to Plaintiff C.A.'s (hereinafter "Plaintiff") Complaint as follows:

1.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

A. Vs Roosevelt Inn Llc And Roosevelt Inn LI-ANCOM



19030335500042

2.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

3.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

4.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

5.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  By way of further response, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

6.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

7.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this

2

paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

8.   Denied.  The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

9.   Denied.  The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

10.   Denied.  The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

11.   Admitted in part; denied in part.  It is admitted only that Roosevelt Inn LLC is a limited liability company with a business at the address alleged. The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required. Said averments are therefore denied.  Strict proof is demanded at time of trial.

12.   Admitted in part; denied in part.  It is admitted only that Roosevelt Motor Inn, Inc. is a Pennsylvania corporation with a business at the address alleged.  The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

13.   Admitted in part; denied in part.  It is admitted only that UFVS Management Company, LLC is a limited liability company existing under the laws of New York.  The remaining averments contained in this paragraph are conclusions of law to which no responsive

3

pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

14.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

15.     Denied.  The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

16.     Denied.  The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

17.     Denied.  The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

18.     Denied.  The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

19.     Denied.  The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

20.     Denied.  The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

4

21.    Denied.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

22.    Denied.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

23.    Denied.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

24.    Denied.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

25.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied. Strict proof is demanded at time of trial.

26.    Denied.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

27.    Denied.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

155858.00601/119803017v.1

28.   Denied.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

29.   Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.   Said averments are therefore denied. Strict proof is demanded at time of trial.

30.   Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.   Said averments are therefore denied.   Strict proof is demanded at time of trial.

31.   Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the averments in this paragraph are denied.   By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.   Strict proof is demanded at time of trial.

32.   Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.   Said averments are therefore denied. Strict proof is demanded at time of trial.

33.   Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Roosevelt

6

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

34.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

35.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

36.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

37.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

7

38.     Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied. Strict proof is demanded at time of trial.

39.     Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied. Strict proof is demanded at time of trial.

40.     Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

41.     Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

8

42.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

43.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

44.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  Said averments are therefore denied.  Strict proof is demanded at time of trial.

45.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  By way of further response, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

46.     Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  By

9

way of further response, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

47.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

48.     Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

49.     Denied as stated. The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

50.     Denied as stated. The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

51.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

52.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied and strict proof thereof is demanded at time of trial.

53.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

54.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

55.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

56.   Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

57.   Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

58.   Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

59.   Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

155858.00601/119803017v.1

60.     Denied as stated.   The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

61.     Denied.   After reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

62.     Denied.   After reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

63.     Denied.   After reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

64.     Denied.   After reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or

13

omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

65.    Denied.  After reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

66.    Denied.  After reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

67.    Denied.  After reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Strict proof is demanded at time of trial.

68.    Denied.  The Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied and strict proof thereof is demanded at time of trial.

69.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or

14

omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

70.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

71.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

72.    Denied.  After reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Strict proof is demanded at time of trial.

73.    Denied.  After reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

15

74.     Denied.   After reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

75.     Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied. Strict proof is demanded at time of trial.

76.     Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied. Strict proof is demanded at time of trial.

77.     Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied. Strict proof is demanded at time of trial.

78.     Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without

16

knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

79.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

80.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

81.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

82.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the

truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

83. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

84. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

85. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

86. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the

18

truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

87. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

88. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

89. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

90. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's

19

alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

91.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied. Strict proof is demanded at time of trial.

92.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Said averments are therefore denied. Strict proof is demanded at time of trial.

93.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that the Roosevelt Defendants were negligent at any time material hereto.  Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

94.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Roosevelt

Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

95.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

96.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

97.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

98.    Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the

21

truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

99. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that the Roosevelt Defendants acted outrageously or recklessly at any time material hereto. Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

100. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

101. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Said averments are therefore denied. Strict proof is demanded at time of trial.

