IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.A. | : |
| | : |
| Plaintiff, | : 2:21-cv-03222 |
| | : |
| vs. | : |
| | : |
| ROOSEVELT INN, LLC d/b/a ROOSEVELT INN AND ROOSEVELT INN CAFÉ, ET AL | |
| Defendants. | |

**MOTION OF PLAINTIFF C.A. FOR REMAND PURSUANT TO 28 U.S.C. § 1452(b) OR ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)(1)**

Plaintiff C.A. ("Movant") requests remand of her state-law based personal injury claims, as set forth herein, to the Court of Common Pleas for Philadelphia County pursuant to 28 U.S.C. § 1452(b) or abstention pursuant to 28 U.S.C. § 1334(c)(1), and in support thereof, states as follows:

**I.      PRELIMINARY STATEMENT**

1.      Roosevelt Inn LLC and Roosevelt Motor Inn, Inc. (the "Debtors") are defendants in four (4) lawsuits filed by the law offices of Kline & Specter on behalf of Plaintiffs M.B., C.A., B.H. and K.R. (collectively, "Movants")[1] in the Court of Common Pleas of Philadelphia County ("State Civil Actions"). The Movants were victims of sexual assault and sexual exploitation, as minors, when they were sold for sex at the Roosevelt Inn.  Just hours before jury selection in the M.B. State Civil Action, the Debtors filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). The Debtors, in short order, filed a Notice of Removal pursuant to 28 U.S.C. § 1452(a), and thus removed the

---

[1] Due to the substantial overlap in the factual and legal issues presented with respect to remand or abstention of the State Civil Actions, the Movants have filed for Motions for Remand or Abstention which are identical except for the title of each Motion.

State Civil Actions filed by Movants to this Court.

2.      The Debtors' attempt to halt litigation in the State Civil Actions and manipulate the Courts to deprive Movants of their choice of forum is transparent and should be rejected. All the factors for remand or abstention favor remand.

3.      The Movants' claims are personal injury matters and arise solely under Pennsylvania common law negligence theories. Movants do not assert a single federal claim nor is there jurisdiction based on diversity of citizenship.

4.      The State Civil Actions could not have been brought in federal court at all without the Debtors' filing of bankruptcy which was done for the sole purpose of halting the M.B. trial, State Civil Actions and forum shopping.

5.      The citizens of Philadelphia County have a strong interest in the outcome of the State Civil Actions which involve the sexual exploitation of children from Philadelphia County at the Roosevelt Inn - a well-known Philadelphia fixture located along one of the City's main arteries and known for far too long as the epicenter of human trafficking.

6.      Therefore, Movant requests remand of her State Civil Action to the Court of Common Pleas for Philadelphia County pursuant to 28 U.S.C. § 1452(b) or abstention pursuant to 28 U.S.C. § 1334(c)(1) for the reasons set forth herein.

## II.      PROCEDURAL AND FACTUAL BACKGROUND

### A.      The State Civil Actions

7.      The Debtors knew or should have known that sexual exploitation of adults and children was occurring at the Roosevelt Inn for years prior to, during, and after the time Movants were sexually exploited.

8. For their part in the State Civil Actions, the Debtors failed to take reasonable precautions against crime despite an open and obvious presence of criminal activity, including prostitution, commercial sex activity, and human trafficking of adults and minors at the Roosevelt Inn. A possessor of land who holds it open to the public for entry for business purposes owes a duty to investigate and to take reasonable precautions against physical harm caused to members of the public by accidental, negligent, or harmful acts by third parties. *See* Restatement (Second) of Torts § 344; *Rabutino v. Freedom State Realty Co.*, 809 A.2d 933, 939 (Pa. Super. Ct. 2002).

9. Each State Civil Action has been litigated in the Court of Common Pleas for Philadelphia County since at least 2019, and since 2017 in M.B.'s case. Extensive progress has been developed in each State Civil Action with Judges of the Philadelphia Court of Common Pleas expending countless hours adjudicating a variety of discovery disputes.

10. Indeed, jury selection in the M.B. case was scheduled to commence on June 17, 2021, just hours before the Debtors filed for Bankruptcy, with trial set to commence on July 21, 2021. The Honorable Stella M. Tsai was assigned to preside over the trial; a courtroom was designated; the parties filed approximately forty Motions *in Limine* and responses; counsel for the parties and court personnel conducted an in-person walk-through surveying the courtroom in City Hall; and trial had in fact commenced with the trial testimony of Additional Defendant Daiquan Davis that was videotaped just a few days earlier on June 10, 2021, per a Notice served by the Debtors. The Debtors failed to provide any level of professional courtesy to Movant and failed to disclose they would be filing for bankruptcy despite seeing Movant's counsel during a tour of courtroom for trial, just prior the bankruptcy filing.

11.     The Debtors in the State Court Actions have been represented by a revolving door of attorneys from Blank Rome. The newly assigned attorneys from Blank Rome have tried frantically to postpone trial in the M.B. State Civil Action.

12.     On May 6, 2021 the Debtors filed a Motion to Continue Trial in the M.B. State Civil Action which was denied by The Honorable Denis P. Cohen on May 20, 2021.

13.     On June 3, 2021 the Debtors filed a Motion to Change Venue which was also denied by the Honorable Denis P. Cohen on June 15, 2021.

14.     For the convenience of this Honorable Court, Movants have further attached a chart outlining the parties to each State Civil Action and each case's progress toward final adjudication. *See* Litigation Chart, attached as Exhibit A and the Civil Dockets for the M.B., C.A., B.H., and KR. State Court Actions attached as Exhibits "B", "C", and "D", and "E" respectively.[2]

## 1.     M.B.'s State Civil Action

15.     M.B. was sold for sex, sexually assaulted and raped at the Roosevelt Inn when she was just fourteen (14) years old, from approximately January 2014 through June 6, 2014.

16.     M.B. filed her initial Complaint on March 10, 2017 in the Court of Common Pleas of Philadelphia County.  The Defendants in the Common Pleas Action include the Debtors, UFVS Management Company, LLC, Yagna Patel, Alpha-Centurion, and Additional Defendants Daiquan Davis and Abdul Lopez.

17.     M.B.'s initial Complaint included not only Pennsylvania common law negligence claims but also claims for intentional infliction of emotional distress and claims under the Pennsylvania Anti-Human Trafficking Law, 18 Pa. C.S. § 3001, et seq. Plaintiff's Complaint was

---

[2] Given the overlapping parties in the C.A, B.H. and K.R State Civil Actions, many of the discovery disputes were litigated in the C.A. matter and rulings were subsequently applied in the B.H and K.R. matters.

subsequently amended to join Defendant Alpha-Centurion Security, Inc. as an additional defendant and to remove claims under the state Pennsylvania Anti-Human Trafficking Law which was not in effect at the time M.B. was sold for sex at the Roosevelt Inn.  The operative Complaint is the Fourth Amended Complaint.  *See* M.B. Fourth Amended Complaint attached as Exhibit "F".

18.     M.B.'s claims under the Fourth Amended Complaint arise under common law negligence and negligent infliction of emotional distress, as property owners have an affirmative duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as necessary for the protection of those on the property from harm by third-parties under Pennsylvania state law.  *See* Exhibit "F."

19.     M.B. was sexually assaulted and exploited at the Roosevelt Inn by convicted sex traffickers Daiquan Davis, *United States v. Daiquan Davis,* E.D. Pa. Dkt. No. 2:15-cr-00237 and *United States v. Lopez*, E.D. Pa. Dkt. No. 2:16-cr-00395.