22

## COUNT I – NEGLIGENCE

## C.A. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC

102.   Denied.   To the extent a response is required the Roosevelt Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

103.   Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

104.   Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

105.   Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without

23

knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

106.   Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the averments in this paragraph are denied.   By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.   Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.   Strict proof is demanded at time of trial.

107.   Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the averments in this paragraph are denied.   By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.   Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.   Strict proof is demanded at time of trial.

108.   Denied.   The averments contained in this paragraph and its subparagraphs are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the averments in this paragraph are denied.   By way of further response, it is specifically denied that the Roosevelt Defendants were negligent at any time material hereto. Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.   Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information

24

sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

109.   Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

110.   Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that the Roosevelt Defendants were negligent at any time material hereto.  Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

111.   Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that the Roosevelt Defendants were negligent at any time material hereto.  Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are

25

without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

112.   Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that the Roosevelt Defendants acted outrageously or recklessly at any time material hereto.   Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

WHEREFORE, the Roosevelt Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT II – NEGLIGENCE

### C.A. V. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC.

113.   Denied.   To the extent a response is required the Roosevelt Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

114 – 124. Denied.  Paragraphs 114 through 124 of Plaintiff's Complaint are directed at parties other than the Roosevelt Defendants and no responsive pleading is required.

WHEREFORE, the Roosevelt Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT III – NEGLIGENCE

### C.A. V. NORTH AMERICAN MORTOR INNS, INC., RAMARA, INC. AND ASHOKA INVESTMENTS AND MANAGEMENT SERVICES

125.    Denied.    To the extent a response is required the Roosevelt Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

126 – 135.    Denied. Paragraphs 126 through 135 of Plaintiff's Complaint are directed at parties other than the Roosevelt Defendants and no responsive pleading is required.

WHEREFORE, the Roosevelt Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC

136.    Denied.    To the extent a response is required the Roosevelt Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

137.    Denied.    The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  By way of further response, it is specifically denied that the Roosevelt Defendants were negligent at any time material hereto.  Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.  Further, after reasonable investigation, the Roosevelt Defendants are

without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

138.   Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that the Roosevelt Defendants acted outrageously or recklessly at any time material hereto.   Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness.

WHEREFORE, the Roosevelt Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. V. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC.

139.   Denied.   To the extent a response is required the Roosevelt Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

140 – 141.   Denied. Paragraphs 140 through 141 of Plaintiff's Complaint are directed at parties other than the Roosevelt Defendants and no responsive pleading is required.

WHEREFORE, the Roosevelt Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

155858.00601/119803017v.1

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### C.A. V. NORTH AMERICAN MORTOR INNS, INC., RAMARA, INC., AND ASHOKA INVESTMENTS AND MANAGEMENT SERVICES

142.    Denied.   To the extent a response is required the Roosevelt Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

143 – 144.     Denied. Paragraphs 143 through 144 of Plaintiff's Complaint are directed at parties other than the Roosevelt Defendants and no responsive pleading is required.

WHEREFORE, the Roosevelt Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT VII – NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION

### C.A. V. ROOSEVELT INN LLC, ROOSEVELT MOTOR INN, INC., AND UFVS MANAGEMENT COMPANY, LLC

145.    Denied.   To the extent a response is required the Roosevelt Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

146.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

147.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in

29

this paragraph are denied. Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

148.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

149.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph.  Strict proof is demanded at time of trial.

150.    Denied.  The averments contained in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments in this paragraph are denied.  Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries.

Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

151.    Denied.   The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments in this paragraph are denied. By way of further response, it is specifically denied that the Roosevelt Defendants acted outrageously or recklessly at any time material hereto. Further, it is specifically denied that any acts or omissions on the part of the Roosevelt Defendants in any way caused or contributed to Plaintiff's alleged injuries. Further, after reasonable investigation, the Roosevelt Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the averments contained in this paragraph. Strict proof is demanded at time of trial.

WHEREFORE, the Roosevelt Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT VIII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. V. 4200 ROOSEVELT, 4200 ROSE HOSPITALITY, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC.