20.     M.B. testified she was beaten and intimidated by her traffickers.

21.     Davis admitted during his trial testimony that he "moved up" to selling girls at hotels like the Roosevelt Inn.

22.     M.B.'s traffickers photographed her and advertised her on Backpage.com.

23.     M.B. is a citizen of Pennsylvania as are the Debtors and other non-Debtor parties including Defendant Alpha-Centurion Security, Inc., and as such there is no diversity jurisdiction in federal court. Nor is there any basis for "federal question" jurisdiction over M.B.'s state law personal injury claims. *See* Exhibit "F."

**2.     C.A.'s State Civil Action**

24.     C.A. filed her initial Complaint on March 27, 2019 in the Court of Common Pleas of Philadelphia County and named as defendants, among other parties, Roosevelt Inn LLC,

Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn., Inc., UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. The operative complaint is Plaintiff's Second Amended Complaint. *See* C.A.'s Second Amended Complaint, attached as Exhibit "G."

25.     Like M.B., C.A.'s claims are rooted in common law negligence, as property owners have an affirmative duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as necessary for the protection of those on the property from harm by third-parties.

26.     In 2012 through 2013, C.A. was sold for sex, sexually assaulted and raped at the Roosevelt Inn Motel, and two other hotels identified in her lawsuit, the Days Inn on Roosevelt Boulevard in Philadelphia County and the North American Motors Inns, also located in Philadelphia County, when she was just sixteen (16) years-old.

27.     The Debtors took C.A.'s deposition over two (2) days.  C.A. testified she was compelled to stay at the Roosevelt Inn for long periods of time. C.A. recalls initially staying at the Roosevelt Inn for two (2) to three (3) months before she was moved the Days Inn on Roosevelt Boulevard.

28.     C.A. was sold at the Roosevelt Inn and sexually exploited by Additional Defendants Jerel Jackson and William Coit who would beat her and burn her with cigarettes.

29.     C.A. was forced to have sex with men until she met her "daily quota," including the manager of the hotel, Yagna Patel.

30.     Additional Defendant Jerel Jackson was convicted of sex trafficking minors in *United States v. Jerel Jackson*, E.D. Pa. Dkt. No. 2:13-cr-00622-CDJ.

31.     C.A. is a citizen of Pennsylvania as are the Debtors and other non-Debtor parties including the entities that own and operate the Days Inn and North American Motor Inns, and as such there is no diversity jurisdiction in federal court. Nor is there a basis for any of C.A.'s claims to qualify for "federal question" jurisdiction. *See* Exhibit "G".

### 3.     B.H.'s State Civil Action

32.     B.H. was sold for sex, sexually assaulted and raped at the Roosevelt Inn, the Days Inn on Roosevelt Boulevard and  the North American Motor Inn from approximately January 2013 through May 2013, when she was seventeen (17) years old.

33.     B.H. filed her initial Complaint on March 27, 2019 in the Court of Common Pleas of Philadelphia County and named as defendants, among other parties, Roosevelt Inn LLC, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn., Inc., UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. The operative complaint is Plaintiff's Second Amended Complaint. *See* B.H.'s Second Amended Complaint, attached as Exhibit "H".

34.     B.H.'s deposition was conducted over two (2) days.  B.H. testified that she was sold for sex by Anthony Brooks and Maurice Bailey at the Roosevelt Inn.

35.     B.H testified that she observed other traffickers at the Roosevelt Inn, including Jerel Jackson, and that the commercial sexual exploitation of women and girls at the Roosevelt Inn was open and obvious.

36.     B.H.'s claims could not have been brought in federal court at all without the Debtors' bankruptcy filing that was done to delay the M.B. trial, State Civil Action and to forum shop.

### 4.     K.R.'s State Civil Action

37.     In approximately March 2013 through October 2013, K.R. was sold for sex, sexually assaulted and raped at the Roosevelt Inn Motel beginning she was just sixteen (16) years-old.

38.     K.R.'s experiences at the Roosevelt Inn are similar to the experiences of M.B., C.A., and B.H.

39.     K.R. filed her initial and operative Complaint on November 15, 2019 in the Court of Common Pleas of Philadelphia County and named as defendants, among other parties, Roosevelt Inn LLC, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn., Inc., UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. *See* Plaintiff's Complaint, attached as Exhibit "I". And the discovery deadline, as imposed by the Court of Common Pleas, will expire in about four months, on December 6, 2021. *See* K.R.'s Complaint attached as Exhibit "I".

40.     K.R.'s claims could not have been brought in federal district court as there was no basis for subject matter jurisdiction.

### 5.     Evidence Developed in the State Civil Actions Implicating the Debtors

41.     In the Debtors' declaration in support of their first day motions in the Bankruptcy Court, which was attested to under perjury of law by Anthony Uzzo, the Debtors assert that: Debtors' personnel cooperated with the FBI; no charges were filed against any employee or owner of the Roosevelt Inn; and traffickers consistently testified they went out of their way to conceal their activities.

42.     It is anticipated that the Debtors will argue that they had no notice or awareness that sex trafficking was or could be occurring at the Roosevelt Inn.

43.      The Debtors' position is not credible and is refuted by insurmountable evidence to

the contrary including statements from traffickers and victims that the Roosevelt Inn was overrun with "girls" and "pimps," police incident reports reflecting arrests for prostitution and trafficking of minors, testimony from the Debtors' own security guards who confirmed the open and obvious presence of criminal sex activity, and a call to service report reflecting over 1,000 calls and responses by the Philadelphia Police Department for incidents and criminal activity involving the Roosevelt Inn.

44.    Additional Defendant Lopez testified in the M.B. State Civil Action that Roosevelt Inn employees were aware that prostitution and commercial sex activity were occurring at the motel; that he would stay at the Roosevelt Inn for months at a time; and he had "much love" for the manager, Yagna Patel.

45.    Additional Defendant Jackson provided a statement that was produced in the State Court Actions and disclosed that he learned to sell women and girls at the Roosevelt Inn; staff at the Roosevelt Inn were aware that he was working as a "pimp"; prostitution was open and obvious; and he would use the money he made from selling girls and women to rent rooms at the Roosevelt Inn.

46.    Additional Defendant Brooks testified at his deposition in the B.H. State Civil Action that there were "girls running up and down the hallways," at the Roosevelt Inn; criminal activity was open and obvious to everyone including the people who worked there; and ID was not required to get a room; and he learned to sell girls for sell at the Roosevelt Inn.

47.    Further, the Debtor's declaration in support of their first day motions in the Bankruptcy Court is also refuted by information and records produced by the Federal Bureau of Investigation concerning investigations of sexual exploitation and trafficking at the Roosevelt Inn that directly implicate the Debtors, as owners and operators of the Roosevelt Inn.  An FBI Special

Agent was subpoenaed and is expected to testify at trial in the M.B. State Court Action against the Debtors and contradict the representations of the Debtors.

48.     The Debtors failed in their responsibility to take reasonable precautions against crime at the Roosevelt Inn, allowed an environment of commercial sex activity to continue for years, and provided a location for Movants to be sexually assaulted and exploited.  The Debtors failed to provide adequate security that resulted in Movants being sold for sex, sexually assaulted, and raped at the Roosevelt Inn.  Ultimately, the Debtors were negligent for failing to take reasonable precautions against criminal activities from occurring during the time periods at issue in the State Civil Actions at the Roosevelt Inn, and by failing to alert law enforcement authorities when suspicious activity was observed.

### B.     The Bankruptcy Filing

49.     The Debtors filed their Chapter 11 Bankruptcy Petitions in the United States Bankruptcy Court for the Eastern District of Pennsylvania on June 16, 2021, less than one full day before jury selection in the M.B. State Civil Action was to commence.

50.     Because the State Civil Actions assert personal injury claims those claims cannot be adjudicated by the Bankruptcy Court.  *See* 28 U.S.C. § 157(b)(2)(B), 28 U.S.C. §157(b)(5).