152.    Denied.   To the extent a response is required the Roosevelt Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

153 – 158.    Denied. Paragraphs 153 through 158 of Plaintiff's Complaint are directed at parties other than the Roosevelt Defendants and no responsive pleading is required.

31

WHEREFORE, the Roosevelt Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## COUNT IX – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### C.A. V. NORTH AMERICAN MORTOR INNS, INC., RAMARA, INC.. AND ASHOKA INVESTMENTS AND MANAGEMENT SERVICES

159.   Denied.   To the extent a response is required the Roosevelt Defendants incorporate by reference the preceding paragraphs as if set forth fully herein.

160 – 165.   Denied. Paragraphs 160 through 165 of Plaintiff's Complaint are directed at parties other than the Roosevelt Defendants and no responsive pleading is required.

WHEREFORE, the Roosevelt Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

## NEW MATTER

166.   The Roosevelt Defendants hereby incorporate by reference the preceding paragraphs of this Answer as if fully set forth herein.

167.   Plaintiff's Complaint fails to state any claim against the Roosevelt Defendants upon which relief may be granted.

168.   The alleged incident was not caused by the negligence, negligence per se, recklessness, carelessness, or violation of statute, code, regulation or standard of the Roosevelt Defendants.

169.   The injuries, losses, or damages suffered by Plaintiff were not proximately caused by the Roosevelt Defendants.

170.   Plaintiff's claims of damages, which are specifically denied, were not proximately caused by any acts and/or omissions of the Roosevelt Defendants, their employees, servants or agents.

171.   Any harm or injury suffered by Plaintiff was caused by Plaintiff's own actions and/or inactions.

172.   The alleged incident was caused by the negligence, recklessness and/or carelessness of Plaintiff and/or other persons or parties other than the Roosevelt Defendants.

173.   Plaintiff's actions and/or inactions were negligent and such negligence was a superseding, intervening cause of the alleged accident that bars or limits all claims by Plaintiff.

174.   Plaintiff's claims are the result of acts or omissions of other individuals or entities whose acts or omissions constituted intervening and/or superseding causes over which the Roosevelt Defendants had no control and which the Roosevelt Defendants could not foresee.

175.   No conduct, actions, inaction, or omissions on the part of the Roosevelt Defendants caused or contributed to Plaintiff's injuries or damages, if any.

176.   The Roosevelt Defendants were not negligent, careless and/or reckless at any time material hereto.

177.   Plaintiff has failed to join all indispensable parties.

178.   Plaintiff's Complaint is barred or limited by the appropriate statute of limitations or statute of repose.

179.   Plaintiff's Complaint is barred or limited by the doctrine of waiver, estoppel, res judicata and/or laches.

180.   Plaintiff's claims are barred or limited by the doctrine of spoliation.

181.     Plaintiff's claims are barred or limited by the doctrines of contributory negligence, comparative negligence, and/or assumption of the risk.

182.     Plaintiff's Complaint is barred or limited by Plaintiff's failure to mitigate damages.

183.     The injuries and damages complained of by Plaintiff pre-existed or are unrelated to the incident or occurrence which is the subject matter of Plaintiff's Complaint.

184.     Plaintiff's claims for damages, if any, are excessive and unsupported and, therefore, must be barred or limited.

185.     The Roosevelt Defendants owed no duty of care to Plaintiff.

186.     To the extent that the Roosevelt Defendants owed a duty to Plaintiff, which is denied, the Roosevelt Defendants did not breach any duty.

187.     A party other than the Roosevelt Defendants directed, supervised, and controlled the premises where Plaintiff was allegedly injured.

188.     Any acts or omissions of the Roosevelt Defendants were not substantial causes of and did not result in the injuries and/or losses alleged by Plaintiff.

189.     Plaintiff fails to state a claim under Pennsylvania's Human Trafficking Law, 18 Pa.C.S. § 3001, *et seq.*

190.     The alleged causes of action contained in Plaintiff's Complaint are barred by any and all applicable affirmative defenses explicitly set forth in Pa.R.C.P. 1030(a).