51.     On July 2, 2021, the Debtors filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1452(a), purporting to remove the M.B. State Civil Action (Case No. 17030071) pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 1452(a), and Federal Rule of Bankruptcy Procedure 9027, based on the allegation that jurisdiction exists over the Common Pleas Action pursuant to 28 U.S.C.§ 1334.

52.     On or about July 20, 2021, the Debtors filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1334 and 1452(a) and Rule 9027 of the Bankruptcy Rules, purporting to have a valid basis to remove the

Commons Pleas actions filed by C.A. (Case No. 190303355), B.H. (Case No. 190303356) and K.R. (Case No. 191100552) to the United States District Court for the Eastern District of Pennsylvania. The case numbers for the removed actions are as follows: C.A - 2:21-CV-03222; B.H. - 2:21-CV-03225; K.R. – 2:21-CV-03218.

      53.     It is therefore apparent that the bankruptcy cases were filed to halt the Common Pleas Action as to the Debtors, literally on the eve of trial, and/or to engage in forum shopping.

      54.     Based on the bankruptcy filings by the Debtors, the Court of Common Pleas halted the trial of the M.B. State Civil Action and the proceedings of the other State Civil Actions, not just as to the Debtors, but as to all defendants in the action.

      55.     On July 23, 2021, Movants, all victims of sexual exploitation at the Roosevelt Inn, filed a Joint Motion for Relief From Stay in the Bankruptcy Court, seeking relief from the automatic stay of 11 U.S.C. section 362 to allow the prosecution of their respective actions against the Debtors to proceed. The Joint Motion seeks relief from stay to proceed with such actions regardless of any removal, remand, or abstention, but limits such relief from the stay to the liquidation of claims through the entry of a jury verdict and final judgment or settlement, and does not request relief from stay to execute on any such judgment against assets of the Debtors' estates. The Joint Motion for Relief From Stay remains pending in the Bankruptcy Court.

## III.    <u>RELIEF REQUESTED</u>

      56.     Movants seek remand of the Common Pleas Action pursuant to 28 U.S.C. § 1452(b) or, in the alternative, abstention pursuant to 28 U.S.C. § 1334(c)(1), so that the State Civil Actions will be determined by the Court of Common Pleas for Philadelphia County, where the cases commenced and where Movants chose to have their cases heard by citizens of Philadelphia County.

IV.     **BASIS FOR RELIEF**

A.      **Standard for Remand or Abstention**

57.     The State Civil Actions were removed to this Court pursuant to 28 U.S.C.

§ 1452(a).

58.     28 U.S.C. § 1452(b) provides that "the court to which such claim or cause of action

is removed may remand such claim or cause of action on any equitable ground."

59.     Further, 28 U.S.C. § 1334(c)(1) provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in
> this section prevents a district court in the interest of justice, or in
> the interest of comity with State courts or respect for State law, from
> abstaining from hearing a particular proceeding arising under title
> 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).  Abstention under § 1334(c)(1) is commonly referred to as permissive

abstention.

60.     Courts have broad discretion in remanding cases. *See In re Grace Community, Inc.*,

262 B.R. 625 (Bankr. E.D. Pa. 2001).

61.     In *Dieterly v. Boy Scouts of America*, No. 20-902, 2020 WL 3447766 (E.D. Pa.

June 24, 2020) (Schmehl, J.), the District Court for the Eastern District of Pennsylvania observed

that the analysis for permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand

under 28 U.S.C. § 1452(b) is "essentially the same." *Id.* at *3; *see also In re RBGSC Investment

Corp.*, 253 B.R. 369 (E.D. Pa. 2000) (not expressly stating that the analysis for permissive

abstention and remand is the same, but addressing the same factors for each doctrine), *overruled

on other grounds, In re Exide Technologies*, 544 F.3d 196 (3rd. Circ. 2008);

62.     Further, in determining whether to grant remand on any equitable ground, most

courts have been guided by the same seven-factor test employed in *Dieterly*:

(1)     the effect on the efficient administration of the bankruptcy estate,

(2)　　the extent to which issues of state law predominate,

(3)　　the difficulty or unsettled nature of the applicable state law,

(4)　　comity,

(5)　　the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(6)　　the existence of a right to a jury trial, and

(7)　　prejudice to the involuntarily removed [parties],

2020 WL 3447766 at *4 (citing *Grace Community*, 262 B.R. 625, at n.6; *In re RBGSC Inv. Corp.*, 253 B.R. at 381-82; *In re Raymark Industries, Inc.*, 238 B.R. 295, 299 (Bankr. E.D. Pa. 1999)).

63.　　In *Dieterly*, the District Court considered a plaintiff's request for permissive abstention and/or equitable remand following a bankruptcy filing by the Boy Scouts and removal of the plaintiff's state court action.

64.　　The plaintiff in *Dieterly* had asserted seven state law claims in the Court of Common Pleas for Philadelphia County arising from allegations that the plaintiff, as a minor, was the victim of sexual assault by a Boy Scout leader, and that the other defendants knew about the leader's propensity for sexually abusing children but intentionally concealed it from the plaintiff and others. *Dieterly,* 2020 WL 3447766 at *1.

65.　　The District Court concluded that permissive abstention and/or equitable remand was appropriate based on the following:

> As noted above, all seven of Plaintiffs claim in this action arise under Pennsylvania law.  None are federal or bankruptcy claims. Nor is there complete diversity between the parties.  Indeed, this case could not have been brought in federal court at all were it not for BSA's bankruptcy filing. BSA has stated in its filings with the Common Pleas Court that there are novel issues of Pennsylvania state law involved in this case, namely whether Boy Scout volunteers such as Defendant Michael Forbes are employees, agents or servants of the SBA and CLC.  The Common Pleas Court has

greater expertise than this Court in resolving these types of issues. Therefore, consideration of comity dictates that the case belongs to the Common Pleas Court.  Moreover, the litigation has been pending in the Common Pleas Court for approximately six months before its removal.  The state court has already ruled on several motions and has set a case management order.  As a result, the Common Pleas Court is more familiar with the numerous legal and factual disputes implicated in the litigation than is this Court.  Also significant is the fact that Plaintiff chose the Common Pleas Court as her forum. Finally, the Chapter 11 case has only recently commenced. Abstention/remand in favor of the Common Pleas Court would have limited effect upon the administration of the bankruptcy case.  There is no indication that, aside from designating the case as complex, the Common Pleas Court will be not be able to dispose of this matter in a timely fashion or that its disposition of this case will cause any disruption to the orderly administration of the estate.

*Dieterly,* 2020 WL 3447766 at *4.

66.     While many courts have employed the seven-factor test set forth in *Dieterly* and *In re RBGSC*, other Courts, including Courts in this District, have employed the following twelve-factor test with respect to permissive abstention:

(1)     the effect on the efficient administration of the estate;

(2)     the extent to which state law issues predominate over bankruptcy issues;

(3)     the difficulty or unsettled nature of applicable state law;

(4)     the presence of a related proceeding commenced in state court or other non-Bankruptcy Court;

(5)     the jurisdictional basis, if any, other than 28 U.S.C.  § 1334;

(6)     the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)     the substance rather than the form of an asserted "core" proceedings;

(8)     the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the Bankruptcy Court;

(9)     the burden on the court's docket;

14

> (10)  the likelihood that the commencement of the proceeding in the Bankruptcy Court involves forum shopping by one of the parties;
>
> (11)  the existence of a right to a jury trial; and
>
> (12)  the presence of non-debtor parties.

*Kleiner v. Rite Aid Corp*, 604 B.R. 1, 9 (E.D. Pa. 2019).