34

WHEREFORE, the Roosevelt Defendants request judgment in their favor and against Plaintiff together with attorneys' fees, costs, interest and any further relief deemed appropriate by this Court.

Respectfully Submitted,

**BLANK ROME LLP**

Grant S. Palmer (PA ID# 57686)
James J. Quinlan (PA ID# 200944)
Daniel E. Oberdick (PA ID# 309767)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
(215) 569-5500

35

## VERIFICATION

I, _Anthony Uzzo_, hereby verify that I am authorized to execute this verification on behalf of Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC, and that the facts contained in the foregoing Answer with New Matter and New Matter Crossclaims are true and correct to the best of my knowledge, information and belief.   This verification is made subject to the penalties of 18 P.S. §4904 relating to unsworn falsifications to authorities.

Dated: _May 28_, 2019          By: _____

## CERTIFICATE OF SERVICE

I, James J. Quinlan, Esquire, hereby certify that, on this 27ᵗʰ day of May 2019, I caused a true and correct copy of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., and UFVS Management Company, LLC's Answer with New Matter to be served via first-class mail upon the following:

Thomas R. Kline, Esquire
Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Kyle Nocho, Esquire
**KLINE & SPECTER, P.C.**
1525 Locust Street
Philadelphia, PA  19102
*Attorneys for Plaintiff*

Matthew A. Goldberg, Esquire
Nathan P. Heller, Esquire
Haley D. Torrey, Esquire
**DLA PIPER LLP (US)**
One Liberty Place, 1650 Market St., Suite 4900
Philadelphia, PA 19103
*Attorneys for Defendants, Wyndham
Worldwide Corporation (k/n/a), Wyndham
Destination, Inc., Wyndham Hotel Group
LLC, Wyndham Hotels and Resorts LLC
(k/n/a) Wyndham Franchisor, LLC and
Wyndham Hotel Management Inc.*

Ashoka Investments & Management
Services
27A Iris Ave.
San Francisco, CA 94118
*Defendant*

Philip D. Priore, Esquire
Brian Callahan, Esquire
**MCCORMICK & PRIORE PC**
4 Penn Center, Suie 800
Philadelphia, PA 19103
*Attorneys for Defendants,
4200 Roosevelt LLC and
4200 Rose Hospitality LLC d/b/a Days Inn*

John McCreesh, Esquire
**LAW OFFICES OF MCCREESH, MCCREESH,
MCCREESH & CANNON**
7053 Terminal Square
Upper Darby, PA 19082
*Attorneys for Defendants,
North American Motor Inns Inc. and
Ramara, Inc.*

Robert T. Cohen, Esquire
**TROBMAN & COHEN LLC**
102 Browning Lane, Building B-3
Cherry Hill, NJ 08003
*Attorneys for Defendant,
Surati Management Group*

JAMES J. QUINLAN

**KLINE & SPECTER, P.C.**                            *Attorneys for Plaintiff*
BY:    THOMAS R. KLINE, ESQUIRE/28895
       NADEEM A. BEZAR, ESQUIRE/63577
       EMILY B. MARKS, ESQUIRE/204405
       KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| C.A. | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | MARCH TERM, 2019 |
| ROOSEVELT INN LLC AND ROOSEVELT INN | : | NO.: 03355 |
| LLC d/b/a ROOSEVELT INN, ROOSEVELT | : | |
| MOTOR INN, INC., UFVS MANAGEMENT | : | |
| COMPANY, LLC, 4200 ROOSEVELT LLC AND | : | |
| 4200 ROOSEVELT LLC d/b/a DAYS INN, 4200 | : | |
| ROSE HOSPITALITY, LLC AND 4200 ROSE | : | |
| HOSPITALITY d/b/a DAYS INN, DAYS INN, | : | |
| SURATI MANAGEMENT GROUP, DAYS | : | |
| INN BY WYNDHAM d/b/a DAYS INN, | : | |
| WYNDHAM WORLDWIDE CORPORATION, | : | |
| WYNDHAM HOTEL GROUP, LLC, | : | |
| WYNDHAM HOTELS AND RESORTS, LLC, | : | |
| WYNDHAM HOTEL MANAGEMENT, INC., | : | |
| NORTH AMERICAN MOTOR INNS, INC. d/b/a | : | |
| NORTH AMERICAN MOTOR INNS, | : | |
| RAMARA, INC., ASHOKA INVESTMENTS & | : | |
| MANAGEMENT SERVICES | : | |
| Defendants. | : | |