67.   In *Kleiner*, the District Court concluded that jurisdiction over a product liability action against Johnson & Johnson did not exist in the Bankruptcy Court based on the filing of an entity who was not a party to the product liability action, but even if it did, the Court would exercise permissive abstention to remand the products liability action to the Philadelphia Court of Common Pleas.

### B.   Application of the Factors for Remand or Abstention Favors Remand

68.   There are striking similarities between the recently decided *Dieterly* case and the instant case.   Indeed, all of the factors and reasoning present in *Dieterly* exist here:

> (1)  Abstention or remand would have little or no effect on the administration of the bankruptcy cases.  Indeed, because the claims are personal injury claims which cannot be decided by the Bankruptcy Court, they must be decided either in this Court or in the Common Pleas Court of Philadelphia County. There is no indication that the Common Pleas Court will not be able to dispose of the State Civil Actions.  To the contrary, the State Civil Actions were progressing toward completion and the M.B. State Civil Action was just hours from jury selection. Further, the Debtors' bankruptcy cases were only recently commenced in mid-June 2021.

(2)    All of the claims in the State Civil Actions arise under Pennsylvania common law. There is no federal question of law involved in any of the Movants' claims.

(3)    The State Civil Actions involve the application of Pennsylvania state law, namely the liability of an innkeeper for the sexual assault and exploitation of children occurring on the premises in these complex matters, as to which the Common Pleas Court is extensively familiar with given that the Common Pleas Court has been presiding over the legal and factual disputes for several years.

(4)    Considerations of comity further compel the conclusion that the State Civil Actions belong in Common Pleas Court given that that Common Pleas Court has expended countless hours and resources presiding over these matters that involve citizens of Philadelphia County.  Further, trial in the M.B. State Civil Action had already commenced, not just with the filings of Motions in Limine and an assignment to a Judge, but there was a ruling on a Motion in Limine to Change Venue and the testimony of one of the defendants had been completed.

(5)    There is no connection between the State Civil Actions and the administration of the Debtors' bankruptcy cases.  The Debtors' bankruptcy cases were only recently commenced in Mid-June 2021.

(6)    While this Court and the Common Pleas Court similarly afford the parties a right to a jury trial, Movants chose the Common Pleas Court of

Philadelphia County as the forum for their cases to be tried before citizen of Philadelphia County.

(7)     Movants would unfairly prejudiced by allowing the Debtors to engage in forum shopping in any capacity.  The citizens of Philadelphia County have a very strong interest in the outcome of the case; the Roosevelt Inn is a well-known fixture in Philadelphia located on one of its main arteries; all defendants, including Debtor, regularly conduct business in Philadelphia County. Absent remand or abstention, the Court risks providing a road map for defendants to negate a plaintiff's choice of forum by declaring bankruptcy in bad faith, removing the litigation to federal court, and seeking to have the dispute resolved there, instead of state court – as Movants chose here.

69.     Factors 4, 5, 7, 8, 9, and 10 identified above by the *Kleiner* Court with respect to permissive abstention were not identified as relevant factors by *Dieterly* or *In re RBGSC*.

70.     These factors also support remand or abstention, for the following reasons:

(4)      Each of the Movants have commenced an action in the Common Pleas Court of Philadelphia County, and each action has been pending for several years.

(5)     There is no basis for federal court jurisdiction other than 28 U.S.C.  § 1334, as there is no federal question jurisdiction in any of the State Civil Actions, and there is no diversity of citizenship in any of the State Civil Actions.

(7)     The State Civil Actions are not "core" proceedings.  By definition, under 28 U.S.C.  § 157(b)(2)(B),  the liquidation or estimation of contingent or

unliquidated personal injury tort or wrongful death claims against the estate are not core proceedings. The State Civil Actions are proceedings to liquidate personal injury tort claims which are presently unliquidated.

(8)     There are no matters asserted in the State Court Actions which are "core" bankruptcy jurisdiction matters, as all claims are personal injury claims.  Further, it is entirely feasible to have any judgments entered in state court against Debtors with enforcement left to the Bankruptcy Court.

(9)     If the State Court Actions are not remanded, each will add a burden to this Court's docket, in the form of a proceeding which was commenced in state court and properly belongs in state court.

(10)     The Debtors filed for bankruptcy just hours before the commencement of jury selection in the M.B. State Civil Action and frantically tried to postpone trial with a Motion to Continue Trial and a Motion to Change Venue, both of which were denied by the Court of Common Pleas of Philadelphia County.  The Roosevelt Inn had no real estate mortgage or other real estate liens, a very small amount of unsecured debt, and no other factors that would cause a bankruptcy filing other than five lawsuits involving the sexual exploitation of children – the four State Court Actions and one additional action.  The bankruptcy filing was followed in short order by the removal of the State Civil Actions.  It is therefore apparent that the Debtors filed the bankruptcy case for sole purpose of delaying the State Civil Actions and forum shopping to move the State Civil Actions into federal court.

71.     **Because** abstention and remand are overwhelmingly supported under the seven-factor test identified in *Dieterly* and the twelve-factor test identified in *Kleiner*, this Court should remand the State Court Actions so that they may be determined by the Court of Common Pleas of Philadelphia County.  That is the forum the Movants chose when filing their State Civil Actions, the forum with familiarity with both the factual and legal issues involved, and the forum where citizens of Philadelphia have a strong interest to determine liability under Pennsylvania state law for the sexual exploitation of Philadelphia children at the Roosevelt Inn – a Philadelphia fixture regarded as the epicenter of human trafficking.

WHEREFORE, Movant respectfully requests that the Court enter an Order in the form proposed remanding the Common Pleas Action to Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1452(b) and/or abstaining pursuant to 28 U.S.C. § 1334(c)(1), and that the Court grant such other and further relief as the Court deems just and proper.

**KLINE & SPECTER, P.C.**

Dated:  July 29, 2021

/s/ *Emily B. Marks*
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102
(215) 772-0522
Thomas.Kline@klinespecter.com
Nadeem.Bezar@klinespecter.com
Emily.Marks@klinespecter.com

*Counsel for Movant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.A. | : |
| | : |
| Plaintiff, | : 2:21-cv-03222 |
| | : |
| vs. | : |
| | : |
| ROOSEVELT INN, LLC d/b/a ROOSEVELT INN | |
| AND ROOSEVELT INN CAFÉ, ET AL | |
| Defendants. | |

**PLAINTIFF C.A.'S BRIEF IN SUPPORT OF MOTION FOR REMAND PURSUANT TO
28 U.S.C. § 1452(b) OR ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)(1)**

Plaintiff C.A. ("Movant") requests remand of her state-law based personal injury claims, as set forth herein, to the Court of Common Pleas for Philadelphia County pursuant to 28 U.S.C. § 1452(b) or abstention pursuant to 28 U.S.C. § 1334(c)(1).

**I.     PRELIMINARY STATEMENT**

Roosevelt Inn LLC and Roosevelt Motor Inn, Inc. (the "Debtors") are defendants in four (4) lawsuits filed by the law offices of Kline & Specter on behalf of Plaintiffs M.B., C.A., B.H. and K.R. (collectively, "Movants")[1] in the Court of Common Pleas of Philadelphia County ("State Civil Actions"). The Movants were victims of sexual assault and sexual exploitation, as minors, when they were sold for sex at the Roosevelt Inn.  Just hours before jury selection in the M.B. State Civil Action, the Debtors filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). The Debtors, in short order, filed a Notice of Removal pursuant to 28 U.S.C. § 1452(a), and thus removed the State Civil Actions filed by Movants to this Court.

---

[1] Due to the substantial overlap in the factual and legal issues presented with respect to remand or abstention of the State Civil Actions, the Movants have filed for Motions for Remand or Abstention which are identical except for the title of each Motion.