## PLAINTIFF'S REPLY TO NEW MATTER OF DEFENDANTS, ROOSEVELT INN LLC AND ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, INC. AND UFVS MANAGEMENT COMPANY, LLC

Plaintiff C.A., by and through counsel, Kline & Specter, P.C., hereby replies to New

Matter of Defendants Roosevelt Inn, LLC and Roosevelt Inn, LLC d/b/a Roosevelt Inn,

Roosevelt Motor Inn, Inc. and UFVS Management Company, LLC, as follows:

166.    This is an incorporation paragraph to which no response is required.

167.    Denied.  This paragraph is a conclusion of law to which no response is required.

A  Vs Roosevelt Inn Llc And Roosevelt Inn Li-RPNMT



19030335500044

Strict proof is hereby demanded.

168. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

169. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

170. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

171. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

172. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

173. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

174. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied. Strict proof is hereby demanded.

175. Denied. This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is

required, the allegations are denied.  Strict proof is hereby demanded.

176.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

177.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

178.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

179.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

180.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

181.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

182.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

183.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

184.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

185.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

186.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

187.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

188.    Denied.  This paragraph is a conclusion of law to which no response is required. To the extent the allegations in this Paragraph are deemed factual in nature and a response is required, the allegations are denied.  Strict proof is hereby demanded.

189.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

190.    Denied.  This paragraph is a conclusion of law to which no response is required. Strict proof is hereby demanded.

WHEREFORE, Plaintiff demands judgment in her favor and against the Roosevelt Defendants for sums in excess of Fifty Thousand ($50,000.00), exclusive of prejudgment interest, costs, and damages for prejudgment delay.

**KLINE & SPECTER, P.C**

BY:     _____
        THOMAS R. KLINE, ESQUIRE
        NADEEM A. BEZAR, ESQUIRE
        EMILY B. MARKS, ESQUIRE
        KYLE B. NOCHO, ESQUIRE

## **VERIFICATION**

I, EMILY B. MARKS, ESQUIRE, hereby state that I am the attorney for Plaintiff in this matter and hereby verify that the statements made in the foregoing *Plaintiff's Reply to New Matter of Defendants, Roosevelt Inn, LLC and Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc. and UFVS Management Company* are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
EMILY B. MARKS, ESQUIRE
*Attorney for Plaintiff*

Date: June 21, 2019

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the above Plaintiff's Reply to New Matter of Roosevelt Defendants was filed with the Court on June 21, 2019 and served by electronic mail to the following counsel of record:

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Daniel E. Oberdick, Esq.
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and*
*UFVS Management Company*

James M. Brogan, Esquire
Matthew A. Goldberg, Esquire
Nathan P. Heller, Esquire
Haley D. Torrey, Esquire
DLA Piper LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
*Counsel for Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and*
*Resorts, LLC and Wyndham Hotel Management, Inc.*

Philip D. Priore, Esquire
Brian J. Callahan, Esquire
McCormick & Priore, P.C.
Four Penn Center
1600 JFK Blvd, Suite 800
Philadelphia, PA 19103
*Counsel for 4200 Roosevelt LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn*

Jennifer Brooks, Esquire
GuideOne Insurance
P.O. Box 14503
Des Moines, IA 50306-3503
*Counsel for North American Motor Inns, Inc. d/b/a North American Motor Inns, Ramara, Inc. and*
*Ashoka Investments & Management Services*