1

The Debtors' attempt to halt litigation in the State Civil Actions and manipulate the Courts to deprive Movants of their choice of forum is transparent and should be rejected. All the factors for remand or abstention favor remand.

The Movants' claims are personal injury matters and arise solely under Pennsylvania common law negligence theories. Movants do not assert a single federal claim nor is there jurisdiction based on diversity of citizenship. The State Civil Actions could not have been brought in federal court at all without the Debtors' filing of bankruptcy which was done for the sole purpose of halting the M.B. trial, State Civil Actions and forum shopping. The citizens of Philadelphia County have a strong interest in the outcome of the State Civil Actions which involve the sexual exploitation of children from Philadelphia County at the Roosevelt Inn - a well-known Philadelphia fixture located along one of the City's main arteries and known for far too long as the epicenter of human trafficking.

Therefore, Movant requests remand of her State Civil Action to the Court of Common Pleas for Philadelphia County pursuant to 28 U.S.C. § 1452(b) or abstention pursuant to 28 U.S.C. § 1334(c)(1) for the reasons set forth herein.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

### A.   The State Civil Actions

The Debtors knew or should have known that sexual exploitation of adults and children was occurring at the Roosevelt Inn for years prior to, during, and after the time Movants were sexually exploited.  The Debtors failed to take reasonable precautions against crime despite an open and obvious presence of criminal activity, including prostitution, commercial sex activity, and human trafficking of adults and minors at the Roosevelt Inn.  A possessor of land who holds it open to the public for entry for business purposes owes a duty to investigate and to take

reasonable precautions against physical harm caused to members of the public by accidental, negligent, or harmful acts by third parties. *See* Restatement (Second) of Torts § 344; *Rabutino v. Freedom State Realty Co.*, 809 A.2d 933, 939 (Pa. Super. Ct. 2002).

Each State Civil Action has been litigated in the Court of Common Pleas for Philadelphia County since at least 2019, and since 2017 in M.B.'s case. Extensive progress has been developed in each State Civil Action with Judges of the Philadelphia Court of Common Pleas expending countless hours adjudicating a variety of discovery disputes.

Indeed, jury selection in the M.B. case was scheduled to commence on June 17, 2021, just hours before the Debtors filed for Bankruptcy, with trial set to commence on July 21, 2021. The Honorable Stella M. Tsai was assigned to preside over the trial; a courtroom was designated; the parties filed approximately forty Motions *in Limine* and responses; counsel for the parties and court personnel conducted an in-person walk-through surveying the courtroom in City Hall; and trial had in fact commenced with the trial testimony of Additional Defendant Daiquan Davis that was videotaped just a few days earlier on June 10, 2021, per a Notice served by the Debtors. The Debtors failed to provide any level of professional courtesy to Movant and failed to disclose they would be filing for bankruptcy despite seeing Movant's counsel during a tour of courtroom for trial, just prior the bankruptcy filing.

The Debtors in the State Court Actions have been represented by a revolving door of attorneys from Blank Rome. The newly assigned attorneys from Blank Rome have tried frantically to postpone trial in the M.B. State Civil Action. On May 6, 2021 the Debtors filed a Motion to Continue Trial in the M.B. State Civil Action which was denied by The Honorable Denis P. Cohen on May 20, 2021. On June 3, 2021 the Debtors filed a Motion to Change Venue which was also denied by the Honorable Denis P. Cohen on June 15, 2021.

For the convenience of this Honorable Court, Movants have further attached a chart outlining the parties to each State Civil Action and each case's progress toward final adjudication. *See* Litigation Chart, attached as Exhibit A and the Civil Dockets for the M.B., C.A., B.H., and KR. State Court Actions attached as Exhibits "B", "C", and "D", and "E" respectively.[2]

### 1.    M.B.'s State Civil Action

M.B. was sold for sex, sexually assaulted and raped at the Roosevelt Inn when she was just fourteen (14) years old, from approximately January 2014 through June 6, 2014. M.B. filed her initial Complaint on March 10, 2017 in the Court of Common Pleas of Philadelphia County.  The Defendants in the Common Pleas Action include the Debtors, UFVS Management Company, LLC, Yagna Patel, Alpha-Centurion, and Additional Defendants Daiquan Davis and Abdul Lopez.

M.B.'s initial Complaint included not only Pennsylvania common law negligence claims but also claims for intentional infliction of emotional distress and claims under the Pennsylvania Anti-Human Trafficking Law, 18 Pa. C.S. § 3001, et seq. Plaintiff's Complaint was subsequently amended to join Defendant Alpha-Centurion Security, Inc. as an additional defendant and to remove claims under the state Pennsylvania Anti-Human Trafficking Law which was not in effect at the time M.B. was sold for sex at the Roosevelt Inn.  The operative Complaint is the Fourth Amended Complaint.  *See* M.B. Fourth Amended Complaint attached as Exhibit "F".

M.B.'s claims under the Fourth Amended Complaint arise under common law negligence and negligent infliction of emotional distress, as property owners have an affirmative duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as necessary for the protection of those on the property from harm by

---

[2] Given the overlapping parties in the C.A, B.H. and K.R State Civil Actions, many of the discovery disputes were litigated in the C.A. matter and rulings were subsequently applied in the B.H and K.R. matters.

third-parties under Pennsylvania state law. *See* Exhibit "F."

M.B. was sexually assaulted and exploited at the Roosevelt Inn by convicted sex traffickers Daiquan Davis, *United States v. Daiquan Davis,* E.D. Pa. Dkt. No. 2:15-cr-00237 and *United States v. Lopez*, E.D. Pa. Dkt. No. 2:16-cr-00395. M.B. testified she was beaten and intimidated by her traffickers. Davis admitted during his trial testimony that he "moved up" to selling girls at hotels like the Roosevelt Inn. M.B.'s traffickers photographed her and advertised her on Backpage.com.

M.B. is a citizen of Pennsylvania as are the Debtors and other non-Debtor parties including Defendant Alpha-Centurion Security, Inc., and as such there is no diversity jurisdiction in federal court. Nor is there any basis for "federal question" jurisdiction over M.B.'s state law personal injury claims. *See* Exhibit "F."

## 2.     C.A.'s State Civil Action

C.A. filed her initial Complaint on March 27, 2019 in the Court of Common Pleas of Philadelphia County and named as defendants, among other parties, Roosevelt Inn LLC, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn., Inc., UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. The operative complaint is Plaintiff's Second Amended Complaint. *See* C.A.'s Second Amended Complaint, attached as Exhibit "G."

Like M.B., C.A.'s claims are rooted in common law negligence, as property owners have an affirmative duty to conduct reasonable inspections of the property to discover dangerous conditions and to provide such warnings or safeguards as necessary for the protection of those on the property from harm by third-parties.

In 2012 through 2013, C.A. was sold for sex, sexually assaulted and raped at the Roosevelt Inn Motel, and two other hotels identified in her lawsuit, the Days Inn on Roosevelt Boulevard in

Philadelphia County and the North American Motors Inns, also located in Philadelphia County, when she was just sixteen (16) years-old.

The Debtors took C.A.'s deposition over two (2) days.  C.A. testified she was compelled to stay at the Roosevelt Inn for long periods of time. C.A. recalls initially staying at the Roosevelt Inn for two (2) to three (3) months before she was moved the Days Inn on Roosevelt Boulevard.

C.A. was sold at the Roosevelt Inn and sexually exploited by Additional Defendants Jerel Jackson and William Coit who would beat her and burn her with cigarettes. C.A. was forced to have sex with men until she met her "daily quota," including the manager of the hotel, Yagna Patel.