John McCreesh, Esquire
Law Offices of McCreesh, McCreesh, McCreesh & Cannon
7053 Terminal Square
Upper Darby, PA 19082
*Counsel for North American Motors Inn and Ramara, Inc.*

Robert T. Cohen, Esquire
Trobman & Cohen LLC
102 Browning Lane, Building B-3
Cherry Hill, NJ 08003
*Counsel for Surati Management Group*

By: _____
EMILY B. MARKS, ESQUIRE
Attorney for Plaintiff

Dated:  June 21, 2019

Matthew A. Goldberg (Bar No. PA-87571)
mathew.goldberg@us.dlapiper.com
Nathan P. Heller (Bar No. PA-206338)
nathan.heller@us.dlapiper.com
Haley D. Torrey (Bar No. PA-319738)
haley.torrey@us.dlapiper.com
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street - Suite 5000
Philadelphia, Pennsylvania 19103
Tel: 215.656.3300

*Attorneys for Defendants Wyndham Worldwide Corporation (k/n/a Wyndham Destinations, Inc.), Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.*

2019 JUN 26

OFFICE OF
FIRST JUD... ...DISTRICT OF PA

| | | |
|---|---|---|
| C.A., | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| *Plaintiff,* | : | |
| | : | CIVIL TRIAL DIVISION |
| v. | : | MARCH TERM, 2019 |
| | : | NO.: 190303355 |
| ROOSEVELT INN LLC, et al., | : | |
| | : | |
| *Defendants* | : | |
| | : | |
| | : | |

## NOTICE OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter my appearance in the above-captioned matter on behalf of Defendants Wyndham Worldwide Corporation (k/n/a Wyndham Destinations, Inc.), Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc.  Papers may be served at the address listed below.

A Vs Roosevelt Inn Llc And Roosevelt Inn Ll-ENAPP



19030335500045

Date:   June 26, 2019

Respectfully submitted,

*/s/ Matthew A. Goldberg*

Matthew A. Goldberg (Bar No. PA-87571)
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, Pennsylvania 19103
Telephone:  215.656.3300
Facsimile:  215.656.3301

*Attorneys for Defendants Wyndham Worldwide*
*Corporation (k/n/a Wyndham Destinations, Inc.),*
*Wyndham Hotel Group, LLC, Wyndham Hotels and*
*Resorts, LLC, and Wyndham Hotel Management, Inc.*

2

## CERTIFICATE OF SERVICE

I certify that on June 26, 2019, a true and correct copy of the foregoing notice of appearance were served on the following counsel via first class mail:

Nadeem Bezer
Emily Marks
Kyle B. Nocho
**KLINE & SPECTER PC**
1525 Locust Street
Philadelphia, PA 19102

*Counsel for Plaintiff*

Grant S. Palmer
James J. Quinlan
Daniel E. Oberdic, Jr.
**BLANK ROME LLP**
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103

*Counsel for Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., and UFVS Management Company*

Philip D. Priore
Brian Callahan
**MCCORMICK & PRIORE PC**
4 Penn Center, Suite 800
Philadelphia, PA 19103

*Counsel for 4200 Roosevelt LLC and 4200 Rose Hospitality LLC*

Jennifer Brooks
**GUIDEONE INSURANCE**
PO Box 15503
Des Moines, IA 50306

*Counsel for Ramara Inc. and Ashoka Investments*

John McCreesh
**LAW OFFICES OF MCCREESH, MCCREESH, MCCREESH & CANNON**
7053 Terminal Square
Upper Darby, Pennsylvania 19082

*Counsel for North American Motors Inn and Ramara, Inc.*

Robert T. Cohen
**TROBMAN & COHEN LLC**
102 Browning Lane, Building B-3
Cherry Hill, NJ 08003

*Counsel for Surati Management Group*

 */s/ Matthew A. Goldberg*
Matthew A. Goldberg