Additional Defendant Jerel Jackson was convicted of sex trafficking minors in *United States v. Jerel Jackson*, E.D. Pa. Dkt. No. 2:13-cr-00622-CDJ.

C.A. is a citizen of Pennsylvania as are the Debtors and other non-Debtor parties including the entities that own and operate the Days Inn and North American Motor Inns, and as such there is no diversity jurisdiction in federal court. Nor is there a basis for any of C.A.'s claims to qualify for "federal question" jurisdiction. *See* Exhibit "G".

### 3.     B.H.'s State Civil Action

B.H. was sold for sex, sexually assaulted and raped at the Roosevelt Inn, the Days Inn on Roosevelt Boulevard and the North American Motor Inn from approximately January 2013 through May 2013, when she was seventeen (17) years old. B.H. filed her initial Complaint on March 27, 2019 in the Court of Common Pleas of Philadelphia County and named as defendants, among other parties, Roosevelt Inn LLC, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn., Inc., UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. The operative

complaint is Plaintiff's Second Amended Complaint. *See* B.H.'s Second Amended Complaint, attached as Exhibit "H".

B.H.'s deposition was conducted over two (2) days.  B.H. testified that she was sold for sex by Anthony Brooks and Maurice Bailey at the Roosevelt Inn. B.H testified that she observed other traffickers at the Roosevelt Inn, including Jerel Jackson, and that the commercial sexual exploitation of women and girls at the Roosevelt Inn was open and obvious.

B.H.'s claims could not have been brought in federal court at all without the Debtors' bankruptcy filing that was done to delay the M.B. trial, State Civil Action and to forum shop.

### 4.    K.R.'s State Civil Action

In approximately March 2013 through October 2013, K.R. was sold for sex, sexually assaulted and raped at the Roosevelt Inn Motel beginning she was just sixteen (16) years-old. K.R.'s experiences at the Roosevelt Inn are similar to the experiences of M.B., C.A., and B.H.

K.R. filed her initial and operative Complaint on November 15, 2019 in the Court of Common Pleas of Philadelphia County and named as defendants, among other parties, Roosevelt Inn LLC, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn., Inc., UFVS Management Company, LLC, and Alpha-Centurion Security, Inc. *See* Plaintiff's Complaint, attached as Exhibit "I". And the discovery deadline, as imposed by the Court of Common Pleas, will expire in about four months, on December 6, 2021. *See* K.R.'s Complaint attached as Exhibit "I".

K.R.'s claims could not have been brought in federal district court as there was no basis for subject matter jurisdiction.

### 5.    Evidence Developed in the State Civil Actions Implicating the Debtors

In the Debtors' declaration in support of their first day motions in the Bankruptcy Court, which was attested to under perjury of law by Anthony Uzzo, the Debtors assert that: Debtors'

personnel cooperated with the FBI; no charges were filed against any employee or owner of the Roosevelt Inn; and traffickers consistently testified they went out of their way to conceal their activities. It is anticipated that the Debtors will argue that they had no notice or awareness that sex trafficking was or could be occurring at the Roosevelt Inn.

The Debtors' position is not credible and is refuted by insurmountable evidence to the contrary including statements from traffickers and victims that the Roosevelt Inn was overrun with "girls" and "pimps," police incident reports reflecting arrests for prostitution and trafficking of minors, testimony from the Debtors' own security guards who confirmed the open and obvious presence of criminal sex activity, and a call to service report reflecting over 1,000 calls and responses by the Philadelphia Police Department for incidents and criminal activity involving the Roosevelt Inn.

Additional Defendant Lopez testified in the M.B. State Civil Action that Roosevelt Inn employees were aware that prostitution and commercial sex activity were occurring at the motel; that he would stay at the Roosevelt Inn for months at a time; and he had "much love" for the manager, Yagna Patel.

Additional Defendant Jackson provided a statement that was produced in the State Court Actions and disclosed that he learned to sell women and girls at the Roosevelt Inn; staff at the Roosevelt Inn were aware that he was working as a "pimp"; prostitution was open and obvious; and he would use the money he made from selling girls and women to rent rooms at the Roosevelt Inn.

Additional Defendant Brooks testified at his deposition in the B.H. State Civil Action that there were "girls running up and down the hallways," at the Roosevelt Inn; criminal activity was

8

open and obvious to everyone including the people who worked there; and ID was not required to get a room; and he learned to sell girls for sell at the Roosevelt Inn.

Further, the Debtor's declaration in support of their first day motions in the Bankruptcy Court is also refuted by information and records produced by the Federal Bureau of Investigation concerning investigations of sexual exploitation and trafficking at the Roosevelt Inn that directly implicate the Debtors, as owners and operators of the Roosevelt Inn. An FBI Special Agent was subpoenaed and is expected to testify at trial in the M.B. State Court Action against the Debtors and contradict the representations of the Debtors.

The Debtors failed in their responsibility to take reasonable precautions against crime at the Roosevelt Inn, allowed an environment of commercial sex activity to continue for years, and provided a location for Movants to be sexually assaulted and exploited. The Debtors failed to provide adequate security that resulted in Movants being sold for sex, sexually assaulted, and raped at the Roosevelt Inn. Ultimately, the Debtors were negligent for failing to take reasonable precautions against criminal activities from occurring during the time periods at issue in the State Civil Actions at the Roosevelt Inn, and by failing to alert law enforcement authorities when suspicious activity was observed.

### B. The Bankruptcy Filing

The Debtors filed their Chapter 11 Bankruptcy Petitions in the United States Bankruptcy Court for the Eastern District of Pennsylvania on June 16, 2021, less than one full day before jury selection in the M.B. State Civil Action was to commence. Because the State Civil Actions assert personal injury claims those claims cannot be adjudicated by the Bankruptcy Court. *See* 28 U.S.C. § 157(b)(2)(B), 28 U.S.C. §157(b)(5).

On July 2, 2021, the Debtors filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1452(a), purporting to remove the M.B. State Civil Action (Case No. 17030071) pursuant to 28

9

U.S.C. § 1334, 28 U.S.C. § 1452(a), and Federal Rule of Bankruptcy Procedure 9027, based on the allegation that jurisdiction exists over the Common Pleas Action pursuant to 28 U.S.C.§ 1334.

On or about July 20, 2021, the Debtors filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1334 and 1452(a) and Rule 9027 of the Bankruptcy Rules, purporting to have a valid basis to remove the Commons Pleas actions filed by C.A. (Case No. 190303355), B.H. (Case No. 190303356) and K.R. (Case No. 191100552) to the United States District Court for the Eastern District of Pennsylvania. The case numbers for the removed actions are as follows: C.A - 2:21-CV-03222; B.H. - 2:21-CV-03225; K.R. – 2:21-CV-03218.

It is therefore apparent that the bankruptcy cases were filed to halt the Common Pleas Action as to the Debtors, literally on the eve of trial, and/or to engage in forum shopping. Based on the bankruptcy filings by the Debtors, the Court of Common Pleas halted the trial of the M.B. State Civil Action and the proceedings of the other State Civil Actions, not just as to the Debtors, but as to all defendants in the action.

On July 23, 2021, Movants, all victims of sexual exploitation at the Roosevelt Inn, filed a Joint Motion for Relief From Stay in the Bankruptcy Court, seeking relief from the automatic stay of 11 U.S.C. section 362 to allow the prosecution of their respective actions against the Debtors to proceed. The Joint Motion seeks relief from stay to proceed with such actions regardless of any removal, remand, or abstention, but limits such relief from the stay to the liquidation of claims through the entry of a jury verdict and final judgment or settlement and does not request relief from stay to execute on any such judgment against assets of the Debtors' estates.  The Joint Motion for Relief From Stay remains pending in the Bankruptcy Court.

## III.   <u>RELIEF REQUESTED</u>

Movants seek remand of the Common Pleas Action pursuant to 28 U.S.C. § 1452(b) or, in

the alternative, abstention pursuant to 28 U.S.C. § 1334(c)(1), so that the State Civil Actions will be determined by the Court of Common Pleas for Philadelphia County, where the cases commenced and where Movants chose to have their cases heard by citizens of Philadelphia County.

## IV.   BASIS FOR RELIEF

### A.   Standard for Remand or Abstention

The State Civil Actions were removed to this Court pursuant to 28 U.S.C. § 1452(a). 28 U.S.C. § 1452(b) provides that "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

Further, 28 U.S.C. § 1334(c)(1) provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).  Abstention under § 1334(c)(1) is commonly referred to as permissive abstention.

Courts have broad discretion in remanding cases. *See In re Grace Community, Inc.*, 262 B.R. 625 (Bankr. E.D. Pa. 2001).  In *Dieterly v. Boy Scouts of America*, No. 20-902, 2020 WL 3447766 (E.D. Pa. June 24, 2020) (Schmehl, J.), the District Court for the Eastern District of Pennsylvania observed that the analysis for permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b) is "essentially the same." *Id.* at *3; *see also In re RBGSC Investment Corp.*, 253 B.R. 369 (E.D. Pa. 2000) (not expressly stating that the analysis for permissive abstention and remand is the same, but addressing the same factors for each doctrine), *overruled on other grounds, In re Exide Technologies*, 544 F.3d 196 (3rd. Circ. 2008).

Further, in determining whether to grant remand on any equitable ground, most courts have

been guided by the same seven-factor test employed in *Dieterly*:

    (1)     the effect on the efficient administration of the bankruptcy estate,

    (2)     the extent to which issues of state law predominate,

    (3)     the difficulty or unsettled nature of the applicable state law,

    (4)     comity,

    (5)     the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

    (6)     the existence of a right to a jury trial, and

    (7)     prejudice to the involuntarily removed [parties],

2020 WL 3447766 at *4 (citing *Grace Community*, 262 B.R. 625, at n.6; *In re RBGSC Inv. Corp*., 253 B.R. at 381-82*; In re Raymark Industries, Inc.*, 238 B.R. 295, 299 (Bankr. E.D. Pa. 1999)).

In *Dieterly*, the District Court considered a plaintiff's request for permissive abstention and/or equitable remand following a bankruptcy filing by the Boy Scouts and removal of the plaintiff's state court action.   The plaintiff in *Dieterly* had asserted seven state law claims in the Court of Common Pleas for Philadelphia County arising from allegations that the plaintiff, as a minor, was the victim of sexual assault by a Boy Scout leader, and that the other defendants knew about the leader's propensity for sexually abusing children but intentionally concealed it from the plaintiff and others. *Dieterly,* 2020 WL 3447766 at *1. The District Court concluded that permissive abstention and/or equitable remand was appropriate based on the following:

        As noted above, all seven of Plaintiffs claim in this action arise under Pennsylvania law.  None are federal or bankruptcy claims. Nor is there complete diversity between the parties.  Indeed, this case could not have been brought in federal court at all were it not for BSA's bankruptcy filing. BSA has stated in its filings with the Common Pleas Court that there are novel issues of Pennsylvania state law involved in this case, namely whether Boy Scout volunteers such as Defendant Michael Forbes are employees, agents or servants of the SBA and CLC.  The Common Pleas Court has

greater expertise than this Court in resolving these types of issues. Therefore, consideration of comity dictates that the case belongs in the Common Pleas Court. Moreover, the litigation has been pending in the Common Pleas Court for approximately six months before its removal. The state court has already ruled on several motions and has set a case management order. As a result, the Common Pleas Court is more familiar with the numerous legal and factual disputes implicated in the litigation than is this Court. Also significant is the fact that Plaintiff chose the Common Pleas Court as her forum. Finally, the Chapter 11 case has only recently commenced. Abstention/remand in favor of the Common Pleas Court would have limited effect upon the administration of the bankruptcy case. There is no indication that, aside from designating the case as complex, the Common Pleas Court will be not be able to dispose of this matter in a timely fashion or that its disposition of this case will cause any disruption to the orderly administration of the estate.

*Dieterly,* 2020 WL 3447766 at *4.

While many courts have employed the seven-factor test set forth in *Dieterly* and *In re RBGSC*, other Courts, including Courts in this District, have employed the following twelve-factor test with respect to permissive abstention:

(1)   the effect on the efficient administration of the estate;

(2)   the extent to which state law issues predominate over bankruptcy issues;

(3)   the difficulty or unsettled nature of applicable state law;

(4)   the presence of a related proceeding commenced in state court or other non-Bankruptcy Court;

(5)   the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6)   the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)   the substance rather than the form of an asserted "core" proceedings;

(8)   the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the Bankruptcy Court;

(9)   the burden on the court's docket;

13

(10)     the likelihood that the commencement of the proceeding in the Bankruptcy Court involves forum shopping by one of the parties;

(11)     the existence of a right to a jury trial; and

(12)     the presence of non-debtor parties.

*Kleiner v. Rite Aid Corp*, 604 B.R. 1, 9 (E.D. Pa. 2019).

In *Kleiner*, the District Court concluded that jurisdiction over a product liability action against Johnson & Johnson did not exist in the Bankruptcy Court based on the filing of an entity who was not a party to the product liability action, but even if it did, the Court would exercise permissive abstention to remand the products liability action to the Philadelphia Court of Common Pleas.

### B.     Application of the Factors for Remand or Abstention Favors Remand

There are striking similarities between the recently decided *Dieterly* case and the instant case.  Indeed, all of the factors and reasoning present in *Dieterly* exist here:

(1)     Abstention or remand would have little or no effect on the administration of the bankruptcy cases.  Indeed, because the claims are personal injury claims which cannot be decided by the Bankruptcy Court, they must be decided either in this Court or in the Common Pleas Court of Philadelphia County.  There is no indication that the Common Pleas Court will not be able to dispose of the State Civil Actions.  To the contrary, the State Civil Actions were progressing toward completion and the M.B. State Civil Action was just hours from jury selection. Further, the Debtors' bankruptcy cases were only recently commenced in mid-June 2021.

(2)     All of the claims in the State Civil Actions arise under Pennsylvania common law.  There is no federal question of law involved in any of the Movants' claims.

14

(3)     The State Civil Actions involve the application of Pennsylvania state law, namely the liability of an innkeeper for the sexual assault and exploitation of children occurring on the premises in these complex matters, as to which the Common Pleas Court is extensively familiar with given that the Common Pleas Court has been presiding over the legal and factual disputes for several years.

(4)     Considerations of comity further compel the conclusion that the State Civil Actions belong in Common Pleas Court given that that Common Pleas Court has expended countless hours and resources presiding over these matters that involve citizens of Philadelphia County.  Further, trial in the M.B. State Civil Action had already commenced, not just with the filings of Motions in Limine and an assignment to a Judge, but there was a ruling on a Motion in Limine to Change Venue and the testimony of one of the defendants had been completed.

(5)     There is no connection between the State Civil Actions and the administration of the Debtors' bankruptcy cases.  The Debtors' bankruptcy cases were only recently commenced in Mid-June 2021.

(6)     While this Court and the Common Pleas Court similarly afford the parties a right to a jury trial, Movants chose the Common Pleas Court of  Philadelphia County as the forum for their cases to be tried before citizen of Philadelphia County.

(7)     Movants would unfairly prejudiced by allowing the Debtors to engage in forum shopping in any capacity.  The citizens of Philadelphia County have a very strong interest in the outcome of the case; the Roosevelt Inn is a well-known fixture in Philadelphia located on one of its main arteries; all defendants, including Debtor, regularly conduct business in Philadelphia County. Absent remand or abstention,

15

the Court risks providing a road map for defendants to negate a plaintiff's choice of forum by declaring bankruptcy in bad faith, removing the litigation to federal court, and seeking to have the dispute resolved there, instead of state court – as Movants chose here.

Factors 4, 5, 7, 8, 9, and 10 identified above by the *Kleiner* Court with respect to permissive abstention were not identified as relevant factors by *Dieterly* or *In re RBGSC*.

These factors also support remand or abstention, for the following reasons:

(4)   Each of the Movants have commenced an action in the Common Pleas Court of Philadelphia County, and each action has been pending for several years.

(5)   There is no basis for federal court jurisdiction other than 28 U.S.C. § 1334, as there is no federal question jurisdiction in any of the State Civil Actions, and there is no diversity of citizenship in any of the State Civil Actions.

(7)   The State Civil Actions are not "core" proceedings. By definition, under 28 U.S.C. § 157(b)(2)(B), the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate are not core proceedings. The State Civil Actions are proceedings to liquidate personal injury tort claims which are presently unliquidated.

(8)   There are no matters asserted in the State Court Actions which are "core" bankruptcy jurisdiction matters, as all claims are personal injury claims. Further, it is entirely feasible to have any judgments entered in state court against Debtors with enforcement left to the Bankruptcy Court.

(9)    If the State Court Actions are not remanded, each will add a burden to this Court's docket, in the form of a proceeding which was commenced in state court and properly belongs in state court.

(10)    The Debtors filed for bankruptcy just hours before the commencement of jury selection in the M.B. State Civil Action and frantically tried to postpone trial with a Motion to Continue Trial and a Motion to Change Venue, both of which were denied by the Court of Common Pleas of Philadelphia County. The Roosevelt Inn had no real estate mortgage or other real estate liens, a very small amount of unsecured debt, and no other factors that would cause a bankruptcy filing other than five lawsuits involving the sexual exploitation of children – the four State Court Actions and one additional action. The bankruptcy filing was followed in short order by the removal of the State Civil Actions. It is therefore apparent that the Debtors filed the bankruptcy case for sole purpose of delaying the State Civil Actions and forum shopping to move the State Civil Actions into federal court.

Because abstention and remand are overwhelmingly supported under the seven-factor test identified in *Dieterly* and the twelve-factor test identified in *Kleiner*, this Court should remand the State Court Actions so that they may be determined by the Court of Common Pleas of Philadelphia County. That is the forum the Movants chose when filing their State Civil Actions, the forum with familiarity with both the factual and legal issues involved, and the forum where citizens of Philadelphia have a strong interest to determine liability under Pennsylvania state law for the sexual exploitation of Philadelphia children at the Roosevelt Inn – a Philadelphia fixture regarded as the epicenter of human trafficking.

**V.    RELIEF**

17

Movant respectfully requests that the Court enter an Order in the form proposed remanding the Common Pleas Action to Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1452(b) and/or abstaining pursuant to 28 U.S.C. § 1334(c)(1), and that the Court grant such other and further relief as the Court deems just and proper.

**KLINE & SPECTER, P.C.**

/s/ *Emily B. Marks*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102
(215) 772-0522
Thomas.Kline@klinespecter.com
Nadeem.Bezar@klinespecter.com
Emily.Marks@klinespecter.com

*Counsel for Movant*

18

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| C.A. | : |
| | : |
| Plaintiff, | :    2:21-cv-03222 |
| | : |
| vs. | : |
| | : |
| ROOSEVELT INN, LLC d/b/a ROOSEVELT INN | : |
| AND ROOSEVELT INN CAFÉ, ET AL | |
| | |
| Defendants. | |

**ORDER GRANTING MOTION FOR REMAND OR ABSTENTION**

AND NOW, upon consideration of the Motion of C.A. For Remand or Abstention (the "Motion") and any responses thereto, it is hereby ORDERED and DECREED as follows:

1.      The Motion is granted on the terms set forth herein.

2.      The Court finds that the Movant has established grounds for equitable remand under 28 U.S.C. §  1452(b) and grounds for permissive abstention pursuant to 28 U.S.C. § 1334(c)(1).

3.      The above-captioned action, removed to this Court from the Court of Common Pleas of Philadelphia County, is therefore remanded to the Court of Common Pleas of Philadelphia County.

_____
The Honorable United States District Court Judge

## CERTIFICATE OF SERVICE

I, Emily B. Marks, Esquire, hereby certify that on July 29, 2021, I filed the foregoing Motion for Remand or Abstention and Brief in Support with the Court and served by electronic filing to all parties listed below on the date set forth below:

David S. Sager, Esquire
Matthew A. Goldberg, Esquire
Nathan P. Heller, Esquire
Haley D. Torrey, Esquire
Nancy S. Rappaport, Esquire
DLA Piper LLP
1650 Market Street, Suite 4900
Philadelphia, PA 19103
*Counsel for Wyndham Worldwide
Corporation, Wyndham Hotel Group, LLC,
Wyndham Hotels and Resorts, LLC,
Wyndham Hotel Management, Inc.,
Wyndham Destinations, Inc., Wyndham
Hotels & Resorts, Inc. and Days Inn
Worldwide, Inc.*

Michael J. Miller, Esquire
Meghan Sandora, Esquire
Margolis Edelstein
170 W. Independence Mall West, S-400E
Philadelphia, PA 19106
*Counsel for Ashoka Investments &
Management Services*

Kevin M. Eddy, Esquire
Justina L. Byers, Esquire
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel for Roosevelt Inn LLC, Roosevelt
Motor Inn, Inc., and UFVS Management
Company*

Francis J. Deasey, Esquire
Deasey, Mahoney & Valentini, Ltd.
2001 Market Street, Suite 3810
Philadelphia, PA 19103-2301
*Counsel for North American Motor Inns,
Inc. d/b/a North American Motor Inns;
American Motor Inns, Inc.*

Philip D. Priore, Esquire
Conrad J. Benedetto, Esquire
Damali Martin, Esquire
McCormick & Priore, P.C.
2001 Market Street, Suite 3810
Philadelphia, PA 19103
*Counsel for 4200 Roosevelt d/b/a Days Inn,
et. al.*

Joseph McHale, Esquire
Penelope Cilluffo, Esquire
Stradley Ronon Stevens & Young, LLP
Great Valley Corporate Center
30 Valley Stream Parkway
Malvern, PA 19355
*Counsel for Defendant, Alpha-Centurion
Security, Inc.*

Victoria M. Komarnicki, Esquire
Bennett, Bricklin & Saltzburg, LLC
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
*Counsel for Defendant, Ritz Hotel Group,
Inc.*

Hugh P. O'Neill, Esquire
John A. Lucy, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108
*Counsel for Defendant, Ramara, Inc.*

By regular mail upon the following party:

Adrian Palmer
1316 W. Roosevelt Blvd.
Philadelphia, PA 19140
*Pro Se Additional Defendant*

Jerel Jackson (Inmate No.: 70774-066)
USP McCreary
330 Federal Way
Pine Knot, KY 42635
*Pro Se Additional Defendant*

William Coit (Inmate No.: 69947-066)
FDC Philadelphia
700 Arch Street
Philadelphia, PA 19106
*Pro Se Additional Defendant*

**KLINE & SPECTER, P.C.**

/s/ *Emily B. Marks*_____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102
(215) 772-0522
Thomas.Kline@klinespecter.com
Nadeem.Bezar@klinespecter.com
Emily.Marks@klinespecter.com

*Counsel for Movant